**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

THOMAS G. NEUSOM,

        Appellant,            Case No.: 1:18-cv-24463-FAM

v.

BRIAN HOLLAND, et al.

        Appellee.
_____/

**LANDLORD'S MEMORANDUM OF LAW IN OPPOSITION TO**
**NEUSOM'S EMERGENCY MOTION FOR STAY DURING**
**APPEAL TO THE BANKRUPTCY APPELLATE PANEL**

Brian Holland and Andrea Holland ("*Landlord*") respectfully request that the Court, under Bankruptcy Rule 8007, deny Thomas Neusom's (*"Neusom"*) Emergency Motion for Stay During the Appeal to the Bankruptcy Appellate Panel ("*Stay Motion*")[1] [D.E. 6] because Neusom does not state an adequate basis for obtaining a stay.

**Background**

On October 25, 2018, Neusom filed a Notice of Appeal regarding the Findings of Fact and Conclusions of Law on Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 ("*Sanctions Order*"). A copy of the Sanctions Order is attached as **Exhibit A**. Landlord's Motion for Sanctions was based on the improper stay of a state court eviction action. *See* Ex. A. Landlord was seeking to evict A Plus Lamination and Finishing Inc, ("*A Plus Lamination*") from property owned by Landlord in state court, case number 2018-008187-CC-05,

---

[1] Neusom's motion is addressed to the bankruptcy appellate panel, which does not exist. This appeal is pending before the District Court.

pending in the County Court in and for Miami-Dade County. *Id.* On the date of a court-ordered mediation and on the eve of the issuance of a writ of possession, Neusom filed a bankruptcy on behalf of Nubia Marcella Perez ("**Perez**"), but alleged that Perez did business under the name A Plus Lamination. *Id.* Thus, Neusom made it look like A Plus Lamination was in bankruptcy, although it was not. I*d*. And, Neusom filed the petition to simply stop the eviction, which is a violation of the Bankruptcy Code and an abuse of its automatic stay provision. *Id.*

Neusom filed three separate motions for stay pending appeal. First, October 30, 2018, Neusom filed a motion demanding that Judge Cristol recuse himself and grant a stay because Neusom filed a personal lawsuit against Judge Cristol in the U.S. District Court for the Southern District of Florida, case number 1:18CV24517. A copy of the first stay Motion is attached as **Exhibit B** and a copy of Neusom's personal lawsuit against Judge Cristol is attached as **Exhibit C**[2]. Judge Cristol denied Neusom's motion on October 31, 2018, noting that Neusom did not show a likelihood of success on appeal or irreparable injury, which are factors that must be established to obtain a stay. A copy of October 31st Order is attached as **Exhibit D**.

On November 13, 2018, Neusom filed an emergency motion for stay in the Bankruptcy Court, which is identical to the Stay Motion currently pending before this Court. A copy of the second stay motion is attached as **Exhibit E**. On November 21, 2018, the Bankruptcy Court issued an order stating that it would refrain from ruling on Neusom's second motion because it was addressed to the bankruptcy appellate panel, not the Bankruptcy Court. A copy of the November 21st Order is attached as **Exhibit F**. Lastly, Neusom filed his Stay Motion with this Court on November 14, 2018.

---

[2] Neusom's lawsuit alleges fraud and violation of the equal protection clause, and the listed Defendants are the Judge, attorneys, and witnesses that were involved in the evidentiary hearing on Landlord's Motion for Sanctions.

## **Memorandum of Law**

Neusom has not stated an adequate basis for obtaining a stay pending appeal. A motion for stay pending appeal "is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re F.G. Metals, Inc.*, 390 B.R. 467, 471 (Bankr. M.D. Fla. 2008). The movant must show:

> (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest.

*Id.* at 471–72 (noting that all four factors must be shown by a preponderance of the evidence).

To find that Neusom is likely to prevail on the merits, this Court must determine that the Bankruptcy Court's Sanctions Order was clearly erroneous. *See id.* at 472. (noting that the likelihood of success on the merits is the most important criteria). Neusom does not have a substantial likelihood of prevailing on the merits. As discussed above, Neusom is appealing the October 4, 2014 Sanctions Order. To stop a pre-scheduled mediation and obtain the benefit of the automatic stay, Neusom informed Joseph Colletti ("*Colletti*"), Landlord's eviction counsel, that A Plus Lamination was in bankruptcy. *See* Ex. A at 4. Fearing violation of the automatic stay, Colletti filed a notice of cancellation of the mediation, advising the state court that the mediation was cancelled because A Plus Lamination was in bankruptcy, and in response, the state court entered an automatic stay of the state court proceedings. *Id.* at 4-5.

Neusom argues that he will prevail on the merits because the stay was Colletti's fault, not his, and Colletti should have independently investigated Neusom's false bankruptcy allegations. D.E. 6 at 3-4. Neusom made an identical argument during the evidentiary hearing on the Motion

for Sanctions, and it was rejected by the Bankruptcy Court as misguided and contradictory to Neusom's obligations under rule 9011:

> The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011. Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay. By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

*See* Ex. A at 8. Thus, Neusom does not have a substantial likelihood of success on the merits.

Additionally, Neusom has not shown that he will be irreparably harmed or that issuing a stay will serve the public's interest. Neusom must show that his alleged irreparable harm is not speculative, but actual and imminent. *In re F.G. Metals, Inc.*, 390 B.R. at 477. Mere monetary harm is not irreparable. *In re Lickman*, 301 B.R. 739, 748 (Bankr. M.D. Fla. 2003). And, the stay must serve rather than disserve the public interest. *In re F.G. Metals, Inc.,* 390 B.R. at 477. Because of Neusom's sanctionable, bad-faith conduct, Judge Cristol enjoined Neusom from practicing in the bankruptcy court for one year and forwarded the Sanctions Order to the Florida Bar for additional review:

> 2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

> Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.
>
> 3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130

*See* Ex. A at 10.

Neusom argues that he is harmed because the Sanctions Order forbids his practice in bankruptcy court. *See* D.E. 6 at 4. Any damage suffered by Neusom is speculative as Neusom is not prohibited from practicing in all Florida courts, but only bankruptcy court, and Neusom presents no evidence regarding what volume of his practice consists of bankruptcy cases. Also, Neusom's alleged damages are merely monetary, which is not irreparable harm. Additionally, Neusom's inability to follow the rules of the bankruptcy court, as detailed in the Sanctions Order, is a disservice to the public at large and to any clients Neusom would seek to represent in a bankruptcy court. Thus, granting a stay would be a disservice to the public interest.

Moreover, Neusom did not adhere to the procedure for obtaining a stay under Federal Rule of Bankruptcy Procedure 8007. A motion for stay ***must*** identify whether a motion was filed in the bankruptcy court and state the ruling; include relevant portions of the record; and provide affidavits or other sworn statements supporting disputed facts. Fed. R. Bankr. P. 8007. Neusom's Stay Motion does not meet any of these requirements and should be denied by the Court.

## **Conclusion**

The Court should deny Neusom's Stay Motion because he has not shown a substantial likelihood of success on the merits or irreparable injury. Also, because of Neusom's sanctionable, bad-faith litigation conduct, granting Neusom's Stay Motion would be a disservice to the public.

Dated: November 27, 2018.

     s/ Utibe I. Ikpe
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

***Attorneys for Brian Holland and Andrea Holland***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Landlord's Memorandum of Law In Opposition to Neusom's Emergency Motion for Stay During Appeal to The Bankruptcy Appellate Panel* was served electronically on all counsel of parties of record via transmission of Notices of Electronic Filing generated by CM/ECF on November 27, 2018.

                                       s/ Utibe I. Ikpe
                                      Utibe Ikpe, Esquire