IN THE BANKRUTCY APPELLATE COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

APPELLATE CASE NO:

18-CV-24463-FAM

**Bankruptcy Court**

**CASE NO: 18-15825**

FILED by JS D.C.

DEC 13 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. - MIAMI

**APPELLANT THOMAS NEUSOM'S MOTION FOR REHEARNG OF THE DENIAL OF THE EMERGENCY MOTION FOR STAY DURING PENDENCY OF THE APPEAL TO THE BAN KRUPTCY APPELLATE PANEL**

HEARING:
DATE
TIME
PLACE

**MOTION FOR STAY DURING PENDENCY OF THE APPEAL TO THE BANKRUPTCY APPELLATE PANEL**

1. **COMES NOW,** Appellant Thomas Neusom requesting that the Bankruptcy Appellate Panel grant a rehearing of the Judge Moreno denial of his motion to grant a stay of the Findings Of Fact And Conclusions Of Law in the Bankruptcy Court in Case No. 18-15825 during the pendency of the Appeal with Case No. 18-CV-24463-FAM pursuant to Rule 40 of the Federal Rules Of Appellate Procedure.

1

2. The relevant part of Bankruptcy Rule of 8007 states:

3.

## **Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings**

(a) Initial Motion in the Bankruptcy Court.

    (1) *In General.* Ordinarily, a party must move first in the bankruptcy court for the following relief:

        (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

        (B) the approval of a supersedeas bond;

        (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

        (D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

    (2) *Time to File.* The motion may be made either before or after the notice of appeal is filed.

(b) Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.

    (1) *Request for Relief.* A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.

    (2) *Showing or Statement Required.* The motion must:

        (A) show that moving first in the bankruptcy court would be impracticable; or

        (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

    (3) *Additional Content.* The motion must also include:

  (A) the reasons for granting the relief requested and the facts relied upon;

  (B) affidavits or other sworn statements supporting facts subject to dispute; and

  (C) relevant parts of the record.

 (4) *Serving Notice.* The movant must give reasonable notice of the motion to all parties.

(e) Continuation of Proceedings in the Bankruptcy Court. Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:
 (1) suspend or order the continuation of other proceedings in the case; or
 (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

(Added Apr. 25, 2014, eff. Dec. 1, 2014.)

**PRIOR RULE**

A prior Rule 8007, Apr. 25, 1983, eff. Aug. 1, 1983, as amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991, related to completion and transmission of the record and docketing of the appeal, prior to revision of Part VIII, Apr. 25, 2014, eff. Dec. 1, 2014.

4. Appellant Thomas Neusom is or was a Bankruptcy Attorney able to file in the Southern District of Florida, and he has an application pending to file Bankruptcies in the Middle District of Florida.

5. The subject of this Appeal is in regards to the personal Bankruptcy of Nubia Marcella Perez. Some issues came up during the Bankruptcy where an eviction attorney named Joseph Colletti misunderstood the situation and may have mistakenly put in a stay in an eviction of a business owned by Perez called A Plus Lamination. It was all Colletti's mistake because he had a copy of the lease between the Landlord Holland and A Plus Lamination.

3

Colletti acted without the requisite knowledge and experience and did not consult with his own Bankruptcy Counsel before he ac ted in violation of the Rules of Professional Responsibility.

**4-1. CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Comment Legal knowledge and skill In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question. In many instances the required proficiency is that of a general practitioner. Expertise in a particular field of law may be required in some circumstances. A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar. A newly admitted lawyer can be as competent as a practitioner with long experience. Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems. Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge. A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of a lawyer of established competence in the field in question. Competent representation may also involve the association or retention of a non-lawyer advisor of established technological competence in the field in question. Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic transmissions and communications. In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical. Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest. A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation. This applies as well to a lawyer who is appointed as counsel for an unrepresented person. See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence. The lawyer should consult with the client about the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances. Maintaining competence To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated

4

with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.
Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.
RRTFB September 17, 2018

6. Neusom filed the Perez Bankruptcy and was obtaining more information about the case when he may have spoken to Colletti about it in order to obtain case documentation such as the Lease which Perez and her company were unable to give him. The eviction Attorney for A Plus was Alex Borell.

7. Based on the facts of the case Neusom believes he will be successful in reversing the Findings of Fact and Conclusions of Law entered by Judge A. Jay Cristol on November 4, 2018 which is currently being appealed.

8. The findings have had the effect of closing down The Law Office of Thomas G. Neusom's Bankruptcy Practice while he has a current Chapter 11 Bankruptcy case pending in West Palm Beach Florida for the BBlack Corporation. The Chapter 11 Bankruptcy Petition was filed on October 1, 2018 with Case No. 18-23654.

9. The Law Office of Thomas G. Neusom is also in the process of filing a Chapter 7 Bankruptcy case in the Middle District of Florida. Neusom has obtained membership in the Middle District of Florida and has almost completed the bankruptcy training.

5

10. Neusom and his potential clients BBlack Corporation and Early Hope Transport Inc will suffer irreparable harm and imminent injury if a stay and ultimate vacating of the Findings Of Fact And Conclusions Of Law is not granted.

11. Schedules in the BBlack Bankruptcy Case are due on November 8, 2018 and due to the fact that the filing entity is a corporation the Officers can not represent it. I have informed the Officers of the Corporation about the Cristol order which went into effect of November 6, 2018 and I have advised them to obtain other Bankruptcy Counsel, but they were informed about Neusom's issues with Cristol before the filing and they could not find a Bankrutpcy Attorney for their Chapter 11 before or after the filing of their Petition.

12. It is critical that a stay of Judge Cristols Findings and Final Judgment be put in place or the Offices BBlack Corporation and Early Hope Transport Inc clients in Saint Petersburg will be hurt with the West Palm Beach clients likely facing conversion or dismissal of their case.

\

13. In Order to confirm what is stated by Appellant in this Motion for Stay, portions of one of the Orders in the BBlack Corporation Bankruptcy case follow:

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Adam, Lorraine entered on 11/1/2018 at 8:54 AM EDT and filed on 11/1/2018
**Case Name:**     B Black Corp
**Case Number:**   18-23654-MAM
**Document Number:** 2

**Docket Text:**
Notice of Incomplete Filings Due. [Deficiency Must be Cured by 11/8/2018]. List of Twenty Largest Unsecured Creditors Due: 11/8/2018.Corporate Ownership Statement due 11/8/2018.Chapter 11 Small Business Documents due by 11/8/2018. List of Equity Security Holders due 11/14/2018. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/14/2018. Schedule A/B due 11/14/2018. Schedule D due 11/14/2018. Schedule E/F due 11/14/2018. Schedule G due 11/14/2018. Schedule H due 11/14/2018.Statement of Financial Affairs Due 11/14/2018.Declaration Concerning Debtors Schedules Due: 11/14/2018. [Incomplete Filings due by 11/14/2018]. (Adam, Lorraine)

The following document(s) are associated with this transaction:

14. It is critical that a stay be entered and Thomas Neusom is entitled to a stay of the Findings Of fact And Conclusions Of Law Entered by Judge Cristol on October 4, 2018.

### A. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE LOGICALLY AND LEGALLY INCONSISTENT AND OMITS MATERIAL INFORMATION AND IS A MISREPRESENTATION AGAINST PLAINTIFF/APPELLANT NEUSOM

14. One of my concerns is that the Findings claim that Neusom lied to Colletti. This is a Conclusion with no factual basis beyond the testimony of Colletti who admitted who has little or no knowledge of Bankruptcy and violated the Florida Rules Of Professional Responsibility when he acted and this was proven when he admitted he did additional research, hired outside Counsel and then changed his mind about what he had done.

15. Neusom forced him to do nothing. To claim that a phone call by Neusom forced him to do anything defies reason, is a lie and an obvious misrepresentation. It will not stand on Appeal so this is good reason to vacate or amend the Findings now. There is no good reason to force Plaintiff/appellant Neusom to have to litigate this and file Complaints with the EEOC and Justice Department.

16. This is one area where the Open And Obvious doctrine is so important. Colletti had the eviction information and he should have understood the way in which the lease would impact the applicability of the stay. If he did not know the Rules say he should have sought advice. The rules do not say act incompetently without seeking advice and then try to blame others after changing your mind as Colletti has done.

17. At most, Colletti misunderstood what he was told or was mistaken. He was never lied to and a finding that Neusom lied could have consequences that seriously hurt him. This is a very important issue to me because my livelihood is at stake due to the Court's erroneous findings and conclusions and Colletti's unsubstantiated self serving hearsay testimony.

18. The One year Enjoining from Bankruptcy Practice is unfair and unwarranted when one looks at this case. It has also been financially detrimental.

8

19. The case law cited in Holland's own Sanctions motion gives guidance on what an appropriate sanction is.

In Re Douglas, 141 B.R. 252 (Bankr. N.D. Ga. 1992)

United States Bankruptcy Court, N.D. Georgia
**Filed:** March 20th, 1992
**Precedential Status:** Precedential
**Citations:** 141 B.R. 252
**Docket Number:** Bankruptcy No. A91-64357-SWC
**Judges:** Stacey W. Cotton

When granting sanctions in the Douglas case the court concluded by stating:

"In its motion, California Federal seeks attorney's fees and expenses incurred in preparing and presenting the emergency motion to dismiss debtor's Chapter 13 case and its motion for sanctions. Bankruptcy Rule 9011 authorizes the court to impose ". . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee." Fed.R.Bankr.P. 9011. Sanctions may include the reasonable expenses of pursuing the Rule 11 claim. *Mike Ousley Prod. Inc.*, 952 F.2d at 383-84. Counsel for California Federal has filed an affidavit setting forth an itemization of the services rendered and expenses incurred in preparing the motions to dismiss and for sanctions. This affidavit states that California Federal incurred $1,630.25 in fees and expenses. Having examined the itemization of services and expenses, the court finds and concludes that the hourly rates charged are within the range of hourly rates charged by attorneys and paraprofessionals of comparable skill, experience and reputation. The services rendered were reasonable and necessary in the filing and prosecution of these motions in response to this abusive and improper serial bankruptcy filing. Accordingly, California Federal's motion for sanctions is granted. The court imposes sanctions upon debtor's counsel, Milton D. Jones, for California Federal's attorney's fees and expenses in the sum of $1,630.25." **141 B.R. 252 (1992)**

In re Harold DOUGLAS, Debtor. CALIFORNIA FEDERAL BANK, FSB, Movant, v. Harold DOUGLAS, Respondent. Bankruptcy No. A91-64357-SWC. **United States Bankruptcy Court, N.D. Georgia, Atlanta Division.** March 20, 1992.

In Re Morgan, 85 B.R. 622 (Bankr. M.D. Fla. 1987)

United States Bankruptcy Court, M.D. Florida

**Filed:** October 26th, 1987
**Precedential Status:** Precedential
**Citations:** 85 B.R. 622
**Docket Number:** Bankruptcy No. 87-4663
**Judges:** Alexander L. Paskay

20. When granting sanctions in the Morgan case, the Court concluded by stating:

"Clearly, it was not the intent of Congress to allow Debtors to file Chapter 7 Petitions for the singular purpose of delaying the inevitable conclusion of foreclosure. As it is admitted by the Debtor's counsel that the sole purpose for filing the Debtor's petition was to prevent and delay the foreclosure sale by C & S, this Court is satisfied that sanctions in the amount of $1,000.00 should be imposed jointly and severally against the Debtor and her attorney, Michael Steinberg, to compensate for attorney fees incurred in connection with the aborted foreclosure sale.

It should be noted, however, that the imposition of these sanctions should be conditioned upon the occurrence of a proposed sale of the property in dispute, as in the event the property is sold, C & S will receive compensation for attorney fees incurred by means of the sale proceeds.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Debtor and Debtor's Counsel be, and the same is hereby, granted, and Janet Morgan and Michael Steinberg are hereby directed to pay C & S $1,000.00 in the event the proposed sale of the Debtor's property does not occur. It is further

ORDERED, ADJUDGED AND DECREED that in the event the proposed sale does not occur, C & S may seek an Order by this Court directing Janet Morgan and Michael Steinberg to make payment in the amount of $1,000.00 as sanctions."**85 B.R. 622 (1987)** In re Janet K. MORGAN, Debtor. Bankruptcy No. 87-4663. **United States Bankruptcy Court, M.D. Florida, Tampa Division.** October 26, 1987.

In Re McBride Estates, Ltd., 154 B.R. 339 (Bankr. N.D. Fla. 1993)

United States Bankruptcy Court, N.D. Florida

**Filed:** March 26th, 1993
**Precedential Status:** Precedential
**Citations:** 154 B.R. 339
**Docket Number:** Bankruptcy No. 92-07497
**Judges:** Lewis M. Killian, Jr.

10

21. When granting sanctions in In Re Mcbride the Court concluded by stating:

"Based on the foregoing findings, we find that the filing of the Chapter 11 petition by McBride and its resistance to Barnett's motion for relief from the stay were done for an improper purpose, that is the unnecessary delay in the completion of the foreclosure sale by Barnett Bank, and that such petition and opposition were not well grounded in fact or warranted by existing law or good faith argument for the extension, modification, or reversal of existing law. B.R. 9011. The costs incurred by Barnett as a result of the actions of McBride Estates and its attorney in filing the petition for relief under Chapter 11 and resisting the motion for relief from stay are as follows:

1) $1,440.88 publication costs for foreclosure sale.

2) $190.00 paralegal expenses preparing for foreclosure sale.

3) $2,340.50 attorney's fees in connection with the motion for relief from stay.

*344 4) $60.00 filing fee for motion for relief from stay.

5) $500 attorney's fees in connection with the motion for sanctions.

Total $4,531.38.

**154 B.R. B339 (1993) In re McBRIDE ESTATES, LTD. Debtor. Bankruptcy No. 92-07497. United States Bankruptcy Court, N.D. Florida, Tallahassee Division.** March 26, 1993.

The In In Re Mcbride the sanction was $2,840.00.

109 A review of the three of Holland's own cited cases shows that an appropriate sanction ranges from One Thousand Dollars ($1,000.00) to Two Thousand Eight Hundred Dollars Forty Dollars. ($2,840.00). Neusom was sanctioned for over Thirty Thousand Dollars ($30,000.00), and the bulk of it was for things that took place in an eviction case that Cristol really doesn't even have authority over due to the Colorado River and other Abstention Doctrines and the fact that State and Federal Court's are separate and distinct. Neusom never filed a Notice of Appearance or filed anything in the eviction case he is being sanctioned for by Judge Cristol. This is clearly an error.

11

22. Appellant has gone into the merits and arguments of his Appeal so that the Bankruptcy Appellate Panel can see the merits of Appellants case and the wrongfulness of not granting a Stay so that Appellant can resume his Bankruptcy Practice. This is absolutely critical and Appellant and his potential clients will be imminently injured if this Motion for stay is denied.

23. WHEREFORE, Neusom prays that the Bankruptcy Appellate Panel:

1. Stay further proceedings of the Findings Of Fact And Conclusions Of Law in Case No. 18-15825 during the Pendency of Thomas Neusom's Bankruptcy Appeal with Case No. 18-cv-24463-FAM

.Dated: December 13, 2018:

By:/s/Thomas Neusom
Attorney For Debtor
Bar No. 003717
(954)200-3536
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

12

1

2                      CERTIFICATE OF SERVICE

3 I HEREBY CERTIFY that a true and correct copy of the foregoing

4 **APPELLANT THOMAS NEUSOM'S MOTION FOR REHEARNG OF THE DENIAL OF**
5 **THE EMERGENCY MOTION FOR STAY DURING PENDENCY OF THE APPEAL TO THE BAN KRUPTCY APPELLATE PANEL**
6

7 was furnished by email to the parties on the eservice portal by Court Clerk on December 13,
8 2018.

9

10

11

12                                                   By:/s/Thomas Neusom
                                                  Appellant
13                                                   Bar No. 0037174
14                                                   Phone; (954)200-3536
                                                  4737 N. Ocean Drive, #129
15                                                   Fort Lauderdale, FL 33308
                                                  Email: tgnoffice35@gmail.com

16

17

18

19

20

21

22

23

24

25

26

27
28