FMD 181203PM1215USBCSDF-MIA

1
2
3  IN THE BANKRUTCY APPELLATE COURT OF THE SOUTHERN DISTRICT OF
   FLORIDA
4
5  DEBTOR
6  NUJBIA MAR ELLA PEREZ.
7
8
9
10
11
12
13

| | |
|---|---|
| | **CASE NO: 18-15825** |
| | **APPELLATE CASE NO.** |
| | **18-CV-24463-FAM** |
| | **APPELLANT THOMAS NEUSOM'S APPELLATE DESIGNATION** |

14

15  **APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL**

16

17  Appellant, Thomas Neusom, pursuant to Rule 8009 of the Federal Rules of Bankruptcy

18  Procedure, designates the items to be included in the record on appeal (18-CV-24463-FAM)

19  as follows:

20
21
22
23          *(Remainder of page intentionally left blank)*
24
25
26
27                                    1
28

Main Case No.: 18-15825

| Filing Date | ECF# | Docket Text |
|---|---|---|
| 05/15/2018 | 1<br>(26 pgs;<br>2 docs) | Chapter 11 Voluntary Petition . [Fee Amount $1717] (Attachments: # 1 Supplement Small Business Association Personal Guaranty) (Neusom, Thomas) (Entered: 05/15/2018) |
| 05/30/2018 | 24<br>(51 pgs) | Motion to Dismiss Case *for Bad Faith and Fraud on the Court* Filed by Creditors Andrea Holland, Brian Holland. (Russin, Peter) (Entered: 05/30/2018) |
| 05/30/2018 | 25<br>(52 pgs) | Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* Filed by Creditors Andrea Holland, Brian Holland. (Russin, Peter) (Entered: 05/30/2018) |
| 05/30/2018 | 26<br>(51 pgs) | Motion for Relief From The Automatic Stay Filed by Creditors Andrea Holland , Brian Holland [Part 2 of ECF #24] (Skinner-Grant, Sheila) (Entered: 05/31/2018) |
| 06/01/2018 | 29<br>(1 pg) | Notice of Hearing (Re: 26 Motion for Relief From The Automatic Stay Filed by Creditors Andrea Holland , Brian Holland [Part 2 of ECF #24]) Hearing scheduled for 06/27/2018 11:00 AM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan) |

| | | |
|---|---|---|
| | | (Entered: 06/01/2018) |
| 06/01/2018 | 🌑 31<br>(15 pgs) | Notice of Filing Attachment to [Schedule G,] *SBA Contract* Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) Modified on 6/4/2018**To edit text** (Skinner-Grant, Sheila). (Entered: 06/01/2018) |
| 06/05/2018 | 🌑 33<br>(6 pgs) | Certificate of Service *of Notices of Hearing and Compliance with Local Rule 9073-1(D)* by Attorney Peter D. Russin Esq (Re: 27 Notice of Hearing, 28 Notice of Hearing, 29 Notice of Hearing). (Russin, Peter) (Entered: 06/05/2018) |
| 06/12/2018 | 🌑 39<br>(15 pgs;<br>4 docs) | Agreed Motion to Compromise Controversy with D & K International Filed by Debtor Nubia Marcella Perez (Attachments: # 1 Exhibit State Court Docket # 2 Exhibit Letter From Wells Fargo regarding Garnishment # 3 Exhibit Settlement Agreement) (Neusom, Thomas) Modified on 6/14/2018**Incorrect event code used, see re-docketed motion DE#42** (Skinner-Grant, Sheila). (Entered: 06/12/2018) |
| 06/12/2018 | 🌑 42<br>(15 pgs;<br>4 docs) | Emergency Motion For Order To Release Garnished Funds to Debtor Filed by Debtor Nubia Marcella Perez . (Attachments) (Skinner-Grant, Sheila) (Entered: 06/14/2018) |
| 06/13/2018 | 🌑 40 | Notice to Filer of Apparent Filing Deficiency: **Selected Event Does Not Match PDF Image. THE FILER IS DIRECTED TO REFILE PLEADING USING THE CORRECT EVENT** (Re: 38 Agreed Motion to Compromise Controversy |

| | | |
|---|---|---|
| | | with D and K International Filed by Debtor Nubia Marcella Perez, <u>39</u> Agreed Motion to Compromise Controversy with D & K International Filed by Debtor Nubia Marcella Perez (Attachments: # 1 Exhibit State Court Docket # 2 Exhibit Letter From Wells Fargo regarding Garnishment # 3 Exhibit Settlement Agreement)) (Skinner-Grant, Sheila) (Entered: 06/13/2018) |
| 06/14/2018 | ●<u>44</u> (2 pgs) | Notice of Appearance and Request for Service by Howard S Toland Filed by Creditor Valley National Bank. (Toland, Howard) (Entered: 06/14/2018) |
| 06/26/2018 | ●<u>50</u> (3 pgs) | First Response to <u>25</u> Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* filed by Creditor Brian Holland, Creditor Andrea Holland, (Neusom, Thomas). Modified on 6/27/2018**To correct linkage** (Skinner-Grant, Sheila). (Entered: 06/26/2018) |
| 07/01/2018 | ●<u>54</u> (4 pgs) | BNC Certificate of Mailing - PDF Document (Re: <u>52</u> Omnibus Order On (1) Landlord's Motion to Dismiss Chapter 11 Bankruptcy Petition For Bad Faith and Fraud on the Court and For Relief From the Automatic Stay (Re: <u>24</u>), (2) United States Trustee's Motion to Dismiss or Convert Case (Re: <u>46</u>), (3) Debtor's Motion to Dismiss Bankruptcy Case (Re: <u>49</u>), and (4) Landlord's Motion For Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105. Evidentiary Hearing On: (Re: <u>25</u> |

| | | |
|---|---|---|
| | | Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 07/27/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. Dismissal Shall Be with 180 Days Prejudice [Filing Fee Balance Due: $0.00].) Notice Date 07/01/2018. (Admin.) (Entered: 07/02/2018) |
| 07/03/2018 | 55 (2 pgs) | Certificate of Service by Attorney Peter D. Russin Esq (Re: 52 Order on Miscellaneous Motion, Order on Motion to Dismiss Case, Order on Motion to Convert Case to Chapter 7, Order on Motion to Dismiss Case, Order on Motion to Dismiss Case, Order on Motion For Relief From Stay). (Russin, Peter) (Entered: 07/03/2018) |
| 07/05/2018 | 56 (2 pgs) | Request for Notice Filed by Creditor Nationstar Mortgage LLC. (Rodriguez, Nathalie) (Entered: 07/05/2018) |
| 07/16/2018 | 58 (6 pgs) | Witness List Filed by Creditors Andrea Holland, Brian Holland. (Russin, Peter) (Entered: 07/16/2018) |
| 07/16/2018 | 59 (3 pgs) | Notice of Filing *WITNESS AND EXHIBIT LIST* by Attorney Thomas G Neusom. (Neusom, Thomas) (Entered: 07/16/2018) |
| 07/26/2018 | 60 (10 pgs) | First Motion for Abstention *on Sanction Motion* Filed by Debtor Nubia Marcella Perez. (Neusom, |

| | | | |
|---|---|---|---|
| | | | Thomas) (Entered: 07/26/2018) |
| 07/30/2018 | | ● 61<br>(2 pgs) | Order Granting Landlord's Ore Tenus Motion to Continue Hearing On (Re: 25 Landlord's Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland). Hearing scheduled for 08/15/2018 at 03:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Snipes, Jeanne) (Entered: 07/30/2018) |
| 07/30/2018 | | ● 62<br>(1 pg) | Notice of Hearing (Re: 60 First Motion for Abstention *on Sanction Motion* Filed by Debtor Nubia Marcella Perez.) Hearing scheduled for 08/15/2018 at 03:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan) (Entered: 07/30/2018) |
| 07/31/2018 | | ● 63<br>(2 pgs) | Certificate of Service by Attorney Utibe I Ikpe (Re: 61 Order Continuing Hearing). (Ikpe, Utibe) (Entered: 07/31/2018) |
| 08/14/2018 | | ● 64<br>(20 pgs;<br>2 docs) | Supplemental Response to (25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* filed by Creditor Brian Holland, Creditor Andrea Holland) *Motion To Abstain* Filed by Debtor Nubia Marcella Perez (Attachments: # 1 Supplement Supplement To Motion To Strike) (Neusom, Thomas) (Entered: 08/14/2018) |
| 08/15/2018 | | ● 65<br>(22 pgs;<br>2 docs) | Supplemental to Opposition to (25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct |

| | | | |
|---|---|---|---|
| | | | Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* filed by Creditor Brian Holland, Creditor Andrea Holland) *Opposition* Filed by Debtor Nubia Marcella Perez (Attachments: # 1 Exhibit) (Neusom, Thomas) Modified on 8/15/2018 to Add and Remove Verbiage (Catala, Nilda). (Entered: 08/15/2018) |
| 08/16/2018 | | ◑ 66 (1 pg) | Notice of Evidentiary Hearing (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan) (Entered: 08/16/2018) |
| 08/18/2018 | | ◑ 67 (2 pgs) | BNC Certificate of Mailing - Hearing (Re: 66 Notice of Evidentiary Hearing (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.) Notice Date 08/18/2018. (Admin.) (Entered: 08/19/2018) |
| 08/20/2018 | | ◑ 68 (2 pgs) | Certificate of Service *of Notice of Evidentiary Hearing and Compliance with Local Rule 9073-1(D)* by Attorney Utibe I Ikpe (Re: 66 Notice of Evidentiary Hearing). (Ikpe, Utibe) |

7

| | | | |
|---|---|---|---|
| | | | (Entered: 08/20/2018) |
| 08/21/2018 | | ●69<br>(2 pgs) | Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: # 60)and Supplement (Re: # 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Snipes, Jeanne) (Entered: 08/21/2018) |
| 08/22/2018 | | ●70<br>(2 pgs) | Certificate of Service by Attorney Utibe I Ikpe (Re: 69 Order on Motion for Abstention). (Ikpe, Utibe) (Entered: 08/22/2018) |
| 09/21/2018 | | ●71<br>(3 pgs) | Motion to Continue Hearing On: [(69 Order on Motion for Abstention)] Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) (Entered: 09/21/2018) |
| 09/21/2018 | | ●72<br>(1 pg) | Notice of Hearing (Re: 71 Motion to Continue Hearing On: [(69 Order on Motion for Abstention)] Filed by Debtor Nubia Marcella Perez.) Hearing scheduled for 09/24/2018 at 11:00 AM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan) (Entered: 09/21/2018) |

| | | | |
|---|---|---|---|
| 09/27/2018 | | ● 73<br>(3 pgs) | Objection To the Testimony of Coletti and Motion Strike Colletti's Testimony Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) Modified on 9/27/2018**To edit text** (Skinner-Grant, Sheila). Modified on 9/28/2018 (Skinner-Grant, Sheila). (Entered: 09/27/2018) |
| 09/27/2018 | | ● 74<br>(4 pgs) | First Motion In Limine Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) Modified on 9/28/2018**To edit text** (Skinner-Grant, Sheila). (Entered: 09/27/2018) |
| 09/27/2018 | | ● 75<br>(18 pgs) | First Motion for Rehearing Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) Modified on 9/28/2018**To edit text** (Skinner-Grant, Sheila). (Entered: 09/27/2018) |
| 09/30/2018 | | ● 77<br>(5 pgs) | Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) Appellant Designation due 10/15/2018. Related |

| | | | |
|---|---|---|---|
| | | | document(s) 76 Order on Motion to Continue Hearing. Modified on 10/2/2018**To add linkage** (Skinner-Grant, Sheila). (Entered: 09/30/2018) |
| 10/02/2018 | | ● 78 | **REDOCKETED; NO IMAGE ATTACHED, SEE ECF # 81 FOR CORRECTED ENTRY** Transmittal to US District Court (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) Appellant Designation due 10/15/2018.) (Cohen, Diana). Modified on 10/2/2018 (Cohen, Diana). (Entered: 10/02/2018) |
| 10/02/2018 | | ● 79 (2 pgs) | Certificate of Service by Attorney Utibe I Ikpe (Re: 76 Order on Motion to Continue Hearing). (Ikpe, Utibe) (Entered: 10/02/2018) |
| 10/02/2018 | | ● 80 (12 pgs; 4 docs) | Clerk's Notice of Mailing of (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by |

| | | |
|---|---|---|
| | | Debtor Nubia Marcella Perez (Re: <u>69</u> Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: <u>60</u>)and Supplement (Re: <u>64</u>) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: <u>25</u> Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) Appellant Designation due 10/15/2018. Related document(s) <u>76</u> Order on Motion to Continue Hearing. Modified on 10/2/2018**To add linkage** .) (Attachments: # <u>1</u> Main Document # <u>2</u> Main Document) (Skinner-Grant, Sheila) (Entered: 10/02/2018) |
| 10/02/2018 | ●<u>81</u><br>(2 pgs) | Transmittal to US District Court (Re: <u>77</u> Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: <u>69</u> Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: <u>60</u>)and Supplement (Re: <u>64</u>) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: <u>25</u> Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at |

| | | |
|---|---|---|
| | | 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128 AND 76 Order on Motion to Continue Hearing.). [Fee Amount $298] (Neusom, Thomas)) (Cohen, Diana) (Entered: 10/02/2018) |
| 10/02/2018 | 82 (2 pgs) | Order Denying Debtor's Motion In Limine to the Testimony of Joseph Colletti and For Summary Denial of Landlord Holland's Motion For Sanctions Re: # 74 (Snipes, Jeanne) (Entered: 10/02/2018) |
| 10/02/2018 | 83 (2 pgs) | Order Denying Debtor's Motion For Rehearing of the Denial of the Motion to Abstain From Hearing, Strike, or Summarily Deny Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction and Other Grounds Re: # 75 (Snipes, Jeanne) (Entered: 10/02/2018) |
| 10/02/2018 | 84 (2 pgs) | Order Over Ruling Debtor's Objection to the Testimony of Colletti and Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Re: # 73 (Snipes, Jeanne) (Entered: 10/02/2018) |
| 10/02/2018 | 85 | Notice of U.S. District Court Case Assignment. Case Number: 18-cv-24051-RNS (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For |

12

| | | |
|---|---|---|
| | | Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) 76 Order on Motion to Continue Hearing. (Lebron, Lorraine) (Entered: 10/02/2018) |
| 10/02/2018 | ● 86 (19 pgs) | First Response to (83 Order on Miscellaneous Motion) Filed by Debtor Nubia Marcella Perez (Neusom, Thomas) (Entered: 10/02/2018) |
| 10/03/2018 | ● 87 (2 pgs) | Notice of Transmittal of PDF Document to BNC for Noticing (Re: 81 Transmittal to US District Court (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128 AND 76 Order on Motion to Continue |

| | | | |
|---|---|---|---|
| | | | Hearing.). [Fee Amount $298] (Neusom, Thomas))) (Cohen, Diana) (Entered: 10/03/2018) |
| 10/04/2018 | | ◗ 89 (4 pgs) | BNC Certificate of Mailing (Re: 80 Clerk's Notice of Mailing of (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) Appellant Designation due 10/15/2018. Related document(s) 76 Order on Motion to Continue Hearing. Modified on 10/2/2018**To add linkage** .) (Attachments: # 1 Main Document # 2 Main Document)) Notice Date 10/04/2018. (Admin.) (Entered: 10/05/2018) |
| 10/04/2018 | | ◗ 90 (6 pgs) | BNC Certificate of Mailing - PDF Document (Re: 80 Clerk's Notice of Mailing of (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord |

| | | | |
|---|---|---|---|
| | | | Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128.). [Fee Amount $298] (Neusom, Thomas) Appellant Designation due 10/15/2018. Related document(s) 76 Order on Motion to Continue Hearing. Modified on 10/2/2018**To add linkage** .) (Attachments: # 1 Main Document # 2 Main Document)) Notice Date 10/04/2018. (Admin.) (Entered: 10/05/2018) |
| 10/05/2018 | | 🌑91 (11 pgs) | Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland). (Snipes, Jeanne) (Entered: 10/05/2018) |
| 10/05/2018 | | 🌑92 (3 pgs) | BNC Certificate of Mailing - PDF Document (Re: 87 Notice of Transmittal of PDF Document to BNC for Noticing (Re: 81 Transmittal to US District Court (Re: 77 Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 69 Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of |

| | | |
|---|---|---|
| | | Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: 60)and Supplement (Re: 64) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: 25 Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128 AND 76 Order on Motion to Continue Hearing.). [Fee Amount $298] (Neusom, Thomas)))) Notice Date 10/05/2018. (Admin.) (Entered: 10/06/2018) |
| 10/07/2018 | ● 93 (12 pgs) | BNC Certificate of Mailing - PDF Document (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).) Notice Date 10/07/2018. (Admin.) (Entered: 10/08/2018) |
| 10/08/2018 | ● 94 (2 pgs) | Certificate of Service by Attorney Utibe I Ikpe (Re: 91 Findings of Fact and Conclusions of Law). (Ikpe, Utibe) (Entered: 10/08/2018) |
| 10/12/2018 | ● 95 (5 pgs) | Certificate of Service by Attorney Utibe I Ikpe (Re: 82 Order on Miscellaneous Motion, 83 Order on Miscellaneous Motion, 84 Order on Miscellaneous Motion). (Ikpe, Utibe) (Entered: 10/12/2018) |

| | | | |
|---|---|---|---|
| 10/15/2018 | | ●<u>96</u><br>(38 pgs;<br>4 docs) | Motion to Recuse Judge Filed by Debtor Nubia Marcella Perez. (Attachments: # <u>1</u> Local Form 11 # <u>2</u> Exhibit # <u>3</u> Exhibit) (Neusom, Thomas) (Entered: 10/15/2018) |
| 10/16/2018 | | ●<u>97</u><br>(34 pgs;<br>2 docs) | First Motion to Reconsider (Re: <u>91</u> Findings of Fact and Conclusions of Law) Filed by Debtor Nubia Marcella Perez. (Attachments: # <u>1</u> Exhibit) (Neusom, Thomas) (Entered: 10/16/2018) |
| 10/16/2018 | | ●<u>98</u><br>(2 pgs) | Order Dismissing Appeal for Failure by Appellant(s) to Timely File Designation or Statement of Issues, (Re: <u>77</u> Notice of Appeal filed by Debtor Nubia Marcella Perez). (Snipes, Jeanne) (Entered: 10/16/2018) |
| 10/18/2018 | | ●<u>99</u><br>(3 pgs) | Order Denying Motion to Recuse Judge (Re: # <u>96</u>) (Gutierrez, Susan) (Entered: 10/18/2018) |
| 10/18/2018 | | ●<u>100</u><br>(2 pgs) | Order Denying Motion To Vacate. # <u>97</u> (Gutierrez, Susan) (Entered: 10/18/2018) |
| 10/18/2018 | | ●<u>101</u><br>(3 pgs) | BNC Certificate of Mailing - PDF Document (Re: <u>98</u> Order Dismissing Appeal for Failure by Appellant(s) to Timely File Designation or Statement of Issues, (Re: <u>77</u> Notice of Appeal filed by Debtor Nubia Marcella Perez.) Notice Date 10/18/2018. (Admin.) (Entered: 10/19/2018) |
| 10/19/2018 | | ●<u>102</u><br>(23 pgs;<br>6 docs) | Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: <u>82</u> Order Denying Debtor's Motion In Limine to the Testimony of Joseph Colletti and For Summary Denial of Landlord Holland's Motion For Sanctions Re: <u>74</u>, <u>83</u> Order Denying Debtor's Motion For Rehearing of the Denial of the Motion to Abstain From Hearing, Strike, or Summarily Deny Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction and Other Grounds Re: <u>75</u>, <u>84</u> Order Over Ruling Debtor's Objection to the Testimony of Colletti and Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Re: <u>73</u>, <u>91</u> Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: <u>25</u> Motion for Sanctions filed by Creditor |

| | | | |
|---|---|---|---|
| | | | Brian Holland, Creditor Andrea Holland)., <u>99</u> Order Denying Motion to Recuse Judge (Re: <u>96</u>), <u>100</u> Order Denying Motion To Vacate. <u>97</u>). (Attachments: # <u>1</u> Exhibit CONCLUSIONS ORDER # <u>2</u> Exhibit SUMMARY DENIASL ORDER # <u>3</u> Exhibit VACATE DENIAL # <u>4</u> Exhibit RECUSAL DENIAL # <u>5</u> Exhibit MOTION IN LIMINE DENIAL) [Fee Amount $298] Appellant Designation due 11/2/2018.. (Neusom, Thomas) (Entered: 10/19/2018) |
| 10/19/2018 | ◗ | | Receipt of Notice of Appeal(18-15825-AJC) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 33030040. Fee amount 298.00. (U.S. Treasury) (Entered: 10/19/2018) |
| 10/24/2018 | ◗<u>103</u> (14 pgs; 2 docs) | | Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: <u>91</u> Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: <u>25</u> Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # <u>1</u> Exhibit) **[Appeal Fee of 298.00 NOT Paid]** - Previously paid. Appellant Designation due 11/7/2018.. (Neusom, Thomas) (Entered: 10/24/2018) |
| 10/25/2018 | ◗<u>104</u> (18 pgs; 2 docs) | | Clerk's Notice of Mailing of (Re: <u>103</u> Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: <u>91</u> Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: <u>25</u> Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit) **[Appeal Fee of 298.00 NOT Paid]** - Previously paid. Appellant Designation due 11/7/2018..) (Snipes, Jeanne) (Entered: 10/25/2018) |
| 10/25/2018 | ◗<u>105</u> (1 pg) | | Transmittal of Proceeding to US District Court. (Re: <u>103</u> Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: <u>91</u> Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: <u>25</u> Motion |

| | | |
|---|---|---|
| | | for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit) (Cohen, Diana) (Entered: 10/25/2018) |
| 10/25/2018 | ⬤106 (1 pg) | Notice of Transmittal of PDF Document to BNC for Noticing (Re: 105 Transmittal of Proceeding to US District Court. (Re: 103 Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit)) (Cohen, Diana) (Entered: 10/25/2018) |
| 10/26/2018 | ⬤107 | Notice of U.S. District Court Case Assignment. Case Number: **18-cv-24463-FAM** (Re: 103 AMENDED Notice of Appeal and Election to Appeal To District Court Filed by Debtor Nubia Marcella Perez (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland) (Entered: 10/26/2018) |
| 10/27/2018 | ⬤108 (6 pgs) | BNC Certificate of Mailing (Re: 104 Clerk's Notice of Mailing of (Re: 103 Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit) **[Appeal Fee of 298.00 NOT Paid]** - Previously paid. Appellant Designation due 11/7/2018..)) Notice Date 10/27/2018. (Admin.) (Entered: 10/28/2018) |
| 10/27/2018 | ⬤109 (14 pgs) | BNC Certificate of Mailing - PDF Document (Re: 104 Clerk's Notice of Mailing of (Re: 103 Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for |

| | | |
|---|---|---|
| | | Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit) **[Appeal Fee of 298.00 NOT Paid]** - Previously paid. Appellant Designation due 11/7/2018..)) Notice Date 10/27/2018. (Admin.) (Entered: 10/28/2018) |
| 10/27/2018 | ◑ 110 (3 pgs) | BNC Certificate of Mailing - PDF Document (Re: 106 Notice of Transmittal of PDF Document to BNC for Noticing (Re: 105 Transmittal of Proceeding to US District Court. (Re: 103 Notice of Appeal and Election to Appeal To District Court *Amended Notice Of Appeal* Filed by Debtor Nubia Marcella Perez (Re: 91 Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: 25 Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland).). (Attachments: # 1 Exhibit))) Notice Date 10/27/2018. (Admin.) (Entered: 10/28/2018) |
| 10/30/2018 | ◑ 111 (6 pgs; 2 docs) | Second Motion to Recuse Judge Filed by Debtor Nubia Marcella Perez. (Attachments: # 1 Exhibit) (Neusom, Thomas) (Entered: 10/30/2018) |
| 10/30/2018 | ◑ 112 (4 pgs) | First Motion To Stay (Re: 107 Notice of Confirmation of District Court Case Assignment of Appeal, 108 BNC Certificate of Mailing, 109 BNC Certificate of Mailing - PDF Document, 110 BNC Certificate of Mailing - PDF Document) Filed by Debtor Nubia Marcella Perez. (Neusom, Thomas) (Entered: 10/30/2018) |
| 11/01/2018 | ◑ 113 (3 pgs) | Order Denying Second Motion For Recusal (Re: # 111) (Snipes, Jeanne) (Entered: 11/01/2018) |
| 11/01/2018 | ◑ 114 (2 pgs) | Order Denying Motion For Stay Pending Appeal (Re: # 112) (Snipes, Jeanne) (Entered: 11/01/2018) |
| 11/08/2018 | ◑ 115 (2 pgs) | Order Dismissing Appeal for Failure by Appellant(s) to Timely File Designation or Statement of Issues, (Re: 103 Notice of Appeal filed by Debtor Nubia Marcella Perez). (Snipes, Jeanne) (Entered: 11/08/2018) |
| 11/10/2018 | ◑ 116 (4 pgs) | BNC Certificate of Mailing - PDF Document (Re: 115 Order Dismissing Appeal for Failure by Appellant(s) to |

| 1 | | | Timely File Designation or Statement of Issues, (Re: <u>103</u> Notice of Appeal filed by Debtor Nubia Marcella Perez).) Notice Date 11/10/2018. (Admin.) (Entered: 11/11/2018) |
|---|---|---|---|
| 2 | | | |

3

4

5

6

7   Thomas Neusom reserves the right to supplement the record as Necessary

8

9        The Issues on Appeal Are:

10   1.  The Findings Of Fact And Conclusions Of Law Of Judge A Jay. Cristol Should Have Been
11       Vacated
     2.  Debtors Motion In Limine Should Not Have Been Denied
12   3.  Debtor's Motion for Abstention, Strike Or Denial of The Motion Should Not Have Been
         Denied
13   4.  The Bankruptcy Court Lacked Jurisdiction To Enter The Findings It Did
14   5.  The Bankruptcy Courts Findings Of Fact And Conclusions Of Law Are Factually Incorrect
         and Should Be Vacated Or Reversed And Vacated
15
16        Thomas Neusom reserves the right to change the Issues To Be Presented as needed

17

18

19

20   .Dated: December 3, 2018:

21

22        _Thomas Neusom_
          By:/s/Thomas Neusom
23        Appellant/Attorney For Debtor
          Bar No. 003717
24        (954)200-3536
          4737 N. Ocean Drive, #129
25        Fort Lauderdale, FL 33308
          Email: tgnoffice35@gmail.com
26

27

28

1

2                              CERTIFICATE OF SERVICE

3   I HEREBY CERTIFY that a true and correct copy of the foregoing **APPELLANT'S**
    **APPELLATE DESIGNATION**
4    was furnished by email to the following on December 3, 2018, to the parties on the efiling portal
5   service list by email by Court Clerk.

6

7

8                                              By:/s/Thomas Neusom
9                                              Appellant/Attorney For Debtor
                                               Bar No. 0037174
10                                             Phone; (954)200-3536
                                               4737 N. Ocean Drive, #129
11                                             Fort Lauderdale, FL 33308
                                               Email: tgnoffice35@gmail.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    22

28

Fill in this information to identify your case:

United States Bankruptcy Court for the:

*Southern* District of *Florida*

Case number (*if known*): _____

Chapter you are filing under:
☐ Chapter 7
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Nubia First name Marcela Middle name Perez Last name _____ Suffix (Sr., Jr., II, III) | First name _____ Middle name _____ Last name _____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | First name _____ Middle name _____ Last name _____ First name _____ Middle name _____ Last name _____ | First name _____ Middle name _____ Last name _____ First name _____ Middle name _____ Last name _____ |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 9 9 0 1 OR 9 xx – xx – ___ ___ ___ | xxx – xx – ___ ___ ___ ___ OR 9 xx – xx – ___ ___ ___ |

Debtor 1  _Nubia Marcella Perez_
          First Name   Middle Name   Last Name

Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ☐ I have not used any business names or EINs.<br><br>_A Plus Lamination &_<br>Business name<br>_Finishing Inc_<br>Business name<br><br>_20_-_8122078_<br>EIN<br><br>___ - ___ ___<br>EIN | ☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>___ - ___ ___<br>EIN<br><br>___ - ___ ___<br>EIN |

**5. Where you live**

_5559 N.W. 36th Ave_
Number   Street

_Miami, FL   33142_
City            State   ZIP Code

_Miami-Dade_
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number   Street

_____
P.O. Box

_____
City            State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number   Street

_____

_____
City            State   ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number   Street

_____
P.O. Box

_____
City            State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 2

Debtor 1 _Nubia Marcella Perez_       Case number (if known) _____

First Name   Middle Name   Last Name

---

## Part 2:   Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ❑ Chapter 7
- ☑ Chapter 11
- ❑ Chapter 12
- ❑ Chapter 13

**8. How you will pay the fee**

- ❑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ☑ No
- ❑ Yes.  District _____  When _____  Case number _____
  MM / DD / YYYY
  District _____  When _____  Case number _____
  MM / DD / YYYY
  District _____  When _____  Case number _____
  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☑ No
- ❑ Yes.  Debtor _____  Relationship to you _____
  District _____  When _____  Case number, if known _____
  MM / DD / YYYY

  Debtor _____  Relationship to you _____
  District _____  When _____  Case number, if known _____
  MM / DD / YYYY

**11. Do you rent your residence?**

- ❑ No.  Go to line 12.
- ❑ Yes.  Has your landlord obtained an eviction judgment against you?
  - ☑ No. Go to line 12.  No residence
  - ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Debtor 1    *Nubia  Markolla  Perez*
            First Name    Middle Name    Last Name

Case number *(if known)* _____

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____
City                          State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☑ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

_____

Where is the property? _____
                        Number        Street

_____

_____
City                          State        ZIP Code

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 4

Debtor 1    Nubia   Marcela   Perez
            First Name   Middle Name   Last Name                    Case number (if known) _____

## Part 6:   Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on  5/14/2018
            MM / DD / YYYY

Executed on  _____
            MM / DD / YYYY

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 6

5:29 PM
05/14/18

# A Plus Lamination & Finishing Inc. - Combo
## A/P Aging Summary
### As of May 14, 2018

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Actega North America, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 3,046.51 | 3,046.51 |
| ALEXANDER E. BORELL | 750.00 | 0.00 | 0.00 | 0.00 | 0.00 | 750.00 |
| Amtrust North America | 0.00 | 0.00 | 0.00 | 0.00 | 4,987.70 | 4,987.70 |
| APF INC.-002 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Armas Machine Shop, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Nation Chevrolet Doral | 173.16 | 0.00 | 0.00 | 0.00 | 0.00 | 173.16 |
| Capital One Bank | 0.00 | 0.00 | 214.85 | 0.00 | 1,961.98 | 2,176.83 |
| Checksfor less | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| City of Hialeah | 0.00 | 136.09 | 0.00 | 0.00 | 0.00 | 136.09 |
| Comcast Business | 0.00 | 0.00 | 415.32 | 0.00 | 0.00 | 415.32 |
| COSMO CLAIM 2018 | 0.00 | 18,692.54 | 0.00 | 0.00 | 0.00 | 18,692.54 |
| Cosmo Films Inc.-V | 0.00 | -15,800.57 | 0.00 | 0.00 | 15,800.57 | 0.00 |
| Credit Management, LP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| D & K CLAIM | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 | 3,500.00 |
| D & K INTERNATIONAL, INC. | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 4,500.00 |
| DDREPRO | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 | 14.00 |
| Delran, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Department of Water & Sewers | 242.15 | 0.00 | 0.00 | 0.00 | 0.00 | 242.15 |
| Derprosa (Taghleef Industries) | 0.00 | 14,594.33 | 0.00 | 0.00 | 1,322.97 | 15,917.30 |
| DISTRIGRAPH INC. | 0.00 | 0.00 | 0.00 | 0.00 | 7,956.17 | 7,956.17 |
| Doral Digital Reprographics, Corp. | 0.00 | -14.98 | 0.00 | 0.00 | 14.98 | 0.00 |
| FLORIDA FLEXIBLE SCREEN PR | 0.00 | 0.00 | 61.50 | 0.00 | 0.00 | 61.50 |
| FPL | 1,868.49 | 0.00 | 0.00 | 0.00 | 0.00 | 1,868.49 |
| Francisco Gabriel Perez LOAN | 0.00 | 0.00 | 3,000.00 | 0.00 | 750.00 | 3,750.00 |
| Frontline Asset Strategies, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 |
| GRAINGER | 0.00 | 0.00 | 0.00 | 0.00 | 5.30 | 5.30 |
| HOME DEPOT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | 0.00 | 0.00 | 0.00 | 0.00 | 15,503.44 | 15,503.44 |
| KANGDE XIN AMERICA, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 7,594.09 | 7,594.09 |
| LAIRD PLASTICS | 0.00 | 0.00 | 0.00 | 0.00 | 219.40 | 219.40 |
| MARATHON COURIER | 0.00 | 20.00 | 252.00 | 0.00 | 0.00 | 272.00 |
| MATT D. GOLDMAN TRUST ACCOUNT | 0.00 | 0.00 | 0.00 | 0.00 | 1,250.00 | 1,250.00 |
| METRO PCS APLUS ACC | 0.00 | 0.00 | 0.00 | 2.60 | -2.60 | 0.00 |
| MIAMI-DADE COUNTY TAX COLLECTOR | 0.00 | 16,478.09 | 0.00 | 0.00 | 2,669.73 | 19,147.82 |
| Miami Dade Expressway Authority (MDX) | 0.00 | 0.00 | 0.00 | 0.00 | 311.08 | 311.08 |
| MYRON  CORP. | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 |
| Nobelus LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,578.90 | 1,578.90 |
| NUBIA PEREZ LOANS | 0.00 | 0.00 | 7,100.00 | 236.94 | 0.00 | 7,336.94 |
| OFFICE DEPOT | 0.00 | 0.00 | 0.00 | 0.07 | -0.07 | 0.00 |
| PAPER KNIGHT 2018 | 0.00 | 220.00 | 0.00 | 0.00 | 0.00 | 220.00 |
| PHONES R US, Inc | 0.00 | 0.00 | 0.00 | 0.00 | 224.70 | 224.70 |
| Platinum Graphics | 0.00 | 440.00 | 0.00 | 0.00 | 0.00 | 440.00 |
| PROpack Industries, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| QUILL CORPORATION | 0.00 | 129.44 | 0.00 | 0.00 | 0.00 | 129.44 |
| Santander Consumer USA | 0.00 | 2,029.72 | 0.00 | 0.00 | 0.00 | 2,029.72 |
| Tape Group USA, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 |
| TOTAL PACK | 0.00 | 162.71 | 0.00 | 0.00 | 0.00 | 162.71 |
| Transilwrap Company, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,944.83 | 1,944.83 |
| UNIVERSAL PRESSROOM PRODUCTS LLC | 0.00 | 0.00 | 0.00 | 0.00 | 23,695.65 | 23,695.65 |
| UNIVERSAL WIPING CLOTH | 0.00 | 0.00 | 0.00 | 109.00 | 0.00 | 109.00 |
| UPS-V | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| URBAPRINT, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Valley National Bank -2625 | 0.00 | 0.00 | 0.00 | 0.00 | 28,355.00 | 28,355.00 |
| Valley National Bank Loan -2198 small | 0.00 | 0.00 | 0.00 | 0.00 | 100,786.77 | 100,786.77 |
| Vencol | 0.00 | 1,739.43 | 0.00 | 0.00 | 0.00 | 1,739.43 |
| VH FINANCIAL SERVICES INC | 0.00 | 125.00 | 675.00 | 0.00 | 225.00 | 1,025.00 |
| WASTE MANAGEMENT OF DADE COUNTY | 0.00 | 451.72 | 0.00 | 0.00 | 0.00 | 451.72 |
| TOTAL | 3,047.80 | 39,403.52 | 11,718.67 | 348.61 | 230,546.10 | 285,064.70 |

5:27 PM

05/14/18

Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| **1000 · BANKS** | |
| 1005 · Wells Frgo -5536 | |
| 1001 · Wells Fargo-7624 | 9,843.43 |
| 1002 · WF Savings Recurruing-9447 | -19,681.58 |
| | 454.06 |
| Total 1000 · BANKS | -9,384.09 |
| Total Checking/Savings | -9,384.09 |
| **Accounts Receivable** | |
| 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) | |
| 1101 · Accounts Receivable | |
| 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) - Other | 46,328.64 |
| | 5,889.99 |
| Total 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) | 52,218.63 |
| Total Accounts Receivable | 52,218.63 |
| **Other Current Assets** | |
| 1200 · OTHER CURRENT ASSETS | |
| 1201 · Accounts Receivable-A* (Generated account for transac) | |
| 1203 · Employee Advances | 4,166.96 |
| 1204 · *Inventory Asset | 19,463.73 |
| 1205 · Prepaid Expenses | 81.49 |
| 1206 · Raw Materials Inventory | 45,773.78 |
| | 78,142.50 |
| Total 1200 · OTHER CURRENT ASSETS | 147,628.46 |
| 12001 · Undeposited Funds (Funds received, but not yet deposited to a bank account) | 26,153.45 |
| Total Other Current Assets | 173,781.91 |
| Total Current Assets | 216,616.45 |
| **Fixed Assets** | |
| 1300 · FIXED ASSETS | |
| 1304 · Accum. Depreciation - Equipmen | |
| 1307 · Accum. Depreciation - Other | -370,636.00 |
| 1308 · Automobiles | -12,795.00 |
| 1309 · Equipment | 40,482.91 |
| 1310 · Furniture and Fixtures | 718,416.95 |
| | 1,569.87 |
| Total 1300 · FIXED ASSETS | 377,038.73 |
| Total Fixed Assets | 377,038.73 |
| **Other Assets** | |
| 1400 · OTHER ASSETS | |
| 1401 · Accum. Amortiz. - Org. Costs | |
| 1402 · Deposits | -11,277.00 |
| 1403 · Other Noncurrent Assets | 9,542.85 |
| | 879,126.00 |
| Total 1400 · OTHER ASSETS | 877,391.85 |
| Total Other Assets | 877,391.85 |
| **TOTAL ASSETS** | 1,471,047.03 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 1500 · Accounts Payable | 285,064.70 |
| Total Accounts Payable | 285,064.70 |
| **Credit Cards** | |
| 1600 · CREDIT CARD | |
| 1601 · Capital One - 1195 | -214.85 |
| 1602 · Credit One -4708 (Credit One) | -5,214.22 |

5:27 PM
05/14/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---|
| 1603 · Shell-823 | 978.09 |
| **Total 1600 · CREDIT CARD** | -4,450.98 |
| **Total Credit Cards** | -4,450.98 |
| Other Current Liabilities | |
| 1700 · OTHER CURRENT LIABILITY | |
| 1702 · *Sales Tax Payable | 411.43 |
| 1703 · Wages Payable | 270,591.89 |
| 1700 · OTHER CURRENT LIABILITY - Other | -24,892.54 |
| **Total 1700 · OTHER CURRENT LIABILITY** | 246,110.78 |
| **Total Other Current Liabilities** | 246,110.78 |
| **Total Current Liabilities** | 526,724.50 |
| Long Term Liabilities | |
| 1800 · LONG TERM LIABILITY | |
| 1801 · 1st United Bank Loan | -184,006.67 |
| 1802 · Jim H Hawk (466K) | 184,714.06 |
| 1803 · Nubia M Perez | 174,883.00 |
| 1804 · Nubia M Perez ( HELOC) | 98,449.00 |
| 1805 · Matt D Goldman | 111,500.00 |
| 1806 · Valley National Bank-2198 | 106,916.56 |
| 1807 · Valley National Bank - 2625 | 728,749.73 |
| 1800 · LONG TERM LIABILITY - Other | -7,100.00 |
| **Total 1800 · LONG TERM LIABILITY** | 1,214,105.68 |
| **Total Long Term Liabilities** | 1,214,105.68 |
| **Total Liabilities** | 1,740,830.18 |
| Equity | |
| 3000 · Beginning Balance Equity | -174,764.12 |
| 3001 · Common Stock | 100.00 |
| 3003 · Opening Bal Equity | -366,506.26 |
| 3005 · Retained Earnings | 216,423.09 |
| Net Income | 12,383.54 |
| **Total Equity** | -312,363.75 |
| **TOTAL LIABILITIES & EQUITY** | 1,428,466.43 |

Debtor 1 _Nubia Marcella Perez_
First Name   Middle Name   Last Name

Case number (if known)_____

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No

☐ Yes. Name of Person_____
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _____         ✗ _____
Signature of Debtor 1                                    Signature of Debtor 2

Date   _5/14/2018_                               Date   _____
       MM / DD / YYYY                                       MM / DD / YYYY

Contact phone _305-636-9888_              Contact phone _____

Cell phone _305-910-1607_                   Cell phone _____

Email address _apluslama@gmail.com_    Email address _____

Debtor 1 *Nubia Marcella Perez*

First Name        Middle Name        Last Name

Case number *(if known)*_____

---

**Part 5:** Explain Your Efforts to Receive a Briefing About Credit Counseling

---

**15.** Tell the court whether you have received a briefing about credit counseling.

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☒ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    _Nubia Marcella Perez_
            First Name    Middle Name    Last Name

Case number (if known) _____

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _Thomas D. Mann_                Date    _5 / 14 / 2019_
Signature of Attorney for Debtor                          MM  /  DD  / YYYY

_Thomas_
Printed name

_____
Firm name

_4737 N. Ocean Drive, #129_
Number    Street

_Fort Lauderdale            Fl        33308_
City                                State        ZIP Code

Contact phone _(954) 200-3536_    Email address _tgnoffice35@gmail.com_

_0037148        FLORIDA_
Bar number                          State

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 7

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.    Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness").   The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon.  This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments.  The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations".   The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2.     Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations."  The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3.     Primary Liability of Guarantor.

(a)     This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor.  This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv)   the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v)   any homestead exemption or any other exemption under applicable law;

(vi)   any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii)   whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii)   the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix)   either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x)   any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)    any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)    the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)    the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)    any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

(xv)   any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)   any early termination of any of the Guaranteed Obligations; or

(xvii)   Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)   In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)   It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)   Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.   All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.   Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)   If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)   Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

Section 5.    Subordination.

If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

(a)    such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

(b)    Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

(c)    Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below. In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d)    Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor.   All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.    Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor.  If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness.  This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given.  Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.    Lender Assigns; Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations.  Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof.  Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants.  Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder.  Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns.  If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws.  All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law.  Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.   Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.    Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered.  All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such  other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail.  Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.    Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies.  No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default.  No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances.  No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.    Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.    Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.    No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.    Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:   (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.    Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.    Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty shall be effective upon execution by Guarantor and delivery to Lender.  This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded.  As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.    Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida.  Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24.   **WAIVER OF JURY TRIAL.**

GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.

[CONTINUES ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the date first written above.

Witnesses:

GUARANTOR:
NUBIA M. PEREZ, individually

Print Name: Cathey D. Ware

Name: Nubia M. Perez

Print Name: Stephan Desroches

STATE OF FLORIDA          )
                          )SS:
COUNTY OF MIAMI-DADE      )

The foregoing Guaranty was acknowledged before me this __7__ day of December, 2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is personally known to me or has produced a _Florida Driver License_ as identification, and took an oath.

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

NOTARY PUBLIC
Print Name: _Stephan Desroches_
My Commission Expires: 03/08/2020

Lender:         **VALLEY NATIONAL BANK**
Borrower:      **A PLUS LAMINATION & FINISHING, INC.**
Guarantors:    **FRANCISCO PEREZ; & NUBIA M. PEREZ**
Transaction:    **Note & Mortgage Modification and Extension Agreement**

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

**IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE PROTECTION FROM GARNISHMENT.**

I certify that I have read and understood the notice above before signing the attached GUARANTY referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor: NUBIA M. PEREZ             12/7/2017
                                                                  Date

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

       The foregoing waiver was acknowledged before me this **7** day of December 2017, by NUBIA M.PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his _Florida Driver License_ as identification.

(Seal)          Stephan Desroches
                    State of Florida
             My Commission Expires 03/08/2020      Notary Public
               Commission No. FF 968971          Print Name: _Stephan Desroches_

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By_____
Name:_____
Its:_____              Date:_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                              Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                               Chapter 11

        Debtors.
_____/

**LANDLORD'S MOTION TO DISMISS CHAPTER 11 BANKRUPTCY**
**PETITION FOR BAD FAITH AND FRAUD ON THE COURT**
**AND FOR RELIEF FROM THE AUTOMATIC STAY**

Brian Holland and Andrea Holland also known as Brian Holland 5561 Rent Account ("**Landlord**") respectfully request that the Court dismiss Nubia Marcella Perez's ("**Debtor**") chapter 11 bankruptcy petition for bad faith and fraud on the court or in the alternative grant Landlord relief from the automatic stay, under 11 U.S.C. §362, to continue its state court eviction action.

**I.**    *Background.*

Debtor is the President of A Plus Lamination and Finishing Inc. ("**Tenant**"), which is an active Florida corporation. A printout from Sunbiz is attached as **Exhibit** "**A**." Tenant entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("**Property**"). The Lease's one-year term runs from August 1, 2017 to July 31, 2018.  A copy of the Lease is attached as **Exhibit** "**B**."

Tenant agreed to pay $8,666.67 in monthly rent, plus sales tax, water, and fees to lease the Property. *See* Ex. B. Tenant defaulted on the Lease by failing to make the March 1, 2018 rent payment and all subsequent payments. On April 13, 2018, Landlord initiated an eviction action

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

against Tenant in the County Court in and for Miami-Dade County, case number 2018-008187-CC-05 ("**Eviction Action**").

On May 10, 2018, Judge Alexander Boker ordered Tenant to deposit rent into the court registry ("**Deposit Order**"). A copy of the Deposit Order is attached as **Exhibit** "**C**." Tenant was ordered to deposit funds as follows: (1) $9,000 by May 7, 2018; (2) $9,000 by May 14, 2018; (3) Tenant was ordered make additional timely deposits as additional rent became due; and (4) Tenant's failure to make timely deposits constitutes "**an absolute waiver of its defenses**, other than payment or proof of payment, **and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of Tenant and Writ of Possession** to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes." *See* Ex. C (emphasis added). Landlord and Tenant were ordered to attend a mediation on May 15, 2018, after the timely deposit of Tenant's May 14, 2018, $9,000 payment.  *Id.*

Tenant did not make the May 14, 2018, $9,000 deposit into the court registry, resulting in a waiver of its defenses and entitling Landlord to immediate default final judgment and writ of possession. A copy of the Eviction Action docket is attached as **Exhibit** "**D**."  On the day after missing this payment, Debtor, who is Tenant's President, filed an individual chapter 11 bankruptcy, but claimed to be a small business debtor that does business under Tenant's name.  A copy of the bankruptcy petition is attached as **Exhibit** "**E**." This assertion made it appear that Tenant was filing bankruptcy, and on May 17, 2018, only three days after failing to make the second $9,000 deposit, the Eviction Action was stayed because of the pending bankruptcy. A copy of the bankruptcy stay order is attached as **Exhibit** "**F**." As of the date of this motion, Tenant

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

retains possession of the Property, but has not made any payments to Landlord nor has Tenant made any additional deposits into the court registry.

**II.**      ***Debtor's bankruptcy petition is a bad faith filing and fraud on the court.***

Debtor filed the bankruptcy petition for the sole purpose of hindering Landlord's Eviction Action. The Court has inherent authority to dismiss an action when a litigant has perpetuated a fraud on the court. *In re Houston*, 305 B.R. 111, 114 (Bankr. M.D. Fla. 2003) ("When a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud, dismissal of the whole case is proper."). Also, a chapter 11 bankruptcy action may be dismissed "for cause" under section 1112 of the Bankruptcy Code if the petition was not filed in good faith. *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Nat. Land Corp.*, 825 F.2d 296, 297 (11th Cir. 1987).  In determining bad faith, "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394 (citing *In re Albany Partners, Ltd.*, 749 F.2d at 674).

Courts have considered the following non-exclusive factors: (1)  the debtor has only one asset; (2) debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; (3) debtor has few employees; (4) there is a pending foreclosure action (5) debtor's financial problems involve  a financial  dispute between the debtor and the secured creditors, which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394–95. "In determining the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

existence of bad faith, all facts and circumstances of a case must be considered by the Court." *In re Indian Rocks Landscaping of Indian Rocks Beach, Inc. ("Indian Rock Landscaping")*, 77 B.R. 909, 911 (Bankr. M.D. Fla. 1987).

For example, in *Indian Rock Landscaping*, the court found bad faith when debtor filed bankruptcy merely to forestall a state court eviction action. 77 B.R. at 911 ("of great importance in the determination of bad faith filing is the fact that the Debtor filed its Chapter 11 Petition merely to forestall and delay the state court eviction action and to gain the protection of the automatic stay."). In making this decision, the *Indian Rock Landscaping* court considered the fact that the hearing on the eviction action was set for April 15, 1987 at 9:45 a.m. and debtor, seeking to avoid that hearing, filed its bankruptcy petition at 9:08 a.m. on the same day as the hearing. *Id.* Similarly, the court found bad faith when bankruptcy was initiated to prevent an entity from exercising its option to purchase real property. *In re Panache Dev. Co., Inc.*, 123 B.R. 929, 932 (Bankr. S.D. Fla. 1991) (noting that the timing of the filing and the misstatements in the bankruptcy schedules evidence "motives [that] are a specific abuse of the Bankruptcy Court system.").

Debtor filed a personal chapter 11 bankruptcy only one day after Tenant violated the State Court's order directing it to deposit $9,000 into the court registry, resulting in a waiver of Tenant's defenses and entitling Landlord to immediate default final judgment and writ of possession. Tenant is not the Debtor in this bankruptcy proceeding, but Debtor, who is Tenant's President, claims to be filing bankruptcy as a small business debtor that does business under Tenant's name. Tenant is an active Florida corporation, and "[a] general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Debtor's intentional misstatements in the chapter 11

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

petition resulted in a stay of the Eviction Action. Debtor's intentional misstatements and the timing of this bankruptcy filing evidences bad faith and fraud on the court. Thus, the Court should dismiss Debtor's bankruptcy petition and either ban a future bankruptcy filing by Tenant or rule that Landlord's Eviction Action will not be subject to an automatic stay if Tenant files a future bankruptcy.

### III.   *Landlord is entitled to relief from the automatic stay.*

In the alternative, Landlord requests relief from the automatic stay, so it can conclude the Eviction Action. An automatic stay may be terminated for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith. *In re Phoenix Piccadilly,* Ltd., 849 F.2d at 1394. The Court's "bad faith" analysis for granting relief from the automatic stay is identical to the analysis for dismissal of a bad faith filing. *Id.* ("what amounts to bad faith is the same for both proceedings"). The *In re Phoenix Piccadilly, Ltd.* court found bad faith when evidence showed that debtor's bankruptcy petition was filed to forestall a pending foreclosure proceeding. *Id.*

As discussed above, Debtor filed this bankruptcy petition and made intentional misstatements for the sole purpose of obtaining a stay of the Eviction Action. Debtor's petition was filed after Tenant failed to comply with the Deposit Order, and in a frantic attempt to stop Landlord from exercising its right to obtain immediate default final judgment and writ of possession. Moreover, Tenant is not the Debtor in this bankruptcy proceeding, although Debtor's misstatements make it appear as if Tenant is filing bankruptcy. Debtor's misstatements resulted in an improper stay of the Eviction Action. The Court should grant Landlord relief from the automatic stay due to Debtors bad faith, allowing Landlord to proceed with the Eviction Action.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## IV.    *Conclusion.*

Debtor's bankruptcy petition was filed in bad faith and constitutes a fraud on this Court. Thus, Landlord is entitled to dismissal of the bankruptcy petition or, in the alternative, relief from the automatic stay. Landlord also requests that the Court bar Tenant from filing a future bankruptcy petition or issue an order excluding Landlord's Eviction Action from an automatic stay if Tenant files a future bankruptcy.

Dated: May 30, 2018.

  s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Brian Holland and Andrea Holland*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 29, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached hereto as **<u>Exhibit 1</u>** and via Regular U.S. Mail on all parties listed on the Court's Matrix attached hereto as **<u>Exhibit 2</u>**.

 s/ Peter D. Russin

Peter D. Russin, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

# Mailing Information for Case 18-15825-AJC

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Thomas G Neusom**    tgnoffice34@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

Exhibit 1

Label Matrix for local noticing
113C-1
Case 18-15825-AJC
Southern District of Florida
Miami
Wed May 30 13:40:34 EDT 2018

Actega North America Inc
26537 Network Place
Chicago, IL 60673-1265

Brian Holland
13105 NW Le Jeune Rd
Opa Locka, FL 33054-4435

Capital One Bank
POB 71083
Charlotte, NC 28272-1083

Cosmo Claim 2018
Rosenfeld Stein Batta, PA
21490 West Dixie Hwy
Aventura, FL 33180-1144

D & K International Inc
Ryan E Sprechman
2775 Sunny Isle Blvd #100
Miami, FL 33160-4078

Distrigraph Inc
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City, FL 33328-4225

Francisco Gabriel Perez Loan
3845 Sw 149th Pl
Miami, FL 33185-3931

Internal Revenue Service
POB 80110
Cincinnati, OH 45280-0110

Matt D Goldman Trust
Account
7190 SW 100 St
Miami, FL 33156-3069

Miami-Dade County Tax
Collector
140 West Flagler St
14th Floor
Miami, FL 33130-1561

Noelus LLC
POB 639027
Cincinnati, OH 45263-9027

Nubia Perez Loans
5559 NW 36th Ave
Miami, FL 33142-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Transilwrap Company Inc
9201 W Belmont Ave
Franklin Park, IL 60131-2842

Universal Pressroom
Productsa LLC
POB 1697
Woodstock, GA 30188-1366

Valley National Bank -2625
Newtex Small Business
Finance, LLC
POB 2006
Hicksville, NY 11802-2006

Valley National Bank Loan
2198 Small Street
POB 952
Wayne, NJ 07474-0952

Vencol
8209 NW 70th St
Miami, FL 33166-2743

Nubia Marcella Perez
5559 NW 36 Ave
Miami, FL 33142-2709

Thomas G Neusom
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308-2920

Exhibit 2

Florida Department of State                                                                    DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation
A PLUS LAMINATION & FINISHING, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P06000154680 |
| **FEI/EIN Number** | 20-8122078 |
| **Date Filed** | 12/18/2006 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | REINSTATEMENT |
| **Event Date Filed** | 09/29/2010 |

**Principal Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Mailing Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Registered Agent Name & Address**

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

Address Changed: 10/02/2007

**Officer/Director Detail**

**Name & Address**

Title PRESIDENT

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

**Annual Reports**

| **Report Year** | **Filed Date** |
|---|---|

Exhibit A

| 2016 | 03/22/2016 |
| 2017 | 02/24/2017 |
| 2018 | 03/26/2018 |

**Document Images**

| | |
|---|---|
| 03/26/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/24/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/22/2016 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/05/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2011 -- ANNUAL REPORT | View image in PDF format |
| 09/29/2010 -- REINSTATEMENT | View image in PDF format |
| 02/05/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/09/2008 -- ANNUAL REPORT | View image in PDF format |
| 10/02/2007 -- REINSTATEMENT | View image in PDF format |
| 12/18/2006 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

RENT: $ 8,666.67      FOLIO # BH 5561      BAY : 5559 NW 36TH AVENUE
TAX: $ 606.67      TERMS: 08/01/2017 – 07/31/2018
WATER: TENANT PAYS      YEARS: (1) ONE YEARS
TRASH: TENANT PAYS      NEW_____ RENEWAL __X__
SEC. SERV. TENANT PAYS      SECURITY: $ 17,333.34
TOTAL: $9,273.34      **BUSINESS LEASE**      OTHER:_____

**THIS AGREEMENT**, entered into this __1ST__ day of AUGUST, 2017_ between __BRIAN HOLLAND AND ANDREA HOLLAND a.k.a BRIAN HOLLAND 5561 RENT ACCOUNT__ hereinafter called the "LESSOR", party of the first part, and **APLUS LAMINATION & FINISHING**, LESSEE" or tenant, party of the second part, in the County of __DADE__ and State of __FLORIDA__:

That the Lessor, for and in consideration of the rents herein reserved to be paid by the Lessee, for and in consideration of the covenants to be kept and performed by the Lessee does hereby lease, let and demise unto the Lessee, the following described property located at: __5559 NW 36TH AVENUE, MIAMI, FL 33142__

| | |
|---|---|
| ACCEPTANCE OF DEMISE BY LESSEE: | 1. The Lessee in consideration of the demise of said property by the Lessor, and for the further considerations herein set has rented, leased and hired, and does hereby rent, lease and hire the said property for the Lessor, on the terms and conditions hereinafter stated. Sq. Footage occupied __+/- 16,000__ Sq. Feet. |
| DURATION OF TERM: | 2. The Primary Term and duration of this Lease shall be for a period of ___(1) ONE YEARS___, commencing __1ST__ day of __AUGUST, 2017__ and terminating the __31ST__ day of __JULY, 2017__ |
| AMOUNT OF RENT MANNER OF PAYMENT: | 3. The Lessee shall pay unto the Lessor the minimum rent for the full Term of this Lease the total rental in the sum of __ONE HUNDRED FOUR THOUSAND DOLLARS-----------------------------------04/100--($ 104,000.04)__ |
| MONIES REQUIRED TO MOVE IN | $9,273.34_ on signing of this Lease, receipt in which is hereby acknowledged, to be applied as follows: $ 8,666.67_ as rent in advance for the period of 08/01/2017_ to 08/31/2017_, and $ 606.67_ for Sales Tax, TENANT PAYS for Water, TENANT PAYS FOR Trash and TENANT PAYS FOR Security Service; plus 7% Sales Tax. The balance of the rent shall be payable as follows: |
| 1ST YEAR | **AUGUST 1, 2017 THRU JULY 31, 2018** the rent will be $ 8,666.67 per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $9,533.34 plus Florida Sales Tax. |
| 2ND YEAR | ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.~~ |
| 3RD YEAR | ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.~~ |
| 4TH YEAR | ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.~~ |
| 5th YEAR | ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.~~ |
| AMOUNT OF SECURITY MANNER OF PAYMENT: | 4. Simultaneously with the execution of this Lease, the Lessee shall deposit with the Lessor the sum of __SEVENTEEN THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND 34/100-----($ 17,333.34)__ receipt of which said sum is hereby acknowledged by the Lessor, as a security deposit to guarantee the full and faithful performance of all the terms, conditions and obligations to be performed by the Lessee under the terms of this Lease; same to be returned upon the expiration of this Lease after all cost of returning the premises to there original condition, reasonable wear and tear excepted, thereafter it shall be applied to all remaining obligations including but not limited to, rent in arrears, this deposit does not relieve the Lessee of his obligations to pay each and every payment when due hereunder. The Lessor may demand additional security during the term of this lease, should it be deemed necessary in order to guarantee that the premises shall be restored to the original condition. ***ADDITIONAL DEPOSIT OF $2,000.00 REQUIRED*** <br><br> A. Lessee's security must always equal TWO (2) months rent or more on all lease increases and renewals; |
| ADDITIONAL PAYMENT REQUIREMENTS: | 5. Lessee shall pay all occupational licenses, and other licenses, which are necessary in the operation of the business to be carried on in the demised premises. All utility services which may be provided to the premises, including but not limited to: water, gas, electric, telephone, as they from time to time shall accrue and be due and payable. Lessee will be required to have garbage service pickup. Lessee shall pay all Sales and Use Taxes due as a result of business conducted on the premises, and Personal Property Taxes assessed against the personality situate thereon. |
| ADDITIONAL AGREEMENTS: | 6. PAYMENTS ARE TO BE MADE PAYABLE TO: **BRIAN HOLLAND 5561 RENT ACCOUNT** <br> Located at: __13105 NW LE JEUNE ROAD, OPA LOCKA, FLORIDA    33054__ |

1

Exhibit B

USE AND
OCCUPANCY:

7. THE LESSEE SHALL USE AND OCCUPY THE PREMISES FOR  PAINT,FINISHING,DYE & CUT OF LAMINATION and for no other purpose.

REAL ESTATE
PROPERTY TAX:

8. Real Estate taxes for the year 2007____ assessed against the building will be paid by the lessor and said year will be considered the base year in any succeeding year. Any increases in taxes over the base year's taxes will be paid proportionately by all the Lessee's of the building in the proportion that their respective premises bear to the total leased premises. Lessee shall pay to the lessor his proportional increase within 15 days after the Lessor notifies the Lessee that the real estate taxes have been paid by the Lessor.

INSURANCE:

9. Lessee covenants to provide on or before the commencement of this lease at Lessee's expense; comprehensive general liability insurance relating to lessees premises on an occurrence basis with minimum limits of liability in an amount no less than $500,000.00 for bodily injury, personal injury or death to any one person. $1,000,000.00 for bodily injury, personal injury or death to more than one person, and $100,000.00 with respect to damage to property by water or otherwise; and fire and extended coverage, vandalism, and special extended coverage in an amount adequate to cover the cost or replacement of all improvements in the premises as well as the cost of all fixtures and contents therein. The above coverages must be maintained in force at all times. All of the aforesaid insurance shall be issued in the name of Lessor and Lessee. In the event of payment of any loss covered by such policy, Lessor shall be paid first by the insurance company for its loss. Lessee accepts all liability for the interior and exterior of the occupied space and surrounding area. If lessee cannot show proof of insurance, Lessee shall indemnify and hold harmless the Owner, their Agents and Employees from and against all claims, damages losses and expenses, including attorney fees arising from or resulting from the occupancy of the premises.

EXTENSIVE
DAMAGED:

10. In the event that the premises shall be destroyed by fire or other casualty, whereby the premises shall be rendered untenantable, then the Lessor shall have the option to render said premises tenantable by repairs within one hundred eighty days therefrom. If the premises are not rendered tenantable within said period, Lessee may cancel this lease by notice in writing to Lessor within ten days of the expiration of said one hundred eighty days period. In the event of cancellation the rent shall be paid only to the date of such cancellation. Under no circumstances shall Lessor be responsible to Lessee for any damage occasioned by the inability of Lessee to use the premises during any period that the same shall be destroyed or damaged or injured by fire or other casualty. Except to the extent specifically set forth herein, none of the rent payable by Lessee or any of Lessee's obligations hereunder, shall be affected by any damage to or destruction of the premises by any cause whatsoever, and Lessee hereby specifically waives any and all additional rights it may otherwise have under  any law or statue.

DAMAGE
AND LOSS:

11. Lessor will not be liable or responsible for any damage or loss, either to person or property sustained by Lessee or by other persons, due to the building or any part thereof becoming defective or out of repair due to any accident in or about the premises or due to the act or neglect of any Lessee or occupant of the building. This provision shall apply particularly, but not exclusively, to damage or loss to Lessee's merchandise, equipment, inventory, fixtures or other personal property and to Lessee's business, caused by water, roof leakage, odors, bursting or leaking of pipes or plumbing, wind, rain, hurricane, acts of God or other casualties, or caused by any defect, latent or otherwise in any structure, equipment, pipe, wires or otherwise, comprising all or part of the premises or the building of which the premises are a part, and shall apply equally, whether such damage is caused by the act or neglect of other tenants, occupants of the building or any other person, and whether such damage be caused or occasioned by any circumstances above mentioned, or by any other thing or circumstances whether of a like or wholly different nature. If any such damage is caused by the act or neglect of Lessee, Lessor may at its option, repair such damage, whether caused to the building or tenants thereof, and Lessee agrees to reimburse Lessor for cost of such repair, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.  All personal property upon the premises shall be at the risk of Lessee, and Lessor shall not be liable for any damage thereto or theft thereof. Lessor shall not be liable for damages or repairs resulting from the stoppage or interruption of water, light, heat, janitor or elevators service caused by riot, strike, accident, or any cause over which Lessor has no control, nor shall Lessor be liable for any act or neglect of janitors or other employees not authorized by Lessor, nor shall any such failure, delay or default of janitors or employees be construed or considered as an actual or constructive eviction of lessee, nor shall it in any way operate to release Lessee from performance of the covenants herein agreed to be performed by Lessee. In the event that Lessor is required to make repairs to the premises following the termination (natural or premature) of this Lease, Lessor shall be responsible for the cost of said repairs and for rent for the period of time required to complete such repairs on a per diem basis calculated by the rental rate then in effect, all of which sums may be claimed against Lessee's security deposit in accordance with the provisions of Chapter 83, Florida Statutes.

INDEMNIFICATION:

12. Lessee shall indemnify and save Lessor harmless from and against any and all claims, demands, suits, actions, damages, liability and expense, including attorney's fees, for or in connection with any accident, injury or damage whatsoever caused to any person or property arising, directly or indirectly out of the Lessee's tenancy hereunder, or occurring in, on or about the premises or any part thereof, on the sidewalks adjoining the same and any common areas and facilities within nor appurtenant to the premises or arising  directly or indirectly from any act or omission of Lessee, its agents, contractors, employees, servants, invites, licenses, or subtenant, acts of God or otherwise Lessee shall within five days thereof  give notice in writing to Lessor of any fall or other accident in any fixtures or equipment thereon. The comprehensive general liability insurance coverage maintained by Lessee pursuant to this lease shall specifically insure the contractual obligation of Lessee as set forth in this paragraph.

MAINTENANCE OF
THE PREMISES:

13. Lessee shall maintain all of the electric, electrical fixtures, air conditioning, *plumbing, plumbing fixtures, exhaust fans, concrete floors, carpeting, tile, entry and overhead garage doors, locks, fire sprinklers, roof, interior walls, interior paint, windows, paved area and landscaping in front of the premises, and sewer stoppages. All of the aforesaid items shall apply regardless of ownership. Lessee shall be solely responsible for the payment of repairs to maintain all of the above items and shall replace any

item beyond repair, to the satisfaction of the lessor; and lessee will have ten days from date of notice to make such repairs. Lessor has the right to increase the security or cleanup any damage caused by glue or any other material at the expense of Lessee, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.

**IMPROVEMENTS, ALTERATIONS, FIXTURES, AND EQUIPMENT**

14. On the last day of this lease, Lessee shall quit and surrender the premises, together with all of the fixtures, alterations, additions and improvements which may have been made in, on, or to the premises, except movable furniture, or unattached movable trade fixtures. Lessee shall broom clean, in as good condition and repair as the premises were in at the beginning of the term of this lease, reasonable wear and tear accepted. All the air conditioning and other mechanical equipment of every nature, must remain on the premises, and the Lessee fully acknowledges that all other improvement, including but not limited to offices, partitions, lighting fixtures, electrical wiring, plumbing fixtures, A/C units, mezzanines, carpeting, tile, paneling, etc must remain on the premises regardless of ownership.

**SUBORDINATION AGREEMENT:**

15. LESSEE agrees that if Lessor secures a construction and/or first mortgage on the demised premises from a recognized lending institution; and that this lease is and shall be subordinate to the lien of said construction and/or first mortgage; and the lessee agrees that it will execute such subordination or other documents or agreements as may be requested or required by such lending institution; however, and that the mortgage and/or subordination agreement, as the lending institution may direct, shall contain a provision which states, in effect, that the lessee shall not be disturbed in its possession and occupancy of the premises during the term of this lease, not withstanding any such mortgage or mortgages, provided that the lessee shall comply with and perform its obligations hereunder.

**APPROVAL AND PERMITS**

16. LESSEE must obtain written approval from the lessor before any changes, alterations or improvements are made to the interior or exterior portions of the building. At lessee's expense, lessee is required to obtain the necessary permits and plans; a copy of each is to be given to the lessor prior to the commencement of any work. Any and all improvements made to the premises and attached to the real property must be approved by the Lessor and all attached improvements will remain on the property of the Lessor forever more, unless Lessor requires Lessee to remove upon termination of the lease agreement.

**NOTICE TO VACATE:**

17. LESSEE must notify the Lessor in writing, no later than 90 days before the expiration of this lease, of its intentions to either vacate, negotiate a new lease or exercise the option agreement, if any. If Lessee fails to notify lessor, in writing, the Lessor shall have the authority and right to rent the premises, and the Lessee shall vacate the premises immediately on the last day of this lease and will forfeit all security which will be applied to unpaid rent until the space is leased and any remaining security will be refunded. A refund of any portion of security or tender of refund of any portion of security shall not operate as a waiver of Lessor's rights to retain any or all security under this section. Should Lessee hold over and remain in possession of the Premises at the expiration of any term hereby created, Lessee shall, by virtue of this paragraph, become a Lessee by the month at twice the Rent per month of the last monthly installment of Rent above provided to be paid, which said monthly tenancy shall be subject to all the conditions and covenants of this Lease as though the same had been a monthly tenancy instead of a tenancy as provided herein, and Lessee shall give to Lessor at least thirty (30) days' written notice of any intention to remove from the Premises, and shall be entitled to ten (10) days' notice from Lessor in the event Lessor desires possession of the Premises; provided, however, that said Lessee by the month shall not be entitled to ten (10) days' notice in the event said Rent is not paid in advance without demand, the usual ten (10) days' written notice being hereby expressly waived.

**NOISE, ODORS,**

18. LESSEE will not use the interior and/or exterior portion of the premises so as to cause noise, noxious odors, accumulation of waste and garbage, vibrations from machinery, or any other disturbance or nuisance which may create undue annoyance or hardship to another tenant of the lessor, and/or damage or impairment to Lessor's property.
Bands will not be allowed to practice until after 6:00 PM and up to midnight. Lessee will not be allowed to disturb other tenants while practicing or this lease will become null and void.

**SIGNS:**

19. LESSEE must obtain approval from the Lessor prior to erecting any signs. Lessor shall have the right to determine the size, materials and lighting thereof; and the Lessor, may, at its option, order and have the signs installed from one source, same to be at the expense of the Lessee. No painting of signs shall be permitted direct to the masonry. Lessee fully understands that the Lessor may remove, without notice, any such signs which will be in violation of this lease. At the termination of this lease, at Lessee's sole expense, Lessee shall remove all signs and restore the building's masonry paint to its original state. If directory sign becomes available, Lessee will be responsible for all expenses associated with its position on such a directory sign, including the pro-rata costs of erecting and maintaining such a directory sign.

**RECEIVERSHIP, BANKRUPTCY, INSOLVENCY:**

20. LESSEE expressly covenants that, unless agreed in writing by Lessor, neither adverse zoning nor other governmental regulations, nor receivership, bankruptcy, insolvency, nor any other event, shall operate to relieve Lessee from the obligations of Lessee hereunder, and Lessee waives the defense of impossibility of performance, whether arising thereby or by reason of any other matter or event, however caused.

**PARKING AREA RESTRICTIONS:**

21. LESSEE will use the parking spaces directly in front of Lessee's premises. Any vehicle not operational and which remains in front of Lessee's premises for a period of five days or more, will be considered "Junk" and Lessor will have the right to have such "Junk" vehicle or vehicles towed from the premises and Lessee shall be responsible for all towing expenses. Lessee also will not use the outside of the premises for storing auto parts, machinery, equipment, or anything other than Lessee's vehicles. Lessor shall have the right to remove all of the above articles at the expense of the Lessee.

**SUBLETTING OF PREMISES:**

22. LESSEE may not assign this lease, or let or underlet the whole or any part of said premises without the written consent of the Lessor, provided: the Lessee remains liable on the within lease, and the assignee shall execute an assumption of this lease agreement in recordable form.

3



| | |
|---|---|
| INSURANCE<br>PAYMENT: | 23. LESSEE will not use the premises for any purpose which may increase the base rate of fire, extended coverage and liability insurance; that in the event the standard base rates cannot be obtained by reason of the Lessee's use of the premises, then and in that event, the Lessee shall forthwith upon notice, either desist from said unacceptable use and/or pay such additional insurance premiums. Lessee acknowledges that the standard insurance rate for the year __2007__ assessed against the building will be paid by the Lessor and said year will be considered the base premium year. In any succeeding year, any increases in the insurance premium over the base year's insurance will be paid proportionally by all the Lessees of the building in the proportion that their respective premises bears to the total leased premises. Lessee shall pay to the Lessor his proportional increase within 15 days after the Lessee notifies the Lessee that Lessor has paid the increase. |

ADDITIONAL
COVENANTS OF
THE LEASE:

24.   a/ LESSEE will pay the rent as herein specified without notice.

    b/ LESSEE will furnish a mail box.

    c/ LESSEE will furnish the necessary type fire extinguisher, exit signs and emergency lights to meet all codes.

    d/ LESSEE will furnish an adequate trash container and proof submitted to the Lessor within 30 days or a dumpster will be ordered at Lessee's own expense.

    e/ LESSEE is required to have waste and recycling service as required by the Lessor and all governing Municipalities.

    f/ LESSEE will not keep flammable chemicals on the premises, unless properly ventilated.

    g/ LESSEE will comply with all lawful requirements of the Board of Health, Police and Fire Departments, Municipal, County, State and Federal authorities respecting the manner in which Lessee uses the leased premises.

    h/ LESSEE will not be permitted to have pets or guard dogs of any kind.

    i/ LESSEE PAYS TENANT PAYS WATER CHARGE and IS SUBJECT TO CHANGE AT ANYTIME.

    j/ LESSEE will not be allowed on the roof without written permission from the Lessor. If Lessee shall install any type of equipment on the roof, such as an air conditioner, antennas, air vents, etc., the Lessor shall not be responsible for any damage caused by leakage to the premises, which may also result in damage to Lessee's personal property. In the event of damage due to the above said, Lessee shall be responsible for repairing the entire roof area above Lessee's premises as soon as possible an at the expense of Lessee.

    k/ Absolutely no car repair, painting or storage of cars on the exterior of the premises. Painting will not be allowed on the interior of the premises without an approved fire rated spray booth. Any violation of the above will cause this lease to become null and void.

25. LESSEE has examined the premises and is familiar with the condition thereof, and accepts the same in their present condition. Lessor has made no representations or warranties to Lessee respecting the condition of the premises.

LESSOR'S RIGHT
OF ENTRY:

26. The LESSOR, its' agents, or employees, shall have the right to enter said premises during all reasonable hours, to examine make repairs, alterations, etc. as may be deemed necessary. Lessor, in his sole judgment may enter the premises at any time and by any means, if there appears to be an emergency with the premises. No additional locks or bolts of any kind shall be placed upon any of the doors or windows by Lessee, nor shall any changes be made in the existing locks or the mechanism thereof unless Lessee shall simultaneously therewith give keys to the same to Lessor. If Lessee shall make any modifications such as welding plates or changes to doors or windows, Lessee will be responsible to replace doors or windows at Lessee's expense.

LEGAL:

27. a/ In the event of a default by Lessee entitling Lessor to serve a three day notice of eviction pursuant in Florida Statute Section 83.20, as now or hereafter existing and if Lessor or Lessor's attorneys shall serve such a notice upon Lessee, Lessee agrees to pay an attorneys fee of Fifty ($50.00) Dollars for each time that service of said notice is effected. Said notice shall be deemed served if accomplished in a manner described by law or by certified mail, return receipt requested.

    b/ The parties acknowledge and agree that all provisions contained herein with respect to liquidated damages are reasonable, in amount it being the agreement of the parties, that, as of the date hereof, actual damages that may be suffered by Lessor in the event of default or breaches of the terms hereof by Lessee are incapable of ascertainment.

    c/ Lessee agrees to pay all legal fees and expenses incurred by Lessor in enforcing any of the terms hereof, or in the defense of any action brought by Lessee hereunder, or incident to any other litigation or negotiation in which Lessor shall become involved, subsequent to the date of the execution hereof, through or on account of this lease, including but not limited to appellate fees, if applicable.

    d/ With respect to any provision of this lease which provides that Lessor shall not unreasonably withhold or unreasonably delay any consent or any approval. Lessee, in no event, shall be entitled to make nor shall Lessee make any claim for and Lessee hereby waives any claim for money damages; nor shall Lessee claim any money damages by way of set off, counterclaim or defense, based upon any claim or assertion by Lessee that Lessor has unreasonably withheld or unreasonably delayed any consent or approval; but Lessee's sole remedy shall be an action or proceeding to enforce any such provision.

    e/ It is expressly agreed by the parties hereto that Lessor shall have no liability to Lessee whatsoever if Lessor shall be unable to deliver possession of the premises to Lessee on the date of the commencement of the term hereof for any reason whatsoever, including, but not limited to, the fact that the building in which the premises are located has not been completely or sufficiently completed to make the premises ready for occupancy. Under such circumstances, the rental reserved and covenanted to be paid herein shall be abated pending the making available of the premises to Lessee. No such failure to deliver possession of the premises on the commencement date of the term of this lease shall in any manner affect the validity of this lease or its terms.

    f/ Lessee shall not be entitled to any abatement of rent or rental value or diminution of rent in any eviction or distress action of proceeding instituted by the Lessor for non-payment of rent or additional rent or in any eviction or distress action or proceeding by reason of any breach or default by the Lessor of any covenant contained in this lease or its part to be performed. Lessee will not interpose any counterclaim of whatever nature or description in any such proceeding. The Lessee shall not have the right of set off by way of damages, recoupment, or counterclaim for any damages which Lessee may have sustained by reason of Lessor's failure to

4

perform any of the terms, covenants or conditions contained in this Lease. Lessee shall, however, have the right to commence independent action for any relief to which Lessee may deem it is entitled.

g/ If Lessee vacates or abandons the demised premises in violation of this lease agreement, any property shall be deemed to have been abandoned and may either be retained by Lessor as the property of, or may be sold at public or private sale with such terms Lessor, in good faith see fit. Any property of Lessee sold at the public or private sales shall be applied by Lessor against (1) the expenses of Lessor for removal, storage or sale of the personal property, (2) the arrears of rent or future rent payable under this lease agreement, and (3) any other damages to which Lessor may be entitled under this lease agreement. The balance of such amounts, if any, shall be given to Lessee.

h/ Lessee hereby waives all right of subrogation against Lessor as respects any insurance proceeds that it may collect from its own insurance carrier.

i/ It is mutually agreed by and between Lessor and Lessee that the respective parties herein hereby waive trial by jury in any action or proceeding brought by either party pertaining to any matter whatsoever arising out of or in any way connected with this lease or Lessee's occupancy of the premises. Any action brought by either party arising from or in any way pertaining to this lease or Lessee=s occupancy of the premises shall be brought in a state court of competent jurisdiction in the County in which the Premises is located.

j/ Unless expressly so stated in writing by Lessor, no act or thing done or omitted by Lessor or Lessor's agents during the term of this lease shall constitute an eviction by Lessor, nor shall any such act or thing done be deemed an acceptance of the surrender of the premises and no agreement to accept a surrender shall be valid unless in writing signed by Lessor. No employee of Lessor or Lessor's agent shall have any power to accept the keys of the premises prior to the termination of this lease. The delivery of keys to any employee of Lessor shall not operate as a termination of the lease or a surrender of the premises. However, the non-delivery of keys to Lessor at the termination (natural or premature) of any lease agreement shall operate to continue the obligations of Lessee for payment of rent irrespective of its possession of the premises until such time as the keys are delivered to Lessor.

k/ Lessee shall not do any act or make any contract which may create or be the foundation for any lien or other encumbrance upon any interest of Lessor in the premises. If as the result of any act, or omission or alleged act or omission of Lessee, any mechanic's, materialmen's, laborer's or other lien charge or order for the payment of money or other encumbrance shall be filed against Lessor or any portion of premises, whether or not such lien, charge, order or encumbrance is valid or enforceable as such. Lessee shall, at its own cost and expense, cause the same to be discharged of record or bonded within ten days after notice to Lessee of the filing thereof. Lessee shall indemnify and save harmless Lessor from all cost, liabilities, suits, penalties, claims and demands, including reasonable attorney's fees, resulting therefrom. At Lessor's option Lessee will furnish lien waivers or a bond in form and with surety satisfactory to Lessor prior to commencing any work in connection with making alterations or improvements to the premises. If Lessee fails to comply with the foregoing provisions, Lessor shall have the option of discharging or bonding any such lien, charge, order or encumbrance, and Lessee agrees to reimburse Lessor for all costs, expense and other sums of money in connection therewith upon demand all materialmen, contractors, artisans, mechanics, laborers and any other persons now or hereafter contracting with Lessee for the furnishing of any labor, services, materials, supplies or equipment with respect to any portion of the premises are hereby charges with notice that they must look exclusively to Lessee to obtain payment for same, and Lessee agrees to so inform such persons.

l/ Wherever throughout this lease, the Lessee is required to do any act or expend any money to a third party, including but not limited to the repair and maintenance of the premises, trash removal, if Lessee refuses or neglects to perform any such act or make any such payment Lessor may, without notice, cause said act to be performed or expend said money on behalf of and or the account of Lessee, and in such event, Lessee shall reimburse Lessor for all such expenditures within ten days from demand therefore by Lessor.

m/ All sums of money which may, in addition to the rent herein provided, be due and payable by Lessee to Lessor pursuant to any of the terms of this lease, shall be considered as additional rental.

n/ Any notice, approval, consent or other communication required or permitted to be served pursuant to this lease shall be considered served on Lessor if delivered to Lessor and receipted therefore in writing or delivered to Lessor and receipted therefore by certified mail with return receipt requested, at the address set forth herein or such other address as Lessor from time to time designated in writing, and any notices, approvals, consents or other communications required or permitted to be delivered to Lessee shall be deemed delivered if delivered to the premises, or deposited in the United States mail, postage prepaid, and addressed to the premises.

o/ This agreement shall be governed by the laws of the State of Florida.

p/ Nothing contained in this lease shall be construed to create the relationship of principal and agent, partnership, joint venture or any other relationship between the parties hereto other than the relationship of Lessor and Lessee.

q/ If the Lessor deems it necessary to obtain security service for the protection of the tenants, in that event the Lessor shall have the authority to assess each tenant within the premises an amount based upon square footage of the tenants premises. The payment will be assessed and become due and payable with the monthly rent. This assessment shall be based upon the actual cost of service.

r/ In the event the business is sold the Lessor has the option to adjust the rent and a new lease shall be made between the new buyer and the Lessor.

s/ Under no circumstances shall glue, lacquer thinner or other toxins or any other items that could be environmentally hazardous be permitted to ooze, seep or be spilled into the ground. Any violations of the above, shall cause the tenant to be personally responsible to bear the total expense of the curing of the problems created by his negligence and shall satisfy all of the Municipal, State and Federal agency requirements and cost to correct the condition.

t/ Lessee shall indemnify and hold harmless the owner and their agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising from or resulting from the occupancy of the premises, including damage or loss to contents of personal property from water, fire, theft, or any other reason.

u/RADON GAS NOTIFICATION: (the following notification may be required in some states): Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal state guidelines have been found in buildings. Additional information regarding radon and radon testing may be obtained from your county public health unit.

IN WITNESS WHEREOF, the parties hereto set their hands and seals on the day and year first above written.

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

WITNESS

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

WITNESS

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.

TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.

POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:

1. TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.
2. TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.
3. POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:
   A. THIS APPLICATION HAS BEEN CHECKED AND APPROVED BY LANDLORD.
   B. THE LEASE HAS BEEN SIGNED AND THE RENT AND SECURITY HAVE BEEN DEPOSITED WITH THE LANDLORD.
   C. THE TENANT HAS PROVIDED THE PROCESS NUMBER FOR THE OCCUPATIONAL LICENSE WITH THE APPROPRIATE CITY MUNICIPALITY AND TENANT HAS 30 DAYS FROM SIGNING THIS APPLICATION TO PROVIDE LANDLORD A COPY OF THE OCCUPATIONAL LICENSE, CERTIFICATED OF USE & FIRE INSPECTION PERMIT FOR TENANT FILE.
   D. THE TENANT HAS PROVIDED A RECEIPT AS PROOF THAT THE WATER ACCOUNT HAS BEEN ACTIVATED
   E. IF THE BUILDING HAS A FIRE ALARM PANEL, TENANT IS RESPONSIBLE FOR MAINTAINING THE MONITORING SERVICE AND PROVIDE THE LANDLORD PROOF OF SERVICE
   F. ALL REQUIRED DOCUMENTS HAVE BEEN PROVIDED.
4. THE LANDLORD HAS THE OPTION TO ACCEPT OR REJECT THIS APPLICATION, IF ACCEPTED, THE DEPOSIT SPECIFIED ABOVE WILL BE CREDITED ON THE ACCOUNT OF THE FIRST MONTH'S RENT. IF NOT ACCEPTED, THE DEPOSIT WILL BE RETURNED. THE TENANT HEREBY WAIVES ANY CLAIM FOR THE DAMAGES BY REASON OF NON-ACCEPTANCE OF THIS APPLICATION, WHICH THE LANDLORD MAY REJECT WITHOUT STATING ANY REASON FOR SAME.
5. NO DOGS, CATS OR OTHER ANIMALS WILL BE ALLOWED ON THE PREMISES.
6. THE LANDLORD WILL NOT BE RESPONSIBLE FOR OCCUPANCY ON THE ABOVE MENTIONED BAY TO THE TENANT, DUE TO ANY DELAY.
7. THE LESSEE SHALL BE RESPONSIBLE TO OBTAIN THE NECESSARY FEDERAL, STATE AND LOCAL LICENSES TO CONDUCT LESSEE'S BUSINESS AT THE ABOVE ADDRESS AND SHALL BEAR ALL COSTS NECESSARY TO OBTAIN SUCH LICENSES.

In consideration of the letting of the premises within mentioned to the within named Tenant and the sum of $1.00 paid to the undersigned by the within named Landlord, the undersigned does hereby covenant and agree, to and with the Landlord and Landlord's legal representatives and assigns, that if default shall at any time be made by the Tenant in the payment of any rent or the performance of any of the terms, covenants or agreements contained the within lease on the Tenant's to be paid and performed, the undersigned will well and truly pay the said rent, or any arrears hereof that may be due unto the Landlord as well as any damages that may arise as consequence of such non-performance without requiring notice of any default from the Landlord and the undersigned agrees that this guaranty shall not be affected by reason of the assertion by Landlord against Tenant of any rights or remedies reserved to Landlord in said lease or by reason of summary or other proceedings against Tenant or by reason of any extension of indulgences granted by Tenant. The undersigned waives trial by jury in any action or proceeding brought by either Landlord or the undersigned against the other on any matters relating to said lease or this guaranty.

WITNESS

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

WITNESS

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

BRIAN HOLLAND AND ANDREA                         IN THE COUNTY COURT IN AND
                                        FOR
HOLLAND a/k/a/ BRIAN HOLLAND            MIAMI-DADE COUNTY
5561 RENT ACCOUNT,
                                        CIVIL DIVISION
        Plaintiff,
vs.                                                          CASE      NO:
                                        18-8187 CC 05
APLUS LAMINATION & FINISHING
INC., a Florida Corporation and all
other occupants,

        Defendants.
_____/

### ORDER DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT

        **THIS CAUSE CAME ON TO BE HEARD** before me, on May 3, 2018, upon Plaintiff's
Motion for Order Directing Deposit of Rent Into Registry of Court, and, having appeared counsel for
Plaintiff and Defendant and the respective parties, after having heard argument from counsel, having
reviewed the Court file and being otherwise fully advised in the premises, it is:

        **ORDERED AND ADJUDGED:**

        1. Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court be and the same
is hereby granted.

        2. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the
sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 7, 2018.

        3. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the
sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 14, 2018.

        3. The Defendant shall further timely deposit the rent as it becomes due into the Registry of
Court.

        4. The Defendant's failure to timely pay the ordered sums into the Registry of Court shall
constitute and absolute waiver of its defenses, other than payment or proof of payment, and Plaintiff shall
be entitled to a Default/Default Final judgment for Removal of Tenant and a Writ of Possession to issue
forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes.

        5. Upon Defendant making timely deposit into the Registry of Court of the sums due on May 7,
2018 and May 14, 2018, the parties shall appear for mediation on May 15, 2018 at 1:30 PM.

        DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/10/18.

_____
ALEXANDER S. BOKOR
COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email
confirmation which includes all emails provided by the submitter.  The movant shall

Exhibit C

IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Conformed copies to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff

ALEXANDER E. BORELL, ESQ.
Attorney for Defendant

ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

**◀◀ Back to Search**

### BRIAN HOLLAND ET AL VS. APLUS LAMINATION & FINISHING, INC.

**Local Case Number:** 2018-008187-CC-05

**Filing Date:** 04/13/2018

**State Case Number:** 132018CC008187000005

**Case Type:** Evictions < $15,000

**Consolidated Case No.:** N/A

**Judicial Section:** CC04

**Case Status:** OPEN

**👥 Parties**                    **Number of Parties: 4  ✚**

**🔧 Hearing Details**            **Number of Hearing: 2  ✚**

**🔊 Dockets**                    **Dockets Retrieved: 26  ▬**

Exhibit D

Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 23 | 05/17/2018 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 22 | 05/17/2018 | | Mediators Report | Event | **CASE CANCELLED** |
| 📄 | 21 | 05/17/2018 | | Memorandum of Disposition | Event | |
| 📄 | 20 | 05/15/2018 | | Notice of Filing: | Event | |
| | | 05/15/2018 | | Mediation | Hearing | |
| 📄 | 19 | 05/10/2018 | | Order: | Event | **DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT** |
| 📄 | 18 | 05/09/2018 | | Order of Referral to Mediation Unit | Event | |
| | 16 | 05/07/2018 | | Receipt: | Event | **RECEIPT#:2430012 AMT PAID:$9,142.50 NAME:NUBIA PEREZ/APLUS LAMATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $9,000.00 $9,000.00 2108-COURT REGISTRY FEE 1 $142.50 $142.50 TENDER TYPE:CHECK** |
| 📄 | 15 | 05/04/2018 | | Memorandum of Disposition | Event | |
| | | 05/03/2018 | | Status Hearing | Hearing | |
| 📄 | 17 | 04/27/2018 | | Notice of Hearing- | Event | **05/03/2018** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 14 | 04/25/2018 | | Affidavit as to Costs | Event | |
|  | 13 | 04/25/2018 | | Affidavit of Non-Payment | Event | |
|  | 12 | 04/25/2018 | | Non-Military Affidavit | Event | |
|  | 11 | 04/25/2018 | | Service Returned | Event | |
|  | 10 | 04/25/2018 | | Motion: | Event | |
|  | 9 | 04/25/2018 | | Answer and Affirmative Defense | Event | |
|  | 8 | 04/25/2018 | | Notice of Appearance | Event | |
| | 7 | 04/24/2018 | | Receipt: | Event | RECEIPT#:2350016 AMT PAID:$5,082.50 NAME:APLUS LAMINATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $5,000.00 $5,000.00 2108-COURT REGISTRY FEE 1 $82.50 $82.50 TENDER TYPE:CHECK T |
| | 6 | 04/18/2018 | | Receipt: | Event | RECEIPT#:2200061 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/18/2018 REGISTER#:220 CASHIER:NMERKER |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 5 | 04/18/2018 | | Summons and Complaint Mailed | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| | | 04/18/2018 | | 5 Day Summons Issued | Service | |
| | 4 | 04/18/2018 | | 5 Day Summons Issued | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| | 3 | 04/17/2018 | | Receipt: | Event | **RECEIPT#:3430137 AMT PAID:$185.00 NAME:COLLETTI, JOSEPH R. 4770 BISCAYNE BLVD STE 1400 MIAMI FL 33137-3243 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $185.00 $185.00 TENDER TYPE:E-FILING ACH TENDER AMT:$1** |
| 📄 | 2 | 04/13/2018 | | Motion: | Event | **FOR DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT.** |
| 📄 | 1 | 04/13/2018 | | Complaint | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)

| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)   (http://www.miamidade.gov)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

S0142976

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

_Southern_ District of _Florida_

Case number (*if known*): _____

Chapter you are filing under:
☐ Chapter 7
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | First name **Nubia**<br>Middle name **Marcela**<br>Last name **Perez**<br>Suffix (Sr., Jr., II, III) | First name _____<br>Middle name _____<br>Last name _____<br>Suffix (Sr., Jr., II, III) _____ |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | First name _____<br>Middle name _____<br>Last name _____<br>First name _____<br>Middle name _____<br>Last name _____ | First name _____<br>Middle name _____<br>Last name _____<br>First name _____<br>Middle name _____<br>Last name _____ |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – **9 9 0 1**<br>OR<br>9 XX – XX – __ __ __ __ | XXX – XX – __ __ __ __<br>OR<br>9 XX – XX – __ __ __ __ |

Exhibit E

Debtor 1 _Nubia Marcella Perez_
First Name    Middle Name    Last Name

Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** <br> Include trade names and *doing business as* names | ☐ I have not used any business names or EINs. <br><br> A Plus Lamination & <br> Business name <br> Finishing Inc <br> Business name <br><br> 20-8122078 <br> EIN <br><br> ___ - ___ ___ ___ ___ ___ <br> EIN | ☐ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> ___ - ___ ___ ___ ___ ___ <br> EIN <br><br> ___ - ___ ___ ___ ___ ___ <br> EIN |

**5. Where you live**

5559 N.W. 36th Ave
Number    Street

Miami, FL    33142
City    State    ZIP Code

Miami-Dade
County

If Debtor 2 lives at a different address:

_____
Number    Street

_____

_____
City    State    ZIP Code

_____
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City    State    ZIP Code

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 2

Debtor 1  Nubia   Marcella   Perez
First Name   Middle Name   Last Name

Case number (if known) _____

## Part 2:   Tell the Court About Your Bankruptcy Case

7. **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ❑ Chapter 7
- ☑ Chapter 11
- ❑ Chapter 12
- ❑ Chapter 13

8. **How you will pay the fee**

- ❑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9. **Have you filed for bankruptcy within the last 8 years?**

- ☑ No
- ❑ Yes.  District _____ When _____ Case number _____
  MM / DD / YYYY

  District _____ When _____ Case number _____
  MM / DD / YYYY

  District _____ When _____ Case number _____
  MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☑ No
- ❑ Yes.  Debtor _____ Relationship to you _____
  District _____ When _____ Case number, if known _____
  MM / DD / YYYY

  Debtor _____ Relationship to you _____
  District _____ When _____ Case number, if known _____
  MM / DD / YYYY

11. **Do you rent your residence?**

- ❑ No.  Go to line 12.
- ❑ Yes.  Has your landlord obtained an eviction judgment against you?
  - ☑ No. Go to line 12.   No residence
  - ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1 _Nubia Marbella Perez_

First Name    Middle Name    Last Name        Case number *(if known)* _____

---

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

Name of business, if any _____

Number    Street _____

_____

City        State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☑ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**    **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____

Number    Street

_____

City        State    ZIP Code

---

Official Form 101        **Voluntary Petition for Individuals Filing for Bankruptcy**        page 4

Debtor 1  Nubia Marcela Perez

First Name  Middle Name  Last Name

Case number *(if known)* _____

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on  5/14/2018
MM / DD / YYYY

Executed on  _____
MM / DD / YYYY

Official Form 101  **Voluntary Petition for Individuals Filing for Bankruptcy**  page 6

5:29 PM
05/14/18

# A Plus Lamination & Finishing Inc. - Combo
## A/P Aging Summary
### As of May 14, 2018

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Actega North America, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 3,046.51 | 3,046.51 |
| ALEXANDER E. BORELL | 750.00 | 0.00 | 0.00 | 0.00 | 0.00 | 750.00 |
| Amtrust North America | 0.00 | 0.00 | 0.00 | 0.00 | 4,987.70 | 4,987.70 |
| APF INC.-002 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Armas Machine Shop, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Nation Chevrolet Doral | 173.16 | 0.00 | 0.00 | 0.00 | 0.00 | 173.16 |
| Capital One Bank | 0.00 | 0.00 | 214.85 | 0.00 | 1,961.98 | 2,176.83 |
| Checksfor less | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| City of Hialeah | 0.00 | 136.09 | 0.00 | 0.00 | 0.00 | 136.09 |
| Comcast Business | 0.00 | 0.00 | 415.32 | 0.00 | 0.00 | 415.32 |
| COSMO CLAIM 2018 | 0.00 | 18,692.54 | 0.00 | 0.00 | 0.00 | 18,692.54 |
| Cosmo Films Inc.-V | 0.00 | -15,800.57 | 0.00 | 0.00 | 15,800.57 | 0.00 |
| Credit Management, LP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| D & K CLAIM | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 | 3,500.00 |
| D & K INTERNATIONAL, INC. | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 4,500.00 |
| DDREPRO | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 | 14.00 |
| Delran, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Department of Water & Sewers | 242.15 | 0.00 | 0.00 | 0.00 | 0.00 | 242.15 |
| Derprosa (Taghleef Industries) | 0.00 | 14,594.33 | 0.00 | 0.00 | 1,322.97 | 15,917.30 |
| DISTRIGRAPH INC. | 0.00 | 0.00 | 0.00 | 0.00 | 7,956.17 | 7,956.17 |
| Doral Digital Reprographics, Corp. | 0.00 | -14.98 | 0.00 | 0.00 | 14.98 | 0.00 |
| FLORIDA FLEXIBLE SCREEN PR | 0.00 | 0.00 | 61.50 | 0.00 | 0.00 | 61.50 |
| FPL | 1,868.49 | 0.00 | 0.00 | 0.00 | 0.00 | 1,868.49 |
| Francisco Gabriel Perez LOAN | 0.00 | 0.00 | 3,000.00 | 0.00 | 750.00 | 3,750.00 |
| Frontline Asset Strategies, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 |
| GRAINGER | 0.00 | 0.00 | 0.00 | 0.00 | 5.30 | 5.30 |
| HOME DEPOT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | 0.00 | 0.00 | 0.00 | 0.00 | 15,503.44 | 15,503.44 |
| KANGDE XIN AMERICA, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 7,594.09 | 7,594.09 |
| LAIRD PLASTICS | 0.00 | 0.00 | 0.00 | 0.00 | 219.40 | 219.40 |
| MARATHON COURIER | 0.00 | 20.00 | 252.00 | 0.00 | 0.00 | 272.00 |
| MATT D. GOLDMAN TRUST ACCOUNT | 0.00 | 0.00 | 0.00 | 0.00 | 1,250.00 | 1,250.00 |
| METRO PCS APLUS ACC | 0.00 | 0.00 | 0.00 | 2.60 | -2.60 | 0.00 |
| MIAMI-DADE COUNTY TAX COLLECTOR | 0.00 | 16,478.09 | 0.00 | 0.00 | 2,669.73 | 19,147.82 |
| Miami Dade Expressway Authority (MDX) | 0.00 | 0.00 | 0.00 | 0.00 | 311.08 | 311.08 |
| MYRON  CORP. | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 |
| Nobelus LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,578.90 | 1,578.90 |
| NUBIA PEREZ LOANS | 0.00 | 0.00 | 7,100.00 | 236.94 | 0.00 | 7,336.94 |
| OFFICE DEPOT | 0.00 | 0.00 | 0.00 | 0.07 | -0.07 | 0.00 |
| PAPER KNIGHT 2018 | 0.00 | 220.00 | 0.00 | 0.00 | 0.00 | 220.00 |
| PHONES R US, Inc | 0.00 | 0.00 | 0.00 | 0.00 | 224.70 | 224.70 |
| Platinum Graphics | 0.00 | 440.00 | 0.00 | 0.00 | 0.00 | 440.00 |
| PROpack Industries, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| QUILL CORPORATION | 0.00 | 129.44 | 0.00 | 0.00 | 0.00 | 129.44 |
| Santander Consumer USA | 0.00 | 2,029.72 | 0.00 | 0.00 | 0.00 | 2,029.72 |
| Tape Group USA, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 |
| TOTAL PACK | 0.00 | 162.71 | 0.00 | 0.00 | 0.00 | 162.71 |
| Transilwrap Company, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,944.83 | 1,944.83 |
| UNIVERSAL PRESSROOM PRODUCTS LLC | 0.00 | 0.00 | 0.00 | 0.00 | 23,695.65 | 23,695.65 |
| UNIVERSAL WIPING CLOTH | 0.00 | 0.00 | 0.00 | 109.00 | 0.00 | 109.00 |
| UPS-V | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| URBAPRINT, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Valley National Bank -2625 | 0.00 | 0.00 | 0.00 | 0.00 | 28,355.00 | 28,355.00 |
| Valley National Bank Loan -2198 small | 0.00 | 0.00 | 0.00 | 0.00 | 100,786.77 | 100,786.77 |
| Vencol | 0.00 | 1,739.43 | 0.00 | 0.00 | 0.00 | 1,739.43 |
| VH FINANCIAL SERVICES INC | 0.00 | 125.00 | 675.00 | 0.00 | 225.00 | 1,025.00 |
| WASTE MANAGEMENT OF DADE COUNTY | 0.00 | 451.72 | 0.00 | 0.00 | 0.00 | 451.72 |
| TOTAL | 3,047.80 | 39,403.52 | 11,718.67 | 348.61 | 230,546.10 | 285,064.70 |

5:27 PM

05/14/18

Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---|
| **ASSETS** |  |
| **Current Assets** |  |
| **Checking/Savings** |  |
| **1000 · BANKS** |  |
| 1005 · Wells Frgo -5536 |  |
| 1001 · Wells Fargo-7824 | 9,843.43 |
| 1002 · WF Savings Recurruing-9447 | -19,681.58 |
| **Total 1000 · BANKS** | 454.06 |
|  | -9,384.09 |
| **Total Checking/Savings** | -9,384.09 |
| **Accounts Receivable** |  |
| **1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** |  |
| 1101 · Accounts Receivable |  |
| 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) - Other | 46,328.64 |
|  | 5,889.99 |
| **Total 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** | 52,218.63 |
| **Total Accounts Receivable** | 52,218.63 |
| **Other Current Assets** |  |
| **1200 · OTHER CURRENT ASSETS** |  |
| 1201 · Accounts Receivable-A* (Generated account for transac) |  |
| 1203 · Employee Advances | 4,166.96 |
| 1204 · *Inventory Asset | 19,463.73 |
| 1205 · Prepaid Expenses | 81.49 |
| 1206 · Raw Materials Inventory | 45,773.78 |
|  | 78,142.50 |
| **Total 1200 · OTHER CURRENT ASSETS** | 147,628.46 |
| 12001 · Undeposited Funds (Funds received, but not yet deposited to a bank account) | 26,153.45 |
| **Total Other Current Assets** | 173,781.91 |
| **Total Current Assets** | 216,616.45 |
| **Fixed Assets** |  |
| **1300 · FIXED ASSETS** |  |
| 1304 · Accum. Depreciation - Equipmen |  |
| 1307 · Accum. Depreciation - Other | -370,636.00 |
| 1308 · Automobiles | -12,795.00 |
| 1309 · Equipment | 40,482.91 |
| 1310 · Furniture and Fixtures | 718,416.95 |
|  | 1,569.87 |
| **Total 1300 · FIXED ASSETS** | 377,038.73 |
| **Total Fixed Assets** | 377,038.73 |
| **Other Assets** |  |
| **1400 · OTHER ASSETS** |  |
| 1401 · Accum. Amortiz. - Org. Costs |  |
| 1402 · Deposits | -11,277.00 |
| 1403 · Other Noncurrent Assets | 9,542.85 |
|  | 879,126.00 |
| **Total 1400 · OTHER ASSETS** | 877,391.85 |
| **Total Other Assets** | 877,391.85 |
| **TOTAL ASSETS** | 1,471,047.03 |
| **LIABILITIES & EQUITY** |  |
| **Liabilities** |  |
| **Current Liabilities** |  |
| **Accounts Payable** |  |
| 1500 · Accounts Payable |  |
| **Total Accounts Payable** | 285,064.70 |
|  | 285,064.70 |
| **Credit Cards** |  |
| **1600 · CREDIT CARD** |  |
| 1601 · Capital One - 1195 |  |
| 1602 · Credit One -4708 (Credit One) | -214.85 |
|  | -5,214.22 |

**A Plus Lamination & Finishing Inc. - Combo**
**Balance Sheet**
**As of May 14, 2018**

5:27 PM
05/14/18
Accrual Basis

|  | May 14, 18 |
|---|---:|
| 1603 · Shell-823 | 978.09 |
| **Total 1600 · CREDIT CARD** | -4,450.98 |
| **Total Credit Cards** | -4,450.98 |
| Other Current Liabilities |  |
| 1700 · OTHER CURRENT LIABILITY |  |
| 1702 · *Sales Tax Payable | 411.43 |
| 1703 · Wages Payable | 270,591.89 |
| 1700 · OTHER CURRENT LIABILITY - Other | -24,892.54 |
| **Total 1700 · OTHER CURRENT LIABILITY** | 246,110.78 |
| **Total Other Current Liabilities** | 246,110.78 |
| **Total Current Liabilities** | 526,724.50 |
| Long Term Liabilities |  |
| 1800 · LONG TERM LIABILITY |  |
| 1801 · 1st United Bank Loan | -184,006.67 |
| 1802 · Jim H Hawk (466K) | 184,714.06 |
| 1803 · Nubia M Perez | 174,883.00 |
| 1804 · Nubia M Perez ( HELOC) | 98,449.00 |
| 1805 · Matt D Goldman | 111,500.00 |
| 1806 · Valley National Bank-2198 | 106,916.56 |
| 1807 · Valley National Bank - 2625 | 728,749.73 |
| 1800 · LONG TERM LIABILITY - Other | -7,100.00 |
| **Total 1800 · LONG TERM LIABILITY** | 1,214,105.68 |
| **Total Long Term Liabilities** | 1,214,105.68 |
| **Total Liabilities** | 1,740,830.18 |
| Equity |  |
| 3000 · Beginning Balance Equity | -174,764.12 |
| 3001 · Common Stock | 100.00 |
| 3003 · Opening Bal Equity | -366,506.26 |
| 3005 · Retained Earnings | 216,423.09 |
| Net Income | 12,383.54 |
| **Total Equity** | -312,363.75 |
| **TOTAL LIABILITIES & EQUITY** | 1,428,466.43 |

Debtor 1 _Nubia Marcella Perez_
First Name    Middle Name    Last Name

Case number (if known)_____

---

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No

☐ Yes. Name of Person_____
        Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _____      ✗ _____
Signature of Debtor 1                   Signature of Debtor 2

Date  _5/14/2018_                       Date  _____
      MM / DD / YYYY                          MM / DD / YYYY

Contact phone _305-636-9888_            Contact phone _____

Cell phone _305-910-1607_               Cell phone _____

Email address _apluslama@gmail.com_     Email address _____

---

Debtor 1  Nubia   Marcella   Perez

First Name    Middle Name    Last Name

Case number (if known) _____

---

**Part 5:  Explain Your Efforts to Receive a Briefing About Credit Counseling**

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

You must check one:

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

You must check one:

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1 _Nubia Marcella Perez_

First Name    Middle Name    Last Name

Case number (if known)_____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**X** _Thomas D. Mann_          Date  _5 / 14 / 2018_

Signature of Attorney for Debtor                      MM  /  DD  / YYYY

_Thomas_
Printed name

_____
Firm name

_4737 N. Ocean Drive, #129_
Number    Street

_Fort Lauderdale_    _Fl_    _33308_
City                              State      ZIP Code

Contact phone _(954) 200-3536_    Email address _tgnoffice35@gmail.com_

_0037148_  _FLORIDA_
Bar number                    State

---

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.     Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness"). The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon. This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments. The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations". The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2.     Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations." The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3.     Primary Liability of Guarantor.

(a)     This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor. This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv)    the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v)    any homestead exemption or any other exemption under applicable law;

(vi)    any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii)    whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii)    the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix)    either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x)    any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)    any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)    the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)    the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)    any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

(xv)   any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)   any early termination of any of the Guaranteed Obligations; or

(xvii)   Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)   In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)   It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)   Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.   All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.   Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)   If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)   Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

Section 5.     Subordination.

If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

(a)     such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

(b)     Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

(c)     Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below. In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d)    Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor. All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.    Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor. If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness. This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given. Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.    Lender Assigns; Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations. Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof. Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants. Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder. Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law. Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.    Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.    Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered. All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail. Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.    Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies. No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default. No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances. No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.    Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.    Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.  No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.  Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:  (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.  Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.  Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty shall be effective upon execution by Guarantor and delivery to Lender.  This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded.  As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.  Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida.  Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24. **WAIVER OF JURY TRIAL.**

**GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.**

[CONTINUES ON THE FOLLOWING PAGE]

**IN WITNESS WHEREOF**, Guarantor has duly executed this Guaranty as of the date first written above.

Witnesses:

**GUARANTOR:**
**NUBIA M. PEREZ, individually**

Print Name: Cathey D. Ware

Name: Nubia M. Perez

Print Name: Stephan Desroches

STATE OF FLORIDA ⎞
                 ⎟ SS:
COUNTY OF MIAMI-DADE ⎠

The foregoing Guaranty was acknowledged before me this **7** day of December, 2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is personally known to me or has produced a _Florida Driver License_ as identification, and took an oath.

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

NOTARY PUBLIC
Print Name: Stephan Desroches
My Commission Expires: 03/08/2020

Lender:           VALLEY NATIONAL BANK
Borrower:         A PLUS LAMINATION & FINISHING, INC.
Guarantors:       FRANCISCO PEREZ; & NUBIA M. PEREZ
Transaction:      Note & Mortgage Modification and Extension Agreement

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER
DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT
UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS
DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE
PROTECTION FROM GARNISHMENT.

I certify that I have read and understood the notice above before signing the attached GUARANTY
referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor, NUBIA M. PEREZ                    12/7/2017
                                                          Date

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

        The foregoing waiver was acknowledged before me this  7   day of December 2017, by NUBIA
M.PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his
_Florida Driver License_ as identification.

(Seal)          Stephan Desroches
                State of Florida
                My Commission Expires 03/08/2020
                Commission No. FF 968971
                                                Notary Public
                                                Print Name: _Stephan Desroches_

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By_____
Name:_____
Its:_____                      Date:_____

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-8187-CC-05 (04)

BRIAN HOLLAND et al,
        Plaintiff,

vs.

APLUS LAMINATION &
FINISHING, INC.,

        Defendant.

_____/

## ORDER OF BANKRUPTCY STAY AND CLOSING CASE

Based on a suggestion of bankruptcy, the cause is automatically STAYED. The action shall be administratively closed until further order of court. The parties are directed to advise the court in writing when the stay is lifted and the case is ready to proceed.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida on May 15, 2018.

ALEXANDER S. BOKOR
County Court Judge

*THE CLERK IS ORDERED NOT TO*
*DESTROY FILE UNTIL FURTHER*
*ORDER OF THE COURT*

SIGNED AND DATED

MAY 1 5 2018

JUDGE ALEXANDER S. BOKOR

Copies furnished to all parties

Exhibit F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                           Chapter 11

          Debtors.
_____/

LANDLORD'S MOTION FOR SANCTIONS
PURSUANT TO BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105

Brian Holland and Andrea Holland also known as Brian Holland 5561 Rent Account ("**Landlord**") respectfully request that the Court, under Bankruptcy Rule 9011 and 11 U.S.C. § 105, enter sanctions against Nubia Marcella Perez ("**Debtor**") and Debtor's counsel for their bad faith and improper filing of the pending bankruptcy petition.

I.      *Background.*

Debtor is the President of A Plus Lamination and Finishing Inc. ("**Tenant**"), which is an active Florida corporation. A printout from Sunbiz is attached as **Exhibit** "**A**." Tenant entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("**Property**"). The Lease's one-year term runs from August 1, 2017 to July 31, 2018.  A copy of the Lease is attached as **Exhibit** "**B**."

Tenant agreed to pay $8,666.67 in monthly rent, plus sales tax, water and fees to lease the Property. *See* Ex. B. Tenant defaulted on the Lease by failing to make the March 1, 2018 rent payment and all subsequent payments. On April 13, 2018, Landlord initiated an eviction action against Tenant in the County Court in and for Miami-Dade County, case number 2018-008187-CC-05 ("**Eviction Action**").

On May 10, 2018, Judge Alexander Boker ordered Tenant to deposit rent into the court registry ("**Deposit Order**"). A copy of the Deposit Order is attached as **Exhibit** "**C**." Tenant was ordered to deposit funds as follows: (1) $9,000 by May 7, 2018; (2) $9,000 by May 14, 2018; (3) Tenant was ordered make additional timely deposits as additional rent became due; and (4) Tenant's failure to make timely deposits constitutes "**an absolute waiver of its defenses**, other than payment or proof of payment, **and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of Tenant and Writ of Possession** to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes." *See* Ex. C (emphasis added). Landlord and Tenant were also ordered to attend a mediation on May 15, 2018, after the timely deposit of Tenant's May 14, 2018, $9,000 payment. *Id.*

Tenant did not make the May 14, 2018, $9,000 deposit into the court registry, resulting in a waiver of its defenses and entitling Landlord to immediate default final judgment and writ of possession. A copy of the Eviction Action docket is attached as **Exhibit** "**D**."  On the day after missing this payment, Debtor, who is Tenant's President, filed an individual chapter 11 bankruptcy, but claimed to be a small business debtor that does business under Tenant's name.  A copy of the bankruptcy petition is attached as **Exhibit** "**E**." This assertion made it appear that Tenant was filing bankruptcy, and on May 17, 2018, only three days after failing to make the second $9,000 deposit, the Eviction Action was stayed because of the pending bankruptcy. A copy of the order of bankruptcy stay is attached as **Exhibit** "**F**." As of the date of this motion, Tenant retains possession of the Property, but has not made any payments to Landlord nor has Tenant made any additional deposits into the court registry.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## II.  *Landlord is entitled to sanctions under Bankruptcy Rule 9011.*

Landlord is entitled to sanctions against Debtor and Debtor's counsel because they filed the bankruptcy petition for the improper purpose of unnecessarily delaying the Eviction Action.

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or needless increase in the cost of litigation;
> . . .

Fed. R. Bankr. P. 9011(emphasis added). A sanction under this rule shall include "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Id*.  And may include non-monetary directives and an order directing the payment of movant's attorney's fees. *Id*.

Landlord was not required to notify Debtor or Debtor's counsel of Landlord's intent to seek sanctions because Bankruptcy Rule 9011's 21-day safe harbor period is inapplicable when the improper conduct is the filing of a petition.[1] Fed. R. Bankr. P. 9011(c); *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences.").

> The invocation of the automatic stay is perhaps one of the most powerful safeguards in all the law. With the filing of a single piece of paper, the law imposes a broad sweeping and powerful injunction which carries with it great implications and provides for sanctions for its violation. The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic.

---

[1]     Although inapplicable in this instance, Rule 9011(c)(1)(A) prohibits a party from filing a motion for sanctions unless the violating party does not withdraw or correct the challenged paper within 21-days after service. Fed. R. Bankr. P. 9011; *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

*Id.*

Debtor and Debtor's counsel purposefully used the bankruptcy petition as a litigation tactic to stay the Eviction Action. "The court may find a party and counsel jointly and severally liable for sanctionable conduct engaged in by counsel on the party's behalf if the party and counsel knew or should have known that their conduct in the case was improper." *In re Douglas*, 141 B.R. 252, 256 (Bankr. N.D. Ga. 1992); *see In re Morgan*, 85 B.R. 622, 623 (Bankr. M.D. Fla. 1987) (imposing sanctions when bankruptcy was filed to delay foreclosure). The Court, in imposing sanctions, determines not just "whether the Petition was filed in bad faith, but whether the debtors or their attorneys knew or should have known that the filing was in bad faith." *In re McBride Estates, Ltd.*, 154 B.R. 339, 342 (Bankr. N.D. Fla. 1993) (quoting *In re Whitney Place Partners*, 123 B.R. 117 (Bankr.N.D.Ga.1991).

The *In re Indian Rocks Landscaping of Indian Rocks Beach, Inc.*, court imposed sanctions under Rule 9011 after finding that debtor's bankruptcy petition was filed in bad faith to delay a state court eviction action, debtor's counsel did not comply with the requirements of Rule 9011 and based on the factual circumstances, knew that "the sole purpose for the filing of the Debtor's Petition was to stall state court litigation." *In re Indian Rocks Landscaping of Indian Rocks Beach, Inc.* ("*Indian Rock Landscaping*"), 77 B.R. 909, 912 (Bankr. M.D. Fla. 1987). The *Indian Rock Landscaping* bankruptcy petition was filed minutes before the start of a state court eviction hearing:  the eviction hearing was set for April 15, 1987 at 9:45 a.m. and debtor, seeking to avoid that hearing, filed its bankruptcy petition at 9:08 a.m. on the same day. *Id.* at 910.

Similarly, the *In re McBride Estates, Ltd.*, court held debtor and debtor's counsel jointly and severally liable for sanctions when debtor filed a chapter 11 bankruptcy only two hours before

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

a scheduled foreclosure sale and made intentional misstatements on debtor's bankruptcy schedules. 154 B.R. at 343. The court concluded that the bad-faith filing was done for the improper purpose of delaying the completion of the foreclosure action. *Id.* (awarding the movant its litigation costs and fees).

Debtor, with the aid of counsel, filed this bankruptcy petition for the improper purpose of stalling the Eviction Action. Debtor's bankruptcy was filed on the day after Tenant violated the Deposit Order, resulting in the waiver of Tenant's defenses and entitling Landlord to immediate default final judgment and writ of possession. *See* Ex. C. Moreover, Tenant is not the debtor in this bankruptcy action. Debtor, who is Tenant's President, claims to be filing bankruptcy as a small business debtor that does business under Tenant's name. Tenant is an active Florida corporation, and a "[a] general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Debtor purposefully filed this bankruptcy petition, improperly blurring the lines between Debtor and Tenant, for the sole purpose of stalling the Eviction Action, evidenced by the fact that Debtor, acting as Tenant's agent, sought and obtained a stay of the Eviction Action. *See* Ex. F.

Debtor and Debtor's counsel knew that the Petition was filed to improperly delay the Eviction Action, evidenced by the timing of the filing, Tenant's continued failure to make additional rent payments or deposit money in the court registry, Tenant seeking and obtaining a stay of the Eviction Action, and the intentional misstatements on the bankruptcy petition that improperly intertwine Debtor and Tenant. Thus, Debtor and Debtor's counsel should be held jointly and severally liable for all fees and costs incurred by Landlord in this bankruptcy action.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

And, the Court should issue an order banning Tenant from filing bankruptcy or exempting Landlord from an automatic stay if Tenant files a future bankruptcy.

### III.   *Landlord is entitled to sanctions under the Court's inherent authority to impose sanctions.*

Debtor's and Debtor's counsel's bad-faith conduct is sanctionable under the Court's inherent authority to issue sanctions. The Court, under 11 U.S.C. § 105, has the inherent power to sanction bad faith conduct. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999) (noting that the power to punish for contempt and bad-faith conduct is inherent in all courts). "Clearly the abuse of the judicial system to achieve an improper purpose is sanctionable." *Id.* (imposing sanctions when bankruptcy was filed to frustrate the advancement of a legitimate interest). The filing of bad-faith bankruptcy petitions are sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988).

> These bad faith filings result in unwarranted delay in enforcement of the just claims and rights of innocent creditors and a disruption of the system and a clogging of already crowded calendars to the delay and detriment of those persons Congress intended to benefit by enactment of the Bankruptcy Code.

*Id.* (noting that in eviction proceedings, individuals, with advice of counsel, are submitting bad-faith bankruptcy filings on the eve of judgment or issuance of a writ of possession).

As described above, Debtor and Debtor's counsel filed this bankruptcy petition in bad faith, and for the sole purpose of delaying the Eviction Action.  Debtor, through counsel, filed this Bankruptcy petition the day after Tenant violated the Deposit Order, entitling Landlord to immediate final judgment and writ of possession. Debtor and Debtor's counsel made intentional misstatements on the bankruptcy petition and convoluted the relationship between Debtor and Tenant to obtain a stay of the Eviction Action. Thus, Debtor and Debtor's counsel should be held jointly and severally liable for all fees incurred

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

by Landlord in this bankruptcy action, and the Court should issue an order banning Tenant from filing a future bankruptcy or exempting Landlord's Eviction Action from a future stay if Tenant files bankruptcy.

**IV.    Conclusion.**

Debtor's bankruptcy petition was filed in bad faith and for the improper purpose of delaying Landlord's Eviction Action. Thus, Landlord is entitled to sanctions against Debtor and Debtor's Counsel under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Landlord also requests that the Court issue an order banning Tenant from filing a future bankruptcy or exempting Landlord's Eviction Action from a future stay if Tenant files bankruptcy.

Dated: May 30, 2018.

 s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Attorneys for Brian Holland and Andrea Holland**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 30, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached hereto as **<u>Exhibit 1</u>** and via Regular U.S. Mail on all parties listed on the Court's Matrix attached hereto as **<u>Exhibit 2</u>.**

 s/ Peter D. Russin
Peter D. Russin, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

# Mailing Information for Case 18-15825-AJC

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Thomas G Neusom**    tgnoffice34@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

Exhibit 1

Label Matrix for local noticing
113C-1
Case 18-15825-AJC
Southern District of Florida
Miami
Wed May 30 13:40:34 EDT 2018

Actega North America Inc
26537 Network Place
Chicago, IL 60673-1265

Brian Holland
13105 NW Le Jeune Rd
Opa Locka, FL 33054-4435

Capital One Bank
POB 71083
Charlotte, NC 28272-1083

Cosmo Claim 2018
Rosenfeld Stein Batta, PA
21490 West Dixie Hwy
Aventura, FL 33180-1144

D & K International Inc
Ryan E Sprechman
2775 Sunny Isle Blvd #100
Miami, FL 33160-4078

Distrigraph Inc
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City, FL 33328-4225

Francisco Gabriel Perez Loan
3845 Sw 149th Pl
Miami, FL 33185-3931

Internal Revenue Service
POB 80110
Cincinnati, OH 45280-0110

Matt D Goldman Trust
Account
7190 SW 100 St
Miami, FL 33156-3069

Miami-Dade County Tax
Collector
140 West Flagler St
14th Floor
Miami, FL 33130-1561

Noelus LLC
POB 639027
Cincinnati, OH 45263-9027

Nubia Perez Loans
5559 NW 36th Ave
Miami, FL 33142-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Transilwrap Company Inc
9201 W Belmont Ave
Franklin Park, IL 60131-2842

Universal Pressroom
Productsa LLC
POB 1697
Woodstock, GA 30188-1366

Valley National Bank -2625
Newtex Small Business
Finance, LLC
POB 2006
Hicksville, NY 11802-2006

Valley National Bank Loan
2198 Small Street
POB 952
Wayne, NJ 07474-0952

Vencol
8209 NW 70th St
Miami, FL 33166-2743

Nubia Marcella Perez
5559 NW 36 Ave
Miami, FL 33142-2709

Thomas G Neusom
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308-2920

Exhibit 2

Florida Department of State

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

## Detail by Entity Name

Florida Profit Corporation
A PLUS LAMINATION & FINISHING, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P06000154680 |
| **FEI/EIN Number** | 20-8122078 |
| **Date Filed** | 12/18/2006 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | REINSTATEMENT |
| **Event Date Filed** | 09/29/2010 |

**Principal Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Mailing Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Registered Agent Name & Address**

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

Address Changed: 10/02/2007

**Officer/Director Detail**

**Name & Address**

Title PRESIDENT

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

**Annual Reports**

**Report Year**      **Filed Date**

Exhibit A

| 2016 | 03/22/2016 |
| 2017 | 02/24/2017 |
| 2018 | 03/26/2018 |

**Document Images**

| | |
|---|---|
| 03/26/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/24/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/22/2016 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/05/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2011 -- ANNUAL REPORT | View image in PDF format |
| 09/29/2010 -- REINSTATEMENT | View image in PDF format |
| 02/05/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/09/2008 -- ANNUAL REPORT | View image in PDF format |
| 10/02/2007 -- REINSTATEMENT | View image in PDF format |
| 12/18/2006 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

| | | |
|---|---|---|
| RENT: $ 8,666.67 | FOLIO # BH 5561 | BAY : 5559 NW 36TH AVENUE |
| TAX: $ 606.67 | | TERMS: 08/01/2017 – 07/31/2018 |
| WATER: TENANT PAYS | | YEARS: (1) ONE YEARS |
| TRASH: TENANT PAYS | | NEW____ RENEWAL   X |
| SEC. SERV. TENANT PAYS | **BUSINESS LEASE** | SECURITY: $ 17,333.34 |
| TOTAL: $9,273.34 | | OTHER:_____ |

**THIS AGREEMENT**, entered into this 1ST day of AUGUST, 2017 between **BRIAN HOLLAND AND ANDREA HOLLAND a.k.a BRIAN HOLLAND 5561 RENT ACCOUNT** hereinafter called the "LESSOR", party of the first part, and **APLUS LAMINATION & FINISHING**, LESSEE" or tenant, party of the second part, in the County of DADE and State of FLORIDA :

That the Lessor, for and in consideration of the rents herein reserved to be paid by the Lessee, for and in consideration of the covenants to be kept and performed by the Lessee does hereby lease, let and demise unto the Lessee, the following described property located at: 5559 NW 36TH AVENUE, MIAMI, FL 33142

**ACCEPTANCE OF DEMISE BY LESSEE:**
1. The Lessee in consideration of the demise of said property by the Lessor, and for the further considerations herein set has rented, leased and hired, and does hereby rent, lease and hire the said property for the Lessor, on the terms and conditions hereinafter stated. Sq. Footage occupied +/- 16,000 Sq. Feet.

**DURATION OF TERM:**
2. The Primary Term and duration of this Lease shall be for a period of (1) ONE YEARS , commencing 1ST day of AUGUST, 2017 and terminating the 31ST day of JULY, 2017

**AMOUNT OF RENT MANNER OF PAYMENT:**
3. The Lessee shall pay unto the Lessor the minimum rent for the full Term of this Lease the total rental in the sum of ONE HUNDRED FOUR THOUSAND DOLLARS------------------------------------04/100--($ 104,000.04)

**MONIES REQUIRED TO MOVE IN**
$9,273.34 on signing of this Lease, receipt in which is hereby acknowledged, to be applied as follows: $ 8,666.67 as rent in advance for the period of 08/01/2017 to 08/31/2017 , and $ 606.67 for Sales Tax, TENANT PAYS for Water, TENANT PAYS FOR Trash and TENANT PAYS FOR Security Service; plus 7% Sales Tax.
The balance of the rent shall be payable as follows:

**1ST YEAR**
**AUGUST 1, 2017 THRU JULY 31, 2018** the rent will be $ 8,666.67 per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $9,533.34 plus Florida Sales Tax.

**2ND YEAR** the rent will be $____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.

**3RD YEAR** the rent will be $____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.

**4TH YEAR** the rent will be $____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.

**5th YEAR** the rent will be $____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $____ plus Florida Sales Tax.

**AMOUNT OF SECURITY MANNER OF PAYMENT:**
4. Simultaneously with the execution of this Lease, the Lessee shall deposit with the Lessor the sum of SEVENTEEN THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND 34/100-----($ 17,333.34) receipt of which said sum is hereby acknowledged by the Lessor, as a security deposit to guarantee the full and faithful performance of all the terms, conditions and obligations to be performed by the Lessee under the terms of this Lease; same to be returned upon the expiration of this Lease after all cost of returning the premises to there original condition, reasonable wear and tear excepted, thereafter it shall be applied to all remaining obligations including but not limited to, rent in arrears, this deposit does not relieve the Lessee of his obligations to pay each and every payment when due hereunder. The Lessor may demand additional security during the term of this lease, should it be deemed necessary in order to guarantee that the premises shall be restored to the original condition. **\*\*\*ADDITIONAL DEPOSIT OF $2,000.00 REQUIRED\*\*\***

A. Lessee's security must always equal TWO (2) months rent or more on all lease increases and renewals;

**ADDITIONAL PAYMENT REQUIREMENTS:**
5. Lessee shall pay all occupational licenses, and other licenses, which are necessary in the operation of the business to be carried on in the demised premises. All utility services which may be provided to the premises, including but not limited to: water, gas, electric, telephone, as they from time to time shall accrue and be due and payable. Lessee will be required to have garbage service pickup. Lessee shall pay all Sales and Use Taxes due as a result of business conducted on the premises, and Personal Property Taxes assessed against the personality situate thereon.

**ADDITIONAL AGREEMENTS:**
6. PAYMENTS ARE TO BE MADE PAYABLE TO: **BRIAN HOLLAND 5561 RENT ACCOUNT**
Located at: 13105 NW LE JEUNE ROAD, OPA LOCKA, FLORIDA 33054

1

Exhibit B

| | |
|---|---|
| USE AND OCCUPANCY: | 7. THE LESSEE SHALL USE AND OCCUPY THE PREMISES FOR  PAINT,FINISHING,DYE & CUT OF LAMINATION and for no other purpose. |

**REAL ESTATE PROPERTY TAX:**

8. Real Estate taxes for the year **2007**    assessed against the building will be paid by the lessor and said year will be considered the base year in any succeeding year. Any increases in taxes over the base year's taxes will be paid proportionately by all the Lessee's of the building in the proportion that their respective premises bear to the total leased premises. Lessee shall pay to the lessor his proportional increase within 15 days after the Lessor notifies the Lessee that the real estate taxes have been paid by the Lessor.

**INSURANCE:**

9. Lessee covenants to provide on or before the commencement of this lease at Lessee's expense; comprehensive general liability insurance relating to lessees premises on an occurrence basis with minimum limits of liability in an amount no less than $500,000.00 for bodily injury, personal injury or death to any one person. $1,000,000.00 for bodily injury, personal injury or death to more than one person, and $100,000.00 with respect to damage to property by water or otherwise; and fire and extended coverage, vandalism, and special extended coverage in an amount adequate to cover the cost or replacement of all improvements in the premises as well as the cost of all fixtures and contents therein. The above coverages must be maintained in force at all times. All of the aforesaid insurance shall be issued in the name of Lessor and Lessee. In the event of payment of any loss covered by such policy, Lessor shall be paid first by the insurance company for its loss. Lessee accepts all liability for the interior and exterior of the occupied space and surrounding area. If lessee cannot show proof of insurance, Lessee shall indemnify and hold harmless the Owner, their Agents and Employees from and against all claims, damages losses and expenses, including attorney fees arising from or resulting from the occupancy of the premises.

**EXTENSIVE DAMAGED:**

10. In the event that the premises shall be destroyed by fire or other casualty, whereby the premises shall be rendered untenantable, then the Lessor shall have the option to render said premises tenantable by repairs within one hundred eighty days therefrom. If the premises are not rendered tenantable within said period, Lessee may cancel this lease by notice in writing to Lessor within ten days of the expiration of said one hundred eighty days period. In the event of cancellation the rent shall be paid only to the date of such cancellation. Under no circumstances shall Lessor be responsible for any damage occasioned by the inability of Lessee to use the premises during any period that the same shall be destroyed or damaged or injured by fire or other casualty. Except to the extent specifically set forth herein, none of the rent payable by Lessee or any of Lessee's obligations hereunder, shall be affected by any damage to or destruction of the premises by any cause whatsoever, and Lessee hereby specifically waives any and all additional rights it may otherwise have under   any law or statue.

**DAMAGE AND LOSS:**

11. Lessor will not be liable or responsible for any damage or loss, either to person or property sustained by Lessee or by other persons, due to the building or any part thereof becoming defective or out of repair due to any accident in or about the premises or due to the act or neglect of any Lessee or occupant of the building. This provision shall apply particularly, but not exclusively, to damage or loss to Lessee's merchandise, equipment, inventory, fixtures or other personal property and to Lessee's business, caused by water, roof leakage, odors, bursting or leaking of pipes or plumbing, wind, rain, hurricane, acts of God or other casualties, or caused by any defect, latent or otherwise in any structure, equipment, pipe, wires or otherwise, comprising all or part of the premises or the building of which the premises are a part, and shall apply equally, whether such damage is caused by the act or neglect of other tenants, occupants of the building or any other person, and whether such damage be caused or occasioned by any circumstances above mentioned, or by any other thing or circumstances whether of a like or wholly different nature. If any such damage is caused by the act or neglect of Lessee, Lessor may at its option, repair such damage, whether caused to the building or tenants thereof, and Lessee agrees to reimburse Lessor for cost of such repair, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.   All personal property upon the premises shall be at the risk of Lessee, and Lessor shall not be liable for any damage thereto or theft thereof. Lessor shall not be liable for damages or repairs resulting from the stoppage or interruption of water, light, heat, janitor or elevators service caused by riot, strike, accident, or any cause over which Lessor has no control, nor shall Lessor be liable for any act or neglect of janitors or other employees not authorized by Lessor, nor shall any such failure, delay or default of janitors or employees be construed or considered as an actual or constructive eviction of lessee, nor shall it in any way operate to release Lessee from performance of the covenants herein agreed to be performed by Lessee.   In the event that Lessor is required to make repairs to the premises following the termination (natural or premature) of this Lease, Lessee shall be responsible for the cost of said repairs and for rent for the period of time required to complete such repairs on a per diem basis calculated by the rental rate then in effect, all of which sums may be claimed against Lessee's security deposit in accordance with the provisions of Chapter 83, Florida Statutes.

**INDEMNIFICATION:**

12. Lessee shall indemnify and save Lessor harmless from and against any and all claims, demands, suits, actions, damages, liability and expense, including attorney's fees, for or in connection with any accident, injury or damage whatsoever caused to any person or property arising, directly or indirectly out of the Lessee's tenancy hereunder, or occurring in, on or about the premises or any part thereof, on the sidewalks adjoining the same and any common areas and facilities within nor appurtenant to the premises or arising  directly or indirectly from any act or omission of Lessee, its agents, contractors, employees, servants, invites, licenses, or subtenant, acts of God or otherwise Lessee shall within five days thereof  give notice in writing to Lessor of any fall or other accident in any fixtures or equipment thereon. The comprehensive general liability insurance coverage maintained by Lessee pursuant to this lease shall specifically insure the contractual obligation of Lessee as set forth in this paragraph.

**MAINTENANCE OF THE PREMISES:**

13. Lessee shall maintain all of the electric, electrical fixtures, air conditioning, *plumbing, plumbing fixtures, exhaust fans, concrete floors, carpeting, tile, entry and overhead garage doors, locks, fire sprinklers, roof, interior walls, interior paint, windows, paved area and landscaping in front of the premises, and sewer stoppages. All of the aforesaid items shall apply regardless of ownership. Lessee shall be solely responsible for the payment of repairs to maintain all of the above items and shall replace any

2

item beyond repair, to the satisfaction of the lessor; and lessee will have ten days from date of notice to make such repairs. Lessor has the right to increase the security or cleanup any damage caused by glue or any other material at the expense of Lessee, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.

**IMPROVEMENTS, ALTERATIONS, FIXTURES, AND EQUIPMENT**

14. On the last day of this lease, Lessee shall quit and surrender the premises, together with all of the fixtures, alterations, additions and improvements which may have been made in, on, or to the premises, except movable furniture, or unattached movable trade fixtures. Lessee shall broom clean, in as good condition and repair as the premises were in at the beginning of the term of this lease, reasonable wear and tear accepted. All the air conditioning and other mechanical equipment of every nature, must remain on the premises, and the Lessee fully acknowledges that all other improvement, including but not limited to offices, partitions, lighting fixtures, electrical wiring, plumbing fixtures, A/C units, mezzanines, carpeting, tile, paneling, etc must remain on the premises regardless of ownership.

**SUBORDINATION AGREEMENT:**

15. LESSEE agrees that if Lessor secures a construction and/or first mortgage on the demised premises from a recognized lending institution; and that this lease is and shall be subordinate to the lien of said construction and/or first mortgage; and the lessee agrees that it will execute such subordination or other documents or agreements as may be requested or required by such lending institution; however, and that the mortgage and/or subordination agreement, as the lending institution may direct, shall contain a provision which states, in effect, that the lessee shall not be disturbed in its possession and occupancy of the premises during the term of this lease, not withstanding any such mortgage or mortgages, provided that the lessee shall comply with and perform its obligations hereunder.

**APPROVAL AND PERMITS**

16. LESSEE must obtain written approval from the lessor before any changes, alterations or improvements are made to the interior or exterior portions of the building. At lessee's expense, lessee is required to obtain the necessary permits and plans; a copy of each is to be given to the lessor prior to the commencement of any work. Any and all improvements made to the premises and attached to the real property must be approved by the Lessor and all attached improvements will remain on the property of the Lessor forever more, unless Lessor requires Lessee to remove upon termination of the lease agreement.

**NOTICE TO VACATE:**

17. LESSEE must notify the Lessor in writing, no later than 90 days before the expiration of this lease, of its intentions to either vacate, negotiate a new lease or exercise the option agreement, if any. If Lessee fails to notify lessor, in writing, the Lessor shall have the authority and right to rent the premises, and the Lessee shall vacate the premises immediately on the last day of this lease and will forfeit all security which will be applied to unpaid rent until the space is leased and any remaining security will be refunded. A refund of any portion of security or tender of refund of any portion of security shall not operate as a waiver of Lessor's rights to retain any or all security under this section. Should Lessee hold over and remain in possession of the Premises at the expiration of any term hereby created, Lessee shall, by virtue of this paragraph, become a Lessee by the month at twice the Rent per month of the last monthly installment of Rent above provided to be paid, which said monthly tenancy shall be subject to all the conditions and covenants of this Lease as though the same had been a monthly tenancy instead of a tenancy as provided herein, and Lessee shall give to Lessor at least thirty (30) days' written notice of any intention to remove from the Premises, and shall be entitled to ten (10) days' notice from Lessor in the event Lessor desires possession of the Premises; provided, however, that said Lessee by the month shall not be entitled to ten (10) days' notice in the event said Rent is not paid in advance without demand, the usual ten (10) days' written notice being hereby expressly waived.

**NOISE, ODORS,**

18. LESSEE will not use the interior and/or exterior portion of the premises so as to cause noise, noxious odors, accumulation of waste and garbage, vibrations from machinery, or any other disturbance or nuisance which may create undue annoyance or hardship to another tenant of the lessor, and/or damage or impairment to Lessor's property.
Bands will not be allowed to practice until after 6:00 PM and up to midnight. Lessee will not be allowed to disturb other tenants while practicing or this lease will become null and void.

**SIGNS:**

19. LESSEE must obtain approval from the Lessor prior to erecting any signs. Lessor shall have the right to determine the size, materials and lighting thereof; and the Lessor, may, at its option, order and have the signs installed from one source, same to be at the expense of the Lessee. No painting of signs shall be permitted direct to the masonry. Lessee fully understands that the Lessor may remove, without notice, any such signs which will be in violation of this lease. At the termination of this lease, at Lessee's sole expense, Lessee shall remove all signs and restore the building's masonry paint to its original state. If directory sign becomes available, Lessee will be responsible for all expenses associated with its position on such a directory sign, including the pro-rata costs of erecting and maintaining such a directory sign.

**RECEIVERSHIP, BANKRUPTCY, INSOLVENCY:**

20. LESSEE expressly covenants that, unless agreed in writing by Lessor, neither adverse zoning nor other governmental regulations, nor receivership, bankruptcy, insolvency, nor any other event, shall operate to relieve Lessee from the obligations of Lessee hereunder, and Lessee waives the defense of impossibility of performance, whether arising thereby or by reason of any other matter or event, however caused.

**PARKING AREA RESTRICTIONS:**

21. LESSEE will use the parking spaces directly in front of Lessee's premises. Any vehicle not operational and which remains in front of Lessee's premises for a period of five days or more, will be considered "Junk" and Lessor will have the right to have such "Junk" vehicle or vehicles towed from the premises and Lessee shall be responsible for all towing expenses. Lessee also will not use the outside of the premises for storing auto parts, machinery, equipment, or anything other than Lessee's vehicles. Lessor shall have the right to remove all of the above articles at the expense of the Lessee.

**SUBLETTING OF PREMISES:**

22. LESSEE may not assign this lease, or let or underlet the whole or any part of said premises without the written consent of the Lessor, provided: the Lessee remains liable on the within lease, and the assignee shall execute an assumption of this lease agreement in recordable form.

| | |
|---|---|
| INSURANCE PAYMENT: | 23. LESSEE will not use the premises for any purpose which may increase the base rate of fire, extended coverage and liability insurance; that in the event the standard base rates cannot be obtained by reason of the Lessee's use of the premises, then and in that event, the Lessee shall forthwith upon notice, either desist from said unacceptable use and/or pay such additional insurance premiums. Lessee acknowledges that the standard insurance rate for the year **2007** assessed against the building will be paid by the Lessor and said year will be considered the base premium year. In any succeeding year, any increases in the insurance premium over the base year's insurance will be paid proportionally by all the Lessees of the building in the proportion that their respective premises bears to the total leased premises. Lessee shall pay to the Lessor his proportional increase within 15 days after the Lessor notifies the Lessee that Lessor has paid the increase. |
| ADDITIONAL COVENANTS OF THE LEASE: | **24.**  a/ LESSEE will pay the rent as herein specified without notice.<br>b/ LESSEE will furnish a mail box.<br>c/ LESSEE will furnish the necessary type fire extinguisher, exit signs and emergency lights to meet all codes.<br>d/ LESSEE will furnish an adequate trash container and proof submitted to the Lessor within 30 days or a dumpster will be ordered at Lessee's own expense.<br>e/ LESSEE is required to have waste and recycling service as required by the Lessor and all governing Municipalities.<br>f/ LESSEE will not keep flammable chemicals on the premises, unless properly ventilated.<br>g/ LESSEE will comply with all lawful requirements of the Board of Health, Police and Fire Departments, Municipal, County, State and Federal authorities respecting the manner in which Lessee uses the leased premises.<br>h/ LESSEE will not be permitted to have pets or guard dogs of any kind.<br>i/ LESSEE PAYS <u>TENANT PAYS</u> WATER CHARGE and IS SUBJECT TO CHANGE AT ANYTIME.<br>j/ LESSEE will not be allowed on the roof without written permission from the Lessor. If Lessee shall install any type of equipment on the roof, such as an air conditioner, antennas, air vents, etc., the Lessor shall not be responsible for any damage caused by leakage to the premises, which may also result in damage to Lessee's personal property. In the event of damage due to the above said, Lessee shall be responsible for repairing the entire roof area above Lessee's premises as soon as possible an at the expense of Lessee.<br>k/ Absolutely no car repair, painting or storage of cars on the exterior of the premises. Painting will not be allowed on the interior of the premises without an approved fire rated spray booth. Any violation of the above will cause this lease to become null and void. |
| | 25. LESSEE has examined the premises and is familiar with the condition thereof, and accepts the same in their present condition. Lessor has made no representations or warranties to Lessee respecting the condition of the premises. |
| LESSOR'S RIGHT OF ENTRY: | 26. The LESSOR, its' agents, or employees, shall have the right to enter said premises during all reasonable hours, to examine make repairs, alterations, etc. as may be deemed necessary. Lessor, in his sole judgment may enter the premises at any time and by any means, if there appears to be an emergency with the premises. No additional locks or bolts of any kind shall be placed upon any of the doors or windows by Lessee, nor shall any changes be made in the existing locks or the mechanism thereof unless Lessee shall simultaneously therewith give keys to the same to Lessor. If Lessee shall make any modifications such as welding plates or changes to doors or windows, Lessee will be responsible to replace doors or windows at Lessee's expense. |
| LEGAL: | 27. a/ In the event of a default by Lessee entitling Lessor to serve a three day notice of eviction pursuant in Florida Statute Section 83.20, as now or hereafter existing and if Lessor or Lessor's attorneys shall serve such a notice upon Lessee, Lessee agrees to pay an attorneys fee of Fifty ($50.00) Dollars for each time that service of said notice is effected. Said notice shall be deemed served if accomplished in a manner described by law or by certified mail, return receipt requested.<br>b/ The parties acknowledge and agree that all provisions contained herein with respect to liquidated damages are reasonable, in amount it being the agreement of the parties, that, as of the date hereof, actual damages that may be suffered by Lessor in the event of default or breaches of the terms hereof by Lessee are incapable of ascertainment.<br>c/ Lessee agrees to pay all legal fees and expenses incurred by Lessor in enforcing any of the terms hereof, or in the defense of any action brought by Lessee hereunder, or incident to any other litigation or negotiation in which Lessor shall become involved, subsequent to the date of the execution hereof, through or on account of this lease, including but not limited to appellate fees, if applicable.<br>d/ With respect to any provision of this lease which provides that Lessor shall not unreasonably withhold or unreasonably delay any consent or any approval, Lessee, in no event, shall be entitled to make nor shall Lessee make any claim for and Lessee hereby waives any claim for money damages; nor shall Lessee claim any money damages by way of set off, counterclaim or defense, based upon any claim or assertion by Lessee that Lessor has unreasonably withheld or unreasonably delayed any consent or approval; but Lessee's sole remedy shall be an action or proceeding to enforce any such provision.<br>e/ It is expressly agreed by the parties hereto that Lessor shall have no liability to Lessee whatsoever if Lessor shall be unable to deliver possession of the premises to Lessee on the date of the commencement of the term hereof for any reason whatsoever, including, but not limited to, the fact that the building in which the premises are located has not been completely or sufficiently completed to make the premises ready for occupancy. Under such circumstances, the rental reserved and covenanted to be paid herein shall be abated pending the making available of the premises to Lessee. No such failure to deliver possession of the premises on the commencement date of the term of this lease shall in any manner affect the validity of this lease or its terms.<br>f/ Lessee shall not be entitled to any abatement of rent or rental value or diminution of rent in any eviction or distress action of proceeding instituted by the Lessor for non-payment of rent or additional rent or in any eviction or distress action or proceeding by reason of any breach or default by the Lessor of any covenant contained in this lease or its part to be performed. Lessee will not interpose any counterclaim of whatever nature or description in any such proceeding. The Lessee shall not have the right of set off by way of damages, recoupment, or counterclaim for any damages which Lessee may have sustained by reason of Lessor's failure to |

4

perform any of the terms, covenants or conditions contained in this Lease. Lessee shall, however, have the right to commence independent action for any relief to which Lessee may deem it is entitled.

g/ If Lessee vacates or abandons the demised premises in violation of this lease agreement, any property shall be deemed to have been abandoned and may either be retained by Lessor as the property of, or may be sold at public or private sale with such terms Lessor, in good faith see fit. Any property of Lessee sold at the public or private sales shall be applied by Lessor against (1) the expenses of Lessor for removal, storage or sale of the personal property, (2) the arrears of rent or future rent payable under this lease agreement, and (3) any other damages to which Lessor may be entitled under this lease agreement. The balance of such amounts, if any, shall be given to Lessee.

h/ Lessee hereby waives all right of subrogation against Lessor as respects any insurance proceeds that it may collect from its own insurance carrier.

i/ It is mutually agreed by and between Lessor and Lessee that the respective parties herein hereby waive trial by jury in any action or proceeding brought by either party pertaining to any matter whatsoever arising out of or in any way connected with this lease or Lessee's occupancy of the premises. Any action brought by either party arising from or in any way pertaining to this lease or Lessee=s occupancy of the premises shall be brought in a state court of competent jurisdiction in the County in which the Premises is located.

j/ Unless expressly so stated in writing by Lessor, no act or thing done or omitted by Lessor or Lessor's agents during the term of this lease shall constitute an eviction by Lessor, nor shall any such act or thing done be deemed an acceptance of the surrender of the premises and no agreement to accept a surrender shall be valid unless in writing signed by Lessor. No employee of Lessor or Lessor's agent shall have any power to accept the keys of the premises prior to the termination of this lease. The delivery of keys to any employee of Lessor shall not operate as a termination of the lease or a surrender of the premises. However, the non-delivery of keys to Lessor at the termination (natural or premature) of any lease agreement shall operate to continue the obligations of Lessee for payment of rent irrespective of its possession of the premises until such time as the keys are delivered to Lessor.

k/ Lessee shall not do any act or make any contract which may create or be the foundation for any lien or other encumbrance upon any interest of Lessor in the premises. If as the result of any act, or omission or alleged act or omission of Lessee, any mechanic's, materialmen's, laborer's or other lien charge or order for the payment of money or other encumbrance shall be filed against Lessor or any portion of premises, whether or not such lien, charge, order or encumbrance is valid or enforceable as such. Lessee shall, at its own cost and expense, cause the same to be discharged of record or bonded within ten days after notice to Lessee of the filing thereof. Lessee shall indemnify and save harmless Lessor from all cost, liabilities, suits, penalties, claims and demands, including reasonable attorney's fees, resulting therefrom. At Lessor's option Lessee will furnish lien waivers or a bond in form and with surety satisfactory to Lessor prior to commencing any work in connection with making alterations or improvements to the premises. If Lessee fails to comply with the foregoing provisions, Lessor shall have the option of discharging or bonding any such lien, charge, order or encumbrance, and Lessee agrees to reimburse Lessor for all costs, expense and other sums of money in connection therewith upon demand all materialmen, contractors, artisans, mechanics, laborers and any other persons now or hereafter contracting with Lessee for the furnishing of any labor, services, materials, supplies or equipment with respect to any portion of the premises are hereby charges with notice that they must look exclusively to Lessee to obtain payment for same, and Lessee agrees to so inform such persons.

l/ Wherever throughout this lease, the Lessee is required to do any act or expend any money to a third party, including but not limited to the repair and maintenance of the premises, trash removal, if Lessee refuses or neglects to perform any such act or make any such payment Lessor may, without notice, cause said act to be performed or expend said money on behalf of and or the account of Lessee, and in such event, Lessee shall reimburse Lessor for all such expenditures within ten days from demand therefore by Lessor.

m/ All sums of money which may, in addition to the rent herein provided, be due and payable by Lessee to Lessor pursuant to any of the terms of this lease, shall be considered as additional rental.

n/ Any notice, approval, consent or other communication required or permitted to be served pursuant to this lease shall be considered served on Lessor if delivered to Lessor and receipted therefore by writing or delivered to Lessor and receipted therefore by certified mail with return receipt requested, at the address set forth herein or such other address as Lessor from time to time designated in writing, and  any notices, approvals, consents or other communications required or permitted to be delivered to Lessee shall be deemed delivered if delivered to the premises, or deposited in the United States mail, postage prepaid, and addressed to the premises.

o/ This agreement shall be governed by the laws of the State of  Florida.

p/ Nothing contained in this lease shall be construed to create the relationship of principal and agent, partnership, joint venture or any other relationship between the parties hereto other than the relationship of Lessor and Lessee.

q/ If the Lessor deems it necessary to obtain security service for the protection of the tenants, in that event the Lessor shall have the authority to assess each tenant within the premises an amount based upon square footage of the tenants premises. The payment will be assessed and become due and payable with the monthly rent. This assessment shall be based upon the actual cost of service.

r/ In the event the business is sold the Lessor has the option to adjust the rent and a new lease shall be made between the new buyer and the Lessor.

s/ Under no circumstances shall glue, lacquer thinner or other toxins or any other items that could be environmentally hazardous be permitted to ooze, seep or be spilled into the ground. Any violations of the above, shall cause the tenant to be personally responsible to bear the total expense of the curing of the problems created by his negligence and shall satisfy all of the Municipal, State and Federal agency requirements and cost to correct the condition.

t/ Lessee shall indemnify and hold harmless the owner and their agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising from or resulting from the occupancy of the premises, including damage or loss to contents of personal property from water, fire, theft, or any other reason.

u/RADON GAS NOTIFICATION: (the following notification may be required in some states): Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal state guidelines have been found in buildings. Additional information regarding radon and radon testing may be obtained from your county public health unit.

5

IN WITNESS WHEREOF, the parties hereto set their hands and seals on the day and year first above written.

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

WITNESS

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

WITNESS

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.

TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.

POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:

1.  TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.
2.  TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.
3.  POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:
    A.  THIS APPLICATION HAS BEEN CHECKED AND APPROVED BY LANDLORD.
    B.  THE LEASE HAS BEEN SIGNED AND THE RENT AND SECURITY HAVE BEEN DEPOSITED WITH THE LANDLORD.
    C.  THE TENANT HAS PROVIDED THE PROCESS NUMBER FOR THE OCCUPATIONAL LICENSE WITH THE APPROPRIATE CITY MUNICIPALITY AND TENANT HAS 30 DAYS FROM SIGNING THIS APPLICATION TO PROVIDE LANDLORD A COPY OF THE OCCUPATIONAL LICENSE, CERTIFICATED OF USE & FIRE INSPECTION PERMIT FOR TENANT FILE.
    D.  THE TENANT HAS PROVIDED A RECEIPT AS PROOF THAT THE WATER ACCOUNT HAS BEEN ACTIVATED
    E.  IF THE BUILDING HAS A FIRE ALARM PANEL, TENANT IS RESPONSIBLE FOR MAINTAINING THE MONITORING SERVICE AND PROVIDE THE LANDLORD PROOF OF SERVICE
    F.  ALL REQUIRED DOCUMENTS HAVE BEEN PROVIDED.
4.  THE LANDLORD HAS THE OPTION TO ACCEPT OR REJECT THIS APPLICATION. IF ACCEPTED, THE DEPOSIT SPECIFIED ABOVE WILL BE CREDITED ON THE ACCOUNT OF THE FIRST MONTH'S RENT. IF NOT ACCEPTED, THE DEPOSIT WILL BE RETURNED. THE TENANT HEREBY WAIVES ANY CLAIM FOR THE DAMAGES BY REASON OF NON-ACCEPTANCE OF THIS APPLICATION, WHICH THE LANDLORD MAY REJECT WITHOUT STATING ANY REASON FOR SAME.
5.  NO DOGS, CATS OR OTHER ANIMALS WILL BE ALLOWED ON THE PREMISES.
6.  THE LANDLORD WILL NOT BE RESPONSIBLE FOR OCCUPANCY ON THE ABOVE MENTIONED BAY TO THE TENANT, DUE TO ANY DELAY.
7.  THE LESSEE SHALL BE RESPONSIBLE TO OBTAIN THE NECESSARY FEDERAL, STATE AND LOCAL LICENSES TO CONDUCT LESSEE'S BUSINESS AT THE ABOVE ADDRESS AND SHALL BEAR ALL COSTS NECESSARY TO OBTAIN SUCH LICENSES.

In consideration of the letting of the premises within mentioned to the within named Tenant and the sum of $1.00 paid to the undersigned by the within named Landlord, the undersigned does hereby covenant and agree, to and with the Landlord and Landlord's legal representatives and assigns, that if default shall at any time be made by the Tenant in the payment of any rent or the performance of any of the terms, covenants or agreements contained the within lease on the Tenant's to be paid and performed, the undersigned will well and truly pay the said rent, or any arrears hereof that may be due unto the Landlord as well as any damages that may arise as consequence of such non-performance without requiring notice of any default from the Landlord and the undersigned agrees that this guaranty shall not be affected by reason of the assertion by Landlord against Tenant of any rights or remedies reserved to Landlord in said lease or by reason of summary or other proceedings against Tenant or by reason of any extension of indulgences granted by Tenant. The undersigned waives trial by jury in any action or proceeding brought by either Landlord or the undersigned against the other on any matters relating to said lease or this guaranty.

WITNESS

WITNESS

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

| | | |
|---|---|---|
| BRIAN HOLLAND AND ANDREA | FOR | IN THE COUNTY COURT IN AND |
| HOLLAND a/k/a/ BRIAN HOLLAND | | MIAMI-DADE COUNTY |
| 5561 RENT ACCOUNT, | | |
| | | CIVIL DIVISION |
| Plaintiff, | | |
| vs. | | CASE      NO: |
| | | 18-8187 CC 05 |
| APLUS LAMINATION & FINISHING | | |
| INC., a Florida Corporation and all | | |
| other occupants, | | |
| | | |
| Defendants. | | |

_____/

### ORDER DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT

THIS CAUSE CAME ON TO BE HEARD before me, on May 3, 2018, upon Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court, and, having appeared counsel for Plaintiff and Defendant and the respective parties, after having heard argument from counsel, having reviewed the Court file and being otherwise fully advised in the premises, it is:

ORDERED AND ADJUDGED:

1. Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court be and the same is hereby granted.

2. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 7, 2018.

3. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 14, 2018.

3. The Defendant shall further timely deposit the rent as it becomes due into the Registry of Court.

4. The Defendant's failure to timely pay the ordered sums into the Registry of Court shall constitute and absolute waiver of its defenses, other than payment or proof of payment, and Plaintiff shall be entitled to a Default/Default Final judgment for Removal of Tenant and a Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes.

5. Upon Defendant making timely deposit into the Registry of Court of the sums due on May 7, 2018 and May 14, 2018, the parties shall appear for mediation on May 15, 2018 at 1:30 PM.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/10/18.

ALEXANDER S. BOKOR
COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall

Exhibit C

IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Conformed copies to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff

ALEXANDER E. BORELL, ESQ.
Attorney for Defendant

ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

**◀◀ Back to Search**

## BRIAN HOLLAND ET AL VS. APLUS LAMINATION & FINISHING, INC.

**Local Case Number:** 2018-008187-CC-05

**Filing Date:** 04/13/2018

**State Case Number:** 132018CC008187000005

**Case Type:** Evictions < $15,000

**Consolidated Case No.:** N/A

**Judicial Section:** CC04

**Case Status:** OPEN

**👥 Parties**                                    Number of Parties: 4  **+**

**🔧 Hearing Details**                            Number of Hearing: 2  **+**

**📶 Dockets**                                    Dockets Retrieved: 26  **—**

Exhibit D

[Export to ▾]

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 23 | 05/17/2018 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 22 | 05/17/2018 | | Mediators Report | Event | **CASE CANCELLED** |
| 📄 | 21 | 05/17/2018 | | Memorandum of Disposition | Event | |
| 📄 | 20 | 05/15/2018 | | Notice of Filing: | Event | |
| | | 05/15/2018 | | Mediation | Hearing | |
| 📄 | 19 | 05/10/2018 | | Order: | Event | **DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT** |
| 📄 | 18 | 05/09/2018 | | Order of Referral to Mediation Unit | Event | |
| | 16 | 05/07/2018 | | Receipt: | Event | **RECEIPT#:2430012 AMT PAID:$9,142.50 NAME:NUBIA PEREZ/APLUS LAMATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $9,000.00 $9,000.00 2108-COURT REGISTRY FEE 1 $142.50 $142.50 TENDER TYPE:CHECK** |
| 📄 | 15 | 05/04/2018 | | Memorandum of Disposition | Event | |
| | | 05/03/2018 | | Status Hearing | Hearing | |
| 📄 | 17 | 04/27/2018 | | Notice of Hearing- | Event | **05/03/2018** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 14 | 04/25/2018 | | Affidavit as to Costs | Event | |
| 📄 | 13 | 04/25/2018 | | Affidavit of Non-Payment | Event | |
| 📄 | 12 | 04/25/2018 | | Non-Military Affidavit | Event | |
| 📄 | 11 | 04/25/2018 | | Service Returned | Event | |
| 📄 | 10 | 04/25/2018 | | Motion: | Event | |
| 📄 | 9 | 04/25/2018 | | Answer and Affirmative Defense | Event | |
| 📄 | 8 | 04/25/2018 | | Notice of Appearance | Event | |
| | 7 | 04/24/2018 | | Receipt: | Event | RECEIPT#:2350016 AMT PAID:$5,082.50 NAME:APLUS LAMINATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $5,000.00 $5,000.00 2108-COURT REGISTRY FEE 1 $82.50 $82.50 TENDER TYPE:CHECK T |
| | 6 | 04/18/2018 | | Receipt: | Event | RECEIPT#:2200061 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/18/2018 REGISTER#:220 CASHIER:NMERKER |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 5 | 04/18/2018 | | Summons and Complaint Mailed | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| | 04/18/2018 | | 5 Day Summons Issued | Service | |
| 4 | 04/18/2018 | | 5 Day Summons Issued | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| 3 | 04/17/2018 | | Receipt: | Event | **RECEIPT#:3430137 AMT PAID:$185.00 NAME:COLLETTI, JOSEPH R. 4770 BISCAYNE BLVD STE 1400 MIAMI FL 33137-3243 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $185.00 $185.00 TENDER TYPE:E-FILING ACH TENDER AMT:$1** |
| 2 | 04/13/2018 | | Motion: | Event | **FOR DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT.** |
| 1 | 04/13/2018 | | Complaint | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)

| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

(http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

S0142976

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>Florida</u>

Case number (*if known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an
amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy        12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| 1. **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Nubia<br>First name<br>Marcela<br>Middle name<br>Perez<br>Last name<br><br>Suffix (Sr., Jr., II, III) | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| 2. **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br>Middle name<br>Last name<br><br>First name<br>Middle name<br>Last name | First name<br>Middle name<br>Last name<br><br>First name<br>Middle name<br>Last name |
| 3. **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 9 9 0 1<br>OR<br>9 XX – XX – ___ ___ ___ | XXX – XX – ___ ___ ___ ___<br>OR<br>9 XX – XX – ___ ___ ___ |

Exhibit E

Debtor 1  _Nubia Marcella Perez_
First Name  Middle Name  Last Name

Case number (if known) _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

☐ I have not used any business names or EINs.

A Plus Lamination & Finishing Inc
Business name

_____
Business name

20 - 8122078
EIN

___ - ___ ___ ___ ___ ___ ___
EIN

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

___ - ___ ___ ___ ___ ___ ___
EIN

___ - ___ ___ ___ ___ ___ ___
EIN

**5. Where you live**

5559 N.W. 36th Ave
Number  Street

Miami, FL  33142
City  State  ZIP Code

Miami-Dade
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number  Street

_____
P.O. Box

_____
City  State  ZIP Code

If Debtor 2 lives at a different address:

_____
Number  Street

_____
City  State  ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number  Street

_____
P.O. Box

_____
City  State  ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Debtor 1    Nubia   Marcella   Perez

First Name   Middle Name   Last Name

Case number *(if known)* _____

## Part 2:   Tell the Court About Your Bankruptcy Case

7. **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

❑ Chapter 7
☑ Chapter 11
❑ Chapter 12
❑ Chapter 13

8. **How you will pay the fee**

❑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9. **Have you filed for bankruptcy within the last 8 years?**

☑ No
❑ Yes. District _____ When _____ Case number _____
              MM / DD / YYYY
         District _____ When _____ Case number _____
              MM / DD / YYYY
         District _____ When _____ Case number _____
              MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
❑ Yes. Debtor _____ Relationship to you _____
         District _____ When _____ Case number, if known _____
              MM / DD / YYYY

         Debtor _____ Relationship to you _____
         District _____ When _____ Case number, if known _____
              MM / DD / YYYY

11. **Do you rent your residence?**

❑ No. Go to line 12.
❑ Yes. Has your landlord obtained an eviction judgment against you?

    ☑ No. Go to line 12.   NO residence
    ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    Nubia  Markella  Perez
_First Name_ _Middle Name_ _Last Name_          Case number _(if known)_ _____

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☒ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____
City                              State        ZIP Code

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a _small business debtor_?**

For a definition of _small business debtor_, see 11 U.S.C. § 101(51D).

_If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)._

☐ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☒ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

_For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?_

☒ No

☐ Yes. What is the hazard?    _____

_____

If immediate attention is needed, why is it needed?    _____

_____

Where is the property?    _____
Number    Street

_____

_____
City                              State        ZIP Code

---

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 4

Debtor 1    Nubia   Marcela   Perez        Case number *(if known)* _____
       First Name    Middle Name    Last Name

---

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts are defined in 11 U.S.C. § 101(8)* as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.*

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts. _____

---

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____      ✗ _____
Signature of Debtor 1                   Signature of Debtor 2

Executed on   5/14/2018             Executed on _____
         MM / DD / YYYY                     MM / DD / YYYY

---

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 6

5:29 PM
05/14/18

## A Plus Lamination & Finishing Inc. - Combo
## A/P Aging Summary
### As of May 14, 2018

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Actega North America, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 3,046.51 | 3,046.51 |
| ALEXANDER E. BORELL | 750.00 | 0.00 | 0.00 | 0.00 | 0.00 | 750.00 |
| Amtrust North America | 0.00 | 0.00 | 0.00 | 0.00 | 4,987.70 | 4,987.70 |
| APF INC.-002 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Armas Machine Shop, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Nation Chevrolet Doral | 173.16 | 0.00 | 0.00 | 0.00 | 0.00 | 173.16 |
| Capital One Bank | 0.00 | 0.00 | 214.85 | 0.00 | 1,961.98 | 2,176.83 |
| Checksfor less | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| City of Hialeah | 0.00 | 136.09 | 0.00 | 0.00 | 0.00 | 136.09 |
| Comcast Business | 0.00 | 0.00 | 415.32 | 0.00 | 0.00 | 415.32 |
| COSMO CLAIM 2018 | 0.00 | 18,692.54 | 0.00 | 0.00 | 0.00 | 18,692.54 |
| Cosmo Films Inc.-V | 0.00 | -15,800.57 | 0.00 | 0.00 | 0.00 | 0.00 |
| Credit Management, LP | 0.00 | 0.00 | 0.00 | 0.00 | 15,800.57 | 0.00 |
| D & K CLAIM | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| D & K INTERNATIONAL, INC. | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 | 3,500.00 |
| DDREPRO | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 4,500.00 |
| Delran, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 | 14.00 |
| Department of Water & Sewers | 242.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Derprosa (Taghleef Industries) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 242.15 |
| DISTRIGRAPH INC. | 0.00 | 14,594.33 | 0.00 | 0.00 | 1,322.97 | 15,917.30 |
| Doral Digital Reprographics, Corp. | 0.00 | 0.00 | 0.00 | 0.00 | 7,956.17 | 7,956.17 |
| FLORIDA FLEXIBLE SCREEN PR | 0.00 | -14.98 | 0.00 | 0.00 | 14.98 | 0.00 |
| FPL | 1,868.49 | 0.00 | 61.50 | 0.00 | 0.00 | 61.50 |
| Francisco Gabriel Perez LOAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,868.49 |
| Frontline Asset Strategies, LLC | 0.00 | 0.00 | 3,000.00 | 0.00 | 750.00 | 3,750.00 |
| GRAINGER | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 |
| HOME DEPOT | 0.00 | 0.00 | 0.00 | 0.00 | 5.30 | 5.30 |
| INTERNAL REVENUE SERVICE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| KANGDE XIN AMERICA, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 15,503.44 | 15,503.44 |
| LAIRD PLASTICS | 0.00 | 0.00 | 0.00 | 0.00 | 7,594.09 | 7,594.09 |
| MARATHON COURIER | 0.00 | 0.00 | 0.00 | 0.00 | 219.40 | 219.40 |
| MATT D. GOLDMAN TRUST ACCOUNT | 0.00 | 20.00 | 252.00 | 0.00 | 0.00 | 272.00 |
| METRO PCS APLUS ACC | 0.00 | 0.00 | 0.00 | 0.00 | 1,250.00 | 1,250.00 |
| MIAMI-DADE COUNTY TAX COLLECTOR | 0.00 | 0.00 | 0.00 | 2.60 | -2.60 | 0.00 |
| Miami Dade Expressway Authority (MDX) | 0.00 | 16,478.09 | 0.00 | 0.00 | 2,669.73 | 19,147.82 |
| MYRON CORP. | 0.00 | 0.00 | 0.00 | 0.00 | 311.08 | 311.08 |
| Nobelus LLC | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 |
| NUBIA PEREZ LOANS | 0.00 | 0.00 | 0.00 | 0.00 | 1,578.90 | 1,578.90 |
| OFFICE DEPOT | 0.00 | 0.00 | 7,100.00 | 236.94 | 0.00 | 7,336.94 |
| PAPER KNIGHT 2018 | 0.00 | 0.00 | 0.00 | 0.07 | -0.07 | 0.00 |
| PHONES R US, Inc | 0.00 | 220.00 | 0.00 | 0.00 | 0.00 | 220.00 |
| Platinum Graphics | 0.00 | 0.00 | 0.00 | 0.00 | 224.70 | 224.70 |
| PROpack Industries, Inc. | 0.00 | 440.00 | 0.00 | 0.00 | 0.00 | 440.00 |
| QUILL CORPORATION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Santander Consumer USA | 0.00 | 129.44 | 0.00 | 0.00 | 0.00 | 129.44 |
| Tape Group USA, Inc. | 0.00 | 2,029.72 | 0.00 | 0.00 | 0.00 | 2,029.72 |
| TOTAL PACK | 0.00 | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 |
| Transilwrap Company, Inc. | 0.00 | 162.71 | 0.00 | 0.00 | 0.00 | 162.71 |
| UNIVERSAL PRESSROOM PRODUCTS LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,944.83 | 1,944.83 |
| UNIVERSAL WIPING CLOTH | 0.00 | 0.00 | 0.00 | 0.00 | 23,695.65 | 23,695.65 |
| UPS-V | 0.00 | 0.00 | 0.00 | 109.00 | 0.00 | 109.00 |
| URBAPRINT, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Valley National Bank -2625 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Valley National Bank Loan -2198 small | 0.00 | 0.00 | 0.00 | 0.00 | 28,355.00 | 28,355.00 |
| Vencol | 0.00 | 0.00 | 0.00 | 0.00 | 100,786.77 | 100,786.77 |
| VH FINANCIAL SERVICES INC | 0.00 | 1,739.43 | 0.00 | 0.00 | 0.00 | 1,739.43 |
| WASTE MANAGEMENT OF DADE COUNTY | 0.00 | 125.00 | 675.00 | 0.00 | 225.00 | 1,025.00 |
| | 0.00 | 451.72 | 0.00 | 0.00 | 0.00 | 451.72 |
| **TOTAL** | **3,047.80** | **39,403.52** | **11,718.67** | **348.61** | **230,546.10** | **285,064.70** |

5:27 PM
05/14/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
# Balance Sheet
## As of May 14, 2018

|  | May 14, 18 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| **1000 · BANKS** | |
| 1005 · Wells Frgo -5536 | |
| 1001 · Wells Fargo-7824 | 9,843.43 |
| 1002 · WF Savings Recurruing-9447 | -19,681.58 |
| **Total 1000 · BANKS** | 454.06 |
|  | -9,384.09 |
| **Total Checking/Savings** | |
|  | -9,384.09 |
| **Accounts Receivable** | |
| **1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** | |
| 1101 · Accounts Receivable | |
| 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) - Other | 46,328.64 |
|  | 5,889.99 |
| **Total 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** | |
|  | 52,218.63 |
| **Total Accounts Receivable** | |
|  | 52,218.63 |
| **Other Current Assets** | |
| **1200 · OTHER CURRENT ASSETS** | |
| 1201 · Accounts Receivable-A* (Generated account for transac) | |
| 1203 · Employee Advances | 4,166.96 |
| 1204 · *Inventory Asset | 19,463.73 |
| 1205 · Prepaid Expenses | 81.49 |
| 1206 · Raw Materials Inventory | 45,773.78 |
|  | 78,142.50 |
| **Total 1200 · OTHER CURRENT ASSETS** | |
|  | 147,628.46 |
| 12001 · Undeposited Funds (Funds received, but not yet deposited to a bank account) | 26,153.45 |
| **Total Other Current Assets** | |
|  | 173,781.91 |
| **Total Current Assets** | |
|  | 216,616.45 |
| **Fixed Assets** | |
| **1300 · FIXED ASSETS** | |
| 1304 · Accum. Depreciation - Equipmen | |
| 1307 · Accum. Depreciation - Other | -370,636.00 |
| 1308 · Automobiles | -12,795.00 |
| 1309 · Equipment | 40,482.91 |
| 1310 · Furniture and Fixtures | 718,416.95 |
|  | 1,569.87 |
| **Total 1300 · FIXED ASSETS** | |
|  | 377,038.73 |
| **Total Fixed Assets** | |
|  | 377,038.73 |
| **Other Assets** | |
| **1400 · OTHER ASSETS** | |
| 1401 · Accum. Amortiz. - Org. Costs | |
| 1402 · Deposits | -11,277.00 |
| 1403 · Other Noncurrent Assets | 9,542.85 |
|  | 879,126.00 |
| **Total 1400 · OTHER ASSETS** | |
|  | 877,391.85 |
| **Total Other Assets** | |
|  | 877,391.85 |
| **TOTAL ASSETS** | |
|  | 1,471,047.03 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 1500 · Accounts Payable | |
|  | 285,064.70 |
| **Total Accounts Payable** | |
|  | 285,064.70 |
| **Credit Cards** | |
| **1600 · CREDIT CARD** | |
| 1601 · Capital One - 1195 | |
| 1602 · Credit One -4708 (Credit One) | -214.85 |
|  | -5,214.22 |

5:27 PM
05/14/18
Accrual Basis

## A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---|
| 1603 · Shell-823 | 978.09 |
| Total 1600 · CREDIT CARD | -4,450.98 |
| **Total Credit Cards** | -4,450.98 |
| Other Current Liabilities |  |
| 1700 · OTHER CURRENT LIABILITY |  |
| 1702 · *Sales Tax Payable | 411.43 |
| 1703 · Wages Payable | 270,591.89 |
| 1700 · OTHER CURRENT LIABILITY - Other | -24,892.54 |
| Total 1700 · OTHER CURRENT LIABILITY | 246,110.78 |
| Total Other Current Liabilities | 246,110.78 |
| **Total Current Liabilities** | 526,724.50 |
| Long Term Liabilities |  |
| 1800 · LONG TERM LIABILITY |  |
| 1801 · 1st United Bank Loan |  |
| 1802 · Jim H Hawk (466K) | -184,006.67 |
| 1803 · Nubia M Perez | 184,714.06 |
| 1804 · Nubia M Perez ( HELOC) | 174,883.00 |
| 1805 · Matt D Goldman | 98,449.00 |
| 1806 · Valley National Bank-2198 | 111,500.00 |
| 1807 · Valley National Bank - 2625 | 106,916.56 |
| 1800 · LONG TERM LIABILITY - Other | 728,749.73 |
|  | -7,100.00 |
| Total 1800 · LONG TERM LIABILITY | 1,214,105.68 |
| Total Long Term Liabilities | 1,214,105.68 |
| **Total Liabilities** | 1,740,830.18 |
| Equity |  |
| 3000 · Beginning Balance Equity | -174,764.12 |
| 3001 · Common Stock | 100.00 |
| 3003 · Opening Bal Equity | -366,506.26 |
| 3005 · Retained Earnings | 216,423.09 |
| Net Income | 12,383.54 |
| **Total Equity** | -312,363.75 |
| **TOTAL LIABILITIES & EQUITY** | 1,428,466.43 |

Debtor 1 _Nubia Marcella Perez_    Case number (if known)_____
First Name   Middle Name   Last Name

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No

☐ Yes. Name of Person_____
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _[signature]_                          X _____
Signature of Debtor 1                     Signature of Debtor 2

Date   5/14/2018                          Date   _____
MM / DD / YYYY                                   MM / DD / YYYY

Contact phone  305-636-9888               Contact phone _____

Cell phone   305-910-1607                 Cell phone _____

Email address  apluslama@gmail.com        Email address _____

Debtor 1 **Nubia   Marcella   Perez**

First Name   Middle Name   Last Name

Case number (if known) _____

---

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Official Form 101                    Voluntary Petition for Individuals Filing for Bankruptcy                    page 5

Debtor 1 _Nubia Marcella Perez_
        First Name   Middle Name   Last Name

Case number (if known) _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**✗** _Thomas D. Mann_                  Date   _5/14/2018_
   Signature of Attorney for Debtor                    MM / DD / YYYY

_Thomas_
Printed name

_____
Firm name

_4737 N. Ocean Drive, #129_
Number   Street

_Fort Lauderdale       Fl       33308_
City                           State   ZIP Code

Contact phone _(954)200-3536_   Email address _tgnoffice35@gmail.com_

_0037148    FLORIDA_
Bar number                State

---

Case 1:18-cv-24463-FAM Document 12-1 Entered on FLSD Docket 01/11/2019 Page 136 of
645
Case 1:18-cv-15825-RMB Doc 12-1 Filed 05/15/19 Page 1 of 2019

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.     Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness"). The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon. This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments. The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations". The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2. Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations." The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3. Primary Liability of Guarantor.

(a)    This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor. This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv)     the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v)     any homestead exemption or any other exemption under applicable law;

(vi)     any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii)     whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii)     the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix)     either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x)     any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)    any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)    the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)    the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)    any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

Case 1:18-cv-24463-FAM Document 13-1 Entered on FLSD Docket 01/11/2019 Page 141 of
Case 1:15-cv-15825-ABC Doc. 1 Filed 05/15/15 Page 6 of 20
645

(xv)    any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)    any early termination of any of the Guaranteed Obligations; or

(xvii)    Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)    In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)    It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)    Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.    All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.    Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)    If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)    Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

Case 1:18-cv-24463-FAM  Document 12-1  Entered on FLSD Docket 01/11/2019  Page 142 of
645
Case 1:15-cv-15825-AJR  Doc 1  Filed 05/15/18  Page 71 of 319

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

     Section 5.    <u>Subordination</u>.

    If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

    (a)    such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

    (b)    Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

    (c)    Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below.  In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d)  Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor. All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.    Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor. If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness. This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given. Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.    Lender Assigns: Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations. Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof. Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants. Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder. Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law. Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.    Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.   Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered.   All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail.   Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.   Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies.   No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default.   No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances.   No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.   Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.   Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.    No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.    Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:    (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.    Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.    Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations. This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations. This Guaranty shall be effective upon execution by Guarantor and delivery to Lender. This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded. As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.    Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida. Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24.   **WAIVER OF JURY TRIAL.**

**GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.**

[CONTINUES ON THE FOLLOWING PAGE]

**IN WITNESS WHEREOF**, Guarantor has duly executed this Guaranty as of the date
first written above.

Witnesses:

**GUARANTOR:**
**NUBIA M. PEREZ, individually**

Print Name: Cathey D. Ware

Name: Nubia M. Perez

Print Name: Stephan Desroches

STATE OF FLORIDA        )
                        )SS:
COUNTY OF MIAMI-DADE    )

The foregoing Guaranty was acknowledged before me this __7__ day of December,
2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is
personally known to me or has produced a _Florida Driver License_ as identification, and took
an oath.

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

NOTARY PUBLIC
Print Name: __Stephan Desroches__
My Commission Expires: __03/08/2020__

Lender:      VALLEY NATIONAL BANK
Borrower:      A PLUS LAMINATION & FINISHING, INC.
Guarantors:      FRANCISCO PEREZ; & NUBIA M. PEREZ
Transaction:      Note & Mortgage Modification and Extension Agreement

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE PROTECTION FROM GARNISHMENT.

I certify that I have read and understood the notice above before signing the attached GUARANTY referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor: NUBIA M. PEREZ       12/7/2017
                                        Date

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

     The foregoing waiver was acknowledged before me this 7 day of December 2017, by NUBIA M. PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his _Florida Driver License_ as identification.

(Seal)      Stephan Desroches
            State of Florida
            My Commission Expires 03/08/2020
            Commission No. FF 968971

                                    Notary Public
                                    Print Name: Stephan Desroches

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By_____
Name:_____
Its:_____        Date:_____

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-8187-CC-05 (04)

BRIAN HOLLAND et al,
    Plaintiff,

vs.

APLUS LAMINATION &
FINISHING, INC.,

    Defendant.

_____/

## ORDER OF BANKRUPTCY STAY AND CLOSING CASE

Based on a suggestion of bankruptcy, the cause is automatically STAYED. The action shall be administratively closed until further order of court. The parties are directed to advise the court in writing when the stay is lifted and the case is ready to proceed.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida on May 15, 2018.

_____
ALEXANDER S. BOKOR
County Court Judge

*THE CLERK IS ORDERED NOT TO*
*DESTROY FILE UNTIL FURTHER*
*ORDER OF THE COURT*

SIGNED AND DATED

MAY 1 5 2018

JUDGE ALEXANDER S. BOKOR

Copies furnished to all parties

Exhibit F

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                                     Chapter 11

                    Debtors.
_____/

**LANDLORD'S MOTION TO DISMISS CHAPTER 11 BANKRUPTCY**
**PETITION FOR BAD FAITH AND FRAUD ON THE COURT**
**AND FOR RELIEF FROM THE AUTOMATIC STAY**

Brian Holland and Andrea Holland also known as Brian Holland 5561 Rent Account ("**Landlord**") respectfully request that the Court dismiss Nubia Marcella Perez's ("**Debtor**") chapter 11 bankruptcy petition for bad faith and fraud on the court or in the alternative grant Landlord relief from the automatic stay, under 11 U.S.C. §362, to continue its state court eviction action.

**I.      Background.**

Debtor is the President of A Plus Lamination and Finishing Inc. ("**Tenant**"), which is an active Florida corporation. A printout from Sunbiz is attached as **Exhibit** "**A**." Tenant entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("**Property**"). The Lease's one-year term runs from August 1, 2017 to July 31, 2018.  A copy of the Lease is attached as **Exhibit** "**B**."

Tenant agreed to pay $8,666.67 in monthly rent, plus sales tax, water, and fees to lease the Property. *See* Ex. B. Tenant defaulted on the Lease by failing to make the March 1, 2018 rent payment and all subsequent payments. On April 13, 2018, Landlord initiated an eviction action

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

against Tenant in the County Court in and for Miami-Dade County, case number 2018-008187-CC-05 ("**Eviction Action**").

On May 10, 2018, Judge Alexander Boker ordered Tenant to deposit rent into the court registry ("**Deposit Order**"). A copy of the Deposit Order is attached as **Exhibit** "**C**." Tenant was ordered to deposit funds as follows: (1) $9,000 by May 7, 2018; (2) $9,000 by May 14, 2018; (3) Tenant was ordered make additional timely deposits as additional rent became due; and (4) Tenant's failure to make timely deposits constitutes "**an absolute waiver of its defenses**, other than payment or proof of payment, **and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of Tenant and Writ of Possession** to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes." *See* Ex. C (emphasis added). Landlord and Tenant were ordered to attend a mediation on May 15, 2018, after the timely deposit of Tenant's May 14, 2018, $9,000 payment. *Id.*

Tenant did not make the May 14, 2018, $9,000 deposit into the court registry, resulting in a waiver of its defenses and entitling Landlord to immediate default final judgment and writ of possession. A copy of the Eviction Action docket is attached as **Exhibit** "**D**." On the day after missing this payment, Debtor, who is Tenant's President, filed an individual chapter 11 bankruptcy, but claimed to be a small business debtor that does business under Tenant's name. A copy of the bankruptcy petition is attached as **Exhibit** "**E**." This assertion made it appear that Tenant was filing bankruptcy, and on May 17, 2018, only three days after failing to make the second $9,000 deposit, the Eviction Action was stayed because of the pending bankruptcy. A copy of the bankruptcy stay order is attached as **Exhibit** "**F**." As of the date of this motion, Tenant

retains possession of the Property, but has not made any payments to Landlord nor has Tenant made any additional deposits into the court registry.

## II.   *Debtor's bankruptcy petition is a bad faith filing and fraud on the court.*

Debtor filed the bankruptcy petition for the sole purpose of hindering Landlord's Eviction Action. The Court has inherent authority to dismiss an action when a litigant has perpetuated a fraud on the court. *In re Houston*, 305 B.R. 111, 114 (Bankr. M.D. Fla. 2003) ("When a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud, dismissal of the whole case is proper."). Also, a chapter 11 bankruptcy action may be dismissed "for cause" under section 1112 of the Bankruptcy Code if the petition was not filed in good faith. *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Nat. Land Corp.*, 825 F.2d 296, 297 (11th Cir. 1987). In determining bad faith, "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394 (citing *In re Albany Partners, Ltd.*, 749 F.2d at 674).

Courts have considered the following non-exclusive factors: (1)  the debtor has only one asset; (2) debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; (3) debtor has few employees; (4) there is a pending foreclosure action (5) debtor's financial problems involve  a financial  dispute between the debtor and the secured creditors, which can be resolved in the pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394–95. "In determining the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

existence of bad faith, all facts and circumstances of a case must be considered by the Court." *In re Indian Rocks Landscaping of Indian Rocks Beach, Inc. ("Indian Rock Landscaping")*, 77 B.R. 909, 911 (Bankr. M.D. Fla. 1987).

 For example, in *Indian Rock Landscaping*, the court found bad faith when debtor filed bankruptcy merely to forestall a state court eviction action.  77 B.R.  at 911 ("of great importance in the determination of bad faith filing is the fact that the Debtor filed its Chapter 11 Petition merely to forestall and delay the state court eviction action and to gain the protection of the automatic stay.").  In making this decision, the *Indian Rock Landscaping* court considered the fact that the hearing on the eviction action was set for April 15, 1987 at 9:45 a.m. and debtor, seeking to avoid that hearing, filed its bankruptcy petition at 9:08 a.m. on the same day as the hearing. *Id.*  Similarly, the court found bad faith when bankruptcy was initiated to prevent an entity from exercising its option to purchase real property. *In re Panache Dev. Co., Inc.*, 123 B.R. 929, 932 (Bankr. S.D. Fla. 1991) (noting that the timing of the filing and the misstatements in the bankruptcy schedules evidence "motives [that] are a specific abuse of the Bankruptcy Court system.").

Debtor filed a personal chapter 11 bankruptcy only one day after Tenant violated the State Court's order directing it to deposit $9,000 into the court registry, resulting in a waiver of Tenant's defenses and entitling Landlord to immediate default final judgment and writ of possession. Tenant is not the Debtor in this bankruptcy proceeding, but Debtor, who is Tenant's President, claims to be filing bankruptcy as a small business debtor that does business under Tenant's name. Tenant is an active Florida corporation, and "[a] general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Debtor's intentional misstatements in the chapter 11

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

petition resulted in a stay of the Eviction Action. Debtor's intentional misstatements and the timing of this bankruptcy filing evidences bad faith and fraud on the court. Thus, the Court should dismiss Debtor's bankruptcy petition and either ban a future bankruptcy filing by Tenant or rule that Landlord's Eviction Action will not be subject to an automatic stay if Tenant files a future bankruptcy.

### III.   *Landlord is entitled to relief from the automatic stay.*

In the alternative, Landlord requests relief from the automatic stay, so it can conclude the Eviction Action. An automatic stay may be terminated for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith. *In re Phoenix Piccadilly,* Ltd., 849 F.2d at 1394. The Court's "bad faith" analysis for granting relief from the automatic stay is identical to the analysis for dismissal of a bad faith filing. *Id.* ("what amounts to bad faith is the same for both proceedings"). The *In re Phoenix Piccadilly, Ltd.* court found bad faith when evidence showed that debtor's bankruptcy petition was filed to forestall a pending foreclosure proceeding. *Id.*

As discussed above, Debtor filed this bankruptcy petition and made intentional misstatements for the sole purpose of obtaining a stay of the Eviction Action. Debtor's petition was filed after Tenant failed to comply with the Deposit Order, and in a frantic attempt to stop Landlord from exercising its right to obtain immediate default final judgment and writ of possession. Moreover, Tenant is not the Debtor in this bankruptcy proceeding, although Debtor's misstatements make it appear as if Tenant is filing bankruptcy. Debtor's misstatements resulted in an improper stay of the Eviction Action. The Court should grant Landlord relief from the automatic stay due to Debtors bad faith, allowing Landlord to proceed with the Eviction Action.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## IV.    *Conclusion.*

Debtor's bankruptcy petition was filed in bad faith and constitutes a fraud on this Court. Thus, Landlord is entitled to dismissal of the bankruptcy petition or, in the alternative, relief from the automatic stay. Landlord also requests that the Court bar Tenant from filing a future bankruptcy petition or issue an order excluding Landlord's Eviction Action from an automatic stay if Tenant files a future bankruptcy.

Dated: May 30, 2018.

 s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Attorneys for Brian Holland and Andrea Holland**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 29, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached hereto as **<u>Exhibit 1</u>** and via Regular U.S. Mail on all parties listed on the Court's Matrix attached hereto as **<u>Exhibit 2.</u>**

 s/ Peter D. Russin   <br>Peter D. Russin, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

# Mailing Information for Case 18-15825-AJC

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Thomas G Neusom**    tgnoffice34@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

Exhibit 1

Label Matrix for local noticing
113C-1
Case 18-1825-AJC
Southern District of Florida
Miami
Wed May 30 13:40:34 EDT 2018

Actega North America Inc
26537 Network Place
Chicago, IL 60673-1265

Brian Holland
13105 NW Le Jeune Rd
Opa Locka, FL 33054-4435

Capital One Bank
POB 71083
Charlotte, NC 28272-1083

Cosmo Claim 2018
Rosenfeld Stein Batta, PA
21490 West Dixie Hwy
Aventura, FL 33180-1144

D & K International Inc
Ryan E Sprechman
2775 Sunny Isle Blvd #100
Miami, FL 33160-4078

Distrigraph Inc
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City, FL 33328-4225

Francisco Gabriel Perez Loan
3845 Sw 149th Pl
Miami, FL 33185-3931

Internal Revenue Service
POB 80110
Cincinnati, OH 45280-0110

Matt D Goldman Trust
Account
7190 SW 100 St
Miami, FL 33156-3069

Miami-Dade County Tax
Collector
140 West Flagler St
14th Floor
Miami, FL 33130-1561

Noelus LLC
POB 639027
Cincinnati, OH 45263-9027

Nubia Perez Loans
5559 NW 36th Ave
Miami, FL 33142-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Transilwrap Company Inc
9201 W Belmont Ave
Franklin Park, IL 60131-2842

Universal Pressroom
Productsa LLC
POB 1697
Woodstock, GA 30188-1366

Valley National Bank -2625
Newtex Small Business
Finance, LLC
POB 2006
Hicksville, NY 11802-2006

Valley National Bank Loan
2198 Small Street
POB 952
Wayne, NJ 07474-0952

Vencol
8209 NW 70th St
Miami, FL 33166-2743

Nubia Marcella Perez
5559 NW 36 Ave
Miami, FL 33142-2709

Thomas G Neusom
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308-2920

Exhibit 2

Florida Department of State

Division of Corporations



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation
A PLUS LAMINATION & FINISHING, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P06000154680 |
| **FEI/EIN Number** | 20-8122078 |
| **Date Filed** | 12/18/2006 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | REINSTATEMENT |
| **Event Date Filed** | 09/29/2010 |

**Principal Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Mailing Address**

5559 NW 36TH AVENUE
MIAMI, FL 33142

Changed: 10/02/2007

**Registered Agent Name & Address**

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

Address Changed: 10/02/2007

**Officer/Director Detail**

**Name & Address**

Title PRESIDENT

PEREZ, NUBIA M
5559 NW 36TH AVENUE
MIAMI, FL 33142

**Annual Reports**

| Report Year | Filed Date |
|---|---|

Exhibit A

| 2016 | 03/22/2016 |
| 2017 | 02/24/2017 |
| 2018 | 03/26/2018 |

**Document Images**

| | |
|---|---|
| 03/26/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/24/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/22/2016 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/05/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2011 -- ANNUAL REPORT | View image in PDF format |
| 09/29/2010 -- REINSTATEMENT | View image in PDF format |
| 02/05/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/09/2008 -- ANNUAL REPORT | View image in PDF format |
| 10/02/2007 -- REINSTATEMENT | View image in PDF format |
| 12/18/2006 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

| | | |
|---|---|---|
| RENT: $ 8,666.67 | FOLIO # BH 5561 | BAY : 5559 NW 36TH AVENUE |
| TAX: $ 606.67 | | TERMS: 08/01/2017 – 07/31/2018 |
| WATER: TENANT PAYS | | YEARS: (1) ONE YEARS |
| TRASH: TENANT PAYS | | NEW____ RENEWAL   X |
| SEC. SERV. TENANT PAYS | | SECURITY: $ 17,333.34 |
| TOTAL: $9,273.34 | **BUSINESS LEASE** | OTHER:_____ |

**THIS AGREEMENT,** entered into this 1ST day of AUGUST, 2017 between **BRIAN HOLLAND AND ANDREA HOLLAND a.k.a BRIAN HOLLAND 5561 RENT ACCOUNT** hereinafter called the "LESSOR", party of the first part, and **APLUS LAMINATION & FINISHING,** LESSEE" or tenant, party of the second part, in the County of DADE and State of FLORIDA :

That the Lessor, for and in consideration of the rents herein reserved to be paid by the Lessee, for and in consideration of the covenants to be kept and performed by the Lessee does hereby lease, let and demise unto the Lessee, the following described property located at: 5559 NW 36TH AVENUE, MIAMI, FL 33142

ACCEPTANCE OF DEMISE BY LESSEE:
1. The Lessee in consideration of the demise of said property by the Lessor, and for the further considerations herein set has rented, leased and hired, and does hereby rent, lease and hire the said property for the Lessor, on the terms and conditions hereinafter stated. Sq. Footage occupied +/- 16,000 Sq. Feet.

DURATION OF TERM:
2. The Primary Term and duration of this Lease shall be for a period of (1) ONE YEARS , commencing 1ST day of AUGUST, 2017 and terminating the 31ST day of JULY. 2017

AMOUNT OF RENT MANNER OF PAYMENT:
3. The Lessee shall pay unto the Lessor the minimum rent for the full Term of this Lease the total rental in the sum of ONE HUNDRED FOUR THOUSAND DOLLARS--------------------------------04/100--($ 104,000.04)

MONIES REQUIRED TO MOVE IN
$9,273.34 on signing of this Lease, receipt in which is hereby acknowledged, to be applied as follows: $ 8,666.67 as rent in advance for the period of 08/01/2017 to 08/31/2017 , and $ 606.67 for Sales Tax, TENANT PAYS for Water, TENANT PAYS FOR Trash and TENANT PAYS FOR Security Service; plus 7% Sales Tax. The balance of the rent shall be payable as follows:

1ST YEAR
**AUGUST 1, 2017 THRU JULY 31, 2018** the rent will be $ 8,666.67 per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $9,533.34 plus Florida Sales Tax.

2ND YEAR ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $___ plus Florida Sales Tax.~~

3RD YEAR ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $___ plus Florida Sales Tax.~~

4TH YEAR ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $___ plus Florida Sales Tax.~~

5th YEAR ~~the rent will be $_____ per month; payable on the 1st day of each month until entire rental is paid, plus Florida Sales Tax. If the rent is not paid by the first day of any month, the rent for that month will be $___ plus Florida Sales Tax.~~

AMOUNT OF SECURITY MANNER OF PAYMENT:
4. Simultaneously with the execution of this Lease, the Lessee shall deposit with the Lessor the sum of SEVENTEEN THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND 34/100------($ 17,333.34) receipt of which said sum is hereby acknowledged by the Lessor, as a security deposit to guarantee the full and faithful performance of all the terms, conditions and obligations to be performed by the Lessee under the terms of this Lease; same to be returned upon the expiration of this Lease after all cost of returning the premises to there original condition, reasonable wear and tear excepted, thereafter it shall be applied to all remaining obligations including but not limited to, rent in arrears, this deposit does not relieve the Lessee of his obligations to pay each and every payment when due hereunder. The Lessor may demand additional security during the term of this lease, should it be deemed necessary in order to guarantee that the premises shall be restored to the original condition. **\*\*\*ADDITIONAL DEPOSIT OF $2,000.00 REQUIRED\*\*\***

A. Lessee's security must always equal TWO (2) months rent or more on all lease increases and renewals;

ADDITIONAL PAYMENT REQUIREMENTS:
5. Lessee shall pay all occupational licenses, and other licenses, which are necessary in the operation of the business to be carried on in the demised premises. All utility services which may be provided to the premises, including but not limited to: water, gas, electric, telephone, as they from time to time shall accrue are due and payable. Lessee will be required to have garbage service pickup. Lessee shall pay all Sales and Use Taxes due as a result of business conducted on the premises, and Personal Property Taxes assessed against the personality situate thereon.

ADDITIONAL AGREEMENTS:
6. PAYMENTS ARE TO BE MADE PAYABLE TO: **BRIAN HOLLAND 5561 RENT ACCOUNT** Located at: 13105 NW LE JEUNE ROAD, OPA LOCKA, FLORIDA 33054

1

Exhibit B

| | |
|---|---|
| USE AND OCCUPANCY: | 7. THE LESSEE SHALL USE AND OCCUPY THE PREMISES FOR  PAINT,FINISHING,DYE & CUT OF LAMINATION and for no other purpose. |
| REAL ESTATE PROPERTY TAX: | 8. Real Estate taxes for the year **2007**____assessed against the building will be paid by the lessor and said year will be considered the base year in any succeeding year. Any increases in taxes over the base year's taxes will be paid proportionately by all the Lessee's of the building in the proportion that their respective premises bear to the total leased premises. Lessee shall pay to the lessor his proportional increase within 15 days after the Lessor notifies the Lessee that the real estate taxes have been paid by the Lessor. |
| INSURANCE: | 9. Lessee covenants to provide on or before the commencement of this lease at Lessee's expense; comprehensive general liability insurance relating to lessees premises on an occurrence basis with minimum limits of liability in an amount no less than $500,000.00 for bodily injury, personal injury or death to any one person. $1,000,000.00 for bodily injury, personal injury or death to more than one person, and $100,000.00 with respect to damage to property by water or otherwise; and fire and extended coverage, vandalism, and special extended coverage in an amount adequate to cover the cost or replacement of all improvements in the premises as well as the cost of all fixtures and contents therein. The above coverages must be maintained in force at all times. All of the aforesaid insurance shall be issued in the name of Lessor and Lessee. In the event of payment of any loss covered by such policy, Lessor shall be paid first by the insurance company for its loss. Lessee accepts all liability for the interior and exterior of the occupied space and surrounding area. If lessee cannot show proof of insurance, Lessee shall indemnify and hold harmless the Owner, their Agents and Employees from and against all claims, damages losses and expenses, including attorney fees arising from or resulting from the occupancy of the premises. |
| EXTENSIVE DAMAGED: | 10. In the event that the premises shall be destroyed by fire or other casualty, whereby the premises shall be rendered untenantable, then the Lessor shall have the option to render said premises tenantable by repairs within one hundred eighty days therefrom. If the premises are not rendered tenantable within said period, Lessee may cancel this lease by notice in writing to Lessor within ten days of the expiration of said one hundred eighty days period. In the event of cancellation the rent shall be paid only to the date of such cancellation. Under no circumstances shall Lessor be responsible for any damage occasioned by the inability of Lessee to use the premises during any period that the same shall be destroyed or damaged or injured by fire or other casualty. Except to the extent specifically set forth herein, none of the rent payable by Lessee or any of Lessee's obligations hereunder, shall be affected by any damage to or destruction of the premises by any cause whatsoever, and Lessee hereby specifically waives any and all additional rights it may otherwise have under   any law or statue. |
| DAMAGE AND LOSS: | 11.  Lessor will not be liable or responsible for any damage or loss, either to person or property sustained by Lessee or by other persons, due to the building or any part thereof becoming defective or out of repair due to any accident in or about the premises or due to the act or neglect of any Lessee or occupant of the building. This provision shall apply particularly, but not exclusively, to damage or loss to Lessee's merchandise, equipment, inventory, fixtures or other personal property and to Lessee's business, caused by water, roof leakage, odors, bursting or leaking of pipes or plumbing, wind, rain, hurricane, acts of God or other casualties, or caused by any defect, latent or otherwise in any structure, equipment, pipe, wires or otherwise, comprising all or part of the premises or the building of which the premises are a part, and shall apply equally, whether such damage is caused by the act or neglect of other tenants, occupants of the building or any other person, and whether such damage be caused or occasioned by any circumstances above mentioned, or by any other thing or circumstances whether of a like or wholly different nature. If any such damage is caused by the act or neglect of Lessee, Lessor may at its option, repair such damage, whether caused to the building or tenants thereof, and Lessee agrees to reimburse Lessor for cost of such repair, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.  All personal property upon the premises shall be at the risk of Lessee, and Lessor shall not be liable for any damage thereto or theft thereof. Lessor shall not be liable for damages or repairs resulting from the stoppage or interruption of water, light, heat, janitor or elevators service caused by riot, strike, accident, or any cause over which Lessor has no control, nor shall Lessor be liable for any act or neglect of janitors or other employees not authorized by Lessor, nor shall any such failure, delay or default of janitors or employees be construed or considered as an actual or constructive eviction of lessee, nor shall it in any way operate to release Lessee from performance of the covenants herein agreed to be performed by Lessee.  In the event that Lessor is required to make repairs to the premises following the termination (natural or premature) of this Lease, Lessee shall be responsible for the cost of said repairs and for rent for the period of time required to complete such repairs on a per diem basis calculated by the rental rate then in effect, all of which sums may be claimed against Lessee's security deposit in accordance with the provisions of Chapter 83, Florida Statutes. |
| INDEMNIFICATION: | 12.  Lessee shall indemnify and save Lessor harmless from and against any and all claims, demands, suits, actions, damages, liability and expense, including attorney's fees, for or in connection with any accident, injury or damage whatsoever caused to any person or property arising, directly or indirectly out of the Lessee's tenancy hereunder, or occurring in, on or about the premises or any part thereof, on the sidewalks adjoining the same and any common areas and facilities within nor appurtenant to the premises or arising  directly or indirectly from any act or omission of Lessee, its agents, contractors, employees, servants, invites, licenses, or subtenant. acts of God or otherwise Lessee shall within five days thereof  give notice in writing to Lessor of any fall or other accident in any fixtures or equipment thereon. The comprehensive general liability insurance coverage maintained by Lessee pursuant to this lease shall specifically insure the contractual obligation of Lessee as set forth in this paragraph. |
| MAINTENANCE OF THE PREMISES: | 13. Lessee shall maintain all of the electric, electrical fixtures, air conditioning, *plumbing, plumbing fixtures, exhaust fans, concrete floors, carpeting, tile, entry and overhead garage doors, locks, fire sprinklers, roof, interior walls, interior paint, windows, paved area and landscaping in front of the premises, and sewer stoppages. All of the aforesaid items shall apply regardless of ownership. Lessee shall be solely responsible for the payment of repairs to maintain all of the above items and shall replace any |

2

item beyond repair, to the satisfaction of the lessor; and lessee will have ten days from date of notice to make such repairs. Lessor has the right to increase the security or cleanup any damage caused by glue or any other material at the expense of Lessee, which shall be at Lessor's actual cost plus twenty percent (20%) overhead and administration fee.

**IMPROVEMENTS, ALTERATIONS, FIXTURES, AND EQUIPMENT**

14. On the last day of this lease, Lessee shall quit and surrender the premises, together with all of the fixtures, alterations, additions and improvements which may have been made in, on, or to the premises, except movable furniture, or unattached movable trade fixtures. Lessee shall broom clean, in as good condition and repair as the premises were in at the beginning of the term of this lease, reasonable wear and tear accepted. All the air conditioning and other mechanical equipment of every nature, must remain on the premises, and the Lessee fully acknowledges that all other improvement, including but not limited to offices, partitions, lighting fixtures, electrical wiring, plumbing fixtures, A/C units, mezzanines, carpeting, tile, paneling, etc must remain on the premises regardless of ownership.

**SUBORDINATION AGREEMENT:**

15. LESSEE agrees that if Lessor secures a construction and/or first mortgage on the demised premises from a recognized lending institution; and that this lease is and shall be subordinate to the lien of said construction and/or first mortgage; and the lessee agrees that it will execute such subordination or other documents or agreements as may be requested or required by such lending institution; however, and that the mortgage and/or subordination agreement, as the lending institution may direct, shall contain a provision which states, in effect, that the lessee shall not be disturbed in its possession and occupancy of the premises during the term of this lease, not withstanding any such mortgage or mortgages, provided that the lessee shall comply with and perform its obligations hereunder.

**APPROVAL AND PERMITS**

16. LESSEE must obtain written approval from the lessor before any changes, alterations or improvements are made to the interior or exterior portions of the building. At lessee's expense, lessee is required to obtain the necessary permits and plans; a copy of each is to be given to the lessor prior to the commencement of any work. Any and all improvements made to the premises and attached to the real property must be approved by the Lessor and all attached improvements will remain on the property of the Lessor forever more, unless Lessor requires Lessee to remove upon termination of the lease agreement.

**NOTICE TO VACATE:**

17. LESSEE must notify the Lessor in writing, no later than 90 days before the expiration of this lease, of its intentions to either vacate, negotiate a new lease or exercise the option agreement, if any. If Lessee fails to notify lessor, in writing, the Lessor shall have the authority and right to rent the premises, and the Lessee shall vacate the premises immediately on the last day of this lease and will forfeit all security which will be applied to unpaid rent until the space is leased and any remaining security will be refunded. A refund of any portion of security or tender of refund of any portion of security shall not operate as a waiver of Lessor's rights to retain any or all security under this section. Should Lessee hold over and remain in possession of the Premises at the expiration of any term hereby created, Lessee shall, by virtue of this paragraph, become a Lessee by the month at twice the Rent per month of the last monthly installment of Rent above provided to be paid, which said monthly tenancy shall be subject to all the conditions and covenants of this Lease as though the same had been a monthly tenancy instead of a tenancy as provided herein, and Lessee shall give to Lessor at least thirty (30) days' written notice of any intention to remove from the Premises, and shall be entitled to ten (10) days' notice from Lessor in the event Lessee desires possession of the Premises; provided, however, that said Lessee by the month shall not be entitled to ten (10) days' notice in the event said Rent is not paid in advance without demand, the usual ten (10) days' written notice being hereby expressly waived.

**NOISE, ODORS,**

18. LESSEE will not use the interior and/or exterior portion of the premises so as to cause noise, noxious odors, accumulation of waste and garbage, vibrations from machinery, or any other disturbance or nuisance which may create undue annoyance or hardship to another tenant of the lessor, and/or damage or impairment to Lessor's property.
Bands will not be allowed to practice until after 6:00 PM and up to midnight. Lessee will not be allowed to disturb other tenants while practicing or this lease will become null and void.

**SIGNS:**

19. LESSEE must obtain approval from the Lessor prior to erecting any signs. Lessor shall have the right to determine the size, materials and lighting thereof; and the Lessor, may, at its option, order and have the signs installed from one source, same to be at the expense of the Lessee. No painting of signs shall be permitted direct to the masonry. Lessee fully understands that the Lessor may remove, without notice, any such signs which will be in violation of this lease. At the termination of this lease, at Lessee's sole expense, Lessee shall remove all signs and restore the building's masonry paint to its original state. If directory sign becomes available, Lessee will be responsible for all expenses associated with its position on such a directory sign, including the pro-rata costs of erecting and maintaining such a directory sign.

**RECEIVERSHIP, BANKRUPTCY, INSOLVENCY:**

20. LESSEE expressly covenants that, unless agreed in writing by Lessor, neither adverse zoning nor other governmental regulations, nor receivership, bankruptcy, insolvency, nor any other event, shall operate to relieve Lessee from the obligations of Lessee hereunder, and Lessee waives the defense of impossibility of performance, whether arising thereby or by reason of any other matter or event, however caused.

**PARKING AREA RESTRICTIONS:**

21. LESSEE will use the parking spaces directly in front of Lessee's premises. Any vehicle not operational and which remains in front of Lessee's premises for a period of five days or more, will be considered "Junk" and Lessor will have the right to have such "Junk" vehicle or vehicles towed from the premises and Lessee shall be responsible for all towing expenses. Lessee also will not use the outside of the premises for storing auto parts, machinery, equipment, or anything other than Lessee's vehicles. Lessor shall have the right to remove all of the above articles at the expense of the Lessee.

**SUBLETTING OF PREMISES:**

22. LESSEE may not assign this lease, or let or underlet the whole or any part of said premises without the written consent of the Lessor, provided: the Lessee remains liable on the within lease, and the assignee shall execute an assumption of this lease agreement in recordable form.

3

MP

| | |
|---|---|
| INSURANCE<br>PAYMENT: | 23. LESSEE will not use the premises for any purpose which may increase the base rate of fire, extended coverage and liability insurance; that in the event the standard base rates cannot be obtained by reason of the Lessee's use of the premises, then and in that event, the Lessee shall forthwith upon notice, either desist from said unacceptable use and/or pay such additional insurance premiums. Lessee acknowledges that the standard insurance rate for the year __2007__ assessed against the building will be paid by the Lessor and said year will be considered the base premium year. In any succeeding year, any increases in the insurance premium over the base year's insurance will be paid proportionally by all the Lessees of the building in the proportion that their respective premises bears to the total leased premises. Lessee shall pay to the Lessor his proportional increase within 15 days after the Lessee notifies the Lessee that Lessor has paid the increase. |
| ADDITIONAL<br>COVENANTS OF<br>THE LEASE: | **24.** a/ LESSEE will pay the rent as herein specified without notice.<br>b/ LESSEE will furnish a mail box.<br>c/ LESSEE will furnish the necessary type fire extinguisher, exit signs and emergency lights to meet all codes.<br>d/ LESSEE will furnish an adequate trash container and proof submitted to the Lessor within 30 days or a dumpster will be ordered at Lessee's own expense.<br>e/ **LESSEE is required to have waste and recycling service as required by the Lessor and all governing Municipalities.**<br>f/ LESSEE will not keep flammable chemicals on the premises, unless properly ventilated.<br>g/ **LESSEE will comply with all lawful requirements of the Board of Health, Police and Fire Departments, Municipal, County, State and Federal authorities respecting the manner in which Lessee uses the leased premises.**<br>h/ LESSEE will not be permitted to have pets or guard dogs of any kind.<br>i/ LESSEE PAYS **TENANT PAYS** WATER CHARGE **and IS SUBJECT TO CHANGE AT ANYTIME**.<br>j/ LESSEE will not be allowed on the roof without written permission from the Lessor. If Lessee shall install any type of equipment on the roof, such as an air conditioner, antennas, air vents, etc., the Lessor shall not be responsible for any damage caused by leakage to the premises, which may also result in damage to Lessee's personal property. In the event of damage due to the above said, Lessee shall be responsible for repairing the entire roof area above Lessee's premises as soon as possible an at the expense of Lessee.<br>k/ **Absolutely no car repair, painting or storage of cars on the exterior of the premises. Painting will not be allowed on the interior of the premises without an approved fire rated spray booth. Any violation of the above will cause this lease to become null and void.** |
| | 25. LESSEE has examined the premises and is familiar with the condition thereof, and accepts the same in their present condition. Lessor has made no representations or warranties to Lessee respecting the condition of the premises. |
| LESSOR'S RIGHT<br>OF ENTRY: | 26. The LESSOR, its' agents, or employees, shall have the right to enter said premises during all reasonable hours, to examine make repairs, alterations, etc. as may be deemed necessary. Lessor, in his sole judgment may enter the premises at any time and by any means, if there appears to be an emergency with the premises. No additional locks or bolts of any kind shall be placed upon any of the doors or windows by Lessee, nor shall any changes be made in the existing locks or the mechanism thereof unless Lessee shall simultaneously therewith give keys to the same to Lessor. If Lessee shall make any modifications such as welding plates or changes to doors or windows. Lessee will be responsible to replace doors or windows at Lessee's expense. |
| LEGAL: | 27. a/ In the event of a default by Lessee entitling Lessor to serve a three day notice of eviction pursuant in Florida Statute Section 83.20, as now or hereafter existing and if Lessor or Lessor's attorneys shall serve such a notice upon Lessee, Lessee agrees to pay an attorneys fee of Fifty ($50.00) Dollars for each time that service of said notice is effected. Said notice shall be deemed served if accomplished in a manner described by law or by certified mail, return receipt requested.<br>b/ The parties acknowledge and agree that all provisions contained herein with respect to liquidated damages are reasonable, in amount it being the agreement of the parties, that, as of the date hereof, actual damages that may be suffered by Lessor in the event of default or breaches of the terms hereof by Lessee are incapable of ascertainment.<br>c/ Lessee agrees to pay all legal fees and expenses incurred by Lessor in enforcing any of the terms hereof, or in the defense of any action brought by Lessee hereunder, or incident to any other litigation or negotiation in which Lessor shall become involved, subsequent to the date of the execution hereof. through or on account of this lease, including but not limited to appellate fees, if applicable.<br>d/ With respect to any provision of this lease which provides that Lessor shall not unreasonably withhold or unreasonably delay any consent or any approval. Lessee, in no event, shall be entitled to make nor shall Lessee make any claim for and Lessee hereby waives any claim for money damages; nor shall Lessee claim any money damages by way of set off, counterclaim or defense, based upon any claim or assertion by Lessee that Lessor has unreasonably withheld or unreasonably delayed any consent or approval; but Lessee's sole remedy shall be an action or proceeding to enforce any such provision.<br>e/ It is expressly agreed by the parties hereto that Lessor shall have no liability to Lessee whatsoever if Lessor shall be unable to deliver possession of the premises to Lessee on the date of the commencement of the term hereof for any reason whatsoever, including, but not limited to, the fact that the building in which the premises are located has not been completely or sufficiently completed to make the premises ready for occupancy. Under such circumstances, the rental reserved and covenanted to be paid herein shall be abated pending the making available of the premises to Lessee. No such failure to deliver possession of the premises on the commencement date of the term of this lease shall in any manner affect the validity of this lease or its terms.<br>f/ Lessee shall not be entitled to any abatement of rent or rental value or diminution of rent in any eviction or distress action of proceeding instituted by the Lessor for non-payment of rent or additional rent or in any eviction or distress action or proceeding by reason of any breach or default by the Lessor of any covenant contained in this lease or its part to be performed. Lessee will not interpose any counterclaim of whatever nature or description in any such proceeding. The Lessee shall not have the right of set off by way of damages, recoupment, or counterclaim for any damages which Lessee may have sustained by reason of Lessor's failure to |

4

perform any of the terms, covenants or conditions contained in this Lease. Lessee shall, however, have the right to commence independent action for any relief to which Lessee may deem it is entitled.

g/ If Lessee vacates or abandons the demised premises in violation of this lease agreement, any property shall be deemed to have been abandoned and may either be retained by Lessor as the property of, or may be sold at public or private sale with such terms Lessor, in good faith see fit. Any property of Lessee sold at the public or private sales shall be applied by Lessor against (1) the expenses of Lessor for removal, storage or sale of the personal property, (2) the arrears of rent or future rent payable under this lease agreement, and (3) any other damages to which Lessor may be entitled under this lease agreement. The balance of such amounts, if any, shall be given to Lessee.

h/ Lessee hereby waives all right of subrogation against Lessor as respects any insurance proceeds that it may collect from its own insurance carrier.

i/ It is mutually agreed by and between Lessor and Lessee that the respective parties herein hereby waive trial by jury in any action or proceeding brought by either party pertaining to any matter whatsoever arising out of or in any way connected with this lease or Lessee's occupancy of the premises. Any action brought by either party arising from or in any way pertaining to this lease or Lessee=s occupancy of the premises shall be brought in a state court of competent jurisdiction in the County in which the Premises is located.

j/ Unless expressly so stated in writing by Lessor, no act or thing done or omitted by Lessor or Lessor's agents during the term of this lease shall constitute an eviction by Lessor, nor shall any such act or thing done be deemed an acceptance of the surrender of the premises and no agreement to accept a surrender shall be valid unless in writing signed by Lessor. No employee of Lessor or Lessor's agent shall have any power to accept the keys of the premises prior to the termination of this lease. The delivery of keys to any employee of Lessor shall not operate as a termination of the lease or a surrender of the premises. However, the non-delivery of keys to Lessor at the termination (natural or premature) of any lease agreement shall operate to continue the obligations of Lessee for payment of rent irrespective of its possession of the premises until such time as the keys are delivered to Lessor.

k/ Lessee shall not do any act or make any contract which may create or be the foundation for any lien or other encumbrance upon any interest of Lessor in the premises. If as the result of any act, or omission or alleged act or omission of Lessee, any mechanic's, materialmen's, laborer's or other lien charge or order for the payment of money or other encumbrance shall be filed against Lessor or any portion of premises, whether or not such lien, charge, order or encumbrance is valid or enforceable as such. Lessee shall, at its own cost and expense, cause the same to be discharged of record or bonded within ten days after notice to Lessee of the filing thereof. Lessee shall indemnify and save harmless Lessor from all cost, liabilities, suits, penalties, claims and demands, including reasonable attorney's fees, resulting therefrom. At Lessor's option Lessee will furnish lien waivers or a bond in form and with surety satisfactory to Lessor prior to commencing any work in connection with making alterations or improvements to the premises. If Lessee fails to comply with the foregoing provisions, Lessor shall have the option of discharging or bonding any such lien, charge, order or encumbrance, and Lessee agrees to reimburse Lessor for all costs, expense and other sums of money in connection therewith upon demand all materialmen, contractors, artisans, mechanics, laborers and any other persons now or hereafter contracting with Lessee for the furnishing of any labor, services, materials, supplies or equipment with respect to any portion of the premises are hereby charges with notice that they must look exclusively to Lessee to obtain payment for same, and Lessee agrees to so inform such persons.

l/ Wherever throughout this lease, the Lessee is required to do any act or expend any money to a third party, including but not limited to the repair and maintenance of the premises, trash removal, if Lessee refuses or neglects to perform any such act or make any such payment Lessor may, without notice, cause said act to be performed or expend said money on behalf of and or the account of Lessee, and in such event, Lessee shall reimburse Lessor for all such expenditures within ten days from demand therefore by Lessor.

m/ All sums of money which may, in addition to the rent herein provided, be due and payable by Lessee to Lessor pursuant to any of the terms of this lease, shall be considered as additional rental.

n/ Any notice, approval, consent or other communication required or permitted to be served pursuant to this lease shall be considered served on Lessor if delivered to Lessor and receipted therefore in writing or delivered to Lessor and receipted therefore by certified mail with return receipt requested, at the address set forth herein or such other address as Lessor from time to time designated in writing, and any notices, approvals, consents or other communications required or permitted to be delivered to Lessee shall be deemed delivered if delivered to the premises, or deposited in the United States mail, postage prepaid, and addressed to the premises.

o/ This agreement shall be governed by the laws of the State of Florida.

p/ Nothing contained in this lease shall be construed to create the relationship of principal and agent, partnership, joint venture or any other relationship between the parties hereto other than the relationship of Lessor and Lessee.

q/ If the Lessor deems it necessary to obtain security service for the protection of the tenants, in that event the Lessor shall have the authority to assess each tenant within the premises an amount based upon square footage of the tenants premises. The payment will be assessed and become due and payable with the monthly rent. This assessment shall be based upon the actual cost of service.

r/ In the event the business is sold the Lessor has the option to adjust the rent and a new lease shall be made between the new buyer and the Lessor.

s/ Under no circumstances shall glue, lacquer thinner or other toxins or any other items that could be environmentally hazardous be permitted to ooze, seep or be spilled into the ground. Any violations of the above, shall cause the tenant to be personally responsible to bear the total expense of the curing of the problems created by his negligence and shall satisfy all of the Municipal, State and Federal agency requirements and cost to correct the condition.

t/ Lessee shall indemnify and hold harmless the owner and their agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising from or resulting from the occupancy of the premises, including damage or loss to contents of personal property from water, fire, theft, or any other reason.

u/RADON GAS NOTIFICATION: (the following notification may be required in some states): Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal state guidelines have been found in buildings. Additional information regarding radon and radon testing may be obtained from your county public health unit.

5

IN WITNESS WHEREOF, the parties hereto set their hands and seals on the day and year first above written.

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

WITNESS

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

WITNESS

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.

TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.

POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:

1.  TENANT MUST FURNISH THE LANDLORD WITH CERTIFICATE OF INSURANCE AS STATED IN THE LEASE.
2.  TENANT MUST FURNISH THE LANDLORD WITH A FULL COPY OF CORPORATE DOCUMENTS.
3.  POSSESSION OF THE ABOVE DESCRIBED PREMISES WILL NOT BE GIVEN TO TENANT UNTIL:
    A.   THIS APPLICATION HAS BEEN CHECKED AND APPROVED BY LANDLORD.
    B.   THE LEASE HAS BEEN SIGNED AND THE RENT AND SECURITY HAVE BEEN DEPOSITED WITH THE LANDLORD.
    C.   THE TENANT HAS PROVIDED THE PROCESS NUMBER FOR THE OCCUPATIONAL LICENSE WITH THE APPROPRIATE CITY MUNICIPALITY AND TENANT HAS 30 DAYS FROM SIGNING THIS APPLICATION TO PROVIDE LANDLORD A COPY OF THE OCCUPATIONAL LICENSE, CERTIFICATED OF USE & FIRE INSPECTION PERMIT FOR TENANT FILE.
    D.   THE TENANT HAS PROVIDED A RECEIPT AS PROOF THAT THE WATER ACCOUNT HAS BEEN ACTIVATED
    E.   IF THE BUILDING HAS A FIRE ALARM PANEL, TENANT IS RESPONSIBLE FOR MAINTAINING THE MONITORING SERVICE AND PROVIDE THE LANDLORD PROOF OF SERVICE
    F.   ALL REQUIRED DOCUMENTS HAVE BEEN PROVIDED.
4.  THE LANDLORD HAS THE OPTION TO ACCEPT OR REJECT THIS APPLICATION, IF ACCEPTED, THE DEPOSIT SPECIFIED ABOVE WILL BE CREDITED ON THE ACCOUNT OF THE FIRST MONTH'S RENT. IF NOT ACCEPTED, THE DEPOSIT WILL BE RETURNED. THE TENANT HEREBY WAIVES ANY CLAIM FOR THE DAMAGES BY REASON OF NON-ACCEPTANCE OF THIS APPLICATION, WHICH THE LANDLORD MAY REJECT WITHOUT STATING ANY REASON FOR SAME.
5.  NO DOGS, CATS OR OTHER ANIMALS WILL BE ALLOWED ON THE PREMISES.
6.  THE LANDLORD WILL NOT BE RESPONSIBLE FOR OCCUPANCY ON THE ABOVE MENTIONED BAY TO THE TENANT, DUE TO ANY DELAY.
7.  THE LESSEE SHALL BE RESPONSIBLE TO OBTAIN THE NECESSARY FEDERAL, STATE AND LOCAL LICENSES TO CONDUCT LESSEE'S BUSINESS AT THE ABOVE ADDRESS AND SHALL BEAR ALL COSTS NECESSARY TO OBTAIN SUCH LICENSES.

In consideration of the letting of the premises within mentioned to the within named Tenant and the sum of $1.00 paid to the undersigned by the within named Landlord, the undersigned does hereby covenant and agree, to and with the Landlord and Landlord's legal representatives and assigns, that if default shall at any time be made by the Tenant in the payment of any rent or the performance of any of the terms, covenants or agreements contained the within lease on the Tenant's to be paid and performed, the undersigned will well and truly pay the said rent, or any arrears hereof that may be due unto the Landlord as well as any damages that may arise as consequence of such non-performance without requiring notice of any default from the Landlord and the undersigned agrees that this guaranty shall not be affected by reason of the assertion by Landlord against Tenant of any rights or remedies reserved to Landlord in said lease or by reason of summary or other proceedings against Tenant or by reason of any extension of indulgences granted by Tenant. The undersigned waives trial by jury in any action or proceeding brought by either Landlord or the undersigned against the other on any matters relating to said lease or this guaranty.

BRIAN HOLLAND AND ANDREA HOLLAND a.k.a
BRIAN HOLLAND 5561 RENT ACCOUNT

WITNESS

BRIAN K. HOLLAND, MANAGER

APLUS LAMINATION & FINISHING

WITNESS

MARCELA PEREZ, PRESIDENT FOR APLUS LAMINATION & FINISHING

BRIAN HOLLAND AND ANDREA

HOLLAND a/k/a/ BRIAN HOLLAND
5561 RENT ACCOUNT,

    Plaintiff,

vs.

APLUS LAMINATION & FINISHING
INC., a Florida Corporation and all
other occupants,

    Defendants.

_____/

FOR

IN THE COUNTY COURT IN AND

MIAMI-DADE COUNTY

CIVIL DIVISION

CASE    NO:

18-8187 CC 05

## ORDER DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT

**THIS CAUSE CAME ON TO BE HEARD** before me, on May 3, 2018, upon Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court, and, having appeared counsel for Plaintiff and Defendant and the respective parties, after having heard argument from counsel, having reviewed the Court file and being otherwise fully advised in the premises, it is:

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court be and the same is hereby granted.

2. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 7, 2018.

3. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 14, 2018.

3. The Defendant shall further timely deposit the rent as it becomes due into the Registry of Court.

4. The Defendant's failure to timely pay the ordered sums into the Registry of Court shall constitute and absolute waiver of its defenses, other than payment or proof of payment, and Plaintiff shall be entitled to a Default/Default Final judgment for Removal of Tenant and a Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes.

5. Upon Defendant making timely deposit into the Registry of Court of the sums due on May 7, 2018 and May 14, 2018, the parties shall appear for mediation on May 15, 2018 at 1:30 PM.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/10/18.

ALEXANDER S. BOKOR
COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall

Exhibit C

IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Conformed copies to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff

ALEXANDER E. BORELL, ESQ.
Attorney for Defendant

ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

## BRIAN HOLLAND ET AL VS. APLUS LAMINATION & FINISHING, INC.

**Local Case Number:** 2018-008187-CC-05

**Filing Date:** 04/13/2018

**State Case Number:** 132018CC008187000005

**Case Type:** Evictions < $15,000

**Consolidated Case No.:** N/A

**Judicial Section:** CC04

**Case Status:** OPEN

**👥 Parties**                                    Number of Parties: 4  ➕

**🔧 Hearing Details**                            Number of Hearing: 2  ➕

**🔊 Dockets**                                    Dockets Retrieved: 26  ➖

Exhibit D

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 23 | 05/17/2018 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 22 | 05/17/2018 | | Mediators Report | Event | **CASE CANCELLED** |
| 📄 | 21 | 05/17/2018 | | Memorandum of Disposition | Event | |
| 📄 | 20 | 05/15/2018 | | Notice of Filing: | Event | |
| | | 05/15/2018 | | Mediation | Hearing | |
| 📄 | 19 | 05/10/2018 | | Order: | Event | **DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT** |
| 📄 | 18 | 05/09/2018 | | Order of Referral to Mediation Unit | Event | |
| | 16 | 05/07/2018 | | Receipt: | Event | **RECEIPT#:2430012 AMT PAID:$9,142.50 NAME:NUBIA PEREZ/APLUS LAMATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $9,000.00 $9,000.00 2108-COURT REGISTRY FEE 1 $142.50 $142.50 TENDER TYPE:CHECK** |
| 📄 | 15 | 05/04/2018 | | Memorandum of Disposition | Event | |
| | | 05/03/2018 | | Status Hearing | Hearing | |
| 📄 | 17 | 04/27/2018 | | Notice of Hearing- | Event | **05/03/2018** |

Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 14 | 04/25/2018 | | Affidavit as to Costs | Event | |
| 📄 | 13 | 04/25/2018 | | Affidavit of Non-Payment | Event | |
| 📄 | 12 | 04/25/2018 | | Non-Military Affidavit | Event | |
| 📄 | 11 | 04/25/2018 | | Service Returned | Event | |
| 📄 | 10 | 04/25/2018 | | Motion: | Event | |
| 📄 | 9 | 04/25/2018 | | Answer and Affirmative Defense | Event | |
| 📄 | 8 | 04/25/2018 | | Notice of Appearance | Event | |
| | 7 | 04/24/2018 | | Receipt: | Event | RECEIPT#:2350016 AMT PAID:$5,082.50 NAME:APLUS LAMINATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $5,000.00 $5,000.00 2108-COURT REGISTRY FEE 1 $82.50 $82.50 TENDER TYPE:CHECK T |
| | 6 | 04/18/2018 | | Receipt: | Event | RECEIPT#:2200061 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/18/2018 REGISTER#:220 CASHIER:NMERKER |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 5 | 04/18/2018 | | Summons and Complaint Mailed | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| | 04/18/2018 | | 5 Day Summons Issued | Service | |
| 4 | 04/18/2018 | | 5 Day Summons Issued | Event | *Parties: Aplus Lamination & Finishing Inc.* |
| 3 | 04/17/2018 | | Receipt: | Event | **RECEIPT#:3430137 AMT PAID:$185.00 NAME:COLLETTI, JOSEPH R. 4770 BISCAYNE BLVD STE 1400 MIAMI FL 33137-3243 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $185.00 $185.00 TENDER TYPE:E-FILING ACH TENDER AMT:$1** |
| 2 | 04/13/2018 | | Motion: | Event | **FOR DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT.** |
| 1 | 04/13/2018 | | Complaint | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)

| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)

(http://www.miamidade.gov)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

S0142976

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

_Southern_ District of _Florida_

Case number (*if known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an
amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|   | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| 1. **Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Nubia**<br>First name<br>**Marcella**<br>Middle name<br>**Perez**<br>Last name | First name<br><br>Middle name<br><br>Last name |
| Bring your picture identification to your meeting with the trustee. | Suffix (Sr., Jr., II, III) | Suffix (Sr., Jr., II, III) |

| 2. **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| --- | --- | --- |

| 3. **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – **9 9 0 1**<br>OR<br>**9** XX – XX – ___ ___ ___ | XXX – XX – ___ ___ ___ ___<br>OR<br>**9** XX – XX – ___ ___ ___ |
| --- | --- | --- |

Exhibit E

Debtor 1 _Nubia Marcella Perez_
First Name  Middle Name  Last Name

Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

☐ I have not used any business names or EINs.

A Plus Lamination & Finishing Inc
Business name

_____
Business name

20-8122078
EIN

_ - _ _ - _ _ _ _
EIN

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

_ _ - _ _ _ _ _ _ _
EIN

_ _ - _ _ _ _ _ _ _
EIN

**5. Where you live**

5559 N.W. 36th Ave
Number   Street

Miami, FL   33142
City   State   ZIP Code

Miami-Dade
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number   Street

_____
P.O. Box

_____
City   State   ZIP Code

If Debtor 2 lives at a different address:

_____
Number   Street

_____

_____
City   State   ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number   Street

_____
P.O. Box

_____
City   State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Debtor 1  _Nubia   Marcella   Perez_
           First Name   Middle Name   Last Name

Case number (if known) _____

## Part 2:  Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

❑ Chapter 7

☑ Chapter 11

❑ Chapter 12

❑ Chapter 13

**8. How you will pay the fee**

❑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

❑ Yes.  District _____  When _____  Case number _____
                                              MM / DD / YYYY

        District _____  When _____  Case number _____
                                              MM / DD / YYYY

        District _____  When _____  Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

❑ Yes.  Debtor _____  Relationship to you _____

        District _____  When _____  Case number, if known _____
                                              MM / DD / YYYY

        Debtor _____  Relationship to you _____

        District _____  When _____  Case number, if known _____
                                              MM / DD / YYYY

**11. Do you rent your residence?**

❑ No.  Go to line 12.

❑ Yes.  Has your landlord obtained an eviction judgment against you?

        ☑ No. Go to line 12.  **No residence**

        ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1 ___Nubia___ ___Markella___ ___Perez___
First Name    Middle Name    Last Name

Case number *(if known)* _____

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No. Go to Part 4.

☐ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any _____

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

Number    Street _____

_____

City _____ State ____ ZIP Code ____

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☑ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
Number    Street

_____

City _____ State ____ ZIP Code ____

---

Official Form 101              Voluntary Petition for Individuals Filing for Bankruptcy                    page 4

Debtor 1 _Nubia  Marcela  Perez_
   First Name    Middle Name    Last Name

Case number (if known) _____

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on _5/14/2018_
   MM / DD / YYYY

Executed on _____
   MM / DD / YYYY

Official Form 101        **Voluntary Petition for Individuals Filing for Bankruptcy**        page 6

5:29 PM
05/14/18

# A Plus Lamination & Finishing Inc. - Combo
## A/P Aging Summary
### As of May 14, 2018

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Actega North America, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 3,046.51 | 3,046.51 |
| ALEXANDER E. BORELL | 750.00 | 0.00 | 0.00 | 0.00 | 0.00 | 750.00 |
| Amtrust North America | 0.00 | 0.00 | 0.00 | 0.00 | 4,987.70 | 4,987.70 |
| APF INC.-002 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Armas Machine Shop, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Nation Chevrolet Doral | 173.16 | 0.00 | 0.00 | 0.00 | 0.00 | 173.16 |
| Capital One Bank | 0.00 | 0.00 | 214.85 | 0.00 | 1,961.98 | 2,176.83 |
| Checksfor less | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| City of Hialeah | 0.00 | 136.09 | 0.00 | 0.00 | 0.00 | 136.09 |
| Comcast Business | 0.00 | 0.00 | 415.32 | 0.00 | 0.00 | 415.32 |
| COSMO CLAIM 2018 | 0.00 | 18,692.54 | 0.00 | 0.00 | 0.00 | 18,692.54 |
| Cosmo Films Inc.-V | 0.00 | -15,800.57 | 0.00 | 0.00 | 15,800.57 | 0.00 |
| Credit Management, LP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| D & K CLAIM | 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 | 3,500.00 |
| D & K INTERNATIONAL, INC. | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 4,500.00 |
| DDREPRO | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 | 14.00 |
| Delran, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Department of Water & Sewers | 242.15 | 0.00 | 0.00 | 0.00 | 0.00 | 242.15 |
| Derprosa (Taghleef Industries) | 0.00 | 14,594.33 | 0.00 | 0.00 | 1,322.97 | 15,917.30 |
| DISTRIGRAPH INC. | 0.00 | 0.00 | 0.00 | 0.00 | 7,956.17 | 7,956.17 |
| Doral Digital Reprographics, Corp. | 0.00 | -14.98 | 0.00 | 0.00 | 14.98 | 0.00 |
| FLORIDA FLEXIBLE SCREEN PR | 0.00 | 0.00 | 61.50 | 0.00 | 0.00 | 61.50 |
| FPL | 1,868.49 | 0.00 | 0.00 | 0.00 | 0.00 | 1,868.49 |
| Francisco Gabriel Perez LOAN | 0.00 | 0.00 | 3,000.00 | 0.00 | 750.00 | 3,750.00 |
| Frontline Asset Strategies, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 1,000.00 |
| GRAINGER | 0.00 | 0.00 | 0.00 | 0.00 | 5.30 | 5.30 |
| HOME DEPOT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | 0.00 | 0.00 | 0.00 | 0.00 | 15,503.44 | 15,503.44 |
| KANGDE XIN AMERICA, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 7,594.09 | 7,594.09 |
| LAIRD PLASTICS | 0.00 | 0.00 | 0.00 | 0.00 | 219.40 | 219.40 |
| MARATHON COURIER | 0.00 | 20.00 | 252.00 | 0.00 | 0.00 | 272.00 |
| MATT D. GOLDMAN TRUST ACCOUNT | 0.00 | 0.00 | 0.00 | 0.00 | 1,250.00 | 1,250.00 |
| METRO PCS APLUS ACC | 0.00 | 0.00 | 0.00 | 2.60 | -2.60 | 0.00 |
| MIAMI-DADE COUNTY TAX COLLECTOR | 0.00 | 16,478.09 | 0.00 | 0.00 | 2,669.73 | 19,147.82 |
| Miami Dade Expressway Authority (MDX) | 0.00 | 0.00 | 0.00 | 0.00 | 311.08 | 311.08 |
| MYRON CORP. | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 |
| Nobelus LLC | 0.00 | 0.00 | 0.00 | 0.00 | 1,578.90 | 1,578.90 |
| NUBIA PEREZ LOANS | 0.00 | 0.00 | 7,100.00 | 236.94 | 0.00 | 7,336.94 |
| OFFICE DEPOT | 0.00 | 0.00 | 0.00 | 0.07 | -0.07 | 0.00 |
| PAPER KNIGHT 2018 | 0.00 | 220.00 | 0.00 | 0.00 | 0.00 | 220.00 |
| PHONES R US, Inc | 0.00 | 0.00 | 0.00 | 0.00 | 224.70 | 224.70 |
| Platinum Graphics | 0.00 | 440.00 | 0.00 | 0.00 | 0.00 | 440.00 |
| PROpack Industries, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| QUILL CORPORATION | 0.00 | 129.44 | 0.00 | 0.00 | 0.00 | 129.44 |
| Santander Consumer USA | 0.00 | 2,029.72 | 0.00 | 0.00 | 0.00 | 2,029.72 |
| Tape Group USA, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,330.00 | 1,330.00 |
| TOTAL PACK | 0.00 | 162.71 | 0.00 | 0.00 | 0.00 | 162.71 |
| Transilwrap Company, Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 1,944.83 | 1,944.83 |
| UNIVERSAL PRESSROOM PRODUCTS LLC | 0.00 | 0.00 | 0.00 | 0.00 | 23,695.65 | 23,695.65 |
| UNIVERSAL WIPING CLOTH | 0.00 | 0.00 | 0.00 | 109.00 | 0.00 | 109.00 |
| UPS-V | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| URBAPRINT, LLC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Valley National Bank -2625 | 0.00 | 0.00 | 0.00 | 0.00 | 28,355.00 | 28,355.00 |
| Valley National Bank Loan -2198 small | 0.00 | 0.00 | 0.00 | 0.00 | 100,786.77 | 100,786.77 |
| Vencol | 0.00 | 1,739.43 | 0.00 | 0.00 | 0.00 | 1,739.43 |
| VH FINANCIAL SERVICES INC | 0.00 | 125.00 | 675.00 | 0.00 | 225.00 | 1,025.00 |
| WASTE MANAGEMENT OF DADE COUNTY | 0.00 | 451.72 | 0.00 | 0.00 | 0.00 | 451.72 |
| **TOTAL** | 3,047.80 | 39,403.52 | 11,718.67 | 348.61 | 230,546.10 | 285,064.70 |

5:27 PM
05/14/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| **1000 · BANKS** | |
| 1005 · Wells Frgo -5536 | |
| 1001 · Wells Fargo-7824 | 9,843.43 |
| 1002 · WF Savings Recurruing-9447 | -19,681.58 |
| **Total 1000 · BANKS** | 454.06 |
|  | -9,384.09 |
| **Total Checking/Savings** | |
|  | -9,384.09 |
| **Accounts Receivable** | |
| **1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** | |
| 1101 · Accounts Receivable | |
| 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran) - Other | 46,328.64 |
| **Total 1100 · ACCOUNTS RECEIVABLES (Generated account for AR tran)** | 5,889.99 |
|  | 52,218.63 |
| **Total Accounts Receivable** | |
|  | 52,218.63 |
| **Other Current Assets** | |
| **1200 · OTHER CURRENT ASSETS** | |
| 1201 · Accounts Receivable-A* (Generated account for transac) | |
| 1203 · Employee Advances | 4,166.96 |
| 1204 · *Inventory Asset | 19,463.73 |
| 1205 · Prepaid Expenses | 81.49 |
| 1206 · Raw Materials Inventory | 45,773.78 |
| **Total 1200 · OTHER CURRENT ASSETS** | 78,142.50 |
|  | 147,628.46 |
| 12001 · Undeposited Funds (Funds received, but not yet deposited to a bank account) | 26,153.45 |
| **Total Other Current Assets** | |
|  | 173,781.91 |
| **Total Current Assets** | |
|  | 216,616.45 |
| **Fixed Assets** | |
| **1300 · FIXED ASSETS** | |
| 1304 · Accum. Depreciation - Equipmen | |
| 1307 · Accum. Depreciation - Other | -370,636.00 |
| 1308 · Automobiles | -12,795.00 |
| 1309 · Equipment | 40,482.91 |
| 1310 · Furniture and Fixtures | 718,416.95 |
| **Total 1300 · FIXED ASSETS** | 1,569.87 |
|  | 377,038.73 |
| **Total Fixed Assets** | |
|  | 377,038.73 |
| **Other Assets** | |
| **1400 · OTHER ASSETS** | |
| 1401 · Accum. Amortiz. - Org. Costs | |
| 1402 · Deposits | -11,277.00 |
| 1403 · Other Noncurrent Assets | 9,542.85 |
|  | 879,126.00 |
| **Total 1400 · OTHER ASSETS** | |
|  | 877,391.85 |
| **Total Other Assets** | |
|  | 877,391.85 |
| **TOTAL ASSETS** | |
|  | 1,471,047.03 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 1500 · Accounts Payable | |
|  | 285,064.70 |
| **Total Accounts Payable** | |
|  | 285,064.70 |
| **Credit Cards** | |
| **1600 · CREDIT CARD** | |
| 1601 · Capital One - 1195 | |
| 1602 · Credit One -4708 (Credit One) | -214.85 |
|  | -5,214.22 |

5:27 PM
05/14/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Balance Sheet
### As of May 14, 2018

|  | May 14, 18 |
|---|---|
| 1603 · Shell-823 | 978.09 |
| **Total 1600 · CREDIT CARD** | -4,450.98 |
| **Total Credit Cards** | -4,450.98 |
| Other Current Liabilities | |
| 1700 · OTHER CURRENT LIABILITY | |
| 1702 · *Sales Tax Payable | 411.43 |
| 1703 · Wages Payable | 270,591.89 |
| 1700 · OTHER CURRENT LIABILITY - Other | -24,892.54 |
| **Total 1700 · OTHER CURRENT LIABILITY** | 246,110.78 |
| **Total Other Current Liabilities** | 246,110.78 |
| **Total Current Liabilities** | 526,724.50 |
| Long Term Liabilities | |
| 1800 · LONG TERM LIABILITY | |
| 1801 · 1st United Bank Loan | -184,006.67 |
| 1802 · Jim H Hawk (466K) | 184,714.06 |
| 1803 · Nubia M Perez | 174,883.00 |
| 1804 · Nubia M Perez ( HELOC) | 98,449.00 |
| 1805 · Matt D Goldman | 111,500.00 |
| 1806 · Valley National Bank-2198 | 106,916.56 |
| 1807 · Valley National Bank - 2625 | 728,749.73 |
| 1800 · LONG TERM LIABILITY - Other | -7,100.00 |
| **Total 1800 · LONG TERM LIABILITY** | 1,214,105.68 |
| **Total Long Term Liabilities** | 1,214,105.68 |
| **Total Liabilities** | 1,740,830.18 |
| Equity | |
| 3000 · Beginning Balance Equity | -174,764.12 |
| 3001 · Common Stock | 100.00 |
| 3003 · Opening Bal Equity | -366,506.26 |
| 3005 · Retained Earnings | 216,423.09 |
| Net Income | 12,383.54 |
| **Total Equity** | -312,363.75 |
| **TOTAL LIABILITIES & EQUITY** | 1,428,466.43 |

Debtor 1  _Nubia Marcella Perez_
    First Name   Middle Name   Last Name

Case number *(if known)* _____

---

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No

☐ Yes. Name of Person_____
    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _(signature)_          ✗ _____
Signature of Debtor 1          Signature of Debtor 2

Date **5/14/2018**
    MM / DD / YYYY

Date _____
    MM / DD / YYYY

Contact phone **305-636-9888**
Contact phone _____

Cell phone **305-910-1607**
Cell phone _____

Email address **apluslama@gmail.com**
Email address _____

---

Debtor 1 __Nubia  Marcela  Perez__    Case number *(if known)* _____
　　　　　First Name　Middle Name　Last Name

---

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

---

**15.** **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

　☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

　☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

　☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

　☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

　☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

　☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1   _Nubia Marcella Perez_                    Case number (if known)_____
           First Name   Middle Name   Last Name

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _Thomas D. Mann_                      Date   _5/14/2018_
  Signature of Attorney for Debtor                    MM / DD / YYYY

  _Thomas_
  Printed name

  _____
  Firm name

  _4737 N. Ocean Drive, #129_
  Number   Street

  _Fort Lauderdale_          _Fl_   _33308_
  City                       State  ZIP Code

  Contact phone _(954) 200-3536_   Email address _tgnoffice35@gmail.com_

  _0037148   FLORIDA_
  Bar number                 State

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 7

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.    Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness"). The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon. This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments. The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations". The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2.     Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations." The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3.     Primary Liability of Guarantor.

(a)     This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor. This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv)     the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v)     any homestead exemption or any other exemption under applicable law;

(vi)     any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii)     whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii)     the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix)     either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x)     any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)   any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)   the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)   the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)   any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

(xv)    any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)    any early termination of any of the Guaranteed Obligations; or

(xvii)    Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)    In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)    It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)    Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.  All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.  Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)    If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)    Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

     Section 5.    <u>Subordination</u>.

     If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

     (a)    such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

     (b)    Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

     (c)    Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below. In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

Case 1:18-cv-24463-FAM Document 12-1 Entered on FLSD Docket 01/11/2019 Page 194 of
Case 1:15-cv-15825-ARC Doc 12-1 Filed 05/15/18 Page 8 of 19
645

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d) Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor. All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.     Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor. If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness. This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given. Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.     Lender Assigns; Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations. Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof. Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants. Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder. Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

Case 1:18-cv-24463-FAM  Document 12-1  Entered on FLSD Docket 01/11/2019  Page 195 of
Case 1:15-cv-15825-AOR  Doc. 1  Filed 05/15/18  Page 9 of 19
645

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law. Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.    Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.    Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered.  All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such  other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail.  Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.    Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies.  No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default.  No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances.  No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.    Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.    Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.    No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.    Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:   (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.    Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.    Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty shall be effective upon execution by Guarantor and delivery to Lender.  This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded.  As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.    Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida.  Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24. **WAIVER OF JURY TRIAL.**

**GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.**

[CONTINUES ON THE FOLLOWING PAGE]

Case 18-15825-AJC Doc 1 Filed 05/15/18 Page 14 of 15

**IN WITNESS WHEREOF**, Guarantor has duly executed this Guaranty as of the date first written above.

Witnesses:

Print Name: Cathey D. Ware

Print Name: Stephan Desroches

GUARANTOR:
NUBIA M. PEREZ, individually

Name: Nubia M. Perez

STATE OF FLORIDA )
)SS:
COUNTY OF MIAMI-DADE )

The foregoing Guaranty was acknowledged before me this __7__ day of December, 2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is personally known to me or has produced a _Florida Driver License_ as identification, and took an oath.

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

NOTARY PUBLIC
Print Name: __Stephan Desroches__
My Commission Expires: _03/08/2020_

Page 14

Lender:          VALLEY NATIONAL BANK
Borrower:        A PLUS LAMINATION & FINISHING, INC.
Guarantors:      FRANCISCO PEREZ; & NUBIA M. PEREZ
Transaction:     Note & Mortgage Modification and Extension Agreement

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE PROTECTION FROM GARNISHMENT.

I certify that I have read and understood the notice above before signing the attached GUARANTY referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor: NUBIA M. PEREZ                    Date 12/7/2017

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing waiver was acknowledged before me this 7 day of December 2017, by NUBIA M. PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his Florida Driver License as identification.

(Seal)          Stephan Desroches
                State of Florida
                My Commission Expires 03/08/2020
                Commission No. FF 968971

                                          Notary Public
                                          Print Name: Stephan Desroches

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By_____
Name:_____
Its:_____                Date:_____

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-8187-CC-05 (04)

BRIAN HOLLAND et al,
     Plaintiff,

vs.

APLUS LAMINATION &
FINISHING, INC.,

     Defendant.

_____/

## ORDER OF BANKRUPTCY STAY AND CLOSING CASE

Based on a suggestion of bankruptcy, the cause is automatically STAYED. The action shall be administratively closed until further order of court. The parties are directed to advise the court in writing when the stay is lifted and the case is ready to proceed.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida on May 15, 2018.

_____
ALEXANDER S. BOKOR
County Court Judge

*THE CLERK IS ORDERED NOT TO DESTROY FILE UNTIL FURTHER ORDER OF THE COURT*

Copies furnished to all parties

SIGNED AND DATED

MAY 1 5 2018

JUDGE ALEXANDER S. BOKOR

Exhibit F

Form CGFCRD3  (12/1/15)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 18–15825–AJC

Chapter: 11

**In re:**

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx–xx–9901

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN**  that a hearing will be held on **June 27, 2018** at **11:00 AM** at the following location:

**C. Clyde Atkins U.S. Courthouse**
**301 North Miami Avenue**
**Courtroom 7**
**Miami FL 33128**

to consider the following:

**Motion for Relief From The Automatic Stay Filed by Creditors Andrea Holland , Brian Holland [Part 2 of ECF #24]**

**THIS MATTER HAS BEEN SET ON THE COURT'S MOTION CALENDAR FOR A NON–EVIDENTIARY HEARING. THE ALLOTTED TIME FOR THIS MATTER IS TEN MINUTES.**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above–described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002–1(F) and 9073−1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072–2.**

**Dated: 6/1/18**

**CLERK OF COURT**
By: Susan Gutierrez
Courtroom Deputy

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.    Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness"). The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon. This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments. The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations". The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2.    Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations." The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3.    Primary Liability of Guarantor.

(a)    This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor. This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv) the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v) any homestead exemption or any other exemption under applicable law;

(vi) any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii) whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii) the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix) either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x) any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)    any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)    the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)    the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)    any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

(xv)   any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)   any early termination of any of the Guaranteed Obligations; or

(xvii)   Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)   In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)   It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)   Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.   All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.   Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)   If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)   Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

Section 5.    Subordination.

If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

(a)    such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

(b)    Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

(c)    Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below. In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d)     Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor.   All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.      Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor. If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness. This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given. Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.      Lender Assigns; Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations.  Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof. Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants. Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder. Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law. Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.     Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.    Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered. All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail. Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.    Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies. No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default. No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances. No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.    Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.    Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.   No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.   Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:   (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.   Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.   Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty shall be effective upon execution by Guarantor and delivery to Lender.  This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded.  As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.   Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida.  Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24.    **WAIVER OF JURY TRIAL.**

GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.

[CONTINUES ON THE FOLLOWING PAGE]

**IN WITNESS WHEREOF**, Guarantor has duly executed this Guaranty as of the date first written above.

Witnesses:

**GUARANTOR:**
**NUBIA M. PEREZ, individually**

Print Name: Cathey D. Ware

Name: Nubia M. Perez

Print Name: Stephan Desroches

STATE OF FLORIDA        )
                        )SS:
COUNTY OF MIAMI-DADE    )

The foregoing Guaranty was acknowledged before me this __7__ day of December, 2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is personally known to me or has produced a _Florida Driver License_ as identification, and took an oath.

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

NOTARY PUBLIC
Print Name: _Stephan Desroches_
My Commission Expires: _03/08/2020_

Lender:          **VALLEY NATIONAL BANK**
Borrower:        **A PLUS LAMINATION & FINISHING, INC.**
Guarantors:      **FRANCISCO PEREZ; & NUBIA M. PEREZ**
Transaction:     **Note & Mortgage Modification and Extension Agreement**

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

**IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE PROTECTION FROM GARNISHMENT.**

I certify that I have read and understood the notice above before signing the attached GUARANTY referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor: NUBIA M. PEREZ                    12/7/2017
                                                          Date

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

        The foregoing waiver was acknowledged before me this __7__ day of December 2017, by NUBIA M.PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his _Florida Driver License_ as identification.

(Seal)          Stephan Desroches
                State of Florida
                My Commission Expires 03/08/2020
                Commission No. FF 968971         Notary Public
                                                 Print Name: _Stephan Desroches_

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By_____
Name:_____
Its:_____
                                 Date:_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

       Debtors.
_____/

CERTIFICATE OF SERVICE OF NOTICES OF HEARING
AND COMPLIANCE WITH LOCAL RULE 9073-1(D)

    **I HEREBY CERTIFY** that true and correct copies of the following were served in the manner indicated:

    1.    *Notice of Hearing on Landlord's Motion to Dismiss Chapter 11Bankruptcy Petition for Bad Faith and Fraud on the Court* [ECF No. 27], was served on June 1, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1;

    2.    *Notice of Hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105* [ECF No. 28], was served on June 1, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 2;

    3.    *Notice of Hearing on Landlord's Motion for Relief from the Automatic Stay* [ECF No. 29], was served on June 1, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 3;

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

4.     True and correct copies of ECF Nos. 27, 28 and 29 were served via Regular U.S. Mail on June 5, 2018 upon the Master Service List attached as Exhibit 4.

Dated: June 5, 2018.

 s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Attorneys for Brian Holland and Andrea Holland**

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: USTPRegion21.MM.ECF@usdoj.gov, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, prussin@ecf.courtdrive.com, ltannenbaum@ecf.courtdrive.
Do not notice BK case:

Message-Id:<45292000@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Notice of Hearing
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Gutierrez, Susan entered on 6/1/2018 at 1:44 PM EDT and filed on 6/1/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 27 |

**Docket Text:**
Notice of Hearing (Re: [24] Motion to Dismiss Case *for Bad Faith and Fraud on the Court* Filed by Creditors Andrea Holland, Brian Holland.) Hearing scheduled for 06/27/2018 at 11:00 AM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan)

The following document(s) are associated with this transaction:

**18-15825-AJC Notice will be electronically mailed to:**

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice34@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Exhibit 1

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: USTPRegion21.MM.ECF@usdoj.gov, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, prussin@ecf.courtdrive.com, ltannenbaum@ecf.courtdrive.
Do not notice for BK case:

Message-Id:<45292015@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Notice of Hearing
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Gutierrez, Susan entered on 6/1/2018 at 1:46 PM EDT and filed on 6/1/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 28 |

**Docket Text:**
Notice of Hearing (Re: [25] Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* Filed by Creditors Andrea Holland, Brian Holland.) Hearing scheduled for 06/27/2018 at 11:00 AM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan)

The following document(s) are associated with this transaction:

**18-15825-AJC Notice will be electronically mailed to:**

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice34@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Exhibit 2

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: USTPRegion21.MM.ECF@usdoj.gov, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, prussin@ecf.courtdrive.com, ltannenbaum@ecf.courtdrive.
Do not notice for BK case:

Message-Id:<45292036@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Notice of Hearing
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Gutierrez, Susan entered on 6/1/2018 at 1:47 PM EDT and filed on 6/1/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 29 |

**Docket Text:**
Notice of Hearing (Re: [26] Motion for Relief From The Automatic Stay Filed by Creditors Andrea Holland , Brian Holland [Part 2 of ECF #24]) Hearing scheduled for 06/27/2018 at 11:00 AM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan)

The following document(s) are associated with this transaction:

**18-15825-AJC Notice will be electronically mailed to:**

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice34@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Exhibit 3

Label Matrix for local noticing
113C-1
Case 18-15825-AJC
Southern District of Florida
Miami
Tue Jun  5 12:21:49 EDT 2018

Actega North America Inc
26537 Network Place
Chicago, IL 60673-1265

Brian Holland
13105 NW Le Jeune Rd
Opa Locka, FL 33054-4435

Capital One Bank
POB 71083
Charlotte, NC 28272-1083

Cosmo Claim 2018
Rosenfeld Stein Batta, PA
21490 West Dixie Hwy
Aventura, FL 33180-1144

Cosmo Films, Inc
Coface North America Insurance Company
650 College Road East, Suite 2005
Princeton, NJ 08540-6779

Cosmos Films, Inc.
Coface North America Insurance Company
65 College Road East, Suite 2005
Princeton, NJ 08540

D & K International Inc
Ryan E Sprechman
2775 Sunny Isle Blvd #100
Miami, FL 33160-4078

Distrigraph Inc
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City, FL 33328-4225

Francisco Gabriel Perez Loan
3845 Sw 149th Pl
Miami, FL 33185-3931

Internal Revenue Service
POB 80110
Cincinnati, OH 45280-0110

Matt D Goldman Trust
Account
7190 SW 100 St
Miami, FL 33156-3069

Miami-Dade County Tax
Collector
140 West Flagler St
14th Floor
Miami, FL 33130-1561

Noelus LLC
POB 639027
Cincinnati, OH 45263-9027

Nubia Perez Loans
5559 NW 36th Ave
Miami, FL 33142-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Transilwrap Company Inc
9201 W Belmont Ave
Franklin Park, IL 60131-2842

Universal Pressroom
Productsa LLC
POB 1697
Woodstock, GA 30188-1366

Valley National Bank -2625
Newtex Small Business
Finance, LLC
POB 2006
Hicksville, NY 11802-2006

Valley National Bank Loan
2198 Small Street
POB 952
Wayne, NJ 07474-0952

Vencol
8209 NW 70th St
Miami, FL 33166-2743

Andrea Holland
c/o Peter D. Russin, Esq.
Meland Russin & Budwick, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, FL 33131-5323

Brian Holland
c/o Peter D. Russin, Esq.
Meland Russin & Budwick, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, FL 33131-5323

Nubia Marcella Perez
5559 NW 36 Ave
Miami, FL 33142-2709

Thomas G Neusom
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308-2920

Exhibit 4

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA PEREZ DBA
A PLUS LAMINATION.

**CASE NO: 18-15825**

**EMERGENCY MOTION FOR ORDER TO RELEASE GARNISHED FUNDS TO DEBTOR**

1.COMES NOW, THE Debtor, Nubia Marcella Perez, doing Business as Aplus Lamination and Finishing, Inc., requesting that the Court enter an Order for Wells Fargo and the Miami state Court to release funds garnished by D&K International pursuant to Federal Rule of Bankruptcy Procedure 2016.

2.The State Court docket is being concurrently filed for the Court's review.  The State Court case number is 2017-004987-SP-23 The Docket is filed as Exhibit 1.

3.A letter from Wells Fargo stating they would not release the funds without a Court Order necessitated the filing of this Motion. The letter from Wells Fargo is Exhibit 2.

1

4.The entire account containing approximately Nine Thousand Dollars ($9,000.00) was garnished even though only Four Thousand Dollars ($4,000.00) was owed to D &K International.

5.D And K International and Nubia Perez doing business  as APlus Lamination  have entered into a settlement agreement which was signed by the parties and filed in the State Court action.

6.The funds were going to be used for a deposit into the Court registry for an eviction case and used to make  payroll payments.

7.The State Court action is taking place in Miami at the North Dade Justice  Center. The State  Court may want Bankruptcy Court Approval to remove the garnishment brcause a suggestion of Bankruptcy has been filed in the State Court case

8.The funds are needed by the debtor to continue business operations and pay past due bills.

9.A settlement Agreement and motion to end the Garnishment has been filed in State Court by d and K International. The settlement Agreement is filed as Exhibit 3.

2

**WHEREFORE**, Debtor prays that the Court:

1. Enter an order that the garnishment end and funds be distributed pursuant to the terms of the D and K International and A Plus Settlement Agreement.

2. Grant any other relief the Court believes is reasonable and just.

Dated: June 12, 2018:

By:/s/Thomas Neusom
Attorney For Debtor
Bar No. 0037178
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

3

1

2                              CERTIFICATE OF SERVICE

3    I HEREBY CERTIFY that a true and correct copy of the foregoing **EMERGENCY MOTION**
4    **FOR ORDER TO RELEASE GARNISHED FUNDS TO DEBTOR**

5     was furnished by email to the following on  June 12, 2018, to the parties on the Electronic filing
     service list and to D And K international by email.
6

7

8
                                              By:/s/Thomas Neusom
9                                             Attorney For Debtor
                                              Bar No. 0037174
10                                            4737 N. Ocean Drive, #129
                                              Fort Lauderdale, FL 33308
11                                            Email: tgnoffice35@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                       4
28

North Dade Justice Center

## D & K INTL INC VS A PLUS LAMINATION & FINISHING INC

Local Case Number: 2017-004987-SP-23
Filing Date: 03/20/2017
State Case Number: 132017SC004987000023
Case Type: SP Contract and Indebtedness (Up to $5,000)
Consolidated Case No.: N/A
Judicial Section: ND02
Case Status: CLOSED

## Parties

| Number of Parties: 3 |
|---|

Export to

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | D & K Intl Inc | *B#: 341479* <br> *N: Sprechman, Steven B* | |
| Defendant | A Plus Lamination & Finishing Inc | *B#:* <br> *N:* | |
| Garnishee | Wells Fargo Bank | *B#:* <br> *N:* | |

## Hearing Details

| Number of Hearing: 1 |
|---|

Export to

| Hearing Date | Hearing Time | Hearing Code | Description |
|---|---|---|---|
| 04/26/2017 | 9:30AM | SPPTC | Small Claims Pre-Trial Conference |

## Dockets

| Dockets Retrieved: 34 |
|---|

Export to

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 31 | 06/08/2018 | : | Stipulation | Event | *Due Date:* <br> *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 30 | 05/25/2018 | 30999:2237 | Suggestion of Bankruptcy | Event | *Due Date:*<br>*Complete Date:*<br><br>*Parties: A Plus Lamination & Finishing Inc* |
| 29 | 05/24/2018 | : | Answer of Garnishee | Event | *Due Date:*<br>*Complete Date:* |
| 28 | 05/17/2018 | : | Writ of Garnishment Returned Executed | Event | *Due Date:*<br>*Complete Date:*<br><br>**TO DEFENDANT** |
| 27 | 05/14/2018 | : | Notice: | Event | *Due Date:*<br>*Complete Date:* |
| 26 | 05/02/2018 | : | Receipt: | Event | **RECEIPT#:2720039 AMT PAID:$85.00 NAME:SPRECHMAN, STEVEN B 2775 NE 163RD ST STE 100 MIAMI FL 33160-4078 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2134-WRIT (GARD) ADD FE 1 $85.00 $85.00 TENDER TYPE:CHECK TENDER AMT:$85.0**<br><br>*Due Date:*<br>*Complete Date:* |
| | 05/01/2018 | : | Writ of Garnishment Issued | Service | *Due Date:*<br>*Complete Date:* |
| 25 | 05/01/2018 | : | Writ of Garnishment | Event | *Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | Issued | | *Parties: D & K Intl Inc; Wells Fargo Bank* |
| 24 | 04/06/2018 : | | Affidavit of Amount Due and Owning | Event | *Due Date:* *Complete Date:* |
| 23 | 04/06/2018 : | | Motion for Garnishment | Event | *Due Date:* *Complete Date:* |
| 22 | 01/05/2018 : | | Receipt: | Event | **RECEIPT#:2370014 AMT PAID:$3.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2121-CERTIFIED 1 $2.00 $2.00 2120-COPY 1 $1.00 $1.00 TENDER TYPE:CHECK TENDER AMT:$3.00 TENDER TYPE:CHECK TENDER AMT:$4.00 TENDER** *Due Date:* *Complete Date:* |
| 21 | 12/22/2017 : | | Notice: | Event | **OF SERVICE OF DISCOVERY REQUESTS** *Due Date:* *Complete Date:* |
| 20 | 12/01/2017 : | | Order: | Event | **VACATING FINAL JUDGMENT DATED 11/27/17** *Due Date:* *Complete Date:* |
| 19 | 11/27/2017 : | | Order: | Event | **DUPLICATE CONSENT FINAL JUDGMENT WITHOUT A TOTAL** *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Complete Date:* |
| | | | | | **CONSENT** |
| 18 | 11/21/2017 | 30768:2721 | Final Judgment by Judge | Event | *Due Date:* *Complete Date:* |
| | | | | | *Parties: A Plus Lamination & Finishing Inc* |
| 17 | 10/23/2017 | : | Affidavit as to Attorney Fees | Event | *Due Date:* *Complete Date:* |
| 16 | 10/23/2017 | : | Affidavit as to Costs | Event | *Due Date:* *Complete Date:* |
| 15 | 10/23/2017 | : | Affidavit as to Interest | Event | *Due Date:* *Complete Date:* |
| 14 | 10/23/2017 | : | Affidavit of Non-Payment | Event | *Due Date:* *Complete Date:* |
| | | | | | **TO ENFORCE STIPULATION** |
| 13 | 10/23/2017 | : | Motion: | Event | *Due Date:* *Complete Date:* |
| | | | | | **STIP** |
| 12 | 04/26/2017 | 30516:3291 | Order of Dismissal | Event | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Parties: A Plus Lamination & Finishing Inc* |
| | | | | | **STIP** |
| 11 | 04/26/2017 : | | Order of Dismissal | Judgment | *Due Date:* *Complete Date:* |
| 10 | 04/26/2017 : | | Service Returned | Event | *Due Date:* *Complete Date:* *Parties: A Plus Lamination & Finishing Inc* |
| 9 | 04/26/2017 : | | Memorandum of Disposition | Event | *Due Date:* *Complete Date:* |
| 8 | 04/26/2017 : | | Stipulation | Event | *Due Date:* *Complete Date:* |
| | 04/26/2017 : | | Small Claims Pre-Trial Conference | Hearing | *Due Date:* *Complete Date:* |
| 7 | 04/25/2017 : | | Service Returned | Event | *Due Date:* *Complete Date:* |
| 6 | 04/06/2017 : | | Receipt: | Event | **RECEIPT#:3180013 AMT PAID:$10.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 TENDER TYPE:CHECK** *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | *Complete Date:* |
| 5 | 04/04/2017 : | | SP Pretrial Date | Event | *Due Date:* <br> *Complete Date:* |
| | 04/04/2017 : | | SP Pre Trial Summons Issued | Service | *Due Date:* <br> *Complete Date:* |
| 4 | 04/04/2017 : | | Pre Trial Summons | Event | *Due Date:* <br> *Complete Date:* <br><br> *Parties: A Plus Lamination & Finishing Inc* |
| 3 | 03/21/2017 : | | Receipt: | Event | **RECEIPT#:3540043 AMT PAID:$300.00 NAME:SPRECHMAN, STEVEN B 2775 NE 163RD ST STE 100 MIAMI FL 33160-4078 ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $300.00 $300.00 TENDER TYPE:E-FILING ACH TENDER AMT:$300.00 RECEIP** <br><br> *Due Date:* <br> *Complete Date:* |
| 2 | 03/20/2017 : | | Statement of Claim | Event | **$4500.00** <br><br> *Due Date:* <br> *Complete Date:* |
| 1 | 03/20/2017 : | | Small Claims Batch Cover | Event | |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|

Sheet

**WELLS FARGO**

Deposits Bankruptcy Department
P. O. Box 3908
Portland, OR 97208-3908

May 17, 2018

_U. S. Mail_

THOMAS G NEUSOM
4737 N OCEAN DR #129
LAUDERDALE BY THE SEA, FL   33308

Subject: Important information about bankruptcy of  NUBIA MARCELLA PEREZ

Bankruptcy Case No. 18-15825

Dear THOMAS G NEUSOM:

Wells Fargo Bank, N.A. ("Wells Fargo") has received notification of your client's bankruptcy filing.  Wells Fargo is required by operation of Section 542 of the Bankruptcy Code to act in good faith to prevent the payment of pre-petition debts from a non Debtor in Possession account.

**What you need to know**

- Wells Fargo has placed a debit restraint on any open deposit accounts held in your client's name that was opened prior to the filing of case 18-15825.  The restraints will remain on your client's accounts until Wells Fargo is provided a court order which allows your client continued use of the specific deposit accounts.

- If your client does not have such an order, Wells Fargo will issue a Cashier's Check payable to your client as Debtor in Possession or transfer funds to Debtor in Possession accounts opened with Wells Fargo.

If you have any questions, please call us at 503-721-5300, Monday through Friday, 8:30 a.m. to 5:00 p.m. Pacific Time.

Thank you.

Sincerely,

Luana Tafoya
Operations Manager
Deposits Bankruptcy Department

cc:   NUBIA PEREZ

D & K INTERNATIONAL, INC.
    Plaintiff,

vs.

A PLUS LAMINATION & FINISHING, INC.
    Defendant(s)

vs.

WELLS FARGO BANK
    Garnishee.

_____/

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO: 2017004987SP23

## ORDER UPON STIPULATION OF SETTLEMENT, DISSOLVING GARNISHMENT, AND DISBURSING PROCEEDS

   THIS CAUSE having come on by the agreement of the parties, and the Court being fully advised in the premises, it is ORDERED AND ADJUDGED that:

1. That the Garnishee, WELLS FARGO BANK, shall remove from the Defendant's account, and forward to the Plaintiff's Attorney, SPRECHMAN & FISHER, P.A., the sum of $3,895.74. Payment shall be made payable and sent to SPRECHMAN & FISHER, P.A. TRUST ACCOUNT; SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007, file #: 135442.

2. Upon payment by Garnishee of the above sum, Garnishee shall release any additional funds being held pursuant to the Writ of Garnishment back to the account holder(s).

3. Upon receipt and clearance of the above monies from Garnishee, a Satisfaction of Judgment shall be issued to the Defendant for recording at the Defendant's expense. Upon receipt and clearance of the above monies from Garnishee, the Garnishment action shall be dissolved as to the accounts referenced in the Answer of Garnishee and Garnishee shall bear no further liability with regard to those accounts.

   ORDERED at MIAMI-DADE County, Florida this ___ day of June, 2018.


_____
COUNTY COURT JUDGE

Copies furnished to:
SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007
John B. Kent, Esq. for Garnishee, 1200 Riverplace Boulevard, Ste #800 Jacksonville, Florida 32207
Thomas Neusom, Esq.4737 N. Ocean Drive, #129, Ft. Lauderdale, Fl 33308-2920
135442:P142 (ORD)
scan code: X630B

LAW OFFICES OF
## SPRECHMAN & FISHER, P.A. CELEBRATING 33 YEARS OF EXCELLENCE 1985-2018

2775 SUNNY ISLES BOULEVARD, SUITE 100, MIAMI, FLORIDA 33160-4007
Phone: 305.931.0100 • Toll Free: 800.440.6289 • Fax: 305.936.0200
Email: sprechman@sprechmanlaw.com • Web Site: www.sprechmanlaw.com
STEVEN B. SPRECHMAN • STACEY S. FISHER • RYAN E. SPRECHMAN

JARED M. STEVENS
*Director of Operations*
ROBERT P. LERNER
*Collection Manager*

## SETTLEMENT AGREEMENT FAX/EMAIL COVER SHEET

Date:          June 1, 2018

To:            Thomas Neusom, Esq.

From:          Steve Sprechman, Esq.

Re:            D & K INTERNATIONAL, INC. v. A PLUS LAMINATION & FINISHING, INC.

Fax No./Email:

Number of Pages Following: 2

Our File Number: 135442

Comments:      Please place your file number of 135442 on your check(s).

If there are any problems regarding the reception of this fax, please call the sender listed above.

### *PLEASE EXECUTE AGREEMENT AND RETURN SAME VIA FAX OR EMAIL.

### FAX TO US AT 305-936-0200

### This communication is from a debt collector.   This is an attempt to collect a debt, and any information obtained will be used for that purpose.

135442:RES:PFAX.SA

### Confidentiality Note

The information contained in this fax is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited.  If you have received this fax in error, please notify us immediately by telephone and return the original message to us at the address above via the United States Postal Service.  Thank you.

D & K INTERNATIONAL, INC.  
                    Plaintiff,

vs.

A PLUS LAMINATION & FINISHING, INC.  
                    Defendant(s)

vs.  
WELLS FARGO BANK  
                  Garnishee.

_____/

IN THE COUNTY COURT IN AND FOR  
MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2017004987SP23

## STIPULATION OF SETTLEMENT, DISSOLVING GARNISHMENT, AND DISBURSING PROCEEDS

The parties enter into this Stipulation of Settlement, stipulate to Dissolve the Garnishment and to the following Order Dissolving Garnishment and Disbursing Proceeds:

1. That the Garnishee, WELLS FARGO BANK, shall remove from the Defendant's account, and forward to the Plaintiff's Attorney, SPRECHMAN & FISHER, P.A., the sum of $3,895.74. Payment shall be made payable and sent to SPRECHMAN & FISHER, P.A. TRUST ACCOUNT; SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007, file #: 135442.

2. Upon payment by Garnishee of the above sum, Garnishee shall release any additional funds being held pursuant to the Writ of Garnishment back to the account holder(s).

3. Upon receipt and clearance of the above monies from Garnishee, a Satisfaction of Judgment shall be issued to the Defendant for recording at the Defendant's expense. Upon receipt and clearance of the above monies from Garnishee, the Garnishment action shall be dissolved as to the accounts referenced in the Answer of Garnishee and Garnishee shall bear no further liability with regard to those accounts.

Dated this _____/_____ day of June, 2018

By: _____  
    A PLUS LAMINATION & FINISHING, INC.

By: _____  
    Steve Sprechman, Esq.  
    Attorney for Plaintiff  
    Designated E-mail address for pleadings:  
    pleadings@sprechmanlaw.com  
    All other correspondence:  
    steve.sprechman@sprechmanlaw.com

Copies furnished to:  
SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007  
John B. Kent, Esq. for Garnishee, 1200 Riverplace Boulevard, Ste #800 Jacksonville, Florida 32207  
Thomas Neusom, Esq.4737 N. Ocean Drive, #129, Ft. Lauderdale, Fl 33308-2920  
135442:RES:P142  
scan code: X630C

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA PEREZ DBA
A PLUS LAMINATION.

**CASE NO: 18-15825**

**EMERGENCY MOTION FOR ORDER
TO RELEASE GARNISHED FUNDS TO
DEBTOR**

1.COMES NOW, THE Debtor, Nubia Marcella Perez, doing Business as Aplus Lamination and

Finishing, Inc., requesting that the Court enter an Order for Wells Fargo and the Miami state

Court to release funds garnished by D&K International pursuant to Federal Rule of

Bankruptcy Procedure 2016.

2.The State Court docket is being concurrently filed for the Court's review.  The State Court

case number is 2017-004987-SP-23 The Docket is filed as Exhibit 1.

3.A letter from Wells Fargo stating they would not release the funds without a Court Order

necessitated the filing of this Motion. The letter from Wells Fargo is Exhibit 2.

1

4.The entire account containing approximately Nine Thousand Dollars ($9,000.00) was garnished even though only Four Thousand Dollars ($4,000.00) was owed to D &K International.

5.D And K International and Nubia Perez doing business  as APlus Lamination  have entered into a settlement agreement which was signed by the parties and filed in the State Court action.

6.The funds were going to be used for a deposit into the Court registry for an eviction case and used to make  payroll payments.

7.The State Court action is taking place in Miami at the North Dade Justice  Center. The State  Court may want Bankruptcy Court Approval to remove the garnishment brcause a suggestion of Bankruptcy has been filed in the State Court case

8.The funds are needed by the debtor to continue business operations and pay past due bills.

9.A settlement Agreement and motion to end the Garnishment has been filed in State Court by d and K International. The settlement Agreement is filed as Exhibit 3.

2

**WHEREFORE**, Debtor prays that the Court:

1. Enter an order that the garnishment end and funds be distributed pursuant to the terms of the D and K International and A Plus Settlement Agreement.

2. Grant any other relief the Court believes is reasonable and just.

Dated: June 12, 2018:

By:/s/Thomas Neusom
Attorney For Debtor
Bar No. 0037178
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

3

1

2                          CERTIFICATE OF SERVICE

3   I HEREBY CERTIFY that a true and correct copy of the foregoing **EMERGENCY MOTION**

4   **FOR ORDER TO RELEASE GARNISHED FUNDS TO DEBTOR**

5    was furnished by email to the following on  June 12, 2018, to the parties on the Electronic filing
    service list and to D And K international by email.

6

7

8
                                            By:/s/Thomas Neusom
9                                           Attorney For Debtor
                                            Bar No. 0037174
10                                          4737 N. Ocean Drive, #129
                                            Fort Lauderdale, FL 33308
11                                          Email: tgnoffice35@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   4

28

North Dade Justice Center

## D & K INTL INC VS A PLUS LAMINATION & FINISHING INC

Local Case Number: 2017-004987-SP-23
Filing Date: 03/20/2017
State Case Number: 132017SC004987000023
Case Type: SP Contract and Indebtedness (Up to $5,000)
Consolidated Case No.: N/A
Judicial Section: ND02
Case Status: CLOSED

## Parties

| Number of Parties: 3 |
|---|

Export to

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | D & K Intl Inc | *B#: 341479*<br>*N: Sprechman, Steven B* | |
| Defendant | A Plus Lamination & Finishing Inc | *B#:*<br>*N:* | |
| Garnishee | Wells Fargo Bank | *B#:*<br>*N:* | |

## Hearing Details

| Number of Hearing: 1 |
|---|

Export to

| Hearing Date | Hearing Time | Hearing Code | Description |
|---|---|---|---|
| 04/26/2017 | 9:30AM | SPPTC | Small Claims Pre-Trial Conference |

## Dockets

| Dockets Retrieved: 34 |
|---|

Export to

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 31 | 06/08/2018 | : | Stipulation | Event | *Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 30 | 05/25/2018 | 30999:2237 | Suggestion of Bankruptcy | Event | *Due Date:*<br>*Complete Date:*<br><br>*Parties: A Plus Lamination & Finishing Inc* |
| 29 | 05/24/2018 | : | Answer of Garnishee | Event | *Due Date:*<br>*Complete Date:* |
| 28 | 05/17/2018 | : | Writ of Garnishment Returned Executed | Event | *Due Date:*<br>*Complete Date:*<br><br>**TO DEFENDANT** |
| 27 | 05/14/2018 | : | Notice: | Event | *Due Date:*<br>*Complete Date:* |
| 26 | 05/02/2018 | : | Receipt: | Event | **RECEIPT#:2720039 AMT PAID:$85.00 NAME:SPRECHMAN, STEVEN B 2775 NE 163RD ST STE 100 MIAMI FL 33160-4078 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2134-WRIT (GARD) ADD FE 1 $85.00 $85.00 TENDER TYPE:CHECK TENDER AMT:$85.0**<br><br>*Due Date:*<br>*Complete Date:* |
|  | 05/01/2018 | : | Writ of Garnishment Issued | Service | *Due Date:*<br>*Complete Date:* |
| 25 | 05/01/2018 | : | Writ of Garnishment | Event | *Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | Issued | | *Parties: D & K Intl Inc; Wells Fargo Bank* |
| 24 | 04/06/2018: | | Affidavit of Amount Due and Owning | Event | *Due Date:* *Complete Date:* |
| 23 | 04/06/2018: | | Motion for Garnishment | Event | *Due Date:* *Complete Date:* |
| 22 | 01/05/2018: | | Receipt: | Event | **RECEIPT#:2370014 AMT PAID:$3.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2121-CERTIFIED 1 $2.00 $2.00 2120-COPY 1 $1.00 $1.00 TENDER TYPE:CHECK TENDER AMT:$3.00 TENDER TYPE:CHECK TENDER AMT:$4.00 TENDER** *Due Date:* *Complete Date:* |
| 21 | 12/22/2017: | | Notice: | Event | **OF SERVICE OF DISCOVERY REQUESTS** *Due Date:* *Complete Date:* |
| 20 | 12/01/2017: | | Order: | Event | **VACATING FINAL JUDGMENT DATED 11/27/17** *Due Date:* *Complete Date:* |
| 19 | 11/27/2017: | | Order: | Event | **DUPLICATE CONSENT FINAL JUDGMENT WITHOUT A TOTAL** *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Complete Date:* |
| | | | | | **CONSENT** |
| 18 | 11/21/2017 | 30768:2721 | Final Judgment by Judge | Event | *Due Date:* *Complete Date:* *Parties: A Plus Lamination & Finishing Inc* |
| 17 | 10/23/2017 | : | Affidavit as to Attorney Fees | Event | *Due Date:* *Complete Date:* |
| 16 | 10/23/2017 | : | Affidavit as to Costs | Event | *Due Date:* *Complete Date:* |
| 15 | 10/23/2017 | : | Affidavit as to Interest | Event | *Due Date:* *Complete Date:* |
| 14 | 10/23/2017 | : | Affidavit of Non-Payment | Event | *Due Date:* *Complete Date:* |
| | | | | | **TO ENFORCE STIPULATION** |
| 13 | 10/23/2017 | : | Motion: | Event | *Due Date:* *Complete Date:* |
| | | | | | **STIP** |
| 12 | 04/26/2017 | 30516:3291 | Order of Dismissal | Event | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Parties: A Plus Lamination & Finishing Inc* |
| | | | | | **STIP** |
| 11 | 04/26/2017 : | | Order of Dismissal | Judgment | *Due Date:* *Complete Date:* |
| 10 | 04/26/2017 : | | Service Returned | Event | *Due Date:* *Complete Date:* *Parties: A Plus Lamination & Finishing Inc* |
| 9 | 04/26/2017 : | | Memorandum of Disposition | Event | *Due Date:* *Complete Date:* |
| 8 | 04/26/2017 : | | Stipulation | Event | *Due Date:* *Complete Date:* |
| | 04/26/2017 : | | Small Claims Pre-Trial Conference | Hearing | *Due Date:* *Complete Date:* |
| 7 | 04/25/2017 : | | Service Returned | Event | *Due Date:* *Complete Date:* |
| 6 | 04/06/2017 : | | Receipt: | Event | **RECEIPT#:3180013 AMT PAID:$10.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 TENDER TYPE:CHECK** *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Complete Date:* |
| 5 | 04/04/2017 : | | SP Pretrial Date | Event | *Due Date:*<br>*Complete Date:* |
| | 04/04/2017 : | | SP Pre Trial Summons Issued | Service | *Due Date:*<br>*Complete Date:* |
| 4 | 04/04/2017 : | | Pre Trial Summons | Event | *Due Date:*<br>*Complete Date:*<br><br>*Parties: A Plus Lamination & Finishing Inc* |
| 3 | 03/21/2017 : | | Receipt: | Event | **RECEIPT#:3540043 AMT PAID:$300.00 NAME:SPRECHMAN, STEVEN B 2775 NE 163RD ST STE 100 MIAMI FL 33160-4078 ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $300.00 $300.00 TENDER TYPE:E-FILING ACH TENDER AMT:$300.00 RECEIP**<br><br>*Due Date:*<br>*Complete Date:* |
| 2 | 03/20/2017 : | | Statement of Claim | Event | **$4500.00**<br><br>*Due Date:*<br>*Complete Date:* |
| 1 | 03/20/2017 : | | Small Claims Batch Cover | Event | |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|

Sheet

**WELLS FARGO**

Deposits Bankruptcy Department
P. O. Box 3908
Portland, OR 97208-3908

May 17, 2018

_U. S. Mail_

THOMAS G NEUSOM
4737 N OCEAN DR #129
LAUDERDALE BY THE SEA, FL   33308

Subject: Important information about bankruptcy of  NUBIA MARCELLA PEREZ

Bankruptcy Case No. 18-15825

Dear THOMAS G NEUSOM:

Wells Fargo Bank, N.A. ("Wells Fargo") has received notification of your client's bankruptcy filing.  Wells Fargo is required by operation of Section 542 of the Bankruptcy Code to act in good faith to prevent the payment of pre-petition debts from a non Debtor in Possession account.

**What you need to know**

- Wells Fargo has placed a debit restraint on any open deposit accounts held in your client's name that was opened prior to the filing of case 18-15825.  The restraints will remain on your client's accounts until Wells Fargo is provided a court order which allows your client continued use of the specific deposit accounts.

- If your client does not have such an order, Wells Fargo will issue a Cashier's Check payable to your client as Debtor in Possession or transfer funds to Debtor in Possession accounts opened with Wells Fargo.

If you have any questions, please call us at 503-721-5300, Monday through Friday, 8:30 a.m. to 5:00 p.m. Pacific Time.

Thank you.

Sincerely,

Luana Tafoya
Operations Manager
Deposits Bankruptcy Department

cc:   NUBIA PEREZ

D & K INTERNATIONAL, INC.
     Plaintiff,

vs.

A PLUS LAMINATION & FINISHING, INC.
     Defendant(s)

vs.

WELLS FARGO BANK
   Garnishee.

_____/

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO: 2017004987SP23

### ORDER UPON STIPULATION OF SETTLEMENT, DISSOLVING GARNISHMENT, AND DISBURSING PROCEEDS

THIS CAUSE having come on by the agreement of the parties, and the Court being fully advised in the premises, it is ORDERED AND ADJUDGED that:

1. That the Garnishee, WELLS FARGO BANK, shall remove from the Defendant's account, and forward to the Plaintiff's Attorney, SPRECHMAN & FISHER, P.A., the sum of $3,895.74. Payment shall be made payable and sent to SPRECHMAN & FISHER, P.A. TRUST ACCOUNT; SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007, file #: 135442.

2. Upon payment by Garnishee of the above sum, Garnishee shall release any additional funds being held pursuant to the Writ of Garnishment back to the account holder(s).

3. Upon receipt and clearance of the above monies from Garnishee, a Satisfaction of Judgment shall be issued to the Defendant for recording at the Defendant's expense. Upon receipt and clearance of the above monies from Garnishee, the Garnishment action shall be dissolved as to the accounts referenced in the Answer of Garnishee and Garnishee shall bear no further liability with regard to those accounts.

ORDERED at MIAMI-DADE County, Florida this ___ day of June, 2018.


_____
COUNTY COURT JUDGE

Copies furnished to:
SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007
John B. Kent, Esq. for Garnishee, 1200 Riverplace Boulevard, Ste #800 Jacksonville, Florida 32207
Thomas Neusom, Esq.4737 N. Ocean Drive, #129, Ft. Lauderdale, Fl 33308-2920
135442:P142 (ORD)
scan code: X630B

LAW OFFICES OF
## SPRECHMAN & FISHER, P.A. CELEBRATING 33 YEARS OF EXCELLENCE 1985-2018

2775 SUNNY ISLES BOULEVARD, SUITE 100, MIAMI, FLORIDA 33160-4007
Phone: 305.931.0100 ● Toll Free: 800.440.6289 ● Fax: 305.936.0200
Email: sprechman@sprechmanlaw.com ● Web Site: www.sprechmanlaw.com
STEVEN B. SPRECHMAN ● STACEY S. FISHER ● RYAN E. SPRECHMAN

JARED M. STEVENS
*Director of Operations*
ROBERT P. LERNER
*Collection Manager*

### SETTLEMENT AGREEMENT FAX/EMAIL COVER SHEET

Date:          June 1, 2018

To:            Thomas Neusom, Esq.

From:          Steve Sprechman, Esq.

Re:            D & K INTERNATIONAL, INC. v. A PLUS LAMINATION & FINISHING, INC.

Fax No./Email:

Number of Pages Following: 2

Our File Number:  135442

Comments:      Please place your file number of 135442 on your check(s).

If there are any problems regarding the reception of this fax, please call the sender listed above.

**\*PLEASE EXECUTE AGREEMENT AND RETURN SAME VIA
FAX OR EMAIL.**

### FAX TO US AT 305-936-0200

**This communication is from a debt collector.  This is an attempt to collect a debt,
and any information obtained will be used for that purpose.**

135442:RES:PFAX.SA

### Confidentiality Note

The information contained in this fax is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited.  If you have received this fax in error, please notify us immediately by telephone and return the original message to us at the address above via the United States Postal Service.  Thank you.

D & K INTERNATIONAL, INC.
                          Plaintiff,

vs.

A PLUS LAMINATION & FINISHING, INC.
                          Defendant(s)

vs.
  WELLS FARGO BANK
                     Garnishee.
_____/

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2017004987SP23

### STIPULATION OF SETTLEMENT, DISSOLVING
### GARNISHMENT, AND DISBURSING PROCEEDS

The parties enter into this Stipulation of Settlement, stipulate to Dissolve the Garnishment and to the following Order Dissolving Garnishment and Disbursing Proceeds:

1.   That the Garnishee, WELLS FARGO BANK, shall remove from the Defendant's account, and forward to the Plaintiff's Attorney, SPRECHMAN & FISHER, P.A., the sum of $3,895.74. Payment shall be made payable and sent to SPRECHMAN & FISHER, P.A. TRUST ACCOUNT; SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007, file #: 135442.

2.   Upon payment by Garnishee of the above sum, Garnishee shall release any additional funds being held pursuant to the Writ of Garnishment back to the account holder(s).

3.   Upon receipt and clearance of the above monies from Garnishee, a Satisfaction of Judgment shall be issued to the Defendant for recording at the Defendant's expense. Upon receipt and clearance of the above monies from Garnishee, the Garnishment action shall be dissolved as to the accounts referenced in the Answer of Garnishee and Garnishee shall bear no further liability with regard to those accounts.

Dated this _____/_____ day of June, 2018

By: _____
     A PLUS LAMINATION & FINISHING, INC.

By: _____
     Steve Sprechman, Esq.
     Attorney for Plaintiff
     Designated E-mail address for pleadings:
     pleadings@sprechmanlaw.com
     All other correspondence:
     steve.sprechman@sprechmanlaw.com

Copies furnished to:
SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007
John B. Kent, Esq. for Garnishee, 1200 Riverplace Boulevard, Ste #800 Jacksonville, Florida 32207
Thomas Neusom, Esq.4737 N. Ocean Drive, #129, Ft. Lauderdale, Fl 33308-2920
135442:RES:P142
scan code: X630C

### THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE:                                                    **CASE NO.: 18-15825-BKC-AJC**
                                                          **FL BAR NO.:  377546**

**NUBIA MARCELLA PEREZ**
                                                          <u>**Chapter 11**</u>

    **Debtor.**

_____/

<u>**NOTICE OF APPEARANCE**</u>

HOWARD S. TOLAND, ESQUIRE of the law firm of MITRANI, RYNOR, ADAMSKY &

TOLAND  PA . enters his appearance as counsel for Valley National Bank successor by merger to 1st

United Bank  ("Valley National Bank")  creditors in the above-styled cause, and pursuant to Section

1109 (b) of the United States Bankruptcy Code and Bankruptcy Rule 9010(B) and such counsel hereby

requests , pursuant to Bankruptcy Rules 2002 and 9007 and section 1109 (b) of the Bankruptcy Code,

that all notices given or required to be given in this case, and all papers, pleadings, motions and

applications served or required to be served, be given to and served upon the undersigned at the address

and telephone number set forth below.

PLEASE TAKE FURTHER NOTICE that, pursuant to the United States Bankruptcy Code, the

foregoing demand includes not only the notices and papers referred to in the Bankruptcy Rules

specified above, but also includes, without limitation, notices of any application, motion, petition,

pleading, request, complaint or demand, whether formal or informal, whether written or oral, and

whether transmitted or conveyed by mail, delivery, telephone, telegraph, telex, or otherwise, which

would affect or seem to affect in any way interests of the Creditor with respect to the Debtor or any

related entity, the property of the Debtor, or any of the Creditor's collateral or interest with respect to

the Debtor or its property or proceeds thereof or property in which the Debtor may claim an interest.

This appearance and request for notice is without prejudice to the Creditor's rights, remedies and claims against other entities or any objection that may be made to the subject matter jurisdiction of the Court and shall not be deemed or construed to submit the Creditor to the jurisdiction of the court. All rights, remedies and claims are hereby expressly reserved.

MITRANI, RYNOR, ADAMSKY & TOLAND.
Attorney for Valley National Bank
Htoland@mitrani.com
1200 Weston Road
Penthouse
Weston, FL  33326
(954) 335-1010


BY:/s/ Howard S. Toland
    HOWARD S. TOLAND, ESQUIRE

1
2       IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA
3
4

DEBTOR

NUJBIA PEREZ DBA
A PLUS LAMINATION.

**CASE NO: 18-15825**

**OPPOSITION TO LANDLORD
HOLLAND'S MOTION FOR
SANCTIONS**

1.COMES NOW, THE Debtor, Nubia Marcella Perez, Opposing the Motion for Sanctions  of

Landlord in Case No. 18-15825.

2. Debtor opposes the Motion of Landlord for Sanctions.

3. Debtor was involved in an eviction case with landlord.

4. Debtor was under a court Order to deposit funds into the Court registry.  Debtor is

unaware of anything in the Order that said that Debtor could not seek bankruptcy

protection.

5.Debtor intended to follow the Court's order and deposit funds into the registry.

1

1

2   6.When attempting to get the funds to put into the registry, Debtor was told the funds had

3   been garnished by D And K International.  Due to the garnishment Debtro was unable to

4   place the funds into the registry.

5

6

7   7.Debtor has attempted to negotiate a resolution of the rent issue with the landlord.

8

9   8.Landlord is not entitled to sanctions pursuant to Bankruptcy Rule 9011 and

10   U.S.C. S. 105.

11

12

13   Dated: June 26, 2018:

14

15

16                                          By:/s/Thomas Neusom
                                            Attorney For Debtor
17                                          Bar No. 003717
                                            (954)200-3536
18                                          4737 N. Ocean Drive, #129
                                            Fort Lauderdale, FL 33308
19                                          Email: tgnoffice35@gmail.com

20

21

22

23

24

25

26

27                                    2

28

1

CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that a true and correct copy of the foregoing **OPPOSITION TO**

3

**LANDLORD HOLLAND'S MOTION FOR SANCTIONS**
 was furnished by email to the following on  June 26, 2018, to the parties on the efiling portal

4

service list by email.

5

6

7

By:/s/Thomas Neusom
Attorney For Debtor

8

Bar No. 0037174

9

Phone; (954)200-3536
4737 N. Ocean Drive, #129

10

Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3

28

United States Bankruptcy Court
Southern District of Florida

In re:                                                             Case No. 18-15825-AJC
Nubia Marcella Perez                                               Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Jun 29, 2018
                              Form ID: pdf004        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 01, 2018.
cr              +Andrea Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                 200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr              +Brian Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                 200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2018                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 29, 2018 at the address(es) listed below:
              Howard S Toland    on behalf of Creditor    Valley National Bank htoland@mitrani.com
              Howard S Toland    on behalf of Creditor    Newtek Small Business Finance Inc htoland@mitrani.com
              Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
               Johanna.Armengol@usdoj.gov,   johanna.armengol@usdoj.gov
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
                                                                                    TOTAL: 7



**ORDERED in the Southern District of Florida on June 28, 2018.**

_A. Jay Cristol_

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                          CASE NO. 18-15825-AJC

NUBIA MARCELLA PEREZ,                            Chapter 11

      Debtor.

_____/

**OMNIBUS ORDER ON (1) LANDLORD'S MOTION TO DISMISS CHAPTER 11
BANKRUPTCY PETITION FOR BAD FAITH AND FRAUD ON THE COURT AND FOR
RELIEF FROM THE AUTOMATIC STAY, (2) UNITED STATES TRUSTEE'S MOTION
TO DISMISS OR CONVERT CASE, (3) DEBTOR'S MOTION TO DISMISS BANKRUPTCY
CASE, AND (4) LANDLORD'S MOTION FOR SANCTIONS PURSUANT TO
BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

    **THIS MATTER** came before the Court on June 27, 2018 at 11:00 a.m. upon (1) Brian Holland

and Andrea Holland also known as Brian Holland 5561 Rent Account ("*Landlord*") Motion to Dismiss

the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the

Automatic Stay [ECF 24]; (2) United States Trustee's ("*US Trustee*") Motion to Dismiss or Convert the

Case [ECF 46]; (3) Debtor's Motion to Dismiss Bankruptcy [ECF 49]; and (4) Landlord's Motion for

Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25]. The Court having heard

argument from counsel, reviewed the motions, and having been duly advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1. The motions to dismiss [ECF 24 ,46, and 49] filed by Landlord, Trustee, and Debtor are **GRANTED**, and the Bankruptcy Petition is **DISMISSED WITH PREJUDICE** as to the filing of any bankruptcy petition in any federal bankruptcy court in the United States of America by the above-named Debtor for 180 days from entry of this Order.

2.  The motion for relief from stay [ECF 26] is **DENIED AS MOOT**.

3. The Debtor's *Emergency Motion for Order to Release Garnished Funds to Debtor* [ECF 42] is accordingly **DENIED AS MOOT,** and the hearing scheduled thereon is cancelled.

4. The Debtor shall file any pending Monthly Operating Reports within fourteen (14) days of the entry of this Order and simultaneously pay the United States Trustee any unpaid sum due pursuant to 28 U.S.C. Section 1930(a)(6).

5. The Debtor shall pay the Bankruptcy Clerk of the Court any outstanding fees, costs and charges in connection with this case within fourteen (14) days of the entry of this Order.

6. All rights regarding sanctions and bad faith conduct are reserved. The Court will conduct an evidentiary hearing on Landlord's Motion for Sanctions pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] on **July 27, 2018 at 2:00 p.m.** in Courtroom 7, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Miami, Florida.

7. Debtor and Landlord shall disclose all witnesses and exchange copies of all exhibits by July 16, 2018.

8. The U.S. Trustee may appear as an interested party and make arguments at the evidentiary hearing using any exhibit or witness that is disclosed by Debtor or Landlord. The U.S. Trustee is not required to prepare or distribute an independent witness or exhibit list.

9. This Court shall retain jurisdiction to enforce the provisions of this Order.

# # #

**Submitted By (and amended by the Court):**

Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Brian Holland and Andrea Holland*
200 South Biscayne Boulevard, Ste 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire, is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

        Debtors.
_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the *Omnibus Order on (1) Landlord's Motion to Dismiss Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay, (2) United States Trustee's Motion to Dismiss or Convert Case, (3) Debtor's Motion to Dismiss Bankruptcy Case, and (4) Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105* [ECF No. 52] was served on June 29, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached Exhibit 1.

     Dated: July 3, 2018.

                              s/ Peter D. Russin
                             Peter D. Russin, Esquire
                             Florida Bar No. 765902
                             prussin@meladnrussin.com
                             Utibe I. Ikpe, Esq.
                             Florida Bar Number: 90301
                             uikpe@melandrussin.com
                             MELAND RUSSIN & BUDWICK, P.A.
                             3200 Southeast Financial Center
                             200 South Biscayne Boulevard
                             Miami, Florida 33131
                             Telephone: (305) 358-6363
                             Telecopy: (305) 358-1221

                             ***Attorneys for Brian Holland and Andrea Holland***

1

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, prussi
Do not notice for BK case:

Message-Id:<45486663@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Miscellaneous Motion
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 6/29/2018 at 8:40 AM EDT and filed on 6/29/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 52 |

**Docket Text:**
Omnibus Order On (1) Landlord's Motion to Dismiss Chapter 11 Bankruptcy Petition For Bad Faith and Fraud on the Court and For Relief From the Automatic Stay (Re: # [24]), (2) United States Trustee's Motion to Dismiss or Convert Case (Re: # [46]), (3) Debtor's Motion to Dismiss Bankruptcy Case (Re: # [49]), and (4) Landlord's Motion For Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105. Evidentiary Hearing On: (Re: [25] Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 07/27/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. Dismissal Shall Be with 180 Days Prejudice [Filing Fee Balance Due: $0.00]. (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=6/29/2018] [FileNumber=45486661-0] [ca6adeed3f1d9a0a3d94df2bd9394a763d7f99dfdf029fabbf38d48ca40726447f 372d007c0fd2af05c650dc71d96ecf85e85cf369b09eda7e638bc6cc06096b]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:

**CASE NO.: 18-15825-AJC**
**CHAPTER 11**

Nubia Marcella Perez,

Debtor.

_____/

### REQUEST FOR SERVICE OF NOTICES

**PLEASE TAKE NOTICE THAT,** on behalf of NATIONSTAR MORTGAGE LLC

D/B/A MR. COOPER ("Secured Creditor"), and pursuant to Rule 2002 of the Federal Rules of

Bankruptcy Procedure, the undersigned requests all notices given or required to be given and all

papers required to be served in this case to creditors, any creditors committees, and any other

parties-in-interest, be sent to and served upon the undersigned counsel and the following be

added to the Court's Master Mailing List:

**RAS CRANE, LLC**
**BANKRUPTCY DEPARTMENT**
**10700 ABBOTT'S BRIDGE ROAD, SUITE 170**
**DULUTH, GA 30097**

RAS Crane, LLC
Authorized Agent for Secured Creditor
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone: 470-321-7112
Facsimile: 404-393-1425
By: /s/Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Email: NRodriguez@rasflaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 05,  2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

THOMAS G NEUSOM
4737 N. OCEAN DRIVE, #129
FORT LAUDERDALE, FL 33308

NUBIA MARCELLA PEREZ
5559 NW 36 AVE
MIAMI, FL 33142

OFFICE OF THE US TRUSTEE
51 S.W. 1ST AVE.
SUITE 1204
MIAMI, FL 33130

RAS Crane, LLC
Authorized Agent for Secured Creditor
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone: 470-321-7112
Facsimile: 404-393-1425
By: /s/Nathalie Rodriguez
Nathalie Rodriguez, Esquire
Email: NRodriguez@rasflaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                    Chapter 11

                    Debtors.
_____/

## LANDLORD'S WITNESS LIST

Landlord Brian Holland and Andrea Holland a/k/a Brian Holland 5561 Rent Account

("*Landlord*"), intends to call the following witnesses at the evidentiary hearing on Landlord's

Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25], which is

set for an evidentiary hearing on July 27, 2018 at 2:00 p.m.:

**Landlord's Representative**

c/o Meland Russin and Budwick
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

Brief summary of testimony: The representative will testify about the commercial lease Landlord entered with A plus Lamination and Finishing Inc. ("*A Plus Lamination*"), the state court eviction action Landlord filed against A Plus Lamination, and the bankruptcy filed by Nubia Marcella Perez ("*Debtor"*).

**Nubia Marcella Perez**

c/o The Law Office of Thomas G. Neusom
4737 N Ocean Dr # 129
Fort Lauderdale, FL 33308

Brief summary of testimony: Debtor, who is the President of A Plus Lamination, will testify about the commercial lease A plus Lamination entered with Landlord, the eviction action Landlord filed against A Plus Lamination, and the personal chapter 11 bankruptcy Debtor filed with this Court.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**Cathey Ware**

c/o The Law Office of Thomas G. Neusom
4737 N Ocean Dr # 129
Fort Lauderdale, FL 3330

Brief summary of testimony: Ms. Ware is Debtor's business consultant and assisted Debtor in filing her personal chapter 11 bankruptcy. Ms. Ware will testify about A Plus Lamination, the eviction action Landlord filed against A Plus Lamination, and Debtor's chapter 11 bankruptcy.

**Joseph R. Colletti, Esq.**

c/o Joseph R. Colletti, P.A.
4770 Biscayne Blvd
Suite 1400
Miami, FL 33137

Brief summary of testimony: Mr. Colletti is Landlord's counsel in the state court eviction action against A Plus Lamination. Mr. Colletti will testify about the eviction action, including its automatic stay.

**All witnesses listed on Debtor's witness list.**

**All rebuttal witnesses.**

**All impeachment witnesses.**

Dated: July 16, 2018.

 s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

***Attorneys for Brian Holland and Andrea Holland***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on July 16, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached hereto as **Exhibit 1** and via Regular U.S. Mail on all parties listed on the Court's Matrix attached hereto as **Exhibit 2.**

 s/ Peter D. Russin
Peter D. Russin, Esquire

## Mailing Information for Case 18-15825-AJC

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Johanna Armengol**    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- **Thomas G Neusom**    tgnoffice35@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Nathalie C. Rodriguez**    nrodriguez@rasflaw.com
- **Peter D. Russin**    prussin@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Howard S Toland**    htoland@mitrani.com

Exhibit 1

Label Matrix for local noticing
113C-1
Case 18-15825-AJC
Southern District of Florida
Miami
Mon Jul 16 11:48:36 EDT 2018

Nationstar Mortgage LLC
RAS Crane, LLC
10700 Abbott's Bridge Road
Suite 170
Duluth, GA 30097-8461

Newtek Small Business Finance Inc
c/o Howard S Toland , Esq
1200 Weston Road
Penthouse
Weston, Fl 33326-1987

Valley National Bank
c/o Mitrani, Rynor, Adamsky & Toland PA
1200 weston road
PH
Weston, FL 33326-1987

Actega North America Inc
26537 Network Place
Chicago, IL 60673-1265

Brian Holland
13105 NW Le Jeune Rd
Opa Locka, FL 33054-4435

Capital One Bank
POB 71083
Charlotte, NC 28272-1083

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Cosmo Claim 2018
Rosenfeld Stein Batta, PA
21490 West Dixie Hwy
Aventura, FL 33180-1144

Cosmo Films, Inc
Coface North America Insurance Company
650 College Road East, Suite 2005
Princeton, NJ 08540-6779

Cosmos Films, Inc.
Coface North America Insurance Company
65 College Road East, Suite 2005
Princeton, NJ 08540

D & K International Inc
Ryan E Sprechman
2775 Sunny Isle Blvd #100
Miami, FL 33160-4078

Distrigraph Inc
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City, FL 33328-4225

Francisco Gabriel Perez Loan
3845 Sw 149th Pl
Miami, FL 33185-3931

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
POB 80110
Cincinnati, OH 45280-0110

Matt D Goldman Trust
Account
7190 SW 100 St
Miami, FL 33156-3069

Miami-Dade County Tax
Collector
140 West Flagler St
14th Floor
Miami, FL 33130-1561

NATIONSTAR MORTGAGE LLC D/B/A
MR. COOPER
ATTN: BANKRUPTCY DEPT
PO BOX 619096
DALLAS, TX 75261-9096

Noelus LLC
POB 639027
Cincinnati, OH 45263-9027

Nubia Perez Loans
5559 NW 36th Ave
Miami, FL 33142-2709

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Transilwrap Company Inc
9201 W Belmont Ave
Franklin Park, IL 60131-2842

Universal Pressroom
Productsa LLC
POB 1697
Woodstock, GA 30188-1366

Valley National Bank -2625
Newtex Small Business
Finance, LLC
POB 2006
Hicksville, NY 11802-2006

Valley National Bank Loan
2198 Small Street
POB 952
Wayne, NJ 07474-0952

Vencol
8209 NW 70th St
Miami, FL 33166-2743

Andrea Holland
c/o Peter D. Russin, Esq.
Meland Russin & Budwick, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, FL 33131-5323

Exhibit 2

Brian Holland
c/o Peter D. Russin, Esq.
Meland Russin & Budwick, P.A.
200 South Biscayne Blvd., Suite 3200
Miami, FL 33131-5323

Nubia Marcella Perez
5559 NW 36 Ave
Miami, FL 33142-2709

Thomas G Neusom
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308-2920

1

2          IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4                                                    **CASE NO: 18-15825**

5     DEBTOR
                                                     **WITNESS AND EXHIBIT LIST**
6     NUJBIA PEREZ DBA                                **FOR EVIDENTIARY HEARING**

7     A PLUS LAMINATION.

8

9

10    **WITNESS**

11    ATTORNEY PETER RUSSIN

12

13

14

15    **EXHIBITS**

16    STATE EVICTION CASE DOCKET

17    RENT REGISTRY ORDER

18
      BANKRUPTCY PROPOSED DISMISSAL ORDERS
19
      BANKRUPTCY DISMISSAL ORDERS
20

21

22

23

24

25

26

27
                                  1
28

1

2    Dated: July 16, 2018:

3

4

5

6                                                    By:/s/Thomas Neusom
                                                     Attorney For Debtor
7                                                    Bar No. 0037178
                                                     4737 N. Ocean Drive, #129
8                                                    Fort Lauderdale, FL 33308
                                                     Email: tgnoffice35@gmail.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                       2

28

1

2                             CERTIFICATE OF SERVICE

3 I HEREBY CERTIFY that a true and correct copy of the foregoing **WITNESS AND EXHIBIT LIST FOR EVIDENTIARY HEARING** was furnished by email to the following on  July 16,

4 2018, to the parties on the efiling portal service list by email.

5

6

7                                        By:/s/Thomas Neusom

8                                        Attorney For Debtor

                                       Bar No. 0037174

9                                        Phone; (954)200-3536

                                       4737 N. Ocean Drive, #129

10                                       Fort Lauderdale, FL 33308

11                                       Email: tgnoffice35@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                3

28

1
2         IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA
3
4                                                    **CASE NO: 18-15825**
5     DEBTOR
                                                     **MOTION TO STRIKE OR FOR**
6     NUJBIA MAR ELLA PEREZ.                         **SUMMARY DENIAL OF LANDLORD**
                                                     **HOLLAND'S MOTION FOR**
7                                                    **SANCTIONS DUE TO LACK OF**
                                                     **JURISDICTION AND OTHER**
8                                                    **GROUNDS**
9    ─────────────────────────────────
10
11   1.COMES NOW, Nubia Marcella Perez and Attorney Thomas Neusom,  under the applicable
12
     State And Federal Rule, Opposing the Motion for Sanctions  of  Landlord Holland in Case No.
13
     18-15825.
14
15       **A. A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs**
16          **and needed to seek relief in the State Court and the Bankruptcy Court cannot act as**
             **a State Trial Appellate Court, which Holland is seeking**
17
     Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County with
18
     Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel
19
20   Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction

21   action, and the State Court has not ruled that Holland is entitled for sanctions for what happened

22   in State Court.  A hearing in the eviction case is scheduled for July 30, 2018.  It is procedurally

23   improper for the Bankruptcy Court to grant the sanctions Holland is seeking due to lack of

24   jurisdiction and numerous legal doctrines.
25
26
27                                              1
28

An **abstention doctrine** is any of several doctrines that a United States court may (or in some cases must) apply to refuse to hear a case if hearing the case would potentially intrude upon the powers of another court. Such doctrines are usually invoked where lawsuits involving the same issues are brought in two different court systems at the same time (such as federal and state courts).

The United States has a federal court system with limitations on the cases that it can hear, while each state has its own individual court system. In some instances, the jurisdiction of these courts overlap, so a lawsuit between two parties may be brought in either or both courts. The latter circumstance can lead to confusion, waste resources, as well as cause the appearance that one court is disrespecting the other. Both federal and state courts have developed rules determining when one court will defer to another's jurisdiction over a particular case.

***Colorado River* abstention**

Finally, *Colorado River* abstention, from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) comes into play where parallel litigation is being carried out, particularly where federal and state court proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law. Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the question.

Unlike other abstention doctrines, application of the *Colorado River* doctrine is prudential and discretionary, and is based less on comity or respect between different court systems than on the desire to avoid wasteful duplication of litigation. The classification of the doctrine as a form of abstention has been disputed, with some courts simply calling it a "doctrine of exceptional circumstances". Each of the various federal circuits has come up with its own list of factors to weigh in determining whether a federal court should abstain from hearing a case under this doctrine. Typically, such factors include:

**Note on the *Rooker-Feldman* doctrine**[edit]
The *Rooker-Feldman* doctrine has some characteristics of an abstention doctrine, because it prohibits federal court review of state court actions. However, it does not require federal courts to abstain from hearing cases pending action in the state court, but instead deems that federal courts lack jurisdiction to hear cases already fully decided in state courts. The doctrine is not a judicially created exception to federal jurisdiction. Rather, the Rooker and Feldman cases simply recognized the fact that Congress has not granted the federal district or appeals courts statutory jurisdiction to consider appeals of state court decisions, only the US Supreme Court via a writ of *certiorari*). It is an open question whether Congress could grant such jurisdiction.

If Holland could establish there has been a violation in State Court he may be able to bring that to the attention to the Bankruptcy Court but he cannot properly do it the way it is being done hear.

3

1

2

3   We cannot assume why the State court did what it did.  The Eviction attorney could have filed a

4   Motion For Reconsideration and Rehearing.  We cannot procedurally properly make a

5   determination on the State Court action in this Federal Court in this way by Holland's sanction

6   motion, it is illegal.

7

8   - the order in which the courts assumed jurisdiction over property
9   - the order in which the courts assumed jurisdiction over the parties
    - the relative inconvenience of the fora
10  - the relative progress of the two actions (added by *Moses H. Cone Memorial Hospital v.*
      *Mercury Constr. Corp.* in 1983)
11  - the desire to avoid piecemeal litigation
12  - whether federal law provides the rule of decision
    - whether the state court will adequately protect the rights of all parties
13  - whether the federal filing was vexatious (intended to harass the other party) or reactive (in
      response to adverse rulings in the state court).
14

15

16  It was procedurally improper for Landlord to abandon the State Court eviction action and seek

17  relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent verdicts

18  like what could happen if the Court were to grant Holland relief in this Bankruptcy case.

19

20  The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under

21  BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

22

23

24

25

26

27                                                    4

28

1

2      **B.  FRAUD ON THE COURT**

3      The Motion For Sanctions also contains inaccurate information that was brought up at the

4      dismissal hearing.  Attorney Thomas Neusom did not work on the eviction. The eviction attorney

5      was Alex Borrell.  Due to the sanction Motion not mentioning who the Eviction Attorney was

6

7      and implying it was Thomas Neusom, a fraud was and is currently being perpetrated on the

8      Court.

9

       The Bankruptcy Court stated if Neusom did not file the Suggestion Of Bankruptcy he was  off

10     the hook.  Attorney Peter Russin, who filed the Motion for sanctions on behalf of Holland knows

11     Neusom did not represent Perez in State Court, yet Russin and Landlord Holland did not

12

13     withdraw the sanctions motion and are moving forward with it despite the fact that it implies that

14     Neusom was the eviction attorney, which he was not and he did not file anything in the eviction

15     case.

16

17     Bankruptcy Rule 9011 was incorrectly used and invoked because Holland did not comply with

18     the 21 day safe harbor provision.

19

20     Attorney Thomas Neusom was not the eviction attorney and was not at the hearing when the stay

21     was imposed.

22

23     If the Landlord's Attorney did not agree with the stay, they should have filed a Motion For

24     Rehearing in the State Court and they could have filed an Appeal to get the stay lifted if the stay

25     was improperly granted.

26

27                                                        5

28

Due to the landlord Attorney's failure to take proper action in the state court proceeding the stay may have been put in improperly and it stayed when it shouldn't have but this was actually a decision for the state court judge to make and it depended on a number of issues such as the Lease.  The Bankruptcy Court can also lift the stay but it can't rule on a state Court Order like a state trial or Appellate Court due to abstention doctrines.

If the State Court judge made a mistake this could and should have been brought to the Judges Attention by Motion For Reconsideration or Rehearing and then appealed to the Third DCA. Waiting for the Bankruptcy Court was error.  And Debtor should also not be responsible for the fact that the hearing was not set for more than 27 days after it was requested.

There is also no damage from the Bankruptcy because after the Bankruptcy was dismissed Landlord gave Tenant A Plus additional weeks to move from the subject property and did not Immediately resume State eviction Court proceedings, so there can't be damage for doing what you would have done or did when it was the Landlord's choice. It was the right choice because A Plus has a lease for a new location and should be completely out of Landlord Holland's property by the end of July when the lease ends.

At this time it is still unclear whether the Stay was improperly or properly granted, and it is still unclear because the debtor had a personal guarantee with the Small Business Administration which would meant that the stay was properly granted, which it likely was due to the language of the rent registry Order

6

1

2

This is a legal question requiring a State Court Judicial Determination because that Court issued

3

the Rent Registry order and is the proper Court to make determinations about it and the Federal

4

Bankruptcy Court cannot properly grant sanctions due to abstention doctrines.

5

6

Landlord incorrectly utilizes In Re Mcbride because the Court Registry Order did not mention or

7

prohibit seeking bankruptcy protection.  Mcbride also dealt with a foreclosure case and not an

8

eviction case. *In re McBride Estates, Ltd*., 154 B.R. at 343.

9

10

11

This Bankruptcy Court also essentially ruled against Landlord when their request for dismissal

12

with prejudice was sought in their proposed dismissal order and the Court denied it against A

13

Plus Lamination.

14

15

Perez and Neusom are unaware of anything in the Rent Registry Order that said that

16

Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

17

Of the Order is Judge Alexander Boker.  A hearing is currently scheduled before Judge

18

Boker on July 30, 2018.

19

20

21

When attempting to get the funds to put into the registry, Perez was told the funds had

22

been garnished by D And K International.  Due to the garnishment A Plus was unable to

23

place the funds into the registry.  There was no bad faith.

24

25

26

A Plus has attempted to negotiate a resolution of the rent issue with the landlord.

27

7

28

1

2

3

4

Landlord is not entitled to sanctions pursuant to Bankruptcy Rule 9011 and

5

U.S.C. S. 105.

6

7

8   Thomas Neusom did not file a Suggestion of Bankruptcy or anything in the eviction case.

9

10   The Bankruptcy case was dismissed June 29, 2018.

11

12

13   The parties are close to reaching a settlement and the Bankruptcy Court should Strike or

14    summarily deny Landlord Holland's motion or find a lack of jurisdiction to hear the

15   motion.  Landlord is concurrently seeking a determination in Federal Bankruptcy Court

16   that needs to be heard by the state eviction court if heard at all.

17

18

19

20   .Dated: July 26, 2018:

21

22

23

24                                                    By:/s/Thomas Neusom
                                                      Attorney For Debtor
25                                                    Bar No. 003717
                                                      (954)200-3536
26                                                    4737 N. Ocean Drive, #129
                                                      Fort Lauderdale, FL 33308
27

8

28

Email: tgnoffice35@gmail.com

1

2

3

4

CERTIFICATE OF SERVICE

5

6    I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO STRIKE OR**
     **FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS**
7    **DUE TO LACK OF JURISDICTION AND OTHER GROUNDS**
      was furnished by email to the following on  July 26, 2018, to the parties on the efiling portal
8    service list by email.

9

10

11                                                By:/s/Thomas Neusom
                                                  Attorney For Debtor
12                                                Bar No. 0037174
                                                  Phone; (954)200-3536
13                                                4737 N. Ocean Drive, #129
                                                  Fort Lauderdale, FL 33308
14                                                Email: tgnoffice35@gmail.com
15

16

17

18

19

20

21

22

23

24

25

26

27
                                         9
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**ORDERED in the Southern District of Florida on July 27, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                            Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                              Chapter 11

        Debtors.
_____/

**ORDER GRANTING LANDLORD'S ORE TENUS MOTION**
**TO CONTINUE HEARING ON LANDLORD'S MOTION FOR**
**SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

**THIS MATTER** came before the Court on July 27, 2018 at 2:00pm on Landlord's Ore

Tenus Motion to Continue the Hearing on Landlord's Motion for Sanctions pursuant to Bankruptcy

Rule 9011 and 11 U.S.C. § 105 ("***Motion***") [ECF 25]. The Court, having reviewed the Motion,

and having been duly advised of the premises, it is hereby **ORDERED AND ADJUDGED** as

follows:

    1.     Landlord's Ore Tenus Motion for Continuance is **GRANTED**.

2.    The hearing on Landlord's Motion for Sanctions pursuant to Bankruptcy Rule 9011

and 11 U.S.C. § 105 [ECF 25] is rescheduled for **August 15, 2018 at 3:00 p.m.**

# # #

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.

Form CGFCRD3  (12/1/15)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 18–15825–AJC**

**Chapter: 11**

**In re:**

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx–xx–9901

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN**  that a hearing will be held on **August 15, 2018** at **03:00 PM** at the following location:

**C. Clyde Atkins U.S. Courthouse**
**301 North Miami Avenue**
**Courtroom 7**
**Miami FL 33128**

to consider the following:

**First Motion for Abstention on Sanction Motion Filed by Debtor Nubia Marcella Perez. ECF#60**

**THIS MATTER HAS BEEN SET ON THE COURT'S MOTION CALENDAR FOR A NON–EVIDENTIARY HEARING. THE ALLOTTED TIME FOR THIS MATTER IS TEN MINUTES.**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above–described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002–1(F) and 9073–1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape–recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072–2.**

**Dated: 7/30/18**

**CLERK OF COURT**
By: Susan Gutierrez
Courtroom Deputy

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                               Chapter 11

           Debtors.
_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the *Order Granting Landlord's Ore*

*Tenus Motion to Continue Hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011*

*and 11 U.S.C. § 105* [ECF No. 61] was served on July 30, 2018, via the Court's Notice of Electronic

Filing upon registered Users listed on the attached Exhibit 1.

     Dated: July 31, 2018.

                          s/ Utibe I. Ikpe
                         Peter D. Russin, Esquire
                         Florida Bar No. 765902
                         prussin@meladnrussin.com
                         Utibe I. Ikpe, Esq.
                         Florida Bar Number: 90301
                         uikpe@melandrussin.com
                         MELAND RUSSIN & BUDWICK, P.A.
                         3200 Southeast Financial Center
                         200 South Biscayne Boulevard
                         Miami, Florida 33131
                         Telephone: (305) 358-6363
                         Telecopy: (305) 358-1221

                         ***Attorneys for Brian Holland and Andrea Holland***

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, prussi
Do not notice for BK case:

Message-Id:<45692148@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order Continuing Hearing
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 7/30/2018 at 10:08 AM EDT and filed on 7/30/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 61 |

**Docket Text:**
Order Granting Landlord's Ore Tenus Motion to Continue Hearing On (Re: [25] Landlord's Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland). Hearing scheduled for 08/15/2018 at 03:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Order_Granting_Motion_for_Continuance_(02146114xA9CE2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=7/30/2018] [FileNumber=45692146-
0] [001230f44123e1243a7f77c399ba8cee9a358ddd951a748f875cec8d5c9830a9a0
7ef1e6fe23d3b93080f2a7335e1479d77c96a821b892be6b7902df32906eb8]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna_armengol@usdoj.gov

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**SUPPLEMENT TO MOTION TO STRIKE OR FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND OTHER GROUNDS**

1.COMES NOW, Nubia Marcella Perez and Attorney Thomas Neusom,  under the applicable State And Federal Rule, Supplementing their Opposition to the Motion for Sanctions  of Landlord Holland in Case No. 18-15825.

    **A. A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs and needed to seek relief in the State Court and the Bankruptcy Court cannot act as a State Trial Court or State Appellate Court, which Holland is seeking**

Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County with Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction Action that has ended.

The landlord Holland obtained a Lifting Of The Stay, a Writ Of Possession and have obtained possession of the subject property.  The eviction case is closed at this time and Holland has refused to return the A Plus Lamination Security Deposit or follow proper procedures in

1

violation of State Law.

The Bankruptcy Court has no legal basis or jurisdiction to further adjudicate this State Court matter under numerous legal doctrines.

An **abstention doctrine** is any of several doctrines that a United States court may (or in some cases must) apply to refuse to hear a case if hearing the case would potentially intrude upon the powers of another court. Such doctrines are usually invoked where <u>lawsuits</u> involving the same issues are brought in two different court systems at the same time (such as federal and state courts).

A copy of the State Court eviction case Docket is attached as Exhibit 1.

The United States has a federal court system with limitations on the cases that it can hear, while each state has its own individual court system. In some instances, the jurisdiction of these courts overlap, so a lawsuit between two parties may be brought in either or both courts. The latter circumstance can lead to confusion, waste resources, as well as cause the appearance that one court is disrespecting the other. Both federal and state courts have developed rules determining when one court will defer to another's jurisdiction over a particular case.

*Colorado River* **abstention**

Finally, *Colorado River* abstention, from *<u>Colorado River Water Conservation District v. United States</u>*, 424 U.S. 800 (1976) comes into play where <u>parallel litigation</u> is being carried out, particularly where federal and state court proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law. Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the question.

2

1

2    Unlike other abstention doctrines, application of the *Colorado River* doctrine is prudential and

3    discretionary, and is based less on <u>comity</u> or respect between different court systems than on the

4    desire to avoid wasteful duplication of litigation. The classification of the doctrine as a form of

5    abstention has been disputed, with some courts simply calling it a "doctrine of exceptional

6    circumstances". Each of the various federal circuits has come up with its own list of factors to

7

8    weigh in determining whether a federal court should abstain from hearing a case under this

9    doctrine. Typically, such factors include:

10

11

12   **Note on the *Rooker-Feldman* doctrine**

13

14   The <u>*Rooker-Feldman* doctrine</u> has some characteristics of an abstention doctrine, because it
     prohibits federal court review of state court actions. However, it does not require federal courts

15   to abstain from hearing cases pending action in the state court, but instead deems that federal

16   courts lack <u>jurisdiction</u> to hear cases already fully decided in state courts. The doctrine is not a

17   judicially created exception to federal jurisdiction. Rather, the Rooker and Feldman cases simply

18   recognized the fact that Congress has not granted the federal district or appeals courts statutory

19   jurisdiction to consider appeals of state court decisions, only the <u>US Supreme Court</u> via a <u>writ of</u>
     <u>certiorari</u>). It is an open question whether Congress could grant such jurisdiction.

20

21   Here, the State Court eviction action has fully concluded and the Judge Borker has ruled and

22   closed the matter.  In this particular case Holland has no basis or right to seek additional

23   remedies in Federal Court in a State Court case that has concluded.

24

25   Any detriments experienced by Holland were the result of the mishandling of the State Court

26   litigation that could have easily been handled in State Court under the Florida Rules of Civil

27

28

Procedure.  Seeking relief in Federal Court for what one should have obtained in State Court is subject to abstention and the Bankruptcy must legally abstain from hearing Holland's motion for sanctions under Colorado Rover, Rooker Feldman, the Florida Rules of Civil Procedure and other laws.

We cannot assume why the State court did what it did.  The Eviction attorney could have filed a Motion For Reconsideration and Rehearing.  We cannot procedurally properly make a determination on the State Court action in this Federal Court in this way by Holland's sanction motion, it is illegal.

- the order in which the courts assumed jurisdiction over property
- the order in which the courts assumed jurisdiction over the parties
- the relative inconvenience of the fora
- the relative progress of the two actions (added by *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* in 1983)
- the desire to avoid piecemeal litigation
- whether federal law provides the rule of decision
- whether the state court will adequately protect the rights of all parties
- whether the federal filing was vexatious (intended to harass the other party) or reactive (in response to adverse rulings in the state court).

It was procedurally improper for Landlord to abandon the State Court eviction action and seek relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent verdicts like what could happen if the Court were to grant Holland relief in a Bankruptcy case that has been dismissed.

The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

4

**B.  FAILURE TO JOIN AN INDISPENSIBLE PARTY AND FRAUD ON THE COURT**

The Motion For Sanctions also contains inaccurate information that was brought up at the dismissal hearing.  Attorney Thomas Neusom did not work on the eviction. The eviction attorney was Alex Borrell.  Due to the sanction Motion not mentioning who the Eviction Attorney was and implying it was Thomas Neusom, a fraud was and is currently being perpetrated on the Court and Federal Rule of Procedure 19 is being violated.

# <span style="color:darkred">**Rule 19. Required Joinder of Parties**</span>

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
(3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
(b) WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

5

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) PLEADING THE REASONS FOR NONJOINDER. When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person.

(d) EXCEPTION FOR CLASS ACTIONS. This rule is subject to Rule 23.

The Bankruptcy Court stated if Neusom did not file the Suggestion Of Bankruptcy he was  off the hook.  Attorney Peter Russin, who filed the Motion for sanctions on behalf of Holland knows Neusom did not represent Perez in State Court, yet Russin and Landlord Holland did not withdraw the sanctions motion, join the indispensible party, if there is one, and are moving forward with there motion it despite the fact that it implies that Neusom was the eviction attorney, which he was not and he did not file anything in the eviction case.

It is fundamental that all proper parties must be joined or included in an action seeking relief, and the Court was likely alluding to this at the last hearing when it informed Holland his action must be brought against the proper party and how this determination will be made.

Bankruptcy Rule 9011 was also incorrectly used and invoked because Holland did not comply with the 21 day safe harbor provision.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorney Thomas Neusom was not the eviction attorney and was not at the hearing when the stay was imposed.  The state court judge determined it should be imposed and no one in the State  Court action apparently contested this and this is where the real problem lies.

If the Landlord's Attorney did not agree with the stay, they should have filed a Motion For Rehearing in the State Court and they could have filed an Appeal to get the stay lifted if the stay was improperly granted.  The Federal Court can also lift stays, but in this case the matter could and should have been raised in State Court.

Due to the landlord Attorney's failure to take proper action in the state court proceeding the stay may have been put in improperly and it stayed when it shouldn't have but this was actually a decision for the state court judge to make and it depended on a number of issues such as the Lease.  The Bankruptcy Court can also lift the stay but it can't rule on a state Court Order like a state trial or Appellate Court due to abstention doctrines.

If the State Court judge made a mistake this could and should have been brought to the Judges Attention by Motion For Reconsideration or Rehearing and then appealed to the Third DCA. Waiting for the Bankruptcy Court was error.  And Debtor should also not be responsible for the fact that the hearing was not set for more than 27 days after it was requested.

There is also no damage from the Bankruptcy because after the Bankruptcy was dismissed Landlord  was given possession of the property by Writ of Possession and currently has possession.

At this time it is still unclear whether the Stay was improperly or properly granted, and it is still

1  unclear because the debtor had a personal guarantee with the Small Business Administration

2  which would meant that the stay was properly granted, which it likely was due to the language of

3  the rent registry Order

4

5

6  This is a legal question requiring a State Court Judicial Determination because that Court issued

7  the Rent Registry order and is the proper Court to make determinations about it and the Federal

8  Bankruptcy Court cannot properly grant sanctions due to abstention doctrines.

9

10  Landlord incorrectly utilizes In Re Mcbride because the Court Registry Order did not mention or

11  prohibit seeking bankruptcy protection.  Mcbride also dealt with a foreclosure case and not an

12  eviction case. *In re McBride Estates, Ltd*., 154 B.R. at 343.

13

14

15  This Bankruptcy Court also essentially ruled against Landlord when their request for dismissal

16  with prejudice was sought in their proposed dismissal order and the Court denied it against A

17  Plus Lamination.

18

19  Perez and Neusom are unaware of anything in the Rent Registry Order that said that

20  Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

21  Of the Order is and was Judge Alexander Boker.

22

23

24  Landlord is not entitled to sanctions pursuant to Bankruptcy Rule 9011 and

25  U.S.C. S. 105.

26

27

28

8

1    Thomas Neusom did not file a Suggestion of Bankruptcy or anything in the eviction case.

2    The Bankruptcy case was dismissed June 29, 2018.

3

4    The Bankruptcy Court should abstain from hearing Landlords Motion due to its state court

5    nature, Strike it or  summarily deny Landlord Holland's motion or find a lack of jurisdiction

6    to hear the motion.  Landlord is concurrently seeking a determination in Federal

7    Bankruptcy Court that needs to be heard by the state eviction court if heard at all.

8

9

10   .Dated: August 14, 2018:

11

12

13                                               By:/s/Thomas Neusom
                                                 Attorney For Debtor
14                                               Bar No. 003717
                                                 (954)200-3536
15                                               4737 N. Ocean Drive, #129
                                                 Fort Lauderdale, FL 33308
16                                               Email: tgnoffice35@gmail.com

17

18

19

20

21

22

23

24

25

26

27                                9

28

1

2                          CERTIFICATE OF SERVICE

3    I HEREBY CERTIFY that a true and correct copy of the foregoing **SUPPLEMENT TO**

4    **MOTION TO STRIKE OR FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S**
     **MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND OTHER**

5    **GROUNDS**
      was furnished by email to the following on  August 14, 2018, to the parties on the efiling portal

6    service list by email.

7

8

9                                          By:/s/Thomas Neusom

10                                         Attorney For Debtor
                                           Bar No. 0037174

11                                         Phone; (954)200-3536
                                           4737 N. Ocean Drive, #129

12                                         Fort Lauderdale, FL 33308
                                           Email: tgnoffice35@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    10
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

# BRIAN HOLLAND ET AL VS. APLUS LAMINATION & FINISHING, INC.

Local Case Number: 2018-008187-CC-05
Filing Date: 04/13/2018
State Case Number: 132018CC008187000005
Case Type: Evictions < $15,000
Consolidated Case No.: N/A
Judicial Section: CC04
Case Status: CLOSED

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 39 | 08/13/2018 : | | Court Registry Voucher Issued | Event | **BRIAN HOLLAND 5561 RENT ACCOUNT**<br><br>*Due Date:*<br>*Complete Date:* |
| 38 | 08/13/2018 : | | Receipt: | Event | **RECEIPT#:2810007 AMT PAID:$3.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 1 $1.00 $1.00 2121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE:CASH TENDER AMT:$5.00 TENDER TYPE:CHANGE TENDER AMT:($2**<br><br>*Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 37 | 08/10/2018 : | | Receipt: | Event | RECEIPT#:3170004 AMT PAID:$25.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 11 $1.00 $11.00 2121-CERTIFIED 7 $2.00 $14.00 TENDER TYPE:CASH TENDER AMT:$30.00 TENDER TYPE:CHANGE TENDER AMT:( *Due Date:* *Complete Date:* |
| | 07/31/2018 : | | Writ of Possession Issued | Service | *Due Date:* *Complete Date:* |
| 35 | 07/31/2018 : | | Writ of Possession Issued | Event | **HANDED TO ATTORNEY JOSEPH R. COLLETTI BAR# 216194** *Due Date:* *Complete Date:* *Parties: Holland Brian; Aplus Lamination & Finishing Inc.* |
| 34 | 07/30/2018 | 31083:3122 | Default Final Judgment | Event | *Due Date:* *Complete Date:* *Parties: Aplus Lamination & Finishing Inc.* |
| 33 | 07/30/2018 : | | Default Final | Judgment | *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | Judgment | | *Complete Date:* |
| 32 | 07/30/2018 : | | Order to Disburse Court Registry Monies | Event | *Due Date:* *Complete Date:* |
| 31 | 07/30/2018 : | | Order: | Event | **LIFTYING BANKRUPTSY STAY** *Due Date:* *Complete Date:* |
| 30 | 07/30/2018 : | | Memorandum of Disposition | Event | *Due Date:* *Complete Date:* |
| 29 | 07/30/2018 : | | Receipt: | Event | **RECEIPT#:3090001 AMT PAID:$3.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 1 $1.00 $1.00 2121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE:CASH TENDER AMT:$5.00 TENDER TYPE:CHANGE TENDER AMT:($2** *Due Date:* *Complete Date:* |
| | 07/30/2018 : | | Status Hearing | Hearing | **JUDGE SET** *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Complete Date:* |
| 27 | 07/26/2018 | : | Receipt: | Event | **RECEIPT#:2830003 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 6 $1.00 $6.00 2121-CERTIFIED 2 $2.00 $4.00 TENDER TYPE:CASH TENDER AMT:$10.00 RECEIPT DATE:07/26/2018 REGISTER#:283** *Due Date:* *Complete Date:* |
| 28 | 07/25/2018 | : | Notice: | Event | **OF STATUS CONFERENCE** *Due Date:* *Complete Date:* |
| 26 | 07/02/2018 | : | Motion to Disb Crt Reg Monies | Event | *Due Date:* *Complete Date:* |
| 25 | 07/02/2018 | : | Motion for Default Judgment | Event | *Due Date:* *Complete Date:* |
| 24 | 06/12/2018 | : | Receipt: | Event | **RECEIPT#:2710003 AMT PAID:$34.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT** |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | **2120-COPY 18 $1.00 $18.00 2121-CERTIFIED 8 $2.00 $16.00 TENDER TYPE:CASH TENDER AMT:$40.00 TENDER TYPE:CHANGE TENDER AMT:(** |
| | | | | | *Due Date: Complete Date:* |
| 23 | 05/17/2018 : | | Order Case Pending Bankruptcy Stay | Event | *Due Date: Complete Date:* |
| | | | | | **CASE CANCELLED** |
| 22 | 05/17/2018 : | | Mediators Report | Event | *Due Date: Complete Date:* |
| 21 | 05/17/2018 : | | Memorandum of Disposition | Event | *Due Date: Complete Date:* |
| 20 | 05/15/2018 : | | Notice of Filing: | Event | *Due Date: Complete Date:* |
| | 05/15/2018 : | | Mediation | Hearing | *Due Date: Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | **DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT** |
| 19 | 05/10/2018 : | | Order: | Event | *Due Date:*<br>*Complete Date:* |
| 18 | 05/09/2018 : | | Order of Referral to Mediation Unit | Event | *Due Date:*<br>*Complete Date:* |
| 16 | 05/07/2018 : | | Receipt: | Event | **RECEIPT#:2430012 AMT PAID:$9,142.50 NAME:NUBIA PEREZ/APLUS LAMATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $9,000.00 $9,000.00 2108-COURT REGISTRY FEE 1 $142.50 $142.50 TENDER TYPE:CHECK**<br><br>*Due Date:*<br>*Complete Date:* |
| 15 | 05/04/2018 : | | Memorandum of Disposition | Event | *Due Date:*<br>*Complete Date:* |
| | 05/03/2018 : | | Status Hearing | Hearing | *Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | **05/03/2018** |
| 17 | 04/27/2018 : | | Notice of Hearing- | Event | *Due Date:* *Complete Date:* |
| 14 | 04/25/2018 : | | Affidavit as to Costs | Event | *Due Date:* *Complete Date:* |
| 13 | 04/25/2018 : | | Affidavit of Non-Payment | Event | *Due Date:* *Complete Date:* |
| 12 | 04/25/2018 : | | Non-Military Affidavit | Event | *Due Date:* *Complete Date:* |
| 11 | 04/25/2018 : | | Service Returned | Event | *Due Date:* *Complete Date:* |
| 10 | 04/25/2018 : | | Motion: | Event | *Due Date:* *Complete Date:* |
| 9 | 04/25/2018 : | | Answer and Affirmative Defense | Event | *Due Date:* *Complete Date:* |
| 8 | 04/25/2018 : | | Notice of Appearance | Event | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 7 | 04/24/2018: | | Receipt: | Event | **RECEIPT#:2350016 AMT PAID:$5,082.50 NAME:APLUS LAMINATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $5,000.00 $5,000.00 2108-COURT REGISTRY FEE 1 $82.50 $82.50 TENDER TYPE:CHECK T** *Due Date: Complete Date:* |
| 6 | 04/18/2018: | | Receipt: | Event | **RECEIPT#:2200061 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/18/2018 REGISTER#:220 CASHIER:NMERKER** *Due Date: Complete Date:* |
| 5 | 04/18/2018: | | Summons and Complaint Mailed | Event | *Due Date: Complete Date:* *Parties: Aplus Lamination & Finishing Inc.* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | 04/18/2018 : | | 5 Day Summons Issued | Service | *Due Date:* *Complete Date:* |
| 4 | 04/18/2018 : | | 5 Day Summons Issued | Event | *Due Date:* *Complete Date:* *Parties: Aplus Lamination & Finishing Inc.* |
| 3 | 04/17/2018 : | | Receipt: | Event | **RECEIPT#:3430137 AMT PAID:$185.00 NAME:COLLETTI, JOSEPH R. 4770 BISCAYNE BLVD STE 1400 MIAMI FL 33137-3243 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $185.00 $185.00 TENDER TYPE:E-FILING ACH TENDER AMT:$1** *Due Date:* *Complete Date:* |
| 2 | 04/13/2018 : | | Motion: | Event | **FOR DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT.** *Due Date:* *Complete Date:* |
| 1 | 04/13/2018 : | | Complaint | Event | |

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**SUPPLEMENT TO OPPOSITION TO LANDLORD HOLLAND'S MOTION FOR SANCTIONS**

1.COMES NOW, Nubia Marcella Perez and Attorney Thomas Neusom,  under the applicable State And Federal Rule, Supplementing their Opposition to Landlord Holland's Motion For Sanctions which was filed on June 26, 2018 in Case No. 18-15825.  The State Court eviction case Holland is seeking relief for Case number is 18-8187CC05.

Respondents oppose the Motion of Landlord for Sanctions.

Debtor was involved in an eviction case with landlord.

Debtor was under a court Order to deposit funds into the Court registry. Debtor is unaware of anything in the Order that said that Debtor could not seek bankruptcy protection and may not have even sought it against Holland.

Debtor intended to follow the Court's order and deposit funds into the registry.

When attempting to get the funds to put into the registry, Debtor was told the funds had been garnished by D And K International. Due to the garnishment Debtro was unable to place the funds into the registry.

Debtor has attempted to negotiate a resolution of the rent issue with the landlord.

Landlord is not entitled to sanctions pursuant to Bankruptcy Rule 9011 and U.S.C. S. 105.

1

1

2   Landlord is asking the Bankruptcy Court to review the Rent Registry Order and rule that
the filing of a Bankruptcy petition by Nubia Perez entitles them to Sanctions.

3

4

5   In my Motion To Abstain, Strike or Grant Summary Denial I explain that this is procedurally
improper as an intrusion into a State Court case by a Federal Court.

6

7

8   The hope is that the Court will abstain under Colorado River, Rooker Fedlman and other
grounds.  But if it doesn't, it should still deny Landlord's motion on legal grounds.

9

10

11   The Rent Registry Order says that the tenant must deposit rent, and if it doesn't, the tenant
waives Defenses.  Nowhere in the Rent Registry Order does it say Tenant can not file

12   Bankruptcy.  And in addition to this, Bankruptcy is not a Defense for purposes of the Rent
Registry Order.

13

14

15       **A.   BANKRUPTCY IS NOT PROHIBITED BY THE RENT REGISTRY ORDER AND IT IS NOT A
DEFENSE FOR PURPOSES OF THE RENT REGISTRY ORDER.**

16

17   One place where a list of defenses are contained is the Florida Rules of Civil Procedure.

18

19   ## RULE 1.110. GENERAL RULES OF PLEADING

20

21   **(a) Forms of Pleadings.** Forms of action and technical forms for seeking relief and
of pleas, pleadings, or motions are abolished.

22

23   **(b) Claims for Relief.** A pleading which sets forth a claim for relief, whether an
original claim, counterclaim, crossclaim, or third-party claim, must state a cause of

24   action and shall contain (1) a short and plain statement of the grounds upon which
the court's jurisdiction depends, unless the court already has jurisdiction and the

25   claim needs no new grounds of jurisdiction to support it, (2) a short and plain
statement of the ultimate facts showing that the pleader is entitled to relief, and (3)

26   a demand for judgment for the relief to which the pleader deems himself or herself

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.

**(c) The Answer.** In the answer a pleader shall state in short and plain terms the pleader's defenses to each claim asserted and shall admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, the defendant shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment, the pleader shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or may generally deny all of the averments except such designated averments as the pleader expressly admits, but when the pleader does so intend to controvert all of its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial.

**(d) Affirmative Defenses.** In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense Florida Rules of Civil Procedure 25

3

under rule 1.140(b); provided this shall not limit amendments under rule 1.190 even if such ground is sustained.

**(e) Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

**(f) Separate Statements.** All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.

**(g) Joinder of Causes of Action; Consistency.** A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.

**(h) Subsequent Pleadings.** When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.

4

**RULE 1.140. DEFENSES**

**(a) When Presented.**
(1) Unless a different time is prescribed in a statute of Florida, a defendant must serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a crossclaim against that party must serve an answer to it within 20 days after service on that party. The plaintiff must serve an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply must be served within 20 days after service of the answer.

(2) (A) Except when sued pursuant to section 768.28, Florida Statutes, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity must serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within 40 days after service.

(B) When sued pursuant to section 768.28, Florida Statutes, the Department of Financial Services or the defendant state agency has 30 days from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

(3) The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings must be served within 10 days after the filing of the court's order or, if the court grants a motion for a more definite statement, the responsive pleadings must be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.

(4) If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement must be served within 10 days after the filing of the court's order unless a different time is fixed by the court. Responses to the pleadings or statements must be served within 10 days of service of the pleadings or statements.

**(b) How Presented.** Every defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of Florida Rules of Civil Procedure 30

5

1 jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3)
2 improper venue, (4) insufficiency of process, (5) insufficiency of service of
process, (6) failure to state a cause of action, and (7) failure to join indispensable
3 parties. A motion making any of these defenses must be made before pleading if a
further pleading is permitted. The grounds on which any of the enumerated
4 defenses are based and the substantial matters of law intended to be argued must be
5 stated specifically and with particularity in the responsive pleading or motion. Any
ground not stated must be deemed to be waived except any ground showing that
6 the court lacks jurisdiction of the subject matter may be made at any time. No
7 defense or objection is waived by being joined with other defenses or objections in
a responsive pleading or motion. If a pleading sets forth a claim for relief to which
8 the adverse party is not required to serve a responsive pleading, the adverse party
9 may assert any defense in law or fact to that claim for relief at the trial, except that
the objection of failure to state a legal defense in an answer or reply must be
10 asserted by motion to strike the defense within 20 days after service of the answer
11 or reply.

12
**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed, but
13 within such time as not to delay the trial, any party may move for judgment on the
14 pleadings.

15 **(d) Preliminary Hearings.** The defenses 1 to 7 in subdivision (b) of this rule,
16 whether made in a pleading or by motion, and the motion for judgment in
subdivision (c) of this rule must be heard and determined before trial on
17 application of any party unless the court orders that the hearing and determination
18 must be deferred until the trial.

19 **(e) Motion for More Definite Statement.** If a pleading to which a responsive
20 pleading is permitted is so vague or ambiguous that a party cannot reasonably be
required to frame a responsive pleading, that party may move for a more definite
21 statement before interposing a responsive pleading. The motion must point out the
22 defects complained of and the details desired. If the motion is granted and the order
of the court is not obeyed within 10 days after the filing of the order or such other
23 time as the court may fix, the court may strike the pleading to which the motion
24 was directed or make such order as it deems just.

25
**(f) Motion to Strike.** A party may move to strike or the court may strike
26 redundant, immaterial, impertinent, or scandalous matter from any pleading at any
27 time. Florida Rules of Civil Procedure

6

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(g) Consolidation of Defenses.** A party who makes a motion under this rule may join with it the other motions herein provided for and then available to that party. If a party makes a motion under this rule but omits from it any defenses or objections then available to that party that this rule permits to be raised by motion, that party shall not thereafter make a motion based on any of the defenses or objections omitted, except as provided in subdivision (h)(2) of this rule.

**(h) Waiver of Defenses.**
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.

Nowhere in the Florida Rules of Civil Procedure is Bankruptcy listed as a Defense.

And n**owhere** in the Rent Registry Order is Bankruptcy listed as a Defense.  That is because Bankruptcy is not a Defense.

Bankruptcy is a Constitutionally based Federal Law and remedy. Wikipedia says

Bankruptcy is a legal status of a person or other entity that cannot repay debts to creditors. In most jurisdictions, bankruptcy is imposed by a court order, often initiated by the debtor.

11 USC S. 301 says that Bankruptcy is a case and not a Defense.

**§301. Voluntary cases**
    (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.
    (b) The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.
    (Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2558; Pub. L. 109–8, title V, §501(b), Apr. 20, 2005, 119 Stat. 118.)

8

1

2  The Bankruptcy rules of Procedure does not say that Bankruptcy is a Defense.  It is a remedy.

3

4  **Rule 1001. Scope of Rules and Forms; Short Title**

5    The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code. The rules shall be cited as the Federal Rules of Bankruptcy Procedure and the forms as the Official Bankruptcy Forms. These

6  rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.

7  (As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 27, 2017, eff. Dec. 1, 2017.)

8  *NOTES OF ADVISORY COMMITTEE ON RULES-1983*

   Section 247 of Public Law 95–598, 92 Stat. 2549 amended 28 U.S.C. §2075 by omitting the last sentence. The

9  effect of the amendment is to require that procedural rules promulgated pursuant to 28 U.S.C. §2075 be consistent with the bankruptcy statute, both titles 11 and 28 U.S.C. Thus, although Rule 1001 sets forth the scope of the bankruptcy rules and forms, any procedural matters contained in title 11 or 28 U.S.C. with respect to cases filed

10 under 11 U.S.C. would control. See 1 Collier, *Bankruptcy* 3.04 [2][c] (15th ed. 1980).

11   28 U.S.C. §151 establishes a United States Bankruptcy Court in each district as an adjunct to the district court. This provision does not, however, become effective until April 1, 1984. Public Law 95–598, §402(b). From October

12 1, 1979 through March 31, 1984, the courts of bankruptcy as defined in §1(10) of the Bankruptcy Act, and created in §2a of that Act continue to be the courts of bankruptcy. Public Law 95–598, §404(a). From their effective date these

13 rules and forms are to be applicable in cases filed under chapters 7, 9, 11 and 13 of title 11 regardless of whether the court is established by the Bankruptcy Act or by 28 U.S.C. §151. Rule 9001 contains a broad and general definition

14 of "bankruptcy court," "court" and "United States Bankruptcy Court" for this purpose.

15   "Bankruptcy Code" or "Code" as used in these rules means title 11 of the United States Code, the codification of the bankruptcy law. Public Law 95–598, §101. See Rule 9001.

16   "Bankruptcy Act" as used in the notes to these rules means the Bankruptcy Act of 1898 as amended which was repealed by §401(a) of Public Law 95–598.

17   These rules apply to all cases filed under the Code except as otherwise specifically stated.

18   The final sentence of the rule is derived from former Bankruptcy Rule 903. The objective of "expeditious and economical administration" of cases under the Code has frequently been recognized by the courts to be "a chief

19 purpose of the bankruptcy laws." See *Katchen v. Landy*, 382 U.S. 323, 328 (1966): *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346–47 (1874): *Ex parte Christy*, 44 U.S. (3 How.) 292, 312–14, 320–22 (1845). The rule also

20 incorporates the wholesome mandate of the last sentence of Rule 1 of the Federal Rules of Civil Procedure. 2 Moore, *Federal Practice* 1.13 (2d ed. 1980); 4 Wright & Miller, *Federal Practice and Procedure-Civil* §1029

21 (1969).

22 A review of Florida Law and Court Rules and the Bankruptcy Code and Rules makes it clear that Bankruptcy is not a Defense for purposes of the Rent Registry Order.

23

24

25

26

27                                                          9

28

1

2

3

**B.   THE BANKRUPTCY COURT IS PRECLUDED OF SANCTIONING PEREZ AND NUBIA**
**UNDER THE DOCTRINE OF ABSTENTION, RES JUDICATA AND COLLATERAL ESTOPPEL**

4

5   Abstention is sought by Neusom.  If the Court does not abstain from hearing the motion, the
Doctrines of Res Judicata and Collateral estoppels preclude it from granting sanctions.

6

7   The doctrines of res judicata and collateral estoppel often come into play when a subsequent
case, similar to a case already adjudicated, is filed. The rationale behind the doctrines is that an
8   issue or cause of action fully litigated should not be litigated again. *Res judicata* is often referred
to as "claim preclusion". Collateral estoppel is often referred to as "issue preclusion".

9   *Res judicata* is raised when a party thinks that a particular claim was already, or could have been,
10   litigated and therefore, should not be litigated again. When addressing a *res judicata* argument, a
court will usually look at three factors. First, the court will consider whether there was previous
11   litigation in which identical claims were raised, or in which identical claims could have been
raised. The second factor to be considered is that the parties must be the same parties as those
12   who litigated the original action. The third factor is that the original action must have received
13   final judgment on the merits.

14   Here, Landlord is seeking sanctions in regards to a State Court action which has been fully
litigated and is closed.  The doctrines of Res Judicata and Collateral Estoppel prevent the
15   Bankruptcy Court from allowing further litigation of the eviction case because the Florida State
eviction Court has ruled and closed the case.

16

17   Federal courts must give judgments litigated either in the same court or in other federal courts
full preclusive effect.4 Pursuant to 28 U.S.C. § 1738, federal courts must afford state court
18   judgments "the same preclusive effect as would be given that judgment under the law of the
State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465
19   U.S. 75, 81 (1984); see also Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982) ("Section
1738 requires federal courts to give the same preclusive effect to state court judgments that those
20   judgments would be given in the courts of the State from which the judgments emerged.").

21

22   The Bankruptcy Court should grant the Motion to abstain, but if it does not, it can not grant
sanctions for what happened in State Court under the doctrines of Res Judicata, Collateral
23   estoppels and the accompanying  rules.

24   The State Court eviction docket is being concurrently filed as Exhibit 1.

25

26

27

28

1

2   .Dated: August 15, 2018:

3

4                                                    By:/s/Thomas Neusom

5                                                    Attorney For Debtor
                                                     Bar No. 003717
6                                                    (954)200-3536
                                                     4737 N. Ocean Drive, #129
7                                                    Fort Lauderdale, FL 33308
                                                     Email: tgnoffice35@gmail.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        11
28

1

2

3

4                                    CERTIFICATE OF SERVICE

5     I HEREBY CERTIFY that a true and correct copy of the foregoing **SUPPLEMENT TO**
6     **OPPOSITION TO LANDLORD HOLLAND'S MOTION FOR SANCTIONS**
       was furnished by email to the following on  August 15, 2018, to the parties on the efiling portal
7     service list by email.

8

9

10                                             By:/s/Thomas Neusom
                                               Attorney For Debtor
11                                             Bar No. 0037174
                                               Phone; (954)200-3536
12                                             4737 N. Ocean Drive, #129
                                               Fort Lauderdale, FL 33308
13                                             Email: tgnoffice35@gmail.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                               12
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

# BRIAN HOLLAND ET AL VS. APLUS LAMINATION & FINISHING, INC.

Local Case Number: 2018-008187-CC-05
Filing Date: 04/13/2018
State Case Number: 132018CC008187000005
Case Type: Evictions < $15,000
Consolidated Case No.: N/A
Judicial Section: CC04
Case Status: CLOSED

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 39 | 08/13/2018 | : | Court Registry Voucher Issued | Event | **BRIAN HOLLAND 5561 RENT ACCOUNT**<br><br>*Due Date:*<br>*Complete Date:* |
| 38 | 08/13/2018 | : | Receipt: | Event | **RECEIPT#:2810007 AMT PAID:$3.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 1 $1.00 $1.00 2121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE:CASH TENDER AMT:$5.00 TENDER TYPE:CHANGE TENDER AMT:($2**<br><br>*Due Date:*<br>*Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 37 | 08/10/2018 : | | Receipt: | Event | **RECEIPT#:3170004 AMT PAID:$25.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 11 $1.00 $11.00 2121-CERTIFIED 7 $2.00 $14.00 TENDER TYPE:CASH TENDER AMT:$30.00 TENDER TYPE:CHANGE TENDER AMT:(** *Due Date: Complete Date:* |
| | 07/31/2018 : | | Writ of Possession Issued | Service | *Due Date: Complete Date:* |
| 35 | 07/31/2018 : | | Writ of Possession Issued | Event | **HANDED TO ATTORNEY JOSEPH R. COLLETTI BAR# 216194** *Due Date: Complete Date: Parties: Holland Brian; Aplus Lamination & Finishing Inc.* |
| 34 | 07/30/2018 | 31083:3122 | Default Final Judgment | Event | *Due Date: Complete Date: Parties: Aplus Lamination & Finishing Inc.* |
| 33 | 07/30/2018 : | | Default Final | Judgment | *Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | Judgment | | *Complete Date:* |
| 32 | 07/30/2018 : | | Order to Disburse Court Registry Monies | Event | *Due Date:*<br>*Complete Date:* |
| 31 | 07/30/2018 : | | Order: | Event | **LIFTYING BANKRUPTSY STAY**<br><br>*Due Date:*<br>*Complete Date:* |
| 30 | 07/30/2018 : | | Memorandum of Disposition | Event | *Due Date:*<br>*Complete Date:* |
| 29 | 07/30/2018 : | | Receipt: | Event | **RECEIPT#:3090001 AMT PAID:$3.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 1 $1.00 $1.00 2121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE:CASH TENDER AMT:$5.00 TENDER TYPE:CHANGE TENDER AMT:($2**<br><br>*Due Date:*<br>*Complete Date:* |
| | 07/30/2018 : | | Status Hearing | Hearing | **JUDGE SET**<br><br>*Due Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | | | | | *Complete Date:* |
| 27 | 07/26/2018 | : | Receipt: | Event | **RECEIPT#:2830003 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2120-COPY 6 $1.00 $6.00 2121-CERTIFIED 2 $2.00 $4.00 TENDER TYPE:CASH TENDER AMT:$10.00 RECEIPT DATE:07/26/2018 REGISTER#:283** <br><br> *Due Date:* <br> *Complete Date:* |
| 28 | 07/25/2018 | : | Notice: | Event | **OF STATUS CONFERENCE** <br><br> *Due Date:* <br> *Complete Date:* |
| 26 | 07/02/2018 | : | Motion to Disb Crt Reg Monies | Event | *Due Date:* <br> *Complete Date:* |
| 25 | 07/02/2018 | : | Motion for Default Judgment | Event | *Due Date:* <br> *Complete Date:* |
| 24 | 06/12/2018 | : | Receipt: | Event | **RECEIPT#:2710003 AMT PAID:$34.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT** |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | **2120-COPY 18 $1.00 $18.00 2121-CERTIFIED 8 $2.00 $16.00 TENDER TYPE:CASH TENDER AMT:$40.00 TENDER TYPE:CHANGE TENDER AMT:(** |
| | | | | | *Due Date:* *Complete Date:* |
| 23 | 05/17/2018 : | | Order Case Pending Bankruptcy Stay | Event | *Due Date:* *Complete Date:* |
| | | | | | **CASE CANCELLED** |
| 22 | 05/17/2018 : | | Mediators Report | Event | *Due Date:* *Complete Date:* |
| 21 | 05/17/2018 : | | Memorandum of Disposition | Event | *Due Date:* *Complete Date:* |
| 20 | 05/15/2018 : | | Notice of Filing: | Event | *Due Date:* *Complete Date:* |
| | 05/15/2018 : | | Mediation | Hearing | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | **DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT** |
| 19 | 05/10/2018 : | | Order: | Event | *Due Date:* *Complete Date:* |
| 18 | 05/09/2018 : | | Order of Referral to Mediation Unit | Event | *Due Date:* *Complete Date:* |
| 16 | 05/07/2018 : | | Receipt: | Event | **RECEIPT#:2430012 AMT PAID:$9,142.50 NAME:NUBIA PEREZ/APLUS LAMATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $9,000.00 $9,000.00 2108-COURT REGISTRY FEE 1 $142.50 $142.50 TENDER TYPE:CHECK** *Due Date:* *Complete Date:* |
| 15 | 05/04/2018 : | | Memorandum of Disposition | Event | *Due Date:* *Complete Date:* |
| | 05/03/2018 : | | Status Hearing | Hearing | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | **05/03/2018** |
| 17 | 04/27/2018 : | | Notice of Hearing- | Event | *Due Date:* *Complete Date:* |
| 14 | 04/25/2018 : | | Affidavit as to Costs | Event | *Due Date:* *Complete Date:* |
| 13 | 04/25/2018 : | | Affidavit of Non-Payment | Event | *Due Date:* *Complete Date:* |
| 12 | 04/25/2018 : | | Non-Military Affidavit | Event | *Due Date:* *Complete Date:* |
| 11 | 04/25/2018 : | | Service Returned | Event | *Due Date:* *Complete Date:* |
| 10 | 04/25/2018 : | | Motion: | Event | *Due Date:* *Complete Date:* |
| 9 | 04/25/2018 : | | Answer and Affirmative Defense | Event | *Due Date:* *Complete Date:* |
| 8 | 04/25/2018 : | | Notice of Appearance | Event | *Due Date:* *Complete Date:* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 7 | 04/24/2018 : | | Receipt: | Event | **RECEIPT#:2350016 AMT PAID:$5,082.50 NAME:APLUS LAMINATION COMMENT:RENT DEPOSIT ALLOCATION CODE QUANTITY UNIT AMOUNT 2106-COURT REGISTRY DEP 1 $5,000.00 $5,000.00 2108-COURT REGISTRY FEE 1 $82.50 $82.50 TENDER TYPE:CHECK T**<br><br>*Due Date:*<br>*Complete Date:* |
| 6 | 04/18/2018 : | | Receipt: | Event | **RECEIPT#:2200061 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:CHECK TENDER AMT:$10.00 RECEIPT DATE:04/18/2018 REGISTER#:220 CASHIER:NMERKER**<br><br>*Due Date:*<br>*Complete Date:* |
| 5 | 04/18/2018 : | | Summons and Complaint Mailed | Event | *Due Date:*<br>*Complete Date:*<br><br>*Parties: Aplus Lamination & Finishing Inc.* |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 04/18/2018: | | 5 Day Summons Issued | Service | *Due Date:* *Complete Date:* |
| 4 | 04/18/2018: | | 5 Day Summons Issued | Event | *Due Date:* *Complete Date:* *Parties: Aplus Lamination & Finishing Inc.* |
| 3 | 04/17/2018: | | Receipt: | Event | **RECEIPT#:3430137 AMT PAID:$185.00 NAME:COLLETTI, JOSEPH R. 4770 BISCAYNE BLVD STE 1400 MIAMI FL 33137-3243 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $185.00 $185.00 TENDER TYPE:E-FILING ACH TENDER AMT:$1** *Due Date:* *Complete Date:* |
| 2 | 04/13/2018: | | Motion: | Event | **FOR DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT.** *Due Date:* *Complete Date:* |
| 1 | 04/13/2018: | | Complaint | Event | |

Form CGFCRD8  (12/1/15)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 18−15825−AJC

Chapter: 11

In re:

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

## NOTICE OF EVIDENTIARY HEARING

**NOTICE IS HEREBY GIVEN THAT AN EVIDENTIARY HEARING** will be held on **September 28, 2018** at **02:00 PM,** at the following location:

**C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Courtroom 7, Miami, FL 33128**

to consider the following:

**Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland. ECF#25**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above−described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002−1(F) and 9073−1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072−2.**

**Dated: 8/16/18**

**CLERK OF COURT**
By: Susan Gutierrez
Courtroom Deputy

United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 18-15825-AJC
Nubia Marcella Perez                                            Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1        User: gutierrez        Page 1 of 1          Date Rcvd: Aug 16, 2018
                           Form ID: CGFCRD8        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 18, 2018.
              +Utibe I Ikpe,    200 S Biscayne Blvd #3200,    Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2018                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 16, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
          Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
          Johanna  Armengol    on behalf of U.S. Trustee   Office of the US Trustee
           Johanna.Armengol@usdoj.gov,   johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee   USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                             TOTAL: 10

Form CGFCRD8  (12/1/15)

# United States Bankruptcy Court
### Southern District of Florida
**www.flsb.uscourts.gov**

Case Number: 18−15825−AJC

Chapter: 11

**In re:**

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

## NOTICE OF EVIDENTIARY HEARING

**NOTICE IS HEREBY GIVEN THAT AN EVIDENTIARY HEARING** will be held on **September 28, 2018 at 02:00 PM,** at the following location:

**C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Courtroom 7, Miami, FL 33128**

to consider the following:

**Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland. ECF#25**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above−described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002−1(F) and 9073−1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072−2.**

**Dated: 8/16/18**

**CLERK OF COURT**
By: Susan Gutierrez
Courtroom Deputy

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                              Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                               Chapter 11

            Debtors.
_____/

**CERTIFICATE OF SERVICE OF NOTICE OF EVIDENTIARY**
**HEARING AND COMPLIANCE WITH LOCAL RULE 9073-1(D)**

**I HEREBY CERTIFY** that a true and correct copy of the *Notice of Evidentiary Hearing on*

*Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105* [ECF No. 66]

was served on August 16, 2018, via the Court's Notice of Electronic Filing upon registered Users

listed on the attached Exhibit 1.

            Dated:  August 20, 2018.

                                     s/ Utibe I. Ikpe
                                    Peter D. Russin, Esquire
                                    Florida Bar No. 765902
                                    prussin@meladnrussin.com
                                    Utibe I. Ikpe, Esq.
                                    Florida Bar Number: 90301
                                    uikpe@melandrussin.com
                                    MELAND RUSSIN & BUDWICK, P.A.
                                    3200 Southeast Financial Center
                                    200 South Biscayne Boulevard
                                    Miami, Florida 33131
                                    Telephone: (305) 358-6363
                                    Telecopy: (305) 358-1221

                                    ***Attorneys for Brian Holland and Andrea Holland***

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<45824618@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Notice of Evidentiary Hearing
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Gutierrez, Susan entered on 8/16/2018 at 12:04 PM EDT and filed on 8/16/2018
**Case Name:**      Nubia Marcella Perez
**Case Number:**    18-15825-AJC
**Document Number:** 66

**Docket Text:**
Notice of Evidentiary Hearing (Re: [25] Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel *and 11 U.S.C. § 105* Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Gutierrez, Susan)

The following document(s) are associated with this transaction:

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

# Exhibit 1

**ORDERED in the Southern District of Florida on August 20, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

       Debtor.

_____/

**OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORD'S MOTION FOR SANCTIONS**

     **THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at 3:00 pm (the "*Hearing*") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64];  and Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea Holland's a/k/a Brian Holland 5561 Rent Account ("*Landlord*") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

**ORDERED AND ADJUDGED** as follows:

1.      Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

2.      The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

3.      The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

4.      To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

5.      Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                          Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                        Chapter 11

          Debtors.
_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the *Omnibus Order (1) Denying*

*Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due*

*to Lack of Jurisdiction and Supplement Thereto; and (2) Resetting Landlord's Motion for*

*Sanctions* [ECF No. 69] was served on August 21, 2018, via the Court's Notice of Electronic Filing

upon registered Users listed on the attached Exhibit 1.

     Dated:  August 22, 2018.


                     s/ Utibe I. Ikpe
                    Peter D. Russin, Esquire
                    Florida Bar No. 765902
                    prussin@meladnrussin.com
                    Utibe I. Ikpe, Esq.
                    Florida Bar Number: 90301
                    uikpe@melandrussin.com
                    MELAND RUSSIN & BUDWICK, P.A.
                    3200 Southeast Financial Center
                    200 South Biscayne Boulevard
                    Miami, Florida 33131
                    Telephone: (305) 358-6363
                    Telecopy: (305) 358-1221

                    ***Attorneys for Brian Holland and Andrea Holland***

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<45854923@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Motion for Abstention
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 8/21/2018 at 11:27 AM EDT and filed on 8/21/2018

**Case Name:**      Nubia Marcella Perez
**Case Number:**    18-15825-AJC
**Document Number:** 69

**Docket Text:**
Omnibus Order (1) Denying Debtor's Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction (Re: # [60])and Supplement (Re: # [64]) thereto; and (2) Resetting Landlord's Motion For Sanctions, (Re: [25] Motion For Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 Filed by Creditors Andrea Holland, Brian Holland.) Evidentiary Hearing scheduled for 09/28/2018 at 02:00 PM at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 7 (AJC), Miami, FL 33128. (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**nubia.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=8/21/2018] [FileNumber=45854921-
0] [4a6cebaf8ba5836213e00085b64a02256191ce3b212909ad42e83bf61b1aa1334e
d039dda73ce403f1551331fa1aad51d2f644a979910729718b718c43d0877d]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**MOTION TO CANCEL AND RESCHEDULE THE 2 PM SEPTEMBER 28, 2018 HEARING**

1.COMES NOW, Attorney Thomas Neusom,  under the applicable rule, moving the Court to Cancel and reschedule the hearing set for September 28, 2018 at 2 pm in this case.

2.Cancellation is sought because recently obtained two Bankruptcy Court CDs of the June 27, 2018 hearing and July 27, 2018 hearing where the Court stated a condition precedent to the denial of Holland's motion against Neusom.

3.The Condition precedent to the denial of Holland's motion has occurred and is explained on the CDS and Attorney Thomas Neusom is working on getting the CDs transcribed which should result in the immediate denial of Holland's  motion.

4.Additional time is needed to get the CDs transcribed and it is unlikely they will be ready for the September 28, 2018 hearing.

5.Due to additional time being needed, cancellation and rescheduling of the September 28, 2018 hearing is requested.

6.At the present time Neusom is available for a hearing on any day from October 22, 2018 to October 26, 2018 for a rescheduled hearing.  Hollands Counsel would not agree to a rescheduling and would not state availability for a new hearing date.

WHEREFORE, Neusom requests that:

1. The Court cancel the hearing scheduled for September 28, 2018 at 2 pm and reschedule it one day from October 22, 2018 to October 26, 2018.

1

.Dated: September 20, 2018:

1

2

3          By:/s/Thomas Neusom
           Attorney For Nubia Perez
4          Bar No. 003717
           (954)200-3536
5          4737 N. Ocean Drive, #129
           Fort Lauderdale, FL 33308
6          Email: tgnoffice35@gmail.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                   2
28

1

2

3                        CERTIFICATE OF SERVICE

4   I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO CANCEL**
5   **AND RESCHEDULE THE 2 PM SEPTEMBER 28, 2018 HEARING**
     was furnished by email to the following on  September 20, 2018, to the parties on the efiling
6   portal service list by email.

7

8

9                                          By:/s/Thomas Neusom
                                           Attorney For Debtor
10                                         Bar No. 0037174
                                           Phone; (954)200-3536
11                                         4737 N. Ocean Drive, #129
                                           Fort Lauderdale, FL 33308
12                                         Email: tgnoffice35@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    3

28

Form CGFCRD3  (12/1/15)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 18−15825−AJC

Chapter: 11

**In re:**

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

# NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that a hearing will be held on **September 24, 2018** at **11:00 AM** at the following location:

**C. Clyde Atkins U.S. Courthouse**
**301 North Miami Avenue**
**Courtroom 7**
**Miami FL 33128**

to consider the following:

**Motion to Continue Hearing On: [(69 Order on Motion for Abstention)] Filed by Debtor Nubia Marcella Perez. ECF#71**

**THIS MATTER HAS BEEN SET ON THE COURT'S MOTION CALENDAR FOR A NON−EVIDENTIARY HEARING. THE ALLOTTED TIME FOR THIS MATTER IS TEN MINUTES.**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above−described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002−1(F) and 9073−1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072−2.**

**Dated: 9/21/18**

**CLERK OF COURT**
By: Susan Gutierrez
Courtroom Deputy

1

2          IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4      DEBTOR                                    **CASE NO: 18-15825**

5
                                                 **OBJECTION TO THE TESTIMONY OF**
6      NUJBIA MAR ELLA PEREZ.                    **COLETTI AND MOTION TO STRIKE**
                                                 **AND FOR SUMMARY DENIAL OF**
7                                                **LANDLORD HOLLAND'S MOTION**
                                                 **FOR SANCTIONS**
8

9

10

11
       1.Comes now attorney Thomas Neusom objecting to Joseph Colletti testifying about
12     Confidential Inadmissible Settlement Communications stating anything related to conversations
       between Neusom and him because the calls were made to him in the Course of Settlement
13     negotiations and were settlement communications.  No representations or warranties were made
14     to Colletti during the Course of the calls.

15     2.Colletti is an experienced attorney and for him to try to claim Neusom misled him is shameful,
       and has no legal basis, particularly when Colletti had the Lease and I did not have it or had a
16     chance to review it.

17
       3.On the hearing audio CD at 4:48 Ikpe states Colletti filed the Notice of Cancellation due to
18     what Neusom told him during settlement negotiations which is shameful, inadmissible under
       Federal Rule of Evidence 408.  Colletti is a grown man, lawyer and responsible for himself.
19     There is no other privity or connection between Neusom and Colletti where Neusom is
       responsible for Colletti. Colletti has now apparently sought legal advice. He should have sought
20     it before he acted if he needed.  Holland's motion for sanctions is sham..

21
       4.Neusom could have ran into the eviction Court and informed them about the Bankruptcy
22     and sought a stay, but he chose not to at that time.  Colletti's actions were his own and he
       assumed the risk.
23

24

25

26

27                                              1

28

# <u>Rule 408 – Compromise Offers and Negotiations</u>

(a) **Prohibited Uses**. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

5.Neusom moves the Court to deny him to testify pursuant to Rule 408, moves the Court to strike the testimony he did give and to Summarily deny Holland's Motion For Sanctions.

WHEREFORE, Neusom and Perez request that the Court:

1. Deny Colletti's illegal use of Settlement Communication conversations in violation of Rule of Evidence 408,

2. Strike any evidence Colletti offered in violation of Federal Rule of Evidence 408,

3. Summarily deny Holland's Motion For Sanctions.

Dated: September 27, 2018:

By:/s/Thomas Neusom
Attorney For Debtor
Bar No. 003717
(954)200-3536
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

2

1

2                                CERTIFICATE OF SERVICE

3    I HEREBY CERTIFY that a true and correct copy of the foregoing **OBJECTION TO THE**
     **TESTIMONY OF COLETTI AND MOTION TO STRIKE**
4    **AND FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR**
5    **SANCTIONS**  was furnished by email to the following on September 27, 2018, to the parties on
     the efiling portal service list by email.

6

7

8
                                              By:/s/Thomas Neusom
9                                             Attorney For Debtor
                                              Bar No. 0037174
10                                            Phone; (954)200-3536
                                              4737 N. Ocean Drive, #129
11                                            Fort Lauderdale, FL 33308
                                              Email: tgnoffice35@gmail.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                           3
28

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**MOTION IN LIMINE TO THE TESTIMONY OF JOSEPH COLETTI AND FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS**

1.Comes now attorney Thomas Neusom filing this Motion In Limine pursuant to the applicable rule to prevent Joseph Colletti from testifying about Confidential Inadmissible Settlement Communications stating anything related to conversations between Neusom and him because the calls were made to him in the Course of Settlement negotiations and were settlement communications.

2.A motion in limine is a motion that asks the judge to prevent certain pieces of evidence from being brought up during the trial. The phrase "in limine" is Latin and means "at the threshold." Motions in limine are used to stop certain evidence "at the threshold" so that they don't get "in the door" and infect the case.

3.In most cases, motions in limine are made when the jury isn't present. Often, before the jury pool is ever brought to the courtroom, attorneys will spend part of the day before trial or the morning of trial presenting motions in limine to the judge and accepting the judge's rulings on them. The jury is omitted from this process to ensure that there's no chance of the jurors being influenced by evidence that may be improper or irrelevant.

4.Some examples of circumstances under which judges are likely to grant motions in limine are: (1) when evidence is not relevant to any of the issues in the case; (2) when evidence is extremely prejudicial to one party without being useful to the jury; or (3) when admitting it would violate a state or federal law or the rules of evidence.

5.Here, Colletti's testimony violates a federal rule of evidence.

6.Colletti is an experienced attorney and for him to try to claim Neusom misled him is shameful, and has no legal basis, particularly when Colletti had the Lease and I did not have it or had a chance to review it.

1

7.On the hearing audio CD at 4:48 Ikpe states Colletti filed the Notice of Cancellation due to what Neusom told him during settlement negotiations which inadmissible under Federal Rule of Evidence 408.  Colletti is a grown man, lawyer and responsible for himself.

8.There is no other privity or connection between Neusom and Colletti where Neusom is responsible for Colletti. Colletti has now apparently sought legal advice. He should have sought it before he acted if he needed.  Holland's motion for sanctions is sham..

9.Neusom could have ran into the eviction Court and informed them about the Bankruptcy and sought a stay, but he chose not to at that time.  Colletti's actions were his own and he assumed the risk.

10.Colleti's testimony violates Rule 408 and should be subject to this Motion in Limine and not allowed.

# Rule 408 – Compromise Offers and Negotiations

(a) **Prohibited Uses**. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

12.Neusom moves the Court to deny Colletti to testify pursuant to this Motion in limine because it violates Rule 408 due to relating to settlement negotiations

13.WHEREFORE, Neusom and Perez request that the Court:

1. Grant this Motion In Limine,

2. Deny Colletti's illegal use of Settlement Communication conversations in violation of Rule of Evidence 408 by granting this Motion In Limine,

3. Strike any evidence Colletti offered in violation of Federal Rule of Evidence 408 and prevent future inadmissible evidence by this Motion In Limine.

2

1

2

3

4    .Dated: September 27, 2018:

5

6                                                    By:/s/Thomas Neusom
7                                                    Attorney For Debtor
                                                     Bar No. 003717
8                                                    (954)200-3536
                                                     4737 N. Ocean Drive, #129
9                                                    Fort Lauderdale, FL 33308
10                                                   Email: tgnoffice35@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    3
28

1

CERTIFICATE OF SERVICE

2

3

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION IN LIMINE TO THE TESTIMONY OF JOSEPH COLETTI** was furnished by email to the following on September 27, 2018, to the parties on the efiling portal service list by email.

4

5

6

By:/s/Thomas Neusom

7

Attorney For Debtor

Bar No. 0037174

8

Phone; (954)200-3536

9

4737 N. Ocean Drive, #129

Fort Lauderdale, FL 33308

10

Email: tgnoffice35@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4

28

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**MOTION FOR REHEARING OF THE DENIAL OF THE MOTION TO ABSTAIN FROM HEARING, STRIKE OR SUMMARILY DENY LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND OTHER GROUNDS**

    **1.  ABSTENTION**
    **2.  MOTION TO STRIKE**
    **3.  LACK OF PRIVITY**
    **4.  ASSUMPTION OF RISK**
    **5.  LAW OF THE CASE**
    **6.  INCOMPETENT STATE COURT LITIGATION**
    **7.  21 DAY SAFE HARBOR NONCOMPLIANCE**
    **8.  RES JUDICATA AND COLLATERAL ESTOPPEL FROM STATE EVICTION CASE**
    **9.  EQUAL PROTECTION CLAUSE**

**COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, seeking a rehearing of the Denial of their Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions.

In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A Condition Precedent for dismissal has occurred and the Motion For Sanctions should be summarily denied.

The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on finality of judgments should be respected and the Bankruptcy ourt should abstain from hearing

1

Holland's sanction motion.

Rule 60 States:

# <u>Rule 60 – Relief from a Judgment or Order</u>

(a) **Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) **Timing and Effect of the Motion**.

(1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.

(d) **Other Powers to Grant Relief**. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) **Bills and Writs Abolished**. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

2

1

2     **A. THE MOTION TO ABSTAIN WAS WRONGFULLY DENIED**

3 The Court denied the Motion To Abstain, but granted it by limiting their motion to the
Bankruptcy issues and not allowing claims on the State Court eviction action.
4

5 I object to Colletti's testimony because the calls were made to him in the Course of Settlement
negotiations and were settlement communications.
6

7 Colletti is an experienced attorney and for him to try to claim I misled him is shameful, and has
no legal basis, particularly when Coletti had the Lease and I did not have it or had a chance to
8 review it.

9 In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
Bankruptcy he was off the hook for sanctions. It is undisputed that Neusom did not file a
10 suggestion of bankruptcy therefore the Motion For Sanctions should be denied. And any claim
that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
11 Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
summarily denied.
12

13 This essentially undercuts Landlord's claim for damages because the eviction was the basis for
the claim for damages, but this is erroneous because Holland's Motion For Sanctions is fully and
14 completely dependent on things that took place in the eviction and that needed and could have
been handled by the state court.
15

16 The Court is essentially recasting the Sanctions motion while the appropriate thing would have
been to abstain, strike, dismiss or deny the motion and let them refile with the correct
17 information if they could. But the facts are now out and it is clear that the Motion is sham asnd
frivolous.
18

19 At the hearing on August 16, 2018 Utibe Ikpe said that Hollands eviction attorney put in for the
stay after he heard about the Nubia Perez bankruptcy. Engaging in such an act is a waiver of any
20 defenses or of Holland bringing a motion for sanctions. Holland assumed the risk.

21 I could have filed a Suggestion of Bankruptcy when the petition was filed, but it depended on a
number of factors and I was unsure if it should have been filed at that time and under the
22 circumstances so I did not do it.

23

24 Holland hired an Attorney, Joseph Colletti, who mistakenly put in a stay and Holland hired
another attorney to seek sanctions against Neusom for a stay that his Attorney put in. This is
25 inconsistent illogical bad faith litigation. There is no privity between Neusom and Colletti. The
only person Holland has a right to seek sanctions from is his own Attorney Colletti, who put in
26 the stay without any request or authorization from Nubia Perez or Thomas Neusom that Neusom
is aware of.
27
                                  3
28

1

2  Neusom did file a personal bankruptcy but he knew better than to immediately file a Notice
of Appearance in the Eviction and file for a stay.  A lot more research had to be done before
3  someone acted like Holland's attorney Coletti did.  There is no basis for sanctions against
Perez and Neusom for what Holland's attorney Coletti did.
4

5  Due to the state Court dependence of the motion for sanctions it is quite clear that the
Bankruptcy court should have granted the motion to abstain.
6

7  There is no basis for sanctions because Nubia Perez.

8  A Plus is legally entitled to a stay and would have obtained it with a business bankruptcy.  A
Plus did not have the contracts with the creditors and did not give them to me prior to the
9  bankruptcy filing so I had to do the best I could initially and once the contracts and other
needed paperwork came in I could amend the schedules and other pleadings in order to get
10 everything right.

11
Holland's attorney Utibe Ikpe said that Holland's eviction Attorney Coletti filed the
12 suggestion of bankruptcy.  This was unexpected and I did not think he would do such a
thing, but he apparently did.
13

14 Its wrong for Holland to seek sanctions against Nubia Perez and Thomas Neusom for what
his own attorney, Coletti, unexpectedly did.  But it may have been legally correct so there is
15 no basis for sanctions.   It was Colletti's choice.  And we were prepared to file the business
bankruptcy when needed so we would have gotten the stay one way or another if needed.
16

17 Holland received Nine Thousand Dollars ($9,000.00)from the Court registry.  And
unilaterally decided to keep the Eighteen Thousand Dollar ($18,000) A Plus Security
18 Deposit.  They have already received Twenty Seven Dollars from Aplus and they are not
entitled to anything else and are seeking a double recovery.
19

20

21

22

23

24

25

26

27

28

4

1
2
3
4
5

**B. A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs and needed to seek relief in the State Court and the Bankruptcy Court cannot act as a State Trial Court or State Appellate Court, which Holland is seeking**

6
7
8
9
10

Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County with Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction Action that has ended.

11
12
13
14
15

The landlord Holland obtained a Lifting Of The Stay, a Writ Of Possession and have obtained possession of the subject property.  The eviction case is closed at this time and Holland has refused to return the A Plus Lamination Security Deposit or follow proper procedures in violation of State Law.

16
17
18

The Bankruptcy Court has no legal basis or jurisdiction to further adjudicate this State Court matter under numerous legal doctrines.

19
20
21
22
23
24
25

An **abstention doctrine** is any of several doctrines that a United States court may (or in some cases must) apply to refuse to hear a case if hearing the case would potentially intrude upon the powers of another court. Such doctrines are usually invoked where <u>lawsuits</u> involving the same issues are brought in two different court systems at the same time (such as federal and state courts).

26

A copy of the State Court eviction case Docket is attached as Exhibit 1.

27
28

5

The United States has a federal court system with limitations on the cases that it can hear, while each state has its own individual court system. In some instances, the jurisdiction of these courts overlap, so a lawsuit between two parties may be brought in either or both courts. The latter circumstance can lead to confusion, waste resources, as well as cause the appearance that one court is disrespecting the other. Both federal and state courts have developed rules determining when one court will defer to another's jurisdiction over a particular case.

### *Colorado River* abstention

Finally, *Colorado River* abstention, from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) comes into play where parallel litigation is being carried out, particularly where federal and state court proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law. Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the question.

Unlike other abstention doctrines, application of the *Colorado River* doctrine is prudential and discretionary, and is based less on comity or respect between different court systems than on the desire to avoid wasteful duplication of litigation. The classification of the doctrine as a form of abstention has been disputed, with some courts simply calling it a "doctrine of exceptional circumstances". Each of the various federal circuits has come up with its own list of factors to weigh in determining whether a federal court should abstain from hearing a case under this doctrine. Typically, such factors include:

### Note on the *Rooker-Feldman* doctrine

6

The _Rooker-Feldman_ doctrine has some characteristics of an abstention doctrine, because it prohibits federal court review of state court actions. However, it does not require federal courts to abstain from hearing cases pending action in the state court, but instead deems that federal courts lack jurisdiction to hear cases already fully decided in state courts. The doctrine is not a judicially created exception to federal jurisdiction. Rather, the Rooker and Feldman cases simply recognized the fact that Congress has not granted the federal district or appeals courts statutory jurisdiction to consider appeals of state court decisions, only the US Supreme Court via a _writ of certiorari_). It is an open question whether Congress could grant such jurisdiction.

Here, the State Court eviction action has fully concluded and Judge Borker has ruled and closed the matter.  In this particular case Holland has no basis or right to seek additional remedies in Federal Court in a State Court case that has concluded.

The Court stated that no credible argument was made for Abstention, but the State Court could have granted sanctions if it wanted to and that was the proper lace for them to be sought.

Any detriments experienced by Holland were the result of the mishandling of the State Court litigation by Colletti, and that could have easily been handled in State Court under the Florida Rules of Civil Procedure.  Seeking relief in Federal Court for what one should have obtained in State Court is subject to abstention and the Bankruptcy must legally abstain from hearing Holland's motion for sanctions under Colorado River, Rooker Feldman, the Florida Rules of Civil Procedure and other laws.

A Bankruptcy Court  cannot assume why the State court did what it did.  The Eviction attorney could have filed a Motion For Reconsideration, Rehearing or withdrawal of the suggestion of bankruptcy. We cannot procedurally properly make a determination on the State Court action in this Federal Court in this way by Holland's sanction motion, it is illegal .

- the order in which the courts assumed jurisdiction over property
- the order in which the courts assumed jurisdiction over the parties

7

- the relative inconvenience of the fora
- the relative progress of the two actions (added by *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* in 1983)
- the desire to avoid piecemeal litigation
- whether federal law provides the rule of decision
- whether the state court will adequately protect the rights of all parties
- whether the federal filing was vexatious (intended to harass the other party) or reactive (in response to adverse rulings in the state court).

It was procedurally improper for Landlord to abandon the State Court eviction action and seek relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent verdicts like what could happen if the Court were to grant Holland relief in a Bankruptcy case that has been dismissed.

The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

### C.  FAILURE TO JOIN AN INDISPENSIBLE PARTY AND FRAUD ON THE COURT

The Motion For Sanctions also contains inaccurate information that was brought up at the dismissal hearing.  Attorney Thomas Neusom did not work on the eviction. The eviction attorney

8

was Alex Borrell.  Due to the sanction Motion not mentioning who the Eviction Attorney was and implying it was Thomas Neusom, a fraud was and is currently being perpetrated on the Court and Federal Rule of Procedure 19 is being violated. I did not know Colletti filed the suggestion of bankruptcy initially.

# <span style="color:darkred">**Rule 19. Required Joinder of Parties**</span>

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

9

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) PLEADING THE REASONS FOR NONJOINDER. When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person.

(d) EXCEPTION FOR CLASS ACTIONS. This rule is subject to Rule 23.

Holland needs to join Colletti in any motion for sanctions because he is the one who did the act that Holland is complaining of.

The Bankruptcy Court stated if Neusom did not file the Suggestion Of Bankruptcy he was off the hook.  Attorney Peter Russin, who filed the Motion for sanctions on behalf of Holland knows Neusom did not represent Perez in State Court, yet Russin and Landlord Holland did not withdraw the sanctions motion, join the indispensible party, if there is one, and are moving forward with there motion it despite the fact that it implies that Neusom was the eviction attorney, which he was not and he did not file anything in the eviction case.

It is fundamental that all proper parties must be joined or included in an action seeking relief, and the Court was likely alluding to this at the last hearing when it informed Holland his action must be brought against the proper party and how this determination will be made.

**D.  THE 21 DAY SAFE HARBOR PROVISION WAS NOT COMPLIED WITH AND**

10

**THE EXCEPTION DOES NOT APPLY**

Bankruptcy Rule 9011 was also incorrectly used and invoked because Holland did not comply with the 21 day safe harbor provision.   The sanction motion says it is for filing the bankruptcy and taking it to state Court.  Therefore it is really about invoking it against the Registry order and not the filing of the petition so the 21 day safe Harbor provision should have been complied with.

Attorney Thomas Neusom was not the eviction attorney and was not at the hearing when the stay was imposed.  The state court judge determined it should be imposed and no one in the State Court action apparently contested this and this is where the real problem lies.

If the Landlord's Attorney did not agree with the stay, they should have filed a Motion For Rehearing in the State Court and they could have filed an Appeal to get the stay lifted if the stay was improperly granted.  The Federal Court can also lift stays, but in this case the matter could and should have been raised in State Court.

Due to the landlord Attorney's failure to take proper action in the state court proceeding the stay may have been put in improperly and it stayed when it shouldn't have but this was actually a decision for the state court judge to make and it depended on a number of issues such as the Lease.  The Bankruptcy Court can also lift the stay but it can't rule on a state Court Order like a state trial or Appellate Court due to abstention doctrines.

If the State Court judge made a mistake this could and should have been brought to the Judges Attention by Motion For Reconsideration or Rehearing and then appealed to the Third DCA.

11

1   Waiting for the Bankruptcy Court was error.  And Debtor should also not be responsible for the

2   fact that the hearing was not set for more than 27 days after it was requested.

3

4   There is also no damage from the Bankruptcy because after the Bankruptcy was dismissed

5   Landlord  was given possession of the property by Writ of Possession and currently has

6   possession.

7

8

9   At this time it is still unclear whether the Stay was improperly or properly granted, and it is still

10  unclear because the debtor had a personal guarantee with the Small Business Administration

11  which would meant that the stay was properly granted, which it likely was due to the language of

12  the rent registry Order

13

14

15  This is a legal question requiring a State Court Judicial Determination because that Court issued

16  the Rent Registry order and is the proper Court to make determinations about it and the Federal

17  Bankruptcy Court cannot properly grant sanctions that impinge on or second guess the state

18  Court determination due to the abstention doctrines.

19

20  Landlord incorrectly utilizes In Re Mcbride because the Court Registry Order did not mention or

21  prohibit seeking bankruptcy protection.  Mcbride also dealt with a foreclosure case and not an

22  eviction case. *In re McBride Estates, Ltd*., 154 B.R. at 343.

23

24

25  This Bankruptcy Court also essentially ruled against Landlord when their request for dismissal

26  with prejudice was sought in their proposed dismissal order and the Court denied it against A

27

28

12

1   Plus Lamination.

2
3   Perez and Neusom are unaware of anything in the Rent Registry Order that said that

4   Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

5   Of the Order is and was Judge Alexander Boker.

6

7   Landlord is not entitled to sanctions pursuant to Bankruptcy Rule 9011 and

8   U.S.C. S. 105.
9

10

11   Thomas Neusom did not file a Suggestion of Bankruptcy or anything in the eviction case.

12   The Bankruptcy case was dismissed June 29, 2018.

13

14   The Bankruptcy Court should abstain from hearing Landlords Motion due to its state court

15   nature, Strike it or  summarily deny Landlord Holland's motion or find a lack of jurisdiction

16   to hear the motion.  Landlord is concurrently seeking a determination in Federal

17   Bankruptcy Court that needs to be heard by the state eviction court if heard at all.

18

19

20

21

22

23

24   **E.   THE WAY IN WHICH THIS MOTION HAS BEEN PRESENTED AND THE HEARING
      CONDUCTED HAS CAUSED DEBTOR'S COUNSEL NEUSOM TO BE CONCERNED ABOUT**

25   **EQUAL PROTEC TION CLAUSE VIOLATIONS**

26

27                                                    13

28

1   The **Equal Protection Clause** is part of the Fourteenth Amendment to the United States Constitution. The

2   clause, which took effect in 1868, provides that no state shall deny to any person within its jurisdiction "the
    equal protection of the laws".

3   A primary motivation for this clause was to validate the equality provisions contained in the Civil Rights Act of

4   1866, which guaranteed that all people would have rights equal to those of all citizens. As a whole, the
    Fourteenth Amendment marked a large shift in American constitutionalism, by applying substantially more

5   constitutional restrictions against the states than had applied before the Civil War.

6   The meaning of the Equal Protection Clause has been the subject of much debate, and inspired the well-known
    phrase "Equal Justice Under Law". This clause was the basis for *Brown v. Board of Education* (1954), the

7   Supreme Court decision that helped to dismantle racial segregation, and also the basis for many other
    decisions rejecting discrimination against, and bigotry towards, people belonging to various groups.

8   While the Equal Protection Clause itself applies only to state and local governments, the Supreme Court held in

9   *Bolling v. Sharpe* (1954) that the Due Process Clause of the Fifth Amendment nonetheless imposes various
    equal protection requirements on the federal government.

10

11  At one point the Court threatened to put Attorney Thomas Neusom in federal Detention in regards to this

12  Bankruptcy Case which is likely a clear violation of the Equal Protection Clause.

13  Creating liability for Coletti where none exists is a violation of the Equal Protection Clause. There is no privity
    between Coletti and Neusom beyond privileged inadmissible settlement communications. Claiming there is a

14  violation of the Equal protection clause because there is no legal basis for such a ruling.  The ruling has not

15  actually been made but if it was it would likely be a violation of Equal protection.

16  Holland's motion is Sham. Based on Neusom's experience, If he were to bring a claim like Holland and Colletti

17  to try to make someone else responsible for hismistake it would assuredly be denied based on all I have seen
    and experienced, but Coletti has been allowed to go forward by a fanciful leap of reasoning creating liability

18  with no legal basis which is a clear violation of Equal Protection. I would not even have the nerve to bring such

19  a motion.

20  The criminal sentencing disparities between whites and blacks in Florida State and Federal
    Court's that has been reported may be an indicia that Neusom is being subjected to Equal

21  Protection violations which may be characteristic and institutionalized in some way. Neusom has
    not independently verified the disparities but has seen numerous allegations and reports about

22  them such as the one that follows.

23

24

25

26

27                                              14

28

1

# Analysis shows racial disparity in Florida jail sentencing

2

Associated Press

- Dec 12, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

SARASOTA, Fla. - An analysis of Florida's criminal justice system shows that black defendants spend longer time behind

18

bars than white defendants for the same types of crimes.

19

The analysis by the Sarasota Herald-Tribune on Sunday shows that judges in nearly half the counties in Florida sentence

20

blacks convicted of felony drug possession to more than double the time of whites. That's even when their backgrounds

21

are the same.

22

The newspaper also says that a lack of diversity on the bench affects sentencing since white judges in Florida sentence

23

black defendants to 20 percent more time on average for third-degree felonies than black judges.

24

Judges contacted by the Herald-Tribune denied discriminating by race.

25

26

Some shifted the blame to police officers and prosecutors.

27

28

1    I have previously sued a County and a private Business for discrimination and won.

2    Government disparate and unequal treatment between citizens or attorneys violates Equal

3    Protection

4

5    WHEREFORE, Neusom and Perez pray that the Court:

6

7    1. Grant the Motion For Abstention, or
     2. Strike Hallond's Motion For Sanctions, or

8    3. Summarily deny Holland's Motion For Sanctions

9

10   .Dated: September 27, 2018:

11

12
                                          By:/s/Thomas Neusom
13                                        Attorney For Debtor
                                          Bar No. 003717
14                                        (954)200-3536
                                          4737 N. Ocean Drive, #129
15                                        Fort Lauderdale, FL 33308
                                          Email: tgnoffice35@gmail.com
16

17

18

19

20

21

22

23

24

25

26

27                                    16
28

1

2                           CERTIFICATE OF SERVICE

3    I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION FOR**

4    **REHEARING OF THE DENIAL OF THE MOTION TO ABSTAIN FROM HEARING,**
     **STRIKE OR SUMMARILY DENY LANDLORD HOLLAND'S MOTION FOR**

5    **SANCTIONS DUE TO LACK OF JURISDICTION AND OTHER GROUNDS**
      was furnished by email to the following on  September 27, 2018, to the parties on the efiling

6    portal service list by email.

7

8

9                                             By:/s/Thomas Neusom

10                                            Attorney For Debtor
                                              Bar No. 0037174

11                                            Phone; (954)200-3536
                                              4737 N. Ocean Drive, #129

12                                            Fort Lauderdale, FL 33308
                                              Email: tgnoffice35@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                     17
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Official Form 417A (12/15)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _THOMAS NEWSOM, NUBIA PEREZ_
   _CASE NO. 18-15925AJC_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☒ Debtor _Nubia Perez_
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _Attorney Thomas Newsom_

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Denial of a Motion To Abstain, and other requests._

2. State the date on which the judgment, order, or decree was entered: _Motion Denied August 20, 2018, Rehearing to Motion Denied September 26, 2018 and September 28, 2018 denial is appealed_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _Nubia Maxell Perez_ Attorney: _Thomas Newsom_
   _Attorney Thomas Newsom_    _4737 N. Ocean Drive #129_
   _Fort Lauderdale, FL 33308_
   _(954) 200 3536_

2. Party: _Brian Hilland_ Attorney: _Utibe IN pc_
   _200 South Biscayne Blvd, Ste 3200_
   _Miami, FL 33131_
   _(305) 358 - 6363_

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

*Thomas Newson*

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: 9 / 30 / 2018

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Thomas Newson, Attorney
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
(954) 200-3536

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



ORDERED in the Southern District of Florida on August 20, 2018.

_A. Jay Cristol_

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                                      Chapter 11

                    Debtor.
_____/

**OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORD'S MOTION FOR SANCTIONS**

**THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at 3:00 pm (the "*Hearing*") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64]; and Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea Holland's a/k/a Brian Holland 5561 Rent Account ("*Landlord*") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

ORDERED AND ADJUDGED as follows:

1.     Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

2.     The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

3.     The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

4.     To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

5.     Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

2

*Rehearing Denied 9/28/30 Orally in Court by Judge A. Jay Cristol
Related to August 20, 2018 Initial Denial*

1

2      IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4    DEBTOR                              **CASE NO: 18-15825**

5

6    NUJBIA MAR ELLA PEREZ.        **MOTION FOR REHEARING OF THE
DENIAL OF THE MOTION TO
ABSTAIN FROM HEARING, STRIKE**

7                                      **OR SUMMARILY DENY LANDLORD
HOLLAND'S MOTION FOR**

8                                      **SANCTIONS DUE TO LACK OF
JURISDICTION AND OTHER**

9                                      **GROUNDS**

10

11                           **1.  ABSTENTION
2.  MOTION TO STRIKE**

12                           **3.  LACK OF PRIVITY
4.  ASSUMPTION OF RISK**

13                           **5.  LAW OF THE CASE
6.   INCOMPETENT STATE COURT**

14    **LITIGATION**

15                           **7.  21 DAY SAFE HARBOR
NONCOMPLIANCE**

16                           **8.  RES JUDICATA AND
COLLATERAL ESTOPPEL FROM**

17    **STATE EVICTION CASE
           9.  EQUAL PROTECTION CLAUSE**

18

19

20    **COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, seeking a rehearing of the Denial
of their Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions.

21

22    In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a

23    suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A

24    Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
summarily denied.

25

26    The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on
finality of judgments should be respected and the Bankruptcy ourt should abstain from hearing

27                                          1

28

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

       Debtors.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the *Order Denying Debtor's Motion to Cancel and Reschedule the 2 P.M. September 28, 2018 Hearing* [ECF No. 76] was served on September 28, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached Exhibit 1.

    Dated:  October 2, 2018.

                   s/ Utibe I. Ikpe
                  Peter D. Russin, Esquire
                  Florida Bar No. 765902
                  prussin@melandrussin.com
                  Utibe I. Ikpe, Esquire
                  Florida Bar Number: 90301
                  uikpe@melandrussin.com
                  MELAND RUSSIN & BUDWICK, P.A.
                  3200 Southeast Financial Center
                  200 South Biscayne Boulevard
                  Miami, Florida 33131
                  Telephone: (305) 358-6363
                  Telecopy: (305) 358-1221

                  *Attorneys for Brian Holland and Andrea Holland*

MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<46131989@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Motion to Continue Hearing

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 9/28/2018 at 10:17 AM EDT and filed on 9/28/2018
**Case Name:**      Nubia Marcella Perez
**Case Number:**    18-15825-AJC
**Document Number:** 76

**Docket Text:**
Order Denying Debtor's Motion To Cancel and Reschedule the 2 P.M. September 28, 2018 Hearing On: ([69] Order on Motion for Abstention). (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Order_denying_motion_to_cancel_evidentiary_hearing_(02170557xA9CE2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=9/28/2018] [FileNumber=46131987-0] [09edfef4d08e0f33cc3eaa31e99dbbc77f28eb3f205762f12b12408a0a6f382ca6 1678ffff94bc85a0c2bbe946cf6fb256282c8ef1f4bdc5f34ff78cf9e19298]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

Official Form 417A (12/15)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _THOMAS NEWSOM, NUBIA PEREZ_
   _CASE NO. 18-15925AJC_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☑ Debtor _Nubia Perez_
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _Attorney Thomas Newsom_

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Denial of a Motion To Abstain, and other requests._

2. State the date on which the judgment, order, or decree was entered: _Motion Denied August 20, 2018_
   _Rehearing to Motion Denied September 26, 2018_
   _and September 28, 2018 denial is appealed_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _Nubia Marcell Perez_ Attorney: _Thomas Newsom_
   _Attorney Thomas Newsom_       _4737 N. Ocean Drive #129_
                                  _Fort Lauderdale, FL 33308_
                                  _(954)2003536_

2. Party: _Brian Hilland_ Attorney: _Utibe IN pc_
                                     _200 South Biscayne Blvd, Ste 3200_
                                     _Miami, FL 33131_
                                     _(305)358-6363_

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

*Thomas Newson*
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: 9 / 30/ 2018

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Thomas Newson, Attorney
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
(954) 200-3536

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



**ORDERED in the Southern District of Florida on August 20, 2018.**

_A. Jay Cristol, Judge_
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                            Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                             Chapter 11

      Debtor.
_____/

**OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORD'S MOTION FOR SANCTIONS**

**THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at

3:00 pm (the "*Hearing*") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord

Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's

Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions

Due to Lack of Jurisdiction and Other Grounds [ECF 64]; and Landlord's Motion for Sanctions

Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea

Holland's a/k/a Brian Holland 5561 Rent Account ("*Landlord*") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

   ORDERED AND ADJUDGED as follows:

   1.   Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

   2.   The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

   3.   The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

   4.   To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

   5.   Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

                                        ###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

Rehearing Denied 9/28/30 Orally in Court by Judge A Jay Cristol
Related to August 20, 2018 Initial Denial

1

2         IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4    DEBTOR                              **CASE NO: 18-15825**

5
                                        **MOTION FOR REHEARING OF THE**
6    NUJBIA MAR ELLA PEREZ.             **DENIAL OF THE MOTION TO**
                                        **ABSTAIN FROM HEARING, STRIKE**
7                                       **OR SUMMARILY DENY LANDLORD**
                                        **HOLLAND'S MOTION FOR**
8                                       **SANCTIONS DUE TO LACK OF**
                                        **JURISDICTION AND OTHER**
9                                       **GROUNDS**

10
                                          **1. ABSTENTION**
11                                        **2. MOTION TO STRIKE**
                                          **3. LACK OF PRIVITY**
12                                        **4. ASSUMPTION OF RISK**
                                          **5. LAW OF THE CASE**
13                                        **6. INCOMPETENT STATE COURT**
                                        **LITIGATION**
14                                        **7. 21 DAY SAFE HARBOR**
                                        **NONCOMPLIANCE**
15                                        **8. RES JUDICATA AND**
                                        **COLLATERAL ESTOPPEL FROM**
16                                      **STATE EVICTION CASE**
                                          **9. EQUAL PROTECTION CLAUSE**
17

18  ────────────────────────────────

19

20  **COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, seeking a rehearing of the Denial
    of their Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions.
21

22  In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
    Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a
23  suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
    that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
24  Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
    summarily denied.
25

26  The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on
    finality of judgments should be respected and the Bankruptcy ourt should abstain from hearing
27
                                              1
28



**ORDERED in the Southern District of Florida on August 20, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                        Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                                         Chapter 11

　　　　　Debtor.

_____/

**OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORD'S MOTION FOR SANCTIONS**

　　　**THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at

3:00 pm (the "***Hearing***") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord

Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's

Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions

Due to Lack of Jurisdiction and Other Grounds [ECF 64];  and Landlord's Motion for Sanctions

Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea

Holland's a/k/a Brian Holland 5561 Rent Account ("***Landlord***") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

**ORDERED AND ADJUDGED** as follows:

1.     Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

2.     The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

3.     The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

4.     To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

5.     Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

2



**ORDERED in the Southern District of Florida on September 28, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                    Chapter 11

        Debtors.
_____/

**ORDER DENYING DEBTOR'S MOTION TO CANCEL AND**
**RESCHEDULE THE 2 P.M. SEPTEMBER 28, 2018 HEARING**

    **THIS MATTER** came before the Court on September 24, 2018 at 11:00 a.m. on _Debtor's_

_Motion to Cancel and Reschedule the 2 p.m. September 28, 2018 Hearing_ (**"_Motion_"**) [ECF No.

71]. The Court, having been advised of the issues and hearing the arguments of counsel, **ORDERS**

**AND ADJUDGES** as follows:

    1.      Debtor's Motion [D.E. 71] is Denied.

1

2.     The evidentiary hearing on Creditors Brian and Andrea Holland's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. §105 [ECF No. 25] shall take place as previously scheduled on **September 28, 2018 at 2:00 p.m.**

# # #

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

CGFA1 (4/11/16)

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 18–15825–AJC

Chapter: 11

**In re:** (Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx–xx–9901

# Clerk's Certificate of Mailing of Notice of Appeal

To:

Office of the U.S. Trustee, Room 1204 Claude Pepper Federal Bldg 51 SW 1st Ave Miami FL 33130

Thomas Neusom
4737 N Ocean Dr #129
Ft. Laud, FL 33309

Utibe I Ikpe
200 South Biscayne Blvd. #3200
Miami, FL 33131

I hereby certify, that pursuant to Bankruptcy Rule 8003, a copy of the attached Notice of Appeal filed on 10/1/2018 was mailed on **10/4/18** to the above named parties.

**Dated:** 10/2/18

**CLERK OF COURT**
By: Sheila Skinner–Grant
Deputy Clerk (305) 714–1800

*Enclosures:*   *Clerk's Instructions for Appeals*
*Transcript Request Form*
*Copy of Appeal*

*Page 1 of 3*

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
## CLERK'S INSTRUCTIONS FOR APPEALS

1.  All notices of appeal filed in the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 8003 and 8004 shall be transmitted promptly to the Clerk of the District Court for docketing and the opening of a new civil case [See U.S. District Court Local Rule 87.4]. Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8009). **Failure to timely file this designation and statement of issues may result in dismissal of the appeal pursuant to this court's Local Rule 8009−1(A) and Local Rule 87.4(c), United States District Court, Southern District of Florida.** The designation shall include the title and docket number of each paper designated.

2.  Within 14 days after the service of the designation and the statement of issues the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and docket number of each additional item designated.

3.  If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. All transcript orders must be made on the local form "Transcript Request Form" enclosed for this purpose, and a copy filed with the clerk at the time of filing the designation (Bankruptcy Rule 8009). On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8010). [See also "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction."]

4.  When the record is complete for purposes of the appeal, the bankruptcy clerk will electronically transmit the record to the clerk of the district court. Once the record has been transmitted to the district court, any subsequently filed document relating to the appeal must be filed in the district court.

5.  Motions For Leave To Appeal (Bankruptcy Rule 8004). The clerk will electronically transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation and statement of the issues should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8009, until entry of an order by the district court granting leave to appeal (Local Rule 8004−1).

*Page 2 of 3*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### OFFICE OF THE CLERK

# **Transcript Request Form**

Submit this form to the transcription company by email, fax or postal mail: Attn: _____
Transcriber:_____
Email: _____ Telephone: _____ Fax: _____

Case Number: _____ Adversary Number: _____ Judge: _____

Date of Hearing or Trial: _____ Time of Hearing or Trial: _____

Debtor(s) Name: _____

☐ **The transcript being requested is included as a designated item for a pending appeal.**
**(If this box is checked, the requestor must also file this form with the clerk pursuant to Bankruptcy Rule 8009. The transcriber is responsible for notifying the clerk by electronic docket entry in the case the date the request was received and the date on which the transcriber expects to have the transcript completed (See Bankruptcy Rule 8010).**

Select Delivery Method:

| Check Box Below | | Original | First Copy to Each Party | Each Additional Copy to the Same Party |
|---|---|---|---|---|
| | Ordinary Transcript A transcript to be delivered within thirty (30) calendar days after receipt of an order. | $3.65 | .90 | .60 |
| | 14–Day Transcript A transcript to be delivered within fourteen (14) calendar days after receipt of an order. | $4.25 | .90 | .60 |
| | Expedited Transcript A transcript to be delivered within seven (7) calendar days after receipt of an order. | $4.85 | .90 | .60 |
| | Daily Transcript A transcript to be delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day. | $6.05 | 1.20 | .90 |
| | Hourly Transcript A transcript of proceedings ordered under unusual circumstances to be delivered within two (2) hours. | $7.25 | 1.20 | .90 |

By submitting this request, it is understood that:

- A separate order must be placed for each transcript being requested.
- All transcript requests must be submitted directly to the transcriber. Do not contact the clerk's office regarding the status of a request.
- It is the responsibility of the requestor to verify that the transcript has not already been filed with the court.
- It is the responsibility of parties to request redaction. See Local Bankruptcy Rule 5005–1(A)(2)(b), Local Form "Notice of Intent to Request Redaction of Transcript" (LF–61) and "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction" (CG–11).

Print Your Name: _____

Mailing Address: _____

Email Address: _____Telephone No.: _____

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov

**In re:** Nubia Marcella Perez

**Case Number:** 18–15825–AJC

Chapter: 11

County of Residence or Place of Business: Miami

U.S. District Court Case Number:

# TRANSMITTAL TO DISTRICT COURT

- ☑ Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on 9/30/2018
- ☐ Motion for Leave to Appeal (copy of appeal attached)
- ☐ Request to Expedite Appeal attached.
- ☐ Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):
  - ☐ Contested   ☐ Uncontested
- ☐ Withdrawal of Reference granted by U.S. District Court
- ☐ Report and Recommendation (Motion to Withdraw Reference)

## The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** Nubia Marcella Perez    **Attorney:** Thomas G Neusom    **Attorney:**
4737 N Ocean Dr #129
Fort Lauderdale, FL 33308

**Appellee/Respondent:** Andrea Holland and    **Attorney:** Utibe I Ikpe, Esq    **Attorney:**
Brain Holland
200 S Biscayne Blvd, #3200
Miami, FL 33131

**Title and Date of Order Appealed**, if applicable: OMNIBUS ORDER (1) DENYING DEBTORS MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLANDS MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORDS MOTION FOR SANCTIONS – Dated 8/20/18 AND ORDER DENYING DEBTORS MOTION TO CANCEL AND RESCHEDULE THE 2 P.M. SEPTEMBER 28, 2018 HEARIN – Dated 9/28/18

**Entered on Docket Date:** 8/21/18 AND 9/28/18    **Docket Number:** 69 AND 76

- ☐ Designation in Appeal (See Attached)
- ☐ Designation in Cross Appeal (See Attached)
- ☑ Copy of Docket
- ☐ Exhibits:
- ☐ Copies of Transcript(s) of Hearing(s) on:
- ☐ Respondent's Answer and/or Movant's Reply
- ☐ Other:

**Dated:** 10/2/18

**CLERK OF COURT**
By: Diana Cohen

Deputy Clerk   (305) 714−1800



**ORDERED in the Southern District of Florida on October 2, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                                     Chapter 11

      Debtors.

_____/

**ORDER DENYING DEBTOR'S MOTION IN LIMINE TO THE TESTIMONY**
**OF JOSEPH COLLETTI AND FOR SUMMARY DENIAL OF**
**LANDLORD HOLLAND'S MOTION FOR SANCTIONS [ECF NO. 74]**

    **THIS MATTER** came before the Court on September 28, 2018 at 2:00 p.m. on Debtor's Motion

in Limine to the testimony of Joseph Colletti and for Summary Denial of Landlord Holland's Motion for

Sanctions [ECF No. 74]. The Court, having been advised of the issues and hearing the arguments of

counsel, **ORDERS AND ADJUDGES** as follows:

    Debtor's Motion [ECF No. 74] lacks merit and is Denied.

# # #

1

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax:     (305) 358-1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.



**ORDERED in the Southern District of Florida on October 2, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                          Chapter 11

                    Debtors.
_____/

**ORDER DENYING DEBTOR'S MOTION FOR REHEARING OF THE DENIAL OF**
**THE MOTION TO ABSTAIN FROM HEARING, STRIKE, OR SUMMARILY DENY**
**LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK OF**
**JURISDICTION AND OTHER GROUNDS [ECF NO. 75]**

**THIS MATTER** came before the Court on September 28, 2018 at 2:00 p.m. on Debtor's

Motion for Rehearing of the Denial of the Motion to Abstain from Hearing, Strike, or Summarily

Deny Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds

[ECF No. 75]. The Court, having been advised of the issues, **ORDERS AND ADJUDGES** as

follows:

    Debtor's Motion [ECF No. 75] is Denied.

                                        # # #

1

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221


**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.



**ORDERED in the Southern District of Florida on October 2, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 18-15825-ACJ |
| NUBIA MARCELLA PEREZ, | Chapter 11 |
| Debtors. | |
| _____/ | |

### ORDER OVERRULING DEBTOR'S OBJECTION TO THE TESTIMONY OF COLLETTI AND MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS

**THIS MATTER** came before the Court on September 28, 2018 at 2:00 p.m. on Debtor's Objection to the Testimony of Colletti and Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions [ECF No. 73]. The Court, having been advised of the issues and hearing the arguments of counsel, **ORDERS AND ADJUDGES** as follows:

Debtor's Objection [ECF No. 73] lacks merit and is **OVERRULED.**

# # #

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax:     (305) 358-1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

1

2       IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4    DEBTOR                             **CASE NO: 18-15825**

5

6    NUJBIA MAR ELLA PEREZ.         **DEBTORS FINDINGS OF FACT AND CONCLUSIONS OF LAW OPPOSING HOLLAND'S MOTION FOR SANCTIONS**

7

8                                 **1. ABSTENTION**

9                               **2. MOTION TO STRIKE**
                                 **3. LACK OF PRIVITY**

10                           **4. ASSUMPTION OF RISK**
                           **5. LAW OF THE CASE**

11                       **6. INCOMPETENT STATE COURT LITIGATION**

12

13                       **7. 21 DAY SAFE HARBOR NONCOMPLIANCE**

14                       **8. RES JUDICATA AND COLLATERAL ESTOPPEL FROM STATE EVICTION CASE**

15                       **9. EQUAL PROTECTION CLAUSE**

16

17

18

19

20

21

22

23

24    **COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, presenting Findings Of Fact And

25    Conclusions of Law in regards to Holland's Motion For Sanctions. As directed by the Court on
    September 28, 2018.

26

27                                     1

28

1
Debtor presented numerous motions to the Court which included a Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions.  A Motion In Limine and a Motion To Strike Colletti's testimony due to a Violation of Rule 408 of the Federal Rules of Civil Procedure was also presented.

2

3

4
It is clear that there is no legal basis to grant Holland sanctions.

5
Holland's primary witness was Colletti who said that during a telephone conversation with Neusom, which Neusom made for settlement purposes, he was told that a Bankruptcy was filed and because of this he cancelled a mediation and somehow a stay was entered in an eviction case.

6

7

8
Neusom was not an attorney in the eviction case and he was unaware that Colletti canceelled the mediation and somehow arranged for a stay.  Due to not being eviction Counsel he did not know Coletti was doing this and he did not know Coletti had done it until months later.

9

10
Sometime around May 15, 2018, Holland hired Bankrutpcy Counsel and Colletti was informed that what he had did may have been incorrect even though the eviction Court Judge Boker agreed to it.  Colletti blamed Neusom and sanctions were sought against him for what Colletti did in the eviction case.  Perez's eviction Counsel was Borell.

11

12

13
Colletti violated the Rules of professional responsibility when he litigated the bankruptcy issues in the eviction case with insufficient knowledge and experience.  He should have obviously obtained Co-counsel or sought advise before he acted and claims against Neusom are meritless.

14

15

16
4-1.  CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE A lawyer must provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Comment Legal knowledge and skill In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question.  In many instances the required proficiency is that of a general practitioner.  Expertise in a particular field of law may be required in some circumstances. A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as competent as a practitioner with long experience.  Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge.  A lawyer can provide adequate representation in a wholly novel field through necessary study.  Competent representation can also be provided through the association of a lawyer of established competence in the field in question. Competent representation may also involve the association or retention of a non-lawyer advisor of established technological

17

18

19

20

21

22

23

24

25

26

27

2

28

1  competence in the field in question.  Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic
2  transmissions and communications. In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or
3  consultation or association with another lawyer would be impractical.  Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-
4  considered action under emergency conditions can jeopardize the client's interest. A lawyer may accept representation where the requisite level of competence can be achieved by reasonable
5  preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented
6  person.  See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and
7  use of methods and procedures meeting the standards of competent practitioners.  It also includes adequate preparation.  The required attention and preparation are determined in part by what is at
8  stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.  The lawyer should consult with the client about
9  the degree of thoroughness and the level of preparation required as well as the estimated costs
10 involved under the circumstances. Maintaining competence To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in
11 continuing study and education, including an understanding of the benefits and risks associated
12 with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.
13 Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.
14 RRTFB September 17, 2018
15
16
17 The facts are that Neusom filed a personal Bankruptcy for Nubia Perezz.  In the Petition he only
18 answered the Bankruptcy petition questions.
19 The Court seemed to state that it would grant sanctions because Neusom spoke to Colletti about a bankruptcy and Colletti then took actions in the eviction.  A finding for Holland granting
20 sanctions would be a clearly erroneous ruling.
21
22 In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
23 Bankruptcy he may be offf the hook for sanctions.  It is undisputed that Neusom did not file a suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
24 that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A Condition Precedent for dismissal may have occurred and the Motion For Sanctions should
25 should have been summarily denied.
26
27                                                     3
28

1

2  The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on
finality of judgments should be respected and the Bankruptcy Court should abstain from hearing
3  Holland's sanction motion or deny it.

4  Perez and Neusom pray that the Court will reverse its ruling and not grant sanctions for
Holland.
5

6

7  **A.  THE MOTION TO ABSTAIN  WAS WRONGFULLY DENIED**

8
The Court denied the Motion To Abstain, but granted it by limiting their motion to the
9  Bankruptcy issues and not allowing claims on the State Court eviction action.

10  I object to Colletti's testimony because the calls were made to him in the Course of Settlement
negotiations and were settlement communications.
11

12  Colletti is an experienced attorney and for him to try to claim I misled him is shameful, and has
no legal basis, particularly when Coletti had the Lease and I did not have it or had a chance to
13  review it.

14  In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a
15  suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
16  that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
17  summarily denied.

18
This essentially undercuts Landlord's claim for damages because the eviction was the basis for
19  the claim for damages, but this is erroneous because Holland's Motion For Sanctions is fully and
completely dependent on things that took place in the eviction and that needed and could have
20  been handled by the state court.

21  The Court is essentially recasting the Sanctions motion while the appropriate thing would have
22  been to abstain, strike, dismiss or deny the motion and let them refile with the correct
information if they could. But the facts are now out and it is clear that the Motion is sham asnd
23  frivolous.

24  At the hearing on August 16, 2018 Utibe Ikpe said that Hollands eviction attorney put in for the
25  stay after he heard about the Nubia Perez bankruptcy.  Engaging in such an act is a waiver of any
defenses or of Holland bringing a motion for sanctions. Holland assumed the risk.
26

27  I could have filed a Suggestion of Bankruptcy when the petition was filed, but it depended on a

4
28

1   number of factors and I was unsure if it should have been filed at that time and under the
    circumstances so I did not do it.

2

3   Holland hired an Attorney, Joseph Colletti, who mistakenly put in a stay and Holland hired
    another attorney to seek sanctions against Neusom for a stay that his Attorney put in.  This is
4   inconsistent illogical bad faith litigation.  There is no privity between Neusom and Colletti.  The
    only person Holland has a right to seek sanctions from is his own Attorney Colletti, who put in
5   the stay without any request or authorization from Nubia Perez or Thomas Neusom that Neusom
    is aware of.

6

7

8   Neusom did file a personal bankruptcy but he knew better than to immediately file a Notice
    of Appearance in the Eviction and file for a stay.  A lot more research had to be done before
9   someone acted like Holland's attorney Coletti did.  There is no basis for sanctions against
    Perez and Neusom for what Holland's attorney Coletti did.
10

11  Due to the state Court dependence of the motion for sanctions it is quite clear that the
    Bankruptcy court should have granted the motion to abstain.
12

13  There is no basis for sanctions against Nubia Perez and the eviction Court is the proper
    forum for Holland to seek relief.
14

15  A Plus is legally entitled to a stay and would have obtained it with a business bankruptcy. If
    it needed to but Colletti's actions made it unnecessary at that time.
16

17   Its wrong for Holland to seek sanctions against Nubia Perez and Thomas Neusom for what
    his own attorney, Coletti, unexpectedly did.  But it may have been legally correct so there is
18  no basis for sanctions.  It was Colletti's choice.  And we were prepared to file the business
    bankruptcy when needed so we would have gotten the stay one way or another if needed.

19
    Holland received Nine Thousand Dollars ($9,000.00)from the Court registry.  And
20  unilaterally decided to keep the Eighteen Thousand Dollar ($18,000) A Plus Security
    Deposit.  They have already received Twenty Seven Dollars from Aplus and they are not
21  entitled to anything else and are seeking a double recovery.

22

23

24

25

26

27
                                                    5
28

1

2

3

4

5   **B.  A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs and needed to seek relief in the State Court and the Bankruptcy Court cannot act as a State Trial Court or State Appellate Court, which Holland is seeking**

6

7   Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County with

8   Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel

9   Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction

10  Action that has been closed and a default Final Judgment has been entered, but there are ways for

11  them to properly litigate in State Court.  I am opposing Counsel loyal to my client, so I can not

12  tell them how to do the State Court litigation, but that is the proper place for them.

13

14

15  The landlord Holland obtained a Writ Of Possession and have obtained

16  possession of the subject property.  The eviction case is closed at this time and Holland has

17  refused to return the A Plus Lamination Security Deposit or follow proper procedures in

18  violation of State Law.

19

20  The Bankruptcy Court has no legal basis or jurisdiction to further adjudicate this State Court

21  matter under numerous legal doctrines.

22

23

24

25

26

27

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

An **abstention doctrine** is any of several doctrines that a United States court may (or in some cases must) apply to refuse to hear a case if hearing the case would potentially intrude upon the powers of another court. Such doctrines are usually invoked where <u>lawsuits</u> involving the same issues are brought in two different court systems at the same time (such as federal and state courts).

A copy of the State Court eviction case Docket is attached as Exhibit 1 along with other eviction case pleadings.

The United States has a federal court system with limitations on the cases that it can hear, while each state has its own individual court system. In some instances, the jurisdiction of these courts overlap, so a lawsuit between two parties may be brought in either or both courts. The latter circumstance can lead to confusion, waste resources, as well as cause the appearance that one court is disrespecting the other. Both federal and state courts have developed rules determining when one court will defer to another's jurisdiction over a particular case.

***Colorado River* abstention**

Finally, *Colorado River* abstention, from <u>*Colorado River Water Conservation District v. United States*</u>, 424 U.S. 800 (1976) comes into play where <u>parallel litigation</u> is being carried out, particularly where federal and state court proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law. Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the question.

7

1
2
3   Unlike other abstention doctrines, application of the *Colorado River* doctrine is prudential and
4   discretionary, and is based less on <u>comity</u> or respect between different court systems than on the
5   desire to avoid wasteful duplication of litigation. The classification of the doctrine as a form of
6   abstention has been disputed, with some courts simply calling it a "doctrine of exceptional
7   circumstances". Each of the various federal circuits has come up with its own list of factors to
8   weigh in determining whether a federal court should abstain from hearing a case under this
9   doctrine. Typically, such factors include:

10

11   **Note on the *Rooker-Feldman* doctrine**

12

13   The <u>*Rooker-Feldman* doctrine</u> has some characteristics of an abstention doctrine, because it
14   prohibits federal court review of state court actions. However, it does not require federal courts
15   to abstain from hearing cases pending action in the state court, but instead deems that federal
     courts lack <u>jurisdiction</u> to hear cases already fully decided in state courts. The doctrine is not a
16   judicially created exception to federal jurisdiction. Rather, the Rooker and Feldman cases simply
17   recognized the fact that Congress has not granted the federal district or appeals courts statutory
18   jurisdiction to consider appeals of state court decisions, only the <u>US Supreme Court</u> via a <u>writ of
19   *certiorari*</u>). It is an open question whether Congress could grant such jurisdiction.

20   Here, the State Court eviction action has fully concluded and Judge Borker has ruled and
21   closed the matter.  In this particular case Holland has no basis or right to seek additional
22   remedies in Federal Court in a State Court case that has concluded.

23   The Court stated that no credible argument was made for Abstention, but the State Court could
24   have granted sanctions if it wanted to and that was the proper lace for them to be sought.

25

26

27

28

8

Any detriments experienced by Holland were the result of the mishandling of the State Court litigation by Colletti, and that could have easily been handled in State Court under the Florida Rules of Civil Procedure.  Seeking relief in Federal Court for what one should have obtained in State Court is subject to abstention and the Bankruptcy Court should have  legally abstained from hearing Holland's motion for sanctions under Colorado River, Rooker Feldman, the Florida Rules of Civil Procedure and other laws.

A Bankruptcy Court  cannot assume why the State court did what it did.  The Eviction attorney could have filed a Motion For Reconsideration, Rehearing or withdrawal of the suggestion of Bankruptcy promptly. We cannot procedurally properly make a determination on the State Court action in this Federal Court in the way of Holland's sanction motion, it is illegal .

It was procedurally improper for Landlord to abandon the State Court eviction action and seek relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent verdicts like what could happen if the Court were to grant Holland relief in a Bankruptcy case that has been dismissed.

The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

9

1

2

3

**C.  THE 21 DAY SAFE HARBOR PROVISION WAS NOT COMPLIED WITH AND THE EXCEPTION DOES NOT APPLY**

4

Bankruptcy Rule 9011 was also incorrectly used and invoked because Holland did not comply

5

with the 21 day safe harbor provision.   The sanction motion says it is for filing the bankruptcy

6

Petition and taking it to state Court.  Therefore it is really about invoking it against the Registry

7

order and not the filing of the petition so the 21 day safe Harbor provision should have been

8

complied with.

9

10

11

Attorney Thomas Neusom was not the eviction attorney and was not at the hearing when the stay

12

was imposed.  The state court judge determined it should be imposed and no one in the State

13

 Court action apparently contested this and this is where the real problem lies.

14

15

If the Landlord's Attorney did not agree with the stay, they should have filed a Motion For

16

Rehearing in the State Court and they could have filed an Appeal to get the stay lifted if the stay

17

was improperly granted.  The Federal Court can also lift stays, but in this case the matter could

18

and should have been raised in State Court because there may have been a lack of the basis for

19

the stay so no federal Court involvement was needed.

20

21

22

23

24

25

26

27

10

28

1  Due to the landlord Attorney's failure to take proper action in the state court proceeding the stay

2  may have been put in improperly and it stayed when it shouldn't have but this was actually a

3  decision for the state court judge to make and it depended on a number of issues such as the

4  Lease.  The Bankruptcy Court can also lift the stay but it can't rule on a state Court Order like a

5  state trial or Appellate Court due to abstention doctrines.

6

7

8

9

10

11  Landlord incorrectly utilizes In Re Mcbride because the Court Registry Order did not mention or

12  prohibit seeking bankruptcy protection.  Mcbride also dealt with a foreclosure case and not an

13  eviction case. *In re McBride Estates, Ltd*., 154 B.R. at 343.

14

15

16  Perez and Neusom are unaware of anything in the Rent Registry Order that said that

17  Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

18  Of the Order is and was Judge Alexander Boker. Landlord is concurrently seeking a

19  determination in Federal Bankruptcy Court that needs to be heard by the state eviction

20  court if heard at all.

21

22

23

24

25

26

27                                CONCLUSION

28                                     11

1   Debtor's findings of fact and conclusions of law analysis clearly show that Holland is not

2   entitled to the relief requested in his motion for sanctions.

3

4   WHEREFORE, Neusom and Perez pray that the Court:

5
        1.  Grant the Motion For Abstention, or
6       2.  Strike Hallond's Motion For Sanctions, or
        3.  Summarily deny Holland's Motion For Sanctions
7

8

9   .Dated: October 2, 2018:

10

11                                                  By:/s/Thomas Neusom
12                                                  Attorney For Debtor
                                                    Bar No. 003717
13                                                  (954)200-3536
                                                    4737 N. Ocean Drive, #129
14                                                  Fort Lauderdale, FL 33308
                                                    Email: tgnoffice35@gmail.com
15

16

17

18

19

20

21

22

23

24

25

26

27                          CERTIFICATE OF SERVICE
                                        12
28

1   I HEREBY CERTIFY that a true and correct copy of the foregoing **DEBTORS FINDINGS OF**

2   **FACT AND CONCLUSIONS OF LAW OPPOSING HOLLAND'S MOTION FOR**

    **SANCTIONS**  was furnished by email to the following on October 2, 2018, to the parties on the

3   efiling portal service list by email.

4

5

6                                                    By:/s/Thomas Neusom

                                                     Attorney For Debtor

7                                                    Bar No. 0037174

                                                     Phone; (954)200-3536

8                                                    4737 N. Ocean Drive, #129

9                                                    Fort Lauderdale, FL 33308

                                                     Email: tgnoffice35@gmail.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    13

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**EVICTION CASE PLEADINGS**

14

BRIAN HOLLAND AND ANDREA

HOLLAND a/k/a/ BRIAN HOLLAND
5561 RENT ACCOUNT,

    Plaintiff,

vs.

APLUS LAMINATION & FINISHING
INC., a Florida Corporation and all
other occupants,

    Defendants.

_____/

FOR

IN THE COUNTY COURT IN AND

MIAMI-DADE COUNTY

CIVIL DIVISION

CASE    NO:

18-8187 CC 05

## ORDER DIRECTING DEPOSIT OF RENT INTO REGISTRY OF COURT

**THIS CAUSE CAME ON TO BE HEARD** before me, on May 3, 2018, upon Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court, and, having appeared counsel for Plaintiff and Defendant and the respective parties, after having heard argument from counsel, having reviewed the Court file and being otherwise fully advised in the premises, it is:

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Order Directing Deposit of Rent Into Registry of Court be and the same is hereby granted.

2. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 7, 2018.

3. The Defendant, APLUS LAMINATION & FINISHING, INC., is hereby ordered to deposit the sum of $9,000.00 into the Miami-Dade County Registry of Court on or before May 14, 2018.

3. The Defendant shall further timely deposit the rent as it becomes due into the Registry of Court.

4. The Defendant's failure to timely pay the ordered sums into the Registry of Court shall constitute and absolute waiver of its defenses, other than payment or proof of payment, and Plaintiff shall be entitled to a Default/Default Final judgment for Removal of Tenant and a Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes.

5. Upon Defendant making timely deposit into the Registry of Court of the sums due on May 7, 2018 and May 14, 2018, the parties shall appear for mediation on May 15, 2018 at 1:30 PM.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 05/10/18.

_____
ALEXANDER S. BOKOR
COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall

IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Conformed copies to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff

ALEXANDER E. BORELL, ESQ.
Attorney for Defendant

Report Image problem (https://www2.miami-
dadeclerk.com/cocmvc/reportimageissue?CaseNumber=2018-008187-CC-
05&docketcode=CV CC COC - Court Clerk Sec CC
04&DocketDate=05/04/2018)

1/1     100%

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA**

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | **MEMO OF DISPOSITION** | 2018-008187-CC-05 |
| ☐ OTHER | | Section No. CC04 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK-IN |
|---|---|---|
| Andrea Holland; Brian Holland | Aplus Lamination & Finishing, Inc. | |

*aline : Ruba Recr*

| PLAINTIFF ATTORNEY(S) | DEFENDANT ATTORNEY(S) | DATE OF HEARING | TYPE |
|---|---|---|---|
| Colletti, Joseph R.  (P) | *Alex Barell* (P) | 05/03/2018 - 3:15 PM | Status Hearing |

| MOTIONS | CALENDAR DIRECTIONS | |
|---|---|---|
| TYPE OF MOTION: *for defendants ubment* | CASE CONTINUED: | |
| COURT RULING ON MOTION: | ☐ PENDING SERVICE | ☐ PENDING SETTLEMENT |
| ☐ GRANTED ☐ DENIED ☐ WITHHELD | ☐ SET CASE FOR _____ | ESTIMATED TIME REQUIRED _____ |
| COMMENTS: | ☐ SPECIAL SETTING INSTRUCTIONS (EXPLAIN) | |
| _____ | | |
| _____ | | |

**DISPOSITIONS**

☐ DEFAULT ☐ FINAL JUDGMENT ☐ DEFAULT JUDGMENT ☐ SUMMARY JUDGMENT ☐ AGREED JUDGMENT

| ☐ ORDER OF DISMISSAL | AMOUNT OF JUDGMENT | JUDGMENT FOR THE PLAINTIFF |
|---|---|---|
| ☐ WITHOUT PREJUDICE | PRINCIPAL $ _____ INTEREST $ _____ | |
| ☐ WITH PREJUDICE | COURT COSTS $ _____ ATTORNEY FEES $ _____ | |

**CONDITION OF DISPOSITION**

☐ EXECUTION OF JUDGMENT WITHHELD ☐ ORDER WITHHOLDING JUDGMENT ☐ PLAINTIFF TO SUBMIT PROOF

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

☐ SMALL CLAIMS DIVISION

☒ CIVIL DIVISION

**CASE NO:** 2018 8187 CCOS
**SECTION NO:**

Brian Holland & Andrea Holland c/k/a Brian Holland 5561 Rent Account

vs.

APlus Lamination & Finishing, Inc., a Fla. Corp.,

Plaintiff(s)                    Defendant(s)

**ORDER GRANTING/DENYING** Motion to Lift Bankruptcy Stay

**THIS CAUSE** came before the Court on the ___30th___ day of ___July___ ___2018___

on PLAINTIFF'S/~~DEFENDANT~~'S Motion Ora Tenus & to Lift Bankruptcy Stay Order

_____ and after hearing argument of counsel, it is

**ORDERED AND ADJUDGED:**

The Bankruptcy Stay Order is hereby lifted.

_____

_____

_____

_____

_____

DONE AND ORDERED IN MIAMI-DADE COUNTY, FLORIDA THIS_____

DAY OF_____, _____ .

SIGNED AND DATED

JUL 30 2018

COUNTY COURT JUDGE    JUDGE ALEXANDER S. BOKOR

Copies furnished to
Parties / Counsel of Record
117.01-207 10/03

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION
CASE NO: 13-8187-cc os

BRIAN HOLLAND AND ANDREA
HOLLAND a/k/a BRIAN HOLLAND
5561 RENT ACCOUNT

     Plaintiff,

vs.

APLUS LAMINATION & FINISHING, INC.
and all other occupants,

     Defendants.

_____/

## DEFAULT FINAL JUDGMENT FOR REMOVAL OF TENANT

    **THIS CAUSE CAME ON TO BE HEARD** before me upon Plaintiff's Complaint for Removal of Tenant,

it is:

    **ORDERED AND ADJUDGED:**

    1. That a Default Final Judgment be and the same is hereby entered in favor of Plaintiff, BRIAN

HOLLAND AND ANDREA HOLLAND a/k/a BRIAN HOLLAND 5561 RENT ACCOUNT, and against the

Defendant, APLUS LAMINATION & FINISHING, INC., a Florida Corporation, for possession of the premises

located at 5559 NW 36th Avenue, Miami, Miami-Dade County, Florida 33142, for which let Writ of Possession

issue forthwith.

    2. ~~That Plaintiff recover from said Defendant costs herein taxed in the sum of $_____ for which let
execution issue forthwith.~~ Court reserves as to costs.

    **DONE AND ORDERED** at Miami, Miami-Dade County, Florida this _____ day of July, 2018 SIGNED AND DATED

JUL 3 0 2018

_____
County Court Judge

JUDGE ALEXANDER S. BOKOR

Copies furnished to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff
4770 Biscayne Boulevard, Suite 1400
Miami, Florida 3313

ALEXANDER E. BORELL,
Attorney for Defendant
324 Datura Street
Suite 209
West Palm Beach, FL 33401

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov

**In re:** Nubia Marcella Perez

**Case Number:** 18−15825−AJC

Chapter:  11

County of Residence or Place of Business:  Miami

U.S. District Court Case Number:

## TRANSMITTAL TO DISTRICT COURT

☑ Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on <u>9/30/2018</u>

☐ Motion for Leave to Appeal (copy of appeal attached)

☐ Request to Expedite Appeal attached.

☐ Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):

  ☐ Contested  ☐ Uncontested

☐ Withdrawal of Reference granted by U.S. District Court

☐ Report and Recommendation (Motion to Withdraw Reference)

### The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** <u>Nubia Marcella Perez</u>  **Attorney:** <u>Thomas G Neusom</u>  **Attorney:**
<u>4737 N Ocean Dr #129</u>
<u>Fort Lauderdale, FL 33308</u>

**Appellee/Respondent:** <u>Andrea Holland and Brain Holland</u>  **Attorney:** <u>Utibe I Ikpe, Esq</u>  **Attorney:**

<u>200 S Biscayne Blvd, #3200</u>
<u>Miami, FL 33131</u>

**Title and Date of Order Appealed**, if applicable: <u>OMNIBUS ORDER (1) DENYING DEBTORS MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLANDS MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORDS MOTION FOR SANCTIONS – Dated 8/20/18 AND ORDER DENYING DEBTORS MOTION TO CANCEL AND RESCHEDULE THE 2 P.M. SEPTEMBER 28, 2018 HEARIN – Dated 9/28/18</u>

**Entered on Docket Date:** <u>8/21/18 AND 9/28/18</u>  **Docket Number:** <u>69 AND 76</u>

☐ Designation in Appeal (See Attached)

☐ Designation in Cross Appeal (See Attached)

☑ Copy of Docket

☐ Exhibits:

☐ Copies of Transcript(s) of Hearing(s) on:

☐ Respondent's Answer and/or Movant's Reply

☐ Other:

**Dated:** <u>10/2/18</u>

**CLERK OF COURT**
By: <u>Diana Cohen</u>

Deputy Clerk   (305) 714−1800

United States Bankruptcy Court
Southern District of Florida

In re:                                                           Case No. 18-15825-AJC
Nubia Marcella Perez                                             Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: skinner-g          Page 1 of 1          Date Rcvd: Oct 02, 2018
                              Form ID: CGFA1           Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 04, 2018.
db         +Nubia Marcella Perez,    5559 NW 36 Ave,    Miami, FL 33142-2709
cr         +Brian Holland,   c/o Peter D. Russin, Esq.,    Meland Russin & Budwick, P.A.,
            200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                     TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 04, 2018                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 2, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor    Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor    Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
          Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor    Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
          ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
          ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com,
                                                                          TOTAL: 10

CGFA1 (4/11/16)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 18−15825−AJC**

**Chapter: 11**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

## Clerk's Certificate of Mailing of Notice of Appeal

To:

Office of the U.S. Trustee, Room 1204 Claude Pepper Federal Bldg 51 SW 1st Ave Miami FL 33130

Thomas Neusom
4737 N Ocean Dr #129
Ft. Laud, FL 33309

Utibe I Ikpe
200 South Biscayne Blvd. #3200
Miami, FL 33131

I hereby certify, that pursuant to Bankruptcy Rule 8003, a copy of the attached Notice of Appeal filed on 10/1/2018 was mailed on **10/4/18** to the above named parties.

**Dated:10/2/18**

**CLERK OF COURT**
By: Sheila Skinner−Grant
Deputy Clerk (305) 714−1800

*Enclosures:* **Clerk's Instructions for Appeals**
**Transcript Request Form**
**Copy of Appeal**

*Page 1 of 3*

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**
**CLERK'S INSTRUCTIONS FOR APPEALS**

1.  All notices of appeal filed in the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 8003 and 8004 shall be transmitted promptly to the Clerk of the District Court for docketing and the opening of a new civil case [See U.S. District Court Local Rule 87.4]. Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8009). **Failure to timely file this designation and statement of issues may result in dismissal of the appeal pursuant to this court's Local Rule 8009–1(A) and Local Rule 87.4(c), United States District Court, Southern District of Florida.** The designation shall include the title and docket number of each paper designated.

2.  Within 14 days after the service of the designation and the statement of issues the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and docket number of each additional item designated.

3.  If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. All transcript orders must be made on the local form "Transcript Request Form" enclosed for this purpose, and a copy filed with the clerk at the time of filing the designation (Bankruptcy Rule 8009). On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8010). [See also "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction."]

4.  When the record is complete for purposes of the appeal, the bankruptcy clerk will electronically transmit the record to the clerk of the district court. Once the record has been transmitted to the district court, any subsequently filed document relating to the appeal must be filed in the district court.

5.  Motions For Leave To Appeal (Bankruptcy Rule 8004). The clerk will electronically transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation and statement of the issues should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8009, until entry of an order by the district court granting leave to appeal (Local Rule 8004−1).

*Page 2 of 3*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### OFFICE OF THE CLERK

## **Transcript Request Form**

Submit this form to the transcription company by email, fax or postal mail: Attn: _____

Transcriber:_____

Email: _____ Telephone: _____ Fax: _____

Case Number: _____ Adversary Number: _____ Judge: _____

Date of Hearing or Trial: _____ Time of Hearing or Trial: _____

Debtor(s) Name: _____

☐ The transcript being requested is included as a designated item for a pending appeal.
**(If this box is checked, the requestor must also file this form with the clerk pursuant to Bankruptcy Rule 8009. The transcriber is responsible for notifying the clerk by electronic docket entry in the case the date the request was received and the date on which the transcriber expects to have the transcript completed (See Bankruptcy Rule 8010).**

Select Delivery Method:

| Check Box Below | | Original | First Copy to Each Party | Each Additional Copy to the Same Party |
|---|---|---|---|---|
| | Ordinary Transcript A transcript to be delivered within thirty (30) calendar days after receipt of an order. | $3.65 | .90 | .60 |
| | 14–Day Transcript A transcript to be delivered within fourteen (14) calendar days after receipt of an order. | $4.25 | .90 | .60 |
| | Expedited Transcript A transcript to be delivered within seven (7) calendar days after receipt of an order. | $4.85 | .90 | .60 |
| | Daily Transcript A transcript to be delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day. | $6.05 | 1.20 | .90 |
| | Hourly Transcript A transcript of proceedings ordered under unusual circumstances to be delivered within two (2) hours. | $7.25 | 1.20 | .90 |

By submitting this request, it is understood that:

- A separate order must be placed for each transcript being requested.
- All transcript requests must be submitted directly to the transcriber. Do not contact the clerk's office regarding the status of a request.
- It is the responsibility of the requestor to verify that the transcript has not already been filed with the court.
- It is the responsibility of parties to request redaction. See Local Bankruptcy Rule 5005−1(A)(2)(b), Local Form "Notice of Intent to Request Redaction of Transcript" (LF−61) and "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction" (CG−11).

Print Your Name: _____

Mailing Address: _____

Email Address: _____Telephone No.: _____

United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 18-15825-AJC
Nubia Marcella Perez                                            Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: skinner-g          Page 1 of 1          Date Rcvd: Oct 02, 2018
                             Form ID: pdf004          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 04, 2018.
db            +Nubia Marcella Perez,   5559 NW 36 Ave,   Miami, FL 33142-2709
cr            +Brian Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
               200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                               TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 04, 2018                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 2, 2018 at the address(es) listed below:
              Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
              Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
              Johanna Armengol    on behalf of U.S. Trustee   Office of the US Trustee
               Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
              Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
              Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
              Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                               TOTAL: 10

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   *THOMAS NEWSOM, NUBIA PEREZ*
   *CASE NO. 18-15925AJC*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☑ Debtor  *Nubia Perez*
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe)  *Attorney Thomas Newsom*

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: *Denial of a Motion To Abstain, and other requests*

2. State the date on which the judgment, order, or decree was entered: *Motion Denied August 20, 2018*

### Part 3: Identify the other parties to the appeal

*Rehearing to Motion Denied September 26, 2018 and September 28, 2018 denial is appealed*

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Nubia Maxelle Perez* Attorney: *Thomas Newsom*
   *Attorney Thomas Newsom*   *4737 N. Ocean Drive, #129*
   *Fort Lauderdale, FL 33308*
   *(954)200 3536*

2. Party: *Brian Hilliard* Attorney: *Utibe IM pc*
   *200 South Biscayne Blvd, Ste 3200*
   *Miami, FL 33131*
   *(305)358-6363*

Official Form 417A                Notice of Appeal and Statement of Election                page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Thomas Newsom

Date: 9/30/2018

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Thomas Newsom, Attorney
4737 N. Ocean Drive #129
Fort Lauderdale, FL 33308
(954) 200-3536

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



**ORDERED in the Southern District of Florida on August 20, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                      Chapter 11

        Debtor.

_____/

OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY
DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK
OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING
LANDLORD'S MOTION FOR SANCTIONS

**THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at

3:00 pm (the "*Hearing*") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord

Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's

Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions

Due to Lack of Jurisdiction and Other Grounds [ECF 64]; and Landlord's Motion for Sanctions

Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea

Holland's a/k/a Brian Holland 5561 Rent Account ("*Landlord*") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

ORDERED AND ADJUDGED as follows:

1. Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

2. The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

3. The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

4. To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

5. Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

Rehearing Denied 9/28/30 Orally in Court by Judge A. Jay Cristol
Related to August 20, 2018 Initial Denial

1

2       IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4    DEBTOR                                    **CASE NO: 18-15825**

5
                                              **MOTION FOR REHEARING OF THE**
6    NUJBIA MAR ELLA PEREZ.                    **DENIAL OF THE MOTION TO**
                                              **ABSTAIN FROM HEARING, STRIKE**
7                                              **OR SUMMARILY DENY LANDLORD**
                                              **HOLLAND'S MOTION FOR**
8                                              **SANCTIONS DUE TO LACK OF**
                                              **JURISDICTION AND OTHER**
9                                              **GROUNDS**

10
                                                 **1.  ABSTENTION**
11                                                **2.  MOTION TO STRIKE**
                                                 **3.  LACK OF PRIVITY**
12                                                **4.  ASSUMPTION OF RISK**
                                                 **5.  LAW OF THE CASE**
13                                                **6.  INCOMPETENT STATE COURT**
                                              **LITIGATION**
14                                                **7.  21 DAY SAFE HARBOR**
                                              **NONCOMPLIANCE**
15                                                **8.  RES JUDICATA AND**
                                              **COLLATERAL ESTOPPEL FROM**
16                                            **STATE EVICTION CASE**
                                                 **9.  EQUAL PROTECTION CLAUSE**
17

18   ──────────────────────────────

19

20   **COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, seeking a rehearing of the Denial
     of their Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions.
21

22   In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
     Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a
23   suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
     that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
24   Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
     summarily denied.
25

26   The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on
     finality of judgments should be respected and the Bankruptcy ourt should abstain from hearing
27

28                                              1



**ORDERED in the Southern District of Florida on October 4, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                          Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                          Chapter 11

              Debtors.

_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND
ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER
BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("*Landlord*") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

**INTRODUCTION**

On May 30, 2018,  Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("*Debtor*") and her counsel, Thomas

1

Neusom ("***Neusom***")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc.  At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## **FINDINGS OF FACT**

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc.  Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("***Lease***") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("***Property***"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.

[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("***Eviction Action***").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("***Deposit Order***"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.     Neusom filed an Individual Chapter 11 bankruptcy petition ("***Petition***") with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.     On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation.  It is not a trade name or a "doing business as" name.  No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc.  Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible.  Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

16.     On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17.     During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4              MR. NEUSOM:  Yeah.  Well, I guess the --
 5   really what happened was there was an eviction, and they
 6   were in the process of almost having a writ of possession,
 7   and so they did have to file.  There was also a
 8   garnishment of some funds.
 9              So, there was, there was an emergency
10   situation that participated the filing and required the
11   filing, and at this point we may be able to resolve these
12   issues outside of bankruptcy.  So we're going to probably
13   resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6              Q.   Okay.  Ms. Perez, the question was, what was
 7   the reason that you -- I understand that your company is
 8   not doing well.  Why did you file for bankruptcy?
 9              MR. NEUSOM:  Mention the eviction.
10              MS. ARMENGOL:  What was that?
11              MR. NEUSOM:  Can I talk to her?
12              MS. ARMENGOL:  Okay.
13              MR. NEUSOM:  You probably may want to talk
14   about the eviction and the garnishment.  I think those
15   were, like, what happened.
```

Ex. 18 at 10:6-15.

18.     On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19.     On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.     Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.     Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24.  Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22.     As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("***MRB***") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23.     MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement.  MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action.  Ex. 14.  Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than  rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105.  Bankruptcy Rule 9011 states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**,
>
> (1)     it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation**;

(emphasis added).  A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011.  Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay.  By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences.").  In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

8

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018.  The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled.  While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988).  Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court.  Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti.  Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct.  The Court finds that not all the requested fees are compensable.

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion.  Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie.  If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies.  The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity."  It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent.  If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3.  The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

United States Bankruptcy Court
Southern District of Florida

In re:                                                                    Case No. 18-15825-AJC
Nubia Marcella Perez                                                      Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: cohend           Page 1 of 1           Date Rcvd: Oct 03, 2018
                              Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 05, 2018.
db             +Nubia Marcella Perez,    5559 NW 36 Ave,    Miami, FL 33142-2709
cr             +Andrea Holland,    c/o Peter D. Russin, Esq.,    Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,    Miami, FL 33131-5323
cr             +Brian Holland,    c/o Peter D. Russin, Esq.,    Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,    Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2018                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 3, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor    Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor    Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
           Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor    Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                              TOTAL: 10

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov

In re: Nubia Marcella Perez

**Case Number:**  18−15825−AJC

Chapter:  11

County of Residence or Place of Business:  Miami

U.S. District Court Case Number:

# TRANSMITTAL TO DISTRICT COURT

- ☑ Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on 9/30/2018
- ☐ Motion for Leave to Appeal (copy of appeal attached)
- ☐ Request to Expedite Appeal attached.
- ☐ Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):
    - ☐ Contested    ☐ Uncontested
- ☐ Withdrawal of Reference granted by U.S. District Court
- ☐ Report and Recommendation (Motion to Withdraw Reference)

### The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** Nubia Marcella Perez          **Attorney:** Thomas G Neusom          **Attorney:**
4737 N Ocean Dr #129
Fort Lauderdale, FL 33308

**Appellee/Respondent:** Andrea Holland and          **Attorney:** Utibe I Ikpe, Esq          **Attorney:**
Brain Holland
                                                      200 S Biscayne Blvd, #3200
                                                      Miami, FL 33131

**Title and Date of Order Appealed,** if applicable: OMNIBUS ORDER (1) DENYING DEBTORS MOTION TO STRIKE FOR SUMMARY DENIAL OF LANDLORD HOLLANDS MOTION FOR SANCTIONS DUE TO LACK OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING LANDLORDS MOTION FOR SANCTIONS – Dated 8/20/18 AND ORDER DENYING DEBTORS MOTION TO CANCEL AND RESCHEDULE THE 2 P.M. SEPTEMBER 28, 2018 HEARIN – Dated 9/28/18

**Entered on Docket Date:** 8/21/18 AND 9/28/18          **Docket Number:** 69 AND 76

- ☐ Designation in Appeal (See Attached)
- ☐ Designation in Cross Appeal (See Attached)
- ☑ Copy of Docket
- ☐ Exhibits:
- ☐ Copies of Transcript(s) of Hearing(s) on:
- ☐ Respondent's Answer and/or Movant's Reply
- ☐ Other:

**Dated:** 10/2/18          **CLERK OF COURT**
                            By: Diana Cohen

Deputy Clerk   (305) 714−1800

United States Bankruptcy Court
Southern District of Florida

In re:                                                              Case No. 18-15825-AJC
Nubia Marcella Perez                                                Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj           Page 1 of 1          Date Rcvd: Oct 05, 2018
                             Form ID: pdf004          Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2018.
db              +Nubia Marcella Perez,   5559 NW 36 Ave,   Miami, FL 33142-2709
                +Florida Bar,   651 E Jefferson St,   Tallahassee, FL 32399-2300
                +Honorable Alexander Bokor,   County Court Judge,   73 West Flagler St,   Miami, FL 33130-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                   TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2018                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol    on behalf of U.S. Trustee   Office of the US Trustee
          Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
          ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
          ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
          ltannenbaum@melandrussin.com;mrbnefs@yahoo.com,
                                                                                   TOTAL: 10



**ORDERED in the Southern District of Florida on October 4, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                       Chapter 11

              Debtors.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND**
**ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER**
**BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("***Landlord***") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

## **INTRODUCTION**

On May 30, 2018,  Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("***Debtor***") and her counsel, Thomas

1

Neusom ("***Neusom***")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc.  At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc.  Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("***Lease***") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("***Property***"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.
[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("*Eviction Action*").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.     Neusom filed an Individual Chapter 11 bankruptcy petition (*"Petition"*) with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.     On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

16.    On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing

Case. *See* Ex. 7.

17.    During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor

admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith

under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4                 MR. NEUSOM:  Yeah.  Well, I guess the --
 5     really what happened was there was an eviction, and they
 6     were in the process of almost having a writ of possession,
 7     and so they did have to file.  There was also a
 8     garnishment of some funds.
 9                 So, there was, there was an emergency
10     situation that participated the filing and required the
11     filing, and at this point we may be able to resolve these
12     issues outside of bankruptcy.  So we're going to probably
13     resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6          Q.    Okay.  Ms. Perez, the question was, what was
 7     the reason that you -- I understand that your company is
 8     not doing well.  Why did you file for bankruptcy?
 9                 MR. NEUSOM:  Mention the eviction.
10                 MS. ARMENGOL:  What was that?
11                 MR. NEUSOM:  Can I talk to her?
12                 MS. ARMENGOL:  Okay.
13                 MR. NEUSOM:  You probably may want to talk
14     about the eviction and the garnishment.  I think those
15     were, like, what happened.
```

Ex. 18 at 10:6-15.

18.     On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19.     On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.     Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.     Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24. Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22.     As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23.     MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.    Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action. Ex. 14. Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.    Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.    Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.    Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Bankruptcy Rule 9011 states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**,

(1)     it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation**;

(emphasis added).  A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011.  Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay.  By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences.").  In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

8

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018.  The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled.  While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988).  Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court.  Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti.  Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct.  The Court finds that not all the requested fees are compensable.

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion.  Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie.  If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies.  The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity."  It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent.  If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

10

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

        Debtors.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the *Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105* [ECF No. 91] was served on October 5, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached **Exhibit 1**.

    Dated:  October 8, 2018.

                 s/ Utibe I. Ikpe
                Peter D. Russin, Esquire
                Florida Bar No. 765902
                prussin@meladnrussin.com
                Utibe I. Ikpe, Esquire
                Florida Bar Number: 90301
                uikpe@melandrussin.com
                MELAND RUSSIN & BUDWICK, P.A.
                3200 Southeast Financial Center
                200 South Biscayne Boulevard
                Miami, Florida 33131
                Telephone: (305) 358-6363
                Telecopy: (305) 358-1221

                *Attorneys for Brian Holland and Andrea Holland*

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<461831190FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Findings of Fact and Conclusions of Law
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 10/5/2018 at 5:20 AM EDT and filed on 10/5/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 91 |

**Docket Text:**
Findings of Fact and Conclusions of Law On Brian and Andrea Holland's Motion For Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Re: [25] Motion for Sanctions filed by Creditor Brian Holland, Creditor Andrea Holland). (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** nubia_revised.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=10/5/2018] [FileNumber=46183117-0] [41fb242d26b04feec0adbed0b10934c061d2079860e549f072e66112b5849218c4 9b2b0802efb792dfcbaa45544a81101a88f3930a129a35789926802f320339]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

　　　　　　Debtors.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copies of the following were served in the manner indicated:

1.　　*Order Denying Debtor's Motion In Limine to the Testimony of Joseph Colletti and for Summary Denial of Landlord Holland's Motion for Sanctions [ECF No. 74]* [ECF No. 82], was served on October 2, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1;

2.　　*Order Denying Debtor's Motion for Rehearing of the Denial of the Motion to Abstain from Hearing, Strike, or Summarily Deny Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF No. 75]* [ECF No. 83], was served on October 2, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 2;

[REMAINDER OF PAGE INTNTIONALLY LEFT BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

3.     *Order Denying Debtor's Objection to the Testimony of Colletti and Motion to Strike*

*for Summary Denial of Landlord Holland's Motion for Sanctions* [ECF No. 84], was served on

October 2, 2018, via the Court's Notice of Electronic Filing upon the Registered Users listed on

the attached Exhibit 3.

s/ Utibe I. Ikpe
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esquire
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Attorneys for Brian Holland and Andrea Holland**

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<46160349@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Miscellaneous Motion
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 10/2/2018 at 2:32 PM EDT and filed on 10/2/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 82 |

**Docket Text:**
Order Denying Debtor's Motion In Limine to the Testimony of Joseph Colletti and For Summary Denial of Landlord Holland's Motion For Sanctions Re: # [74] (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Denial_Order_ECF_No._74_(02172961xA9CE2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=10/2/2018] [FileNumber=46160347-0] [c711742c2889a88efbd6ec96d767e682eda94799caf836d9f7c8162793792d10a2 3598be86f724025bdf5575a0f3862164acb0cd99386afda1f682066f3d4ab3]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 1

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<46160442@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Miscellaneous Motion
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 10/2/2018 at 2:36 PM EDT and filed on 10/2/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 83 |

**Docket Text:**
Order Denying Debtor's Motion For Rehearing of the Denial of the Motion to Abstain From Hearing, Strike, or Summarily Deny Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction and Other Grounds Re: # [75] (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Denial_Order_ECF_No._75_(02172963xA9CE2).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=10/2/2018] [FileNumber=46160440-0] [1b698ed66b226a5644c3ba26af8e82aefd633044782ce738fd0f8b31f4970855e2 0411999fb2421ea1de9dbede22f5ef73b2b98eb291f61beb70e3793e700889]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 2

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Johanna.Armengol@usdoj.gov, USTPRegion21.MM.ECF@usdoj.gov, htoland@mitrani.com, ltannenbaum@melandrussin.com, mrbnefs@yahoo.com, ltanne
Do not notice for BK case:

Message-Id:<46160500@FLSB.USCOURTS.GOV>
Subject:18-15825-AJC Order on Miscellaneous Motion
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Snipes, Jeanne entered on 10/2/2018 at 2:39 PM EDT and filed on 10/2/2018

| | |
|---|---|
| **Case Name:** | Nubia Marcella Perez |
| **Case Number:** | 18-15825-AJC |
| **Document Number:** | 84 |

**Docket Text:**
Order Over Ruling Debtor's Objection to the Testimony of Colletti and Motion to Strike For Summary Denial of Landlord Holland's Motion For Sanctions Re: # [73] (Snipes, Jeanne)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=10/2/2018] [FileNumber=46160498-0] [186ca3aa1f2a7c08adc3eccc0a2739dea67492570b2fd8d03848ce1f385b2e2f3c b2b7558d93d29dcf0a4469591bc575cb9e420c5d43c216e9914cb4157590fd]]

**18-15825-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Utibe I Ikpe on behalf of Creditor Andrea Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Utibe I Ikpe on behalf of Creditor Brian Holland
uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Thomas G Neusom on behalf of Debtor Nubia Marcella Perez
tgnoffice35@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Nathalie C. Rodriguez on behalf of Creditor Nationstar Mortgage LLC
nrodriguez@rasflaw.com

Peter D. Russin, Esq on behalf of Creditor Andrea Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Peter D. Russin, Esq on behalf of Creditor Brian Holland
prussin@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Howard S Toland on behalf of Creditor Newtek Small Business Finance Inc
htoland@mitrani.com

Howard S Toland on behalf of Creditor Valley National Bank
htoland@mitrani.com

Exhibit 3

1

2      IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4   DEBTOR                                      **CASE NO: 18-15825**

5
                                               **DEBTORS AND COUNSEL'S MOTION**
6   NUJBIA MAR ELLA PEREZ.                      **FOR RECUSAL OF JUDGE A. JAY**
                                               **CRISTOL**
7

8                                                 **1.  ABSTENTION**
                                                  **2.  MOTION TO STRIKE**
9                                                 **3.  LACK OF PRIVITY**
                                                  **4.  ASSUMPTION OF RISK**
10                                                **5.  LAW OF THE CASE**
                                                  **6.  INCOMPETENT STATE COURT**
11                                               **LITIGATION**
                                                  **7.  21 DAY SAFE HARBOR**
12                                               **NONCOMPLIANCE**
                                                  **8.  RES JUDICATA AND**
13                                               **COLLATERAL ESTOPPEL FROM**
                                               **STATE EVICTION CASE**
14                                                **9.  EQUAL PROTECTION CLAUSE**

15

16

17

18

19

20
    **COMES NOW,** Attorney Thomas Neuom and Nubia Perez's, requesting that
21  Judge Cristol recuse himself from this case.

22

23  The Court has been presented with a Motion for sanctions and it has wrongfully granted the
    motion. This is clear error and Debtor and Debtor's Counsel respectfully request that the Court
24  recuse itself and let us get a new Judge who will hopefully be more objective and fair.

25

26

27
                                               1
28

# Rule 5004. Disqualification

(a) **Disqualification of Judge**. A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

(b) **Disqualification of Judge from Allowing Compensation**. A bankruptcy judge shall be disqualified from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation.

## 8 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge

- US Code
- Notes

prev | next

**(a)**
Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)**
Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)**
Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)**
Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)**
He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

**(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

**(i)**
Is a party to the proceeding, or an officer, director, or trustee of a party;

**(ii)**
Is acting as a lawyer in the proceeding;

**(iii)**
Is known by the judge to have an interest that could be substantially affected by

2

the outcome of the proceeding;

**(iv)**

Is to the judge's knowledge likely to be a material witness in the proceeding.

A review of Rule 9011 clearly shows that granting the Sanctions motion was illegal.

# Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

(a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]

   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

   (1) *How Initiated.*

3

(A) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations*. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the **movant of some or all of the reasonable attorneys' fees and other expenses** incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order*. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) INAPPLICABILITY TO DISCOVERY. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037.

(e) VERIFICATION. Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. §1746 satisfies the requirement of verification.

4

(f) COPIES OF SIGNED OR VERIFIED PAPERS. When these rules require copies of a signed or verified paper, it shall suffice if the original is signed or verified and the copies are conformed to the original.

### NOTES

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 11, 1997, eff. Dec. 1, 1997.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1983

*Subdivision (a)*. Excepted from the papers which an attorney for a debtor must sign are lists, schedules, statements of financial affairs, statements of executory contracts, Chapter 13 Statements and amendments thereto. Rule 1008 requires that these documents be verified by the debtor. Although the petition must also be verified, counsel for the debtor must sign the petition. See O

Granting sanctions undere 9011 was error because the Rule was comploied with.  The issue does not even have to do with ay presentation ade to the Court.  The sole basis for granting anctions seems to be be that Coletti made a mistake and now the Court wants me to pay for Coletti  acting like a dunce.

The essence of liability is personal responsibility and the Court grnting sanctions against Neusomm because of what he allegedly told Coletti is error, unfoar, biased and prejudice.

Black people in America have suffered enough.  Imposing crushing sanction against me for a five minute phone call and not forcing Coletti to take responsibility for his own negligence is reprehensible and an abomination. It runs against justie and I will fight it all the way to the Untied States Supreme Court and the International Court of Justice if a venue is available and if necessary.

5

# 11 U.S. Code § 105 – Power of court

- **US Code**
- **Notes**

prev | next

**(a)**
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**(b)**
Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

**(c)**
The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation.

**(d)** The court, on its own motion or on the request of a party in interest—

**(1)**
shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and

**(2)** unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that—

**(A)**
sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or

**(B)** in a case under chapter 11 of this title—

**(i)**
sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

**(ii)**
sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

**(iii)**
sets the date by which a party in interest other than a debtor may file a plan;

**(iv)**
sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

**(v)**

6

fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

**(vi)**

provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2555; Pub. L. 98–353, title I, § 118, July 10, 1984, 98 Stat. 344; Pub. L. 99–554, title II, § 203, Oct. 27, 1986, 100 Stat. 3097; Pub. L. 103–394, title I, § 104(a), Oct. 22, 1994, 108 Stat. 4108; Pub. L. 109–8, title IV, § 440, Apr. 20, 2005, 119 Stat. 114; Pub. L. 111–327, § 2(a)(3), Dec. 22, 2010, 124 Stat. 3557.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

Debtor presented numerous motions to the Court which included a Motion To Abstain, to Strike, or for Summary Denial of Holland's motion For Sanctions. A Motion In Limine and a Motion To Strike Colletti's testimony due to a Violation of Rule 408 of the Federal Rules of Civil Procedure was also presented.

It is clear that there is no legal basis to grant Holland sanctions.

Holland's primary witness was Colletti who said that during a telephone conversation with Neusom, which Neusom made for settlement purposes, he was told that a Bankruptcy was filed and because of this he cancelled a mediation and somehow a stay was entered in an eviction case.

Neusom was not an attorney in the eviction case and he was unaware that Colletti canceelled the mediation and somehow arranged for a stay. Due to not being eviction Counsel he did not know Coletti was doing this and he did not know Coletti had done it until months later.

Sometime around May 15, 2018, Holland hired Bankrutpcy Counsel and Colletti was informed that what he had did may have been incorrect even though the eviction Court Judge Boker agreed to it. Colletti blamed Neusom and sanctions were sought against him for what Colletti did in the eviction case. Perez's eviction Counsel was Borell.

Colletti violated the Rules of professional responsibility when he litigated the bankruptcy issues in the eviction case with insufficient knowledge and experience. He should have obviously obtained Co-counsel or sought advise before he acted and claims against Neusom are meritless.

**4-1.  CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Comment Legal knowledge and skill In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question.  In many instances the required proficiency is that of a general practitioner.  Expertise in a particular field of law may be required in some circumstances. A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as competent as a practitioner with long experience.  Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge.  A lawyer can provide adequate representation in a wholly novel field through necessary study.  Competent representation can also be provided through the association of a lawyer of established competence in the field in question. Competent representation may also involve the association or retention of a non-lawyer advisor of established technological competence in the field in question.  Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic transmissions and communications. In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical.  Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest. A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented person.  See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners.  It also includes adequate preparation.  The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.  The lawyer should consult with the client about the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances. Maintaining competence To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.

Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.

RRTFB September 17, 2018

8

1

2

3   The facts are that Neusom filed a personal Bankruptcy for Nubia Perezz.  In the Petition he only
4   answered the Bankruptcy petition questions.

5   The Court seemed to state that it would grant sanctions because Neusom spoke to Colletti about
    a bankruptcy and Colletti then took actions in the eviction.  A finding for Holland granting
6   sanctions would be a clearly erroneous ruling.

7

8   In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
    Bankruptcy he may be off the hook for sanctions.  It is undisputed that Neusom did not file a
9   suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
    that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
10  Condition Precedent for dismissal may have occurred and the Motion For Sanctions should
    should have been summarily denied.
11

12

13  The A Plus eviction judgment is final and no sanctions were awarded for the stay.  The rules on
    finality of judgments should be respected and the Bankruptcy Court should abstain from hearing
14  Holland's sanction motion or deny it.

15
    Perez and Neusom pray that the Court will reverse its ruling and not grant sanctions for
16  Holland.

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2  **A.  THE MOTION TO ABSTAIN  WAS WRONGFULLY DENIED**

3  The Court denied the Motion To Abstain, but granted it by limiting their motion to the
Bankruptcy issues and not allowing claims on the State Court eviction action.
4

5  I object to Colletti's testimony because the calls were made to him in the Course of Settlement
negotiations and were settlement communications.
6

7  Colletti is an experienced attorney and for him to try to claim I misled him is shameful, and has
no legal basis, particularly when Coletti had the Lease and I did not have it or had a chance to
8  review it.

9  In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of
Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a
10  suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim
that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A
11  Condition Precedent for dismissal has occurred and the Motion For Sanctions should be
summarily denied.
12

13  This essentially undercuts Landlord's claim for damages because the eviction was the basis for
the claim for damages, but this is erroneous because Holland's Motion For Sanctions is fully and
14  completely dependent on things that took place in the eviction and that needed and could have
been handled by the state court.
15

16  The Court is essentially recasting the Sanctions motion while the appropriate thing would have
been to abstain, strike, dismiss or deny the motion and let them refile with the correct
17  information if they could. But the facts are now out and it is clear that the Motion is sham asnd
frivolous.
18

19  At the hearing on August 16, 2018 Utibe Ikpe said that Hollands eviction attorney put in for the
stay after he heard about the Nubia Perez bankruptcy.  Engaging in such an act is a waiver of any
20  defenses or of Holland bringing a motion for sanctions. Holland assumed the risk.

21  I could have filed a Suggestion of Bankruptcy when the petition was filed, but it depended on a
number of factors and I was unsure if it should have been filed at that time and under the
22  circumstances so I did not do it.

23

24  Holland hired an Attorney, Joseph Colletti, who mistakenly put in a stay and Holland hired
another attorney to seek sanctions against Neusom for a stay that his Attorney put in.  This is
25  inconsistent illogical bad faith litigation.  There is no privity between Neusom and Colletti.  The
only person Holland has a right to seek sanctions from is his own Attorney Colletti, who put in
26  the stay without any request or authorization from Nubia Perez or Thomas Neusom that Neusom
is aware of.
27

28

1

2   Neusom did file a personal bankruptcy but he knew better than to immediately file a Notice
of Appearance in the Eviction and file for a stay.  A lot more research had to be done before
3   someone acted like Holland's attorney Coletti did.  There is no basis for sanctions against
Perez and Neusom for what Holland's attorney Coletti did.
4

5   Due to the state Court dependence of the motion for sanctions it is quite clear that the
Bankruptcy court should have granted the motion to abstain.
6

7   There is no basis for sanctions against Nubia Perez and the eviction Court is the proper
forum for Holland to seek relief.
8

9   A Plus is legally entitled to a stay and would have obtained it with a business bankruptcy. If
it needed to but Colletti's actions made it unnecessary at that time.
10

11   Its wrong for Holland to seek sanctions against Nubia Perez and Thomas Neusom for what
his own attorney, Coletti, unexpectedly did.  But it may have been legally correct so there is
12   no basis for sanctions.   It was Colletti's choice.  And we were prepared to file the business
bankruptcy when needed so we would have gotten the stay one way or another if needed.
13

14   Holland received Nine Thousand Dollars ($9,000.00)from the Court registry.  And
unilaterally decided to keep the Eighteen Thousand Dollar ($18,000) A Plus Security
15   Deposit.  They have already received Twenty Seven Dollars from Aplus and they are not
entitled to anything else and are seeking a double recovery.

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

2  **B.  A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs
3  and needed to seek relief in the State Court and the Bankruptcy Court cannot act as a
   State Trial Court or State Appellate Court, which Holland is seeking**

4

5  Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County with

6  Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel

7  Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction

8  Action that has been closed and a default Final Judgment has been entered, but there are ways for

9  them to properly litigate in State Court.  I am opposing Counsel loyal to my client, so I can not

10 tell them how to do the State Court litigation, but that is the proper place for them.

11

12 The landlord Holland obtained a Writ Of Possession and have obtained

13 possession of the subject property.  The eviction case is closed at this time and Holland has

14 refused to return the A Plus Lamination Security Deposit or follow proper procedures in

15 violation of State Law.

16

17 The Bankruptcy Court has no legal basis or jurisdiction to further adjudicate this State Court

18 matter under numerous legal doctrines.

19 Any detriments experienced by Holland were the result of the mishandling of the State Court

20 litigation by Colletti, and that could have easily been handled in State Court under the Florida

21 Rules of Civil Procedure.  Seeking relief in Federal Court for what one should have obtained in

22 State Court is subject to abstention and the Bankruptcy Court should have  legally abstained

23 from hearing Holland's motion for sanctions under Colorado River, Rooker Feldman, the Florida

24 Rules of Civil Procedure and other laws.

25

26

27                                          12

28

1
2
3
A Bankruptcy Court  cannot assume why the State court did what it did.  The Eviction attorney could have filed a Motion For Reconsideration, Rehearing or withdrawal of the suggestion of Bankruptcy promptly. We cannot procedurally properly make a determination on the State Court action in this Federal Court in the way of Holland's sanction motion, it is illegal .

4
5
6
7
8
9
It was procedurally improper for Landlord to abandon the State Court eviction action and seek

relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent verdicts

like what could happen if the Court were to grant Holland relief in a Bankruptcy case that has

been dismissed.

10
11
12
The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under

BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

1

2

C. **COLLETTI ADMITTED THAT HE VIOLATED THE RULES OF PROFESSIONAL**
3      **RESPONSIBILITY WHEN HE CANCELLED THE EVICTION MEDIATION AND**
       **HAD THE STAY ENTERED SO PEREZ AND NEUSOM CAN'T BE HELD LIABLE**
4      **FOR HIS ACTIO**NS

5

Colletti violated the Rules of professional responsibility when he litigated the bankruptcy issues
6    in the eviction case with insufficient knowledge and experience.  He should have obviously
     obtained Co-counsel or sought advise before he acted and claims against Neusom are meritless.
7

8    **4-1.  CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must
     provide competent representation to a client.  Competent representation requires the legal
9    knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
     Comment Legal knowledge and skill In determining whether a lawyer employs the requisite
10   knowledge and skill in a particular matter, relevant factors include the relative complexity and
     specialized nature of the matter, the lawyer's general experience, the lawyer's training and
11   experience in the field in question, the preparation and study the lawyer is able to give the
     matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of
12   established competence in the field in question.  In many instances the required proficiency is
     that of a general practitioner.  Expertise in a particular field of law may be required in some
13   circumstances. A lawyer need not necessarily have special training or prior experience to handle
     legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as
14   competent as a practitioner with long experience.  Some important legal skills, such as the
     analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal
15   problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal
     problems a situation may involve, a skill that necessarily transcends any particular specialized
16   knowledge.  A lawyer can provide adequate representation in a wholly novel field through
     necessary study.  Competent representation can also be provided through the association of a
17   lawyer of established competence in the field in question. Competent representation may also
     involve the association or retention of a non-lawyer advisor of established technological
18   competence in the field in question.  Competent representation also involves safeguarding
     confidential information relating to the representation, including, but not limited to, electronic
19   transmissions and communications. In an emergency a lawyer may give advice or assistance in a
     matter in which the lawyer does not have the skill ordinarily required where referral to or
20   consultation or association with another lawyer would be impractical.  Even in an emergency,
     however, assistance should be limited to that reasonably necessary in the circumstances, for ill-
21   considered action under emergency conditions can jeopardize the client's interest. A lawyer may
     accept representation where the requisite level of competence can be achieved by reasonable
22   preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented
     person.  See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular
23   matter includes inquiry into and analysis of the factual and legal elements of the problem, and
     use of methods and procedures meeting the standards of competent practitioners.  It also includes
24   adequate preparation.  The required attention and preparation are determined in part by what is at

25

26

27

28

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.  The lawyer should consult with the client about the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances. Maintaining competence To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.

Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.

RRTFB September 17, 2018

The facts are that Neusom filed a personal Bankruptcy for Nubia Perezz.  In the Petition he only answered the Bankruptcy petition questions.

The Court seemed to state that it would grant sanctions because Neusom spoke to Colletti about a bankruptcy and Colletti then took actions in the eviction.  A finding for Holland granting sanctions would be a clearly erroneous ruling under the circumstances.

Perez and Neusom are unaware of anything in the Rent Registry Order that said that

Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

Of the Order is and was Judge Alexander Boker. Landlord is concurrently seeking a

determination in Federal Bankruptcy Court that needs to be heard by the state eviction

court if heard at all.

15

**D.  THE COURT SHOULD NOT IGNORE THE FACTS AND TRY TO MAKE PEREZ AND NEUSOM RESPONSIBLE FOR COLLETTIS MISTAKE AND VIOLATE EQUAL PROTECTION**

The Equal Protection Clause is part of the Fourteenth Amendment to the United States Constitution. Many view it as the attempt to uphold the professed "all men are created equal" clause written in the Constitution. The Equal protection law implies that no State has the right to deny anyone within jurisdiction equal protection of the law.

The implementation of the Equal Protection Clause marked a pivotal point in the American Constitution. Before the Equal Protection Clause (part of the Fourteenth Amendment), the Bill of Rights was only limited to the protection of individuals from the Federal Government. Once the Fourteenth Amendment was enacted, the Constitution was extended to provide protection from State governments.

The Fourteenth Amendment was implemented in 1868, a short time after the American Civil War. It preceded the Thirteenth Amendment which abolished slavery, leading many former Confederate states to adopt Black Codes after the Civil War.To combat the list of Black Codes enacted in Southern states, Congress imposed the Civil Rights Act of 1866.

This Act was a direct effect of the U.S. Supreme Court decision in the Dred Scott v. Sanford case. The law required that all citizen regardless of race and color have the equal benefits of all laws, as enjoyed by white citizens. The doubts that arose with the law under the Constitution that was in existence then lead Congress to implement changes to the Constitution, which became known as the Equal Protection Clause of the Fourteenth Amendment.

In order to ensure the fair practice of the Equal Protection Clause, the U.S. Supreme Court decided to apply different tests to the different State classifications and its response to fundamental rights. Usually the Court finds a State classification Constitutional as long as it has a "rational basis" to a "legitimate state purpose". The U.S. Supreme Court, however, established a firmer sense of analysis to certain cases.

To measure the form of equal protection it will scrutinize any distinction when it encounters suspect classifications. When the Supreme Court orders a classification subject to scrutiny, it must have substance that a State law or the State's administration holds intentions to discriminate. If any intent of a State law provides discrimination, the U.S. Supreme Court further analyzes the basis of race, national origin and in some cases U.S. citizenship. In order for a classification to pass a U.S. Supreme test, the State must prove that that there is an imperative interest to the law and the classification is needed to further its interest. The U.S. Supreme Court will also apply strict scrutiny if any classification interferes with the fundamental rights, such as the First Amendment, the right to travel, or a persons right to privacy.

The Equal Protection Clause was implemented to ensure the fair treatment of all legal citizens of the United States. All states must comply with the rulings of the Supreme Court, which continuously reviews the laws applied by each State to ensure it is following guidelines of fair practice and treatment.

16

1
2
3
4

I've once heard it said that two wrongs don't make a right.  The Court seems to be saying the Neusom and Colletti committed wrongs and Neusom now has to pay all of Colletti, his clients and co counsels fees and expenses.  This is theft and a violation of Equal Protection to maker the black man pay the white man's fees and expenses when the white man violated the rules of Professional Responsibility and was the one who actually made the mistake. All Neusom did was legally, legitimately and effectively advocate for his client.

5
6
7

Neusom contacted Colletti to inform him a personal bankruptcy had been filed and a business bankruptcy would also likely be filed.  Perez or A Plus may be entitled to a Stay depending on who the lease agreement is with.  Perez did not have it to give to me in advance so I had to get a copy if he had it.

8
9

Neusom had spoken to Kathy Ware about the Rent Registry Order and she told him that eviction attorney Alex Borell said a Bankruptcy would not be violated by it.

10
11

Colletti made the mistake, if there was one.  He did not have to cancel the mediation and he said he did not enter the stay.  The Court did it based on information it received and apparently believed it was the correct thing to do.

12
13
14

All  Neusom did was consult and contact the eviction related legal professionals to get the information to get it right. Everything was going to work out OK because if Colletti and Holland would not settle an additional Business Bankruptcy could be filed to get the stay if necessary.

15
16
17

Once Colletti and the Court unexpectedly did what they did the need to file another bankruptcy immediately was un necessary and APlus and Neusom had any time they needed to negotiate rather than to have to immediately filr a business bankruptcy but ther option was there.

18
19
20
21

For instance, the Garnishment with D&K International was removed and APlus received its approximately $9,000 in garnished funds back  and other progress was made in the case. Holland even agreed to give APlus time to move out.  Information was being obtained fron Creditors and the schedules were in the process of being corrected and Amended. Everything was going well from the perspective of Neusom and the case was being worked out.

22

23
24
25

Holland and Colletti are not legally entitled to file in a case, change his mind asfter obtaining Bankruptcy Counsel and seek reimbursement from Neusom for Colletti and Holland's actions.  This is clear error and the Court should be able to see it.

26

27
28

17

1
2
3

Colletti violated and is violating the rules of Professional Responsibility and the Rule on Competence with what he is doing and the Court needs to vacate granting sanctions or at least let another Judge evaluate and rule on the case and the Rule 60 Motion To Vacate that will be filed.

4

5
6
7

Judge Cristol, please recuse yourself and let another Judge hear the Rule 60 Motion to Vacate your sanction Order.  If he gets it right and vacates it this could avert years of appellate and other litigation and the case could be ruled on correctly.  Please recuse yourself.

8

9                                                **CONCLUSION**

10
11
12

The Court's Judgment wrongfully sanctions Neusom.  The Court has largely ignored the arguments of Perez and Neusom and they request that the Court recuse itself for the pending Rule 60 Motion, during the Appeal and for the rest of the case..

13

14      WHEREFORE, Neusom and Perez pray that the Court:

15          1.  Vacate and deny Holland's Motion For Sanctions, or
16          2.  Recuse Judge Cristol from the case.

17

18      .Dated: October 10, 2018:

19

20
21                                      By:/s/Thomas Neusom
22                                      Attorney For Debtor
                                        Bar No. 003717
                                        (954)200-3536
23                                      4737 N. Ocean Drive, #129
                                        Fort Lauderdale, FL 33308
24                                      Email: tgnoffice35@gmail.com

25

26

27                                          18

28

1

2

3                             CERTIFICATE OF SERVICE

4   I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION FOR RECUSAL**
5   was furnished by email to the following on October 10, 2018, to the parties on the efiling portal
    service list by email.
6

7

8
                                          By:/s/Thomas Neusom
9                                         Attorney For Debtor
                                          Bar No. 0037174
10                                        Phone; (954)200-3536
                                          4737 N. Ocean Drive, #129
11                                        Fort Lauderdale, FL 33308
                                          Email: tgnoffice35@gmail.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                          19
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**EVICTION CASE PLEADINGS**

D & K INTERNATIONAL, INC.
      Plaintiff,

vs.

A PLUS LAMINATION & FINISHING, INC.
     Defendant(s)

vs.

WELLS FARGO BANK
      Garnishee.

-------------------------------------,/

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO: 2017004987SP23

## ORDER UPON STIPULATION OF SETTLEMENT, DISSOLVING GARNISHMENT, AND DISBURSING PROCEEDS

   THIS CAUSE having come on by the agreement of the parties, and the Court being fully advised in the premises, it is ORDERED AND ADJUDGED that:

1.  That the Garnishee, WELLS FARGO BANK, shall remove from the Defendant's account, and forward to the Plaintiff's Attorney, SPRECHMAN & FISHER, P.A., the sum of $3,895.74. Payment shall be made payable and sent to SPRECHMAN & FISHER, P.A. TRUST ACCOUNT; SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007, file #: 135442.

2.  Upon payment by Garnishee of the above sum, Garnishee shall release any additional funds being held pursuant to the Writ of Garnishment back to the account holder(s).

3.  Upon receipt and clearance of the above monies from Garnishee, a Satisfaction of Judgment shall be issued to the Defendant for recording at the Defendant's expense. Upon receipt and clearance of the above monies from Garnishee, the Garnishment action shall be dissolved as to the accounts referenced in the Answer of Garnishee and Garnishee shall bear no further liability with regard to those accounts.

  DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/18/18.

         CARYN SCHWARTZ
         COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Copies furnished to:
SPRECHMAN & FISHER, P.A., 2775 Sunny Isles Blvd., Suite 100, Miami, Florida 33160-4007
John B. Kent, Esq. for Garnishee. 1200 Riverplace Boulevard, Ste #800 Jacksonville, Florida 32207
Thomas Neusom, Esq.4737 N. Ocean Drive, #129, Ft. Lauderdale, Fl 33308-2920
135442:P142 (ORO)

scan code: X630B

## GUARANTY OF PAYMENT AND PERFORMANCE

This Guaranty of Payment and Performance (this "Guaranty") is made as of the 4th day of December, 2017, by NUBIA M. PEREZ (the "Guarantor"), with an address of 5559 NW 36th Avenue, Miami, FL 33142, in favor of VALLY NATIONAL BANK, its successors or assigns ("Lender"), as successor by merger to 1st United Bank ("1st United"), with an address of 1455 Valley Road, Wayne, NJ 07470.

## RECITALS

A PLUS LAMINATION & FINISHING, INC. (sometimes hereinafter each individually and all collectively referred to as "Borrower") has requested and Lender has agreed to extend credit, renew an existing loan and/or make a loan to Borrower not to exceed the Principal amount of Eight Hundred Three Thousand Eighteen Dollars and Thirty-Two Cents ($803,018.32) (the "Loan"), as evidenced by that certain U. S. Small Business Administration ("SBA") Note in the principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) executed and delivered by Borrower on May 5, 2007, to 1st United with a maturity date of August 1, 2017, which was modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2013 in the principal amount of One Million Thirty-Five Thousand Seven Hundred Eighteen Dollars and Thirty-Two Cents ($1,035,718.32), and which was further modified by a Change in Terms Agreement executed and delivered by Borrower to 1st United on April 15, 2014 in the principal amount of Nine Hundred Seventy-Five Thousand Two Hundred Eighteen Dollars and Thirty-Two Cents ($975,218.32) (together with all other renewals, extensions, modifications and amendments thereto, the "Note"), which Note evidenced the extension of a commercial SBA loan made by 1st United to Borrower on or about May 3, 2007, in the original principal amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00) (as amended, extended and/or renewed, the "Loan"). As a condition precedent to Lender making the Loan, Lender has required Guarantor to execute and deliver this Guaranty to Lender. Any capitalized term used and not defined in this Guaranty shall have the meaning given to such term in the Note (as modified, extended and renewed).

## AGREEMENTS

Guarantor will receive a material benefit from Lender making the Loan to Borrower. For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby guarantees to Lender the prompt and full payment of the indebtedness and obligations described below in this Guaranty (collectively called the "Guaranteed Obligations"), this Guaranty being upon the following terms and conditions:

Section 1.     Guaranty of Payment.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any

Nubia Guaranty

bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Loan Documents (as such term is defined in the Note), which Loan Documents include, without limitation, the Note, the Loan Agreement, that certain Mortgage (as such term is defined in the Note), Assignment of Rents (as such term is defined in the Note), Environmental Indemnity Agreement (as such term is defined in the Note), and all other documents, agreements and instruments executed and/or delivered in connection with or contemplated by the Loan, as the same may from time to time be amended, supplemented, restated or otherwise modified (collectively, the "Indebtedness").     The Indebtedness includes all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies with respect to the Indebtedness, and to protect, defend, maintain or enforce Lender's liens or security interests, including, without limitation, collection costs, default rates of interest, reasonable attorneys' fees and costs at trial and appellate levels and related costs, and costs of alternative dispute resolution, whether or not suit is filed or other proceedings are initiated thereon.  This Guaranty covers the Indebtedness presently outstanding and the Indebtedness arising subsequent to the date hereof, including all amounts advanced by Lender in stages or installments.  The guaranty of Guarantor as set forth in this Section is a continuing guaranty of payment and not a guaranty of collection.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Payment Obligations".   The Guaranteed Payment Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

Section 2.      Guaranty of Performance.

Guarantor hereby unconditionally and irrevocably guarantees to Lender the complete performance when due of all other Obligations of Borrower under all of the Loan Documents, including, without limiting the generality of the foregoing, all such Obligations of Borrower to duly and punctually perform and observe all other terms, covenants and conditions of the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, and all other Loan Documents.

The foregoing obligations guaranteed under this Section are defined as the "Guaranteed Performance Obligations."  The Guaranteed Performance Obligations are included as part of the Guaranteed Obligations for all purposes of this Guaranty.

The liability and obligations under this Section shall not be limited or restricted by the existence of, or any terms of, the guaranty of payment under Section 1.

Section 3.      Primary Liability of Guarantor.

(a)      This Guaranty is an absolute, irrevocable and unconditional guaranty of payment and performance, and Guarantor shall be liable for the payment and performance of the Guaranteed Obligations as a primary obligor.  This Guaranty shall be effective as a waiver of, and Guarantor hereby expressly waives, any right to which Guarantor may otherwise have been

entitled, whether existing under statute, at law or in equity, to require Lender to take prior recourse or proceedings against any collateral, security or person. It shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor, first to institute suit or pursue or exhaust any rights or remedies against Borrower or other person liable on such indebtedness or performance, or to enforce any rights against any security given to secure such indebtedness or for such performance, or to join Borrower or any other person liable for the payment or performance of the Guaranteed Obligations or any part thereof in any action to enforce this Guaranty, or to resort to any other means of obtaining payment or performance of the Guaranteed Obligations provided, however, that nothing herein contained shall prevent Lender from suing on the Note or exercising any other right under the Loan Documents.

(b)     Suit may be brought or demand may be made against Borrower or against any or all parties who have signed this Guaranty or any other guaranty covering all or any part of the Guaranteed Obligations, or against any one or more of them, separately or together, without impairing the rights of Lender against any party hereto. Any time that Lender is entitled to exercise its rights or remedies hereunder, it may in its discretion elect to demand payment and/or performance. If Lender elects to demand performance, it shall at all times thereafter have the right to demand payment until all of the Guaranteed Obligations have been paid and performed in full. If Lender elects to demand payment, it shall at all times thereafter have the right to demand performance until all of the Guaranteed Obligations have been paid and performed in full.

(c)     The liability of Guarantor or any other Person hereunder for Guaranteed Obligations arising out of or related to the Environmental Indemnity Agreement shall not be limited or affected in any way by any provision in this Guaranty, the other Loan Documents or applicable law limiting the liability of Borrower, Guarantor or such other Person, or Lender's recourse or rights to a deficiency judgment.

Section 4.     Certain Agreements and Waivers by Guarantor.

(a)     Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of:

(i)     any limitation on the liability of, or recourse against, any other person in any Loan Document or arising under any law;

(ii)     any claim or defense that this Guaranty was made without consideration or is not supported by adequate consideration or that the obligations of Guarantor hereunder exceed or are more burdensome than those of Borrower under the other Loan Documents;

(iii)     the taking or accepting of any other security or guaranty for, or right of recourse with respect to, any or all of the Guaranteed Obligations;

(iv)     the operation of any laws (other than statutes of limitation) regarding the limitation of actions, all of which are hereby waived as a defense to any action or proceeding brought by Lender against Guarantor, to the fullest extent permitted by law;

(v)     any homestead exemption or any other exemption under applicable law;

(vi)     any release, surrender, abandonment, exchange, alteration, sale or other disposition, subordination, deterioration, waste, failure to protect or preserve, impairment, or loss of, or any failure to create or perfect any lien or security interest with respect to, or any other dealings with, any collateral or security at any time existing or purported, believed or expected to exist in connection with any or all of the Guaranteed Obligations, or any impairment of Guarantor's recourse against any person or collateral;

(vii)     whether express or by operation of law, any partial release of the liability of Guarantor hereunder (except to the extent paid, performed or expressly so released) or any complete or partial release of Borrower or any other person liable, directly or indirectly, for the payment or performance of any or all of the Guaranteed Obligations;

(viii)     the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations;

(ix)     either with or without notice to or consent of Guarantor, any renewal, extension, modification, supplement, subordination or rearrangement of the terms of any or all of the Guaranteed Obligations and/or any of the Loan Documents, including material alterations of the terms of payment (including changes in maturity date(s) and interest rate(s) or performance (including changes with respect to construction of the Improvements) or any other terms thereof, or any waiver, termination, or release of, or consent to departure from, any of the Loan Documents or any other guaranty of any or all of the Guaranteed Obligations, or any adjustment, indulgence, forbearance, or compromise that may be granted from time to time by Lender to Borrower or any other person at any time liable for the payment or performance of any or all of the Guaranteed Obligations;

(x)     any neglect, lack of diligence, delay, omission, failure, or refusal of Lender to take or prosecute (or in taking or prosecuting) any action for the collection or enforcement of any of the Guaranteed Obligations, or to foreclose or take or prosecute any action to foreclose (or in foreclosing or taking or prosecuting any action to foreclose) upon any security therefor, or to exercise (or in exercising) any other right or power with respect to any security therefor, or to take or prosecute (or in taking or prosecuting) any action in connection with any Loan Document, or any failure to sell or otherwise dispose of in a commercially reasonable manner any collateral securing any or all of the Guaranteed Obligations;

(xi)   any failure of Lender to notify Guarantor of any creation, renewal, extension, rearrangement, modification, supplement, subordination, or assignment of the Guaranteed Obligations or any part thereof, or of any Loan Document, or of any release of or change in any security, or of the occurrence or existence of any Event of Default, or of any other action taken or refrained from being taken by Lender against Borrower or any security or other recourse, or of any new agreement between Lender and Borrower, it being understood that Lender shall not be required to give Guarantor any notice of any kind under any circumstances with respect to or in connection with the Guaranteed Obligations, any and all rights to notice Guarantor may have otherwise had being hereby waived by Guarantor, and Guarantor shall be responsible for obtaining for itself information regarding Borrower, including any changes in the business or financial condition of Borrower, and Guarantor acknowledges and agrees that Lender shall have no duty to notify Guarantor of any information which Lender may have concerning Borrower;

(xii)   the existence of any claim, counterclaim, set-off or other right that Guarantor may at any time have against Borrower, Lender, or any other person, whether or not arising in connection with this Guaranty, the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement, or any other Loan Document; provided, however, that the foregoing shall not be deemed a waiver of Guarantor's right to assert any compulsory counterclaim maintained in a court of the United States or the State of Florida if such counterclaim is compelled under local law or procedure;

(xiii)   the unenforceability of all or any part of the Guaranteed Obligations against Borrower, whether because the Guaranteed Obligations exceed the amount permitted by law or violate any usury law, or because the persons creating the Guaranteed Obligations acted in excess of their authority, or because of a lack of validity or enforceability of or defect or deficiency in any of the Loan Documents, or because Borrower has any valid defense, claim or offset with respect thereto, or because Borrower's obligation ceases to exist by operation of law, or because of any other reason or circumstance, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other person be found not liable on the Guaranteed Obligations, or any part thereof, for any reason (and regardless of any joinder of Borrower or any other party in any action to obtain payment or performance of any or all of the Guaranteed Obligations);

(xiv)   any order, ruling or plan of reorganization emanating from proceedings under Title 11 of the United States Code with respect to Borrower or any other person, including any extension, reduction, composition, or other alteration of the Guaranteed Obligations, whether or not consented to by Lender, or any action taken or omitted by Lender in any such proceedings, including any election to have Lender's claim allowed as being secured, partially secured or unsecured, any extension of credit by Lender in any such proceedings or the taking and holding by Lender of any security for any such extension of credit;

(xv)    any other condition, event, omission, or action that would in the absence of this paragraph result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty or any other agreement;

(xvi)    any early termination of any of the Guaranteed Obligations; or

(xvii)   Lender's enforcement or forbearance from enforcement of the Guaranteed Obligations on a net or gross basis.

(b)    In the event any payment by Borrower or any other person to Lender is held to constitute a preference, fraudulent transfer or other voidable payment under any bankruptcy, insolvency or similar law, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by Borrower or any other party to Lender shall not constitute a release of Guarantor from any liability hereunder, and this Guaranty shall continue to be effective or shall be reinstated (notwithstanding any prior release, surrender or discharge by Lender of this Guaranty or of Guarantor), as the case may be, with respect to, and this Guaranty shall apply to, any and all amounts so refunded by Lender or paid by Lender to another person (which amounts shall constitute part of the Guaranteed Obligations), and any interest paid by Lender and any reasonable attorneys' fees, costs and expenses paid or incurred by Lender in connection with any such event.

(c)    It is the intent of Guarantor and Lender that the obligations and liabilities of Guarantor hereunder are absolute, irrevocable and unconditional under any and all circumstances and that until the Guaranteed Obligations are fully and finally paid and performed, and not subject to refund or disgorgement, the obligations and liabilities of Guarantor hereunder shall not be discharged or released, in whole or in part, by any act or occurrence that might, but for the provisions of this Guaranty, be deemed a legal or equitable discharge or release of a guarantor.

(d)    Guarantor's obligations shall not be affected, impaired, lessened or released by loans, credits or other financial accommodations now existing or hereafter advanced by Lender to Borrower in excess of the Guaranteed Obligations.   All payments, repayments and prepayments of the Loan, whether voluntary or involuntary, received by Lender from Borrower, any other person or any other source (other than from Guarantor pursuant to a demand by Lender hereunder), and any amounts realized from any collateral for the Loan, shall be deemed to be applied first to any portion of the Loan which is not covered by this Guaranty, and last to the Guaranteed Obligations, and this Guaranty shall bind Guarantor to the extent of any Guaranteed Obligations that may remain owing to Lender.   Lender shall have the right to apply any sums paid by Guarantor to any portion of the Loan in Lender's sole and absolute discretion.

(e)    If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

(f)    Guarantor hereby waives and agrees not to assert or take advantage of (i) any right or claim of right to cause a marshalling of any of Borrower's assets or the assets of any

other party now or hereafter held as security for the Indebtedness; (ii) the defense of laches in any action hereunder or for the payment of the Indebtedness and performance of any obligation hereby guaranteed; (iii) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor, any other guarantor of the Loan, or Borrower or any other person or entity, or the voluntary or involuntary dissolution of Borrower, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (iv) any defense based on the failure of Lender to give notice of the existence, creation, or incurring of any new or additional indebtedness or obligation, or of any action or nonaction on the part of any other person whomsoever, or any modification of the terms of the Loan Documents, or the Indebtedness, in connection with any obligation hereby guaranteed; (v) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or any other guarantor of the Loan or the right of Guarantor to proceed against Borrower or any other guarantor for reimbursement, or both; (vi) any defense based upon failure of Lender to commence an action against Borrower; (vii) any defense based upon acceptance of this Guaranty by Lender; (viii) any defense based upon the invalidity or unenforceability of any of the Loan Documents; (ix) any defense based upon any complete or partial release of liability contained in any of the Loan Documents; (x) any defense based upon any transfer by Borrower of all or any part of the collateral for the Loan; (xi) any defense based upon the failure of Lender to perfect any security or to extend or renew the perfection of any security; and (xii) any other legal or equitable defenses whatsoever to which Guarantor might otherwise be entitled.

Section 5.    Subordination.

If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor:

(a)    such indebtedness and all interest thereon and all liens, security interests and rights now or hereafter existing with respect to property of Borrower securing such indebtedness shall, at all times, be subordinate in all respects to the Guaranteed Obligations and to all liens, security interests and rights now or hereafter existing to secure the Guaranteed Obligations;

(b)    Guarantor shall not be entitled to enforce or receive payment, directly or indirectly, of any such indebtedness of Borrower to Guarantor until the Guaranteed Obligations have been fully and finally paid and performed;

(c)    Guarantor hereby assigns and grants to Lender a security interest in all such indebtedness and security therefor, if any, of Borrower to Guarantor now existing or hereafter arising, including any dividends and payments pursuant to debtor relief or insolvency proceedings referred to below.  In the event of receivership, bankruptcy, reorganization, arrangement or other debtor relief or insolvency proceedings involving Borrower as debtor, Lender shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and shall have the right to receive directly from the receiver, trustee or other custodian (whether or not an Event of Default shall have occurred or be continuing under any of the Loan Documents), dividends and payments that are payable upon any obligation of Borrower to Guarantor now existing or hereafter arising, and to have all benefits of any security therefor,

until the Guaranteed Obligations have been fully and finally paid and performed. If, notwithstanding the foregoing provisions, Guarantor should receive any payment, claim or distribution that is prohibited as provided above in this Section, Guarantor shall pay the same to Lender immediately, Guarantor hereby agreeing that it shall receive the payment, claim or distribution in trust for Lender and shall have absolutely no dominion over the same except to pay it immediately to Lender; and

(d)    Guarantor shall promptly upon request of Lender from time to time execute such documents and perform such acts as Lender may reasonably require to evidence and perfect its interest and to permit or facilitate exercise of its rights under this Section, including execution and delivery of proofs of claim, further assignments and security agreements, and delivery to Lender of any promissory notes or other instruments evidencing indebtedness of Borrower to Guarantor.   All promissory notes, accounts receivable ledgers or other evidences, now or hereafter held by Guarantor, of obligations of Borrower to Guarantor shall contain a specific written notice thereon that the indebtedness evidenced thereby is subordinated under and is subject to the terms of this Guaranty.

Section 6.    Other Liability of Guarantor or Borrower.

If Guarantor is or becomes liable, by endorsement or otherwise, for any indebtedness owing by Borrower to Lender other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby, and the rights of Lender hereunder shall be cumulative of any and all other rights that Lender may have against Guarantor.  If Borrower is or becomes indebted to Lender for any indebtedness other than or in excess of the Guaranteed Obligations, any payment received or recovery realized upon such other indebtedness of Borrower to Lender may be applied to such other indebtedness.  This Guaranty is independent of (and shall not be limited by) any other guaranty now existing or hereafter given.  Further, Guarantor's liability under this Guaranty is in addition to any and all other liability Guarantor may have in any other capacity to Lender.

Section 7.    Lender Assigns; Disclosure of Information.

This Guaranty is for the benefit of Lender and Lender's successors and assigns, and in the event of an assignment of the Guaranteed Obligations, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Guaranteed Obligations so assigned, may be transferred with such Guaranteed Obligations.  Guarantor waives notice of any transfer or assignment of the Guaranteed Obligations or any part thereof.  Lender may sell or offer to sell the Loan or interests therein to one or more assignees or participants.  Guarantor shall execute, acknowledge and deliver any and all instruments reasonably requested by Lender in connection therewith, and to the extent, if any, specified in any such assignment or participation, such assignee(s) or participant(s) shall have the same rights and benefits with respect to the Loan Documents as such person(s) would have if such person(s) were Lender hereunder.  Lender may disclose to any such assignee or participant or prospective assignee or participant, to Lender's affiliates, to any regulatory body having jurisdiction over Lender and to any other parties as necessary or appropriate in Lender's reasonable judgment, any information Lender now has or hereafter obtains pertaining to the Guaranteed Obligations, this Guaranty, or Guarantor, including

information regarding any security for the Guaranteed Obligations or for this Guaranty, and/or credit or other information on Guarantor and/or any other person liable, directly or indirectly, for any part of the Guaranteed Obligations.

Section 8.    Binding Effect; Joint and Several Liability.

This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. If this Guaranty is signed by more than one person, then all of the obligations of Guarantor arising hereunder shall be jointly and severally binding on each of the undersigned, and their respective heirs, personal representatives, successors and assigns, and the term "Guarantor" shall mean all of such persons and each of them individually.

Section 9.    Governing Law.

The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida (exclusive of its conflict of laws principles) and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. All obligations of Guarantor hereunder are payable and performable at the place or places where the Guaranteed Obligations are payable and performable.

Section 10.    Invalidity of Certain Provisions.

If any provision of this Guaranty or the application thereof to any person or circumstance shall, for any reason and to any extent, be declared to be invalid or unenforceable, neither the remaining provisions of this Guaranty nor the application of such provision to any other person or circumstance shall be affected thereby, and the remaining provisions of this Guaranty, or the applicability of such provision to other persons or circumstances, as applicable, shall remain in effect and be enforceable to the maximum extent permitted by applicable law.

Section 11.    Costs and Expenses of Enforcement.

Guarantor agrees to pay to Lender on demand all reasonable costs and expenses incurred by Lender in seeking to enforce Lender's rights and remedies under this Guaranty, including court costs, costs of alternative dispute resolution and reasonable attorneys' fees and costs, whether or not suit is filed or other proceedings are initiated hereon. All such reasonable costs and expenses incurred by Lender shall constitute a portion of the Guaranteed Obligations hereunder, shall be subject to the provisions hereof with respect to the Guaranteed Obligations and shall be payable by Guarantor within ten (10) days of written demand by Lender.

Section 12.    No Usury.

It is not the intention of Lender or Guarantor to obligate Guarantor to pay interest in excess of that lawfully permitted to be paid by Guarantor under applicable law. Should it be determined that any portion of the Guaranteed Obligations or any other amount payable by Guarantor under this Guaranty constitutes interest in excess of the maximum amount of interest

that Guarantor, in Guarantor's capacity as guarantor, may lawfully be required to pay under applicable law, the obligation of Guarantor to pay such interest shall automatically be limited to the payment thereof in the maximum amount so permitted under applicable law. The provisions of this Section shall override and control all other provisions of this Guaranty and of any other agreement between Guarantor and Lender.

Section 13.    Representations, Warranties, and Covenants of Guarantor.

Until the Guaranteed Obligations are paid and performed in full and each and every term, covenant and condition of this Guaranty is fully performed, Guarantor hereby represents, warrants, and covenants that: (a) Guarantor has a financial interest in Borrower and will derive a material and substantial benefit, directly or indirectly, from the making of the Loan to Borrower and from the making of this Guaranty by Guarantor; (b) this Guaranty is valid, and is binding upon and enforceable against Guarantor; (c) Guarantor is not, and the execution, delivery and performance by Guarantor of this Guaranty will not cause Guarantor to be, in violation of or in default with respect to any law or in default (or at risk of acceleration of indebtedness) under any agreement or restriction by which Guarantor is bound or affected; (d) except as previously disclosed to Lender in writing, there is no litigation pending or, to the knowledge of Guarantor, threatened by or before any tribunal against or affecting Guarantor; (e) all financial statements and information heretofore furnished to Lender by Guarantor do, and all financial statements and information hereafter furnished to Lender by Guarantor will, fully and accurately, in all material aspects, present the condition (financial or otherwise) of Guarantor as of their dates and the results of Guarantor's operations for the periods therein specified, and, since the date of the most recent financial statements of Guarantor heretofore furnished to Lender, no material adverse change has occurred in the financial condition of Guarantor, nor, except as heretofore disclosed in writing to Lender, has Guarantor incurred any material liability, direct or indirect, fixed or contingent; (f) after giving effect to this Guaranty, Guarantor is solvent, is not engaged or about to engage in business or a transaction for which the property of Guarantor is an unreasonably small capital, and does not intend to incur or believe that it will incur debts that will be beyond its ability to pay as such debts mature; (g) Guarantor has read and fully understands the provisions contained in the Note, the Loan Agreement, the Mortgage, the Environmental Indemnity Agreement and the other Loan Documents. No Loan Documents or other document, certificate or statement (including, without limitation, any financial statements provided to Lender by Guarantor) furnished to Lender by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Lender as an inducement to make the Loan to Borrower. Guarantor's representations, warranties and covenants are a material inducement to Lender to enter into the other Loan Documents shall survive the execution hereof and any bankruptcy, foreclosure, transfer of security or other event affecting Borrower, Guarantor, any other party, or any security for all or any part of the Guaranteed Obligations.

Section 14.   Notices.

All notices from the Guarantor to Lender and Lender to Guarantor required or permitted by any provision of this Guaranty shall be in writing and sent by certified mail or nationally recognized overnight delivery service or hand-delivered. All notices to Guarantor shall be sufficiently given if mailed or delivered to Guarantor's address shown above, and all notices to Lender, shall be mailed and delivered to **Lender at the address shown above,** or such other address as Lender may specify in writing from time to time. Any notice required under this Guaranty shall be given in writing, and shall be effective when actually delivered or one (1) business day after deposit with a nationally recognized overnight courier or, if mailed, five business days after deposit in the United States mail. Any party may designate a change of address by written notice to the other party, received by such other party at least ten (10) days before such change of address is to become effective.

Section 15.   Cumulative Rights.

All of the rights and remedies of Lender under this Guaranty and the other Loan Documents are cumulative of each other and of any and all other rights at law or in equity, and the exercise by Lender of any one or more of such rights and remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights and remedies. No single or partial exercise of any right or remedy shall exhaust it or preclude any other or further exercise thereof, and every right and remedy may be exercised at any time and from time to time. No failure by Lender to exercise, nor delay in exercising, any right or remedy shall operate as a waiver of such right or remedy or as a waiver of any Event of Default. No notice to or demand on Guarantor in any case shall of itself entitle Guarantor to any other or further notice or demand in similar or other circumstances. No provision of this Guaranty or any right or remedy of Lender with respect hereto, or any default or breach, can be waived, nor can this Guaranty or Guarantor be released or discharged in any way or to any extent, except specifically in each case by a writing intended for that purpose (and which refers specifically to this Guaranty) executed and delivered by Lender to Guarantor.

Section 16.   Term of Guaranty.

This Guaranty shall continue in effect until all the Guaranteed Obligations and all of the obligations of Guarantor to Lender under this Guaranty are fully and finally paid, performed and discharged and are not subject to any bankruptcy preference period or any other disgorgement.

Section 17.   Subrogation.

Guarantor shall not have any right of subrogation under any of the Loan Documents or any right to participate in any security for the Guaranteed Obligations or any right to reimbursement, exoneration, contribution, indemnification or any similar rights, until the Guaranteed Obligations have been fully and finally paid, performed and discharged in accordance with Section 16 above, and Guarantor hereby waives all of such rights.

Section 18.    No Transfer of Assets.

Guarantor shall not, during the term of the Loan, transfer any material portion of his assets unless such transfer is in the ordinary course of Guarantor's business, for fair market value and such fair market value is given to Guarantor, in his sole name, and such transfer will not have a material adverse effect on the financial condition of Guarantor and/or his ability to perform his obligations hereunder, as determined by Lender in its sole and absolute discretion.

Section 19.    Event of Default.

If any of the following events occur, an event of default ("Event of Default") under this Guaranty shall exist:   (a) failure of timely payment or performance of the Guaranteed Obligations or a default or event of default under any Loan Document (as such terms are defined in the Loan Document); (b) a breach of any agreement or representation contained or referred to in the Guaranty, or any of the Loan Documents, or contained in any other contract or agreement of Guarantor with Lender or its affiliates, whether now existing or hereafter arising; (c) the death of, the incompetence of, appointment of a guardian for, appointment of a receiver for, assignment for the benefit of creditors of, or the commencement of any insolvency or bankruptcy proceeding by or against, Guarantor; and (d) Lender determines in good faith, in its sole discretion, that the prospects for payment or performance of the Guaranteed Obligations are impaired or a material adverse change has occurred in the business or prospects of Borrower or Guarantor, financial or otherwise.

Section 21.    Time of Essence.

Time shall be of the essence in this Guaranty with respect to all of Guarantor's obligations hereunder.

Section 22.    Entire Agreement; Construction.

This Guaranty embodies the entire agreement between Lender and Guarantor with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty supersedes all prior agreements and understandings, if any, with respect to the guaranty by Guarantor of the Guaranteed Obligations.  This Guaranty shall be effective upon execution by Guarantor and delivery to Lender.  This Guaranty may not be modified, amended or superseded except in a writing signed by Lender and Guarantor referencing this Guaranty by its date and specifically identifying the portions hereof that are to be modified, amended or superseded.  As used herein, the words "include" and "including" shall be interpreted as if followed by the words "without limitation."

Section 23.    Forum.

Guarantor hereby irrevocably submits generally and unconditionally for itself and in respect of its property to the jurisdiction of any state court or any United States federal court sitting in Miami-Dade County, Florida.  Guarantor hereby irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of

venue in any such court and any claim that any such court is an inconvenient forum. Nothing contained herein shall, however, prevent Lender from bringing any action or exercising any rights in the Courts of the State of Florida sitting in or for Broward County, Florida or the United States District Courts sitting in or for such County and Guarantor irrevocably agrees and consents to such venue and jurisdiction and expressly waives any objections as to venue and jurisdiction in any such courts. Guarantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding in any state court or any United States federal court sitting in the state specified in the governing law section of this Guaranty may be made by certified or registered mail, return receipt requested, directed to Guarantor at its address for notice set forth in this Guaranty, or at a subsequent address of which Lender received actual notice from Guarantor in accordance with the notice section of this Guaranty, and service so made shall be complete five (5) days after the same shall have been so mailed. Nothing herein shall affect the right of Lender to serve process in any manner permitted by law or limit the right of Lender to bring proceedings against Guarantor in any other court or jurisdiction.

Section 24.   **WAIVER OF JURY TRIAL.**

GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT.

[CONTINUES ON THE FOLLOWING PAGE]

**IN WITNESS WHEREOF**, Guarantor has duly executed this Guaranty as of the date first written above.

Witnesses:

GUARANTOR:
NUBIA M. PEREZ, individually

Print Name: Cathey D. Ware

Name: Nubia M. Perez

Print Name: Stephan Desroches

STATE OF FLORIDA          )
                          )SS:
COUNTY OF MIAMI-DADE      )

The foregoing Guaranty was acknowledged before me this __7__ day of December, 2017, by Nubia M. Perez, individually as the Guarantor, as her individual act. Nubia M. Perez is personally known to me or has produced a _Florida Driver License_ as identification, and took an oath.

NOTARY PUBLIC
Print Name: _Stephan Desroches_
My Commission Expires: _03/08/2020_

Stephan Desroches
State of Florida
My Commission Expires 03/08/2020
Commission No. FF 968971

Page 14

Lender:          VALLEY NATIONAL BANK
Borrower:        A PLUS LAMINATION & FINISHING, INC.
Guarantors:      FRANCISCO PEREZ; & NUBIA M. PEREZ
Transaction:     Note & Mortgage Modification and Extension Agreement

## GUARANTOR, NUBIA M. PEREZ'S WAIVER OF EXEMPTION FROM GARNISHMENT

IF YOU PROVIDE MORE THAN ONE-HALF OF THE SUPPORT FOR A CHILD OR OTHER DEPENDENT, ALL OR PART OF YOUR INCOME IS EXEMPT FROM GARNISHMENT UNDER FLORIDA LAW. YOU CAN WAIVE THIS PROTECTION ONLY BY SIGNING THIS DOCUMENT. BY SIGNING BELOW, YOU AS BORROWER AGREE TO WAIVE THE PROTECTION FROM GARNISHMENT.

I certify that I have read and understood the notice above before signing the attached GUARANTY referenced above, and agree to waive the protection from Garnishment.

Signature of Guarantor: NUBIA M. PEREZ        Date: 12/7/2017

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing waiver was acknowledged before me this 7 day of December 2017, by NUBIA M.PEREZ, individually, who [ ] is personally known to me or who [ ] has produced his Florida Driver License as identification.

(Seal)        Stephan Desroches
              State of Florida
              My Commission Expires 03/08/2020
              Commission No. FF 968971

              Notary Public
              Print Name: Stephan Desroches

I have fully explained this document to the Guarantor.

VALLEY NATIONAL BANK

By
Name:
Its:                              Date:

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION
CASE NO: 13 - 8187 - cc cs

BRIAN HOLLAND AND ANDREA
HOLLAND a/k/a BRIAN HOLLAND
5561 RENT ACCOUNT

     Plaintiff,

vs.

APLUS LAMINATION & FINISHING, INC.
and all other occupants,

     Defendants.

_____/

## DEFAULT FINAL JUDGMENT FOR REMOVAL OF TENANT

     **THIS CAUSE CAME ON TO BE HEARD** before me upon Plaintiff's Complaint for Removal of Tenant,

it is:

     **ORDERED AND ADJUDGED:**

     1. That a Default Final Judgment be and the same is hereby entered in favor of Plaintiff, BRIAN

HOLLAND AND ANDREA HOLLAND a/k/a BRIAN HOLLAND 5561 RENT ACCOUNT, and against the

Defendant, APLUS LAMINATION & FINISHING, INC., a Florida Corporation, for possession of the premises

located at 5559 NW 36th Avenue, Miami, Miami-Dade County, Florida 33142, for which let Writ of Possession

issue forthwith.

     2. ~~That Plaintiff recover from said Defendant costs herein taxed in the sum of $_____~~ for which let

~~execution issue forthwith.~~ Court reserves as to costs.

     **DONE AND ORDERED** at Miami, Miami-Dade County, Florida this _____ day of July, 2018. SIGNED AND DATED

JUL 3 0 2018

_____
County Court Judge

JUDGE ALEXANDER S. BOKO

Copies furnished to:

JOSEPH R. COLLETTI, P.A.
Attorney for Plaintiff
4770 Biscayne Boulevard, Suite 1400
Miami, Florida 3313

ALEXANDER E. BORELL,
Attorney for Defendant
324 Datura Street
Suite 209
West Palm Beach, FL 33401

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DEBTOR<br><br>NUJBIA MARCELLA PEREZ. | **CASE NO: 18-15825**<br><br>**MOTION TO VACATE THE ORDER GRANTING HOLLAND'S MOTION FOR SANCTIONS ENTERED OCTOBER 4, 2018**<br><br>   **1.  ABSTENTION**<br>   **2.  MOTION TO STRIKE**<br>   **3.  LACK OF PRIVITY**<br>   **4.  ASSUMPTION OF RISK**<br>   **5.  LAW OF THE CASE**<br>   **6.  INCOMPETENT STATE COURT LITIGATION**<br>   **7.  21 DAY SAFE HARBOR NONCOMPLIANCE**<br>   **8.  RES JUDICATA AND COLLATERAL ESTOPPEL FROM STATE EVICTION CASE**<br>   **9.  EQUAL PROTECTION CLAUSE** |

1.**COMES NOW**, Nubia Marcella Perez and Attorney Thomas Neusom,  under the applicable

State And Federal Rule, or more specifically, Rule 60 (b)of the Federal Rules of Civil

Procedure, seeking a rehearing and vacating of the order granting Landlord's Motion For

Sanctions Pursuant to Bankruptcy Rule 9011 and US.C. Section 105 that was entered

October 4, 2018 by the Honorable Judge A. Jay Cristol.

1

2.Rule 60 States:

# <u>Rule 60 – Relief from a Judgment or Order</u>

(a) **Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) **Timing and Effect of the Motion**.

(1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.

(d) **Other Powers to Grant Relief**. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) **Bills and Writs Abolished**. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

2

1

2   3.The Court denied the Motion To Abstain, but granted it by limiting their motion to the
Bankruptcy issues and not allowing claims on the State Court eviction action.

3

4   4. This essentially Undercuts Landlord's claim for damages because the eviction was the
basis for the claim for damages, but this is erroneous because Holland's Motion For

5   Sanctions is fully and completely dependent on things that took place in the eviction and
that needs to be handled by the state court as Respondents have argued.

6

7   5.The Court is essentially recasting the Sanctions motion while the appropriate thing would
have been to abstain, dismiss or deny the motion let them refile it if they could.

8

9   6.Debtor presented numerous motions to the Court which included a Motion To Abstain, to
Strike, or for Summary Denial of Holland's motion For Sanctions.  A Motion In Limine and a

10  Motion To Strike Colletti's testimony due to a Violation of Rule 408 of the Federal Rules of
Civil Procedure was also presented.

11

12  7.It is clear that there is no legal basis to grant Holland sanctions.

13  8.Holland's primary witness was Colletti who said that during a telephone conversation with
Neusom, which Neusom made for settlement purposes, he was told that a Bankruptcy was filed

14  and because of this he cancelled a mediation and somehow a stay was entered in an eviction
case.

15

16  9.Neusom was not an attorney in the eviction case and he was unaware that Colletti canceelled
the mediation and somehow arranged for a stay.  Due to not being eviction Counsel he did not

17  know Coletti was doing this and he did not know Coletti had done it until months later.

18  10.Sometime around May 15, 2018, Holland hired Bankrutpcy Counsel and Colletti was
informed that what he had did may have been incorrect even though the eviction Court Judge

19  Boker agreed to it.  Colletti blamed Neusom and sanctions were sought against him for what
Colletti did in the eviction case.  Perez's eviction Counsel was Borell.

20

21  11.Colletti violated the Rules of professional responsibility when he litigated the bankruptcy
issues in the eviction case with insufficient knowledge and experience.  He should have

22  obviously obtained Co-counsel or sought advice before he acted and claims against Neusom or
Perez are meritless.

23

24

25

26

27                                                3

28

**4-1.  CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Comment Legal knowledge and skill In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question.  In many instances the required proficiency is that of a general practitioner.  Expertise in a particular field of law may be required in some circumstances. A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as competent as a practitioner with long experience.  Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge.  A lawyer can provide adequate representation in a wholly novel field through necessary study.  Competent representation can also be provided through the association of a lawyer of established competence in the field in question. Competent representation may also involve the association or retention of a non-lawyer advisor of established technological competence in the field in question.  Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic transmissions and communications. In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical.  Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest. A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented person.  See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners.  It also includes adequate preparation.  The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.  The lawyer should consult with the client about the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances. Maintaining competence To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.

Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.

RRTFB September 17, 2018

4

1

2

12. The facts are that Neusom filed a personal Bankruptcy for Nubia Perezz. In the Petition he only answered the Bankruptcy petition questions.

3

4

13. The Court seemed to state that it would grant sanctions because Neusom spoke to Colletti about a bankruptcy and Colletti then took actions in the eviction. A finding for Holland granting sanctions would be a clearly erroneous ruling under the circumstances.

5

6

7

8

14. In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion of Bankruptcy he may be off the hook for sanctions. It is undisputed that Neusom did not file a suggestion of bankruptcy therefore the Motion For Sanctions should be denied. And any claim that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A Condition Precedent for dismissal may have occurred and the Motion For Sanctions should should have been summarily denied.

9

10

11

12

15. The A Plus eviction judgment is final and no sanctions were awarded for the stay. The rules on finality of judgments should be respected and the Bankruptcy Court should abstain from hearing Holland's sanction motion or deny it.

13

14

16. Perez and Neusom pray that the Court will reverse its ruling and not grant sanctions for Holland.

15

16

17

A. THE MOTION TO ABSTAIN WAS WRONGFULLY DENIED

18

17. The Court denied the Motion To Abstain, but granted it by limiting their motion to the Bankruptcy issues and not allowing claims on the State Court eviction action.

19

20

18. I object to Colletti's testimony because the calls were made to him in the Course of Settlement negotiations and were settlement communications.

21

22

19. Colletti is an experienced attorney and for him to try to claim I misled him is shameful, and has no legal basis, particularly when Coletti had the Lease and I did not have it or had a chance to review it.

23

24

25

26

20. In Court and on the Court CD Transcript the court said if Neusom did not file the Suggestion

27

5

28

of Bankruptcy he was off the hook for sanctions.  It is undisputed that Neusom did not file a suggestion of bankruptcy therefore the Motion For Sanctions should be denied.  And any claim that Neusom is responsible for someone else filing a Suggestion of Bankruptcy is frivolous. A Condition Precedent for dismissal has occurred and the Motion For Sanctions should be summarily denied.

21.This essentially undercuts Landlord's claim for damages because the eviction was the basis for the claim for damages, but this is erroneous because Holland's Motion For Sanctions is fully and completely dependent on things that took place in the eviction and that needed and could have  been handled by the state court.

22.The Court is essentially recasting the Sanctions motion while the appropriate thing would have been to abstain, strike, dismiss or deny the motion and let them refile with the correct information if they could. But the facts are now out and it is clear that the Motion is sham asnd frivolous.

23.At the hearing on August 16, 2018 Utibe Ikpe said that Hollands eviction attorney put in for the stay after he heard about the Nubia Perez bankruptcy.  Engaging in such an act is a waiver of any defenses or of Holland bringing a motion for sanctions. Holland assumed the risk.

24.I could have filed a Suggestion of Bankruptcy when the petition was filed, but it depended on a number of factors and I was unsure if it should have been filed at that time and under the circumstances so I did not do it.

25.Holland hired an Attorney, Joseph Colletti, who mistakenly put in a stay and Holland hired another attorney to seek sanctions against Neusom for a stay that his Attorney put in.  This is inconsistent illogical bad faith litigation.  There is no privity between Neusom and Colletti.  The only person Holland has a right to seek sanctions from is his own Attorney Colletti, who put in the stay without any request or authorization from Nubia Perez or Thomas Neusom that Neusom is aware of.

26.Neusom did file a personal bankruptcy but he knew better than to immediately file a Notice of Appearance in the Eviction and file for a stay.  A lot more research had to be done before someone acted like Holland's attorney Coletti did.  There is no basis for sanctions against Perez and Neusom for what Holland's attorney Coletti did.

27.Due to the state Court dependence of the motion for sanctions it is quite clear that the Bankruptcy court should have granted the motion to abstain.

28.There is no basis for sanctions against Nubia Perez and the eviction Court is the proper forum for Holland to seek relief.

6

29. A Plus is legally entitled to a stay and would have obtained it with a business bankruptcy. If it needed to but Colletti's actions made it unnecessary at that time.

30. It is wrong for Holland to seek sanctions against Nubia Perez and Thomas Neusom for what his own attorney, Coletti, unexpectedly did.  But it may have been legally correct so there is no basis for sanctions.   It was Colletti's choice.  And we were prepared to file the business bankruptcy when needed so we would have gotten the stay one way or another if needed.

31. Holland received Nine Thousand Dollars ($9,000.00)from the Court registry.  And unilaterally decided to keep the Eighteen Thousand Dollar ($18,000) A Plus Security Deposit.  They have already received Twenty Seven Dollars from Aplus and they are not entitled to anything else and are seeking a double recovery.

**B.  A Federal court cannot act as a State Appellate Court.  The Landlord Holland needs and needed to seek relief in the State Court and the Bankruptcy Court cannot act as a State Trial Court or State Appellate Court, which Holland is seeking**

32. Holland filed an eviction against A Plus Lamination And Finishing in Miami Dade County

with Case Number 18-8187CC05.    Holland is seeking sanctions against Perez and her Counsel

Thomas Neusom in Federal Bankruptcy Court for what happened in a State Court eviction

Action that has been closed and a default Final Judgment has been entered, but there are ways for

them to properly litigate in State Court.  I am opposing Counsel loyal to my client, so I can not

tell them how to do the State Court litigation, but that is the proper place for them to seek their

remedy.

33. The landlord Holland obtained a Writ Of Possession and have obtained

7

possession of the subject property.  The eviction case is closed at this time and Holland has refused to return the A Plus Lamination Security Deposit or follow proper procedures in violation of State Law.

34. The Bankruptcy Court has no legal basis or jurisdiction to further adjudicate this State Court matter under numerous legal doctrines.

35. An **abstention doctrine** is any of several doctrines that a United States court may (or in some cases must) apply to refuse to hear a case if hearing the case would potentially intrude upon the powers of another court. Such doctrines are usually invoked where <u>lawsuits</u> involving the same issues are brought in two different court systems at the same time (such as federal and state courts).

36. Here, the State Court eviction action has fully concluded and Judge Borker has ruled and closed the matter.  In this particular case Holland has no basis or right to seek additional remedies in Federal Court in a State Court case that has concluded.

37. The Court stated that no credible argument was made for Abstention, but the State Court could have granted sanctions if it wanted to and that was the proper lace for them to be sought.

38. Any detriments experienced by Holland were the result of the mishandling of the State Court

8

litigation by Colletti, and that could have easily been handled in State Court under the Florida

Rules of Civil Procedure.  Seeking relief in Federal Court for what one should have obtained in

State Court is subject to abstention and the Bankruptcy Court should have  legally abstained

from hearing Holland's motion for sanctions under Colorado River, Rooker Feldman, the Florida

Rules of Civil Procedure and other laws.

39. A Bankruptcy Court  cannot assume why the State court did what it did.  The Eviction
attorney could have filed a Motion For Reconsideration, Rehearing or withdrawal of the
suggestion of Bankruptcy promptly. We cannot procedurally properly make a determination on
the State Court action in this Federal Court in the way of Holland's sanction motion, it is illegal .

40. It was procedurally improper for Landlord to abandon the State Court eviction action and
seek relief in the Federal Bankruptcy Court.  The abstention doctrine is to stop inconsistent
verdicts like what could happen if the Court were to grant Holland relief in a Bankruptcy case
that has been dismissed.

41. The Bankruptcy Court has no jurisdiction to act as a State Appellate Court even under

BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105.

**C.  THE 21 DAY SAFE HARBOR PROVISION WAS NOT COMPLIED WITH AND
THE EXCEPTION DOES NOT APPLY**

9

42.Bankruptcy Rule 9011 was also incorrectly used and invoked because Holland did not comply with the 21 day safe harbor provision.   The sanction motion says it is for filing the bankruptcy Petition and taking it to state Court.  Therefore it is really about invoking it against the Registry order and not the filing of the petition so the 21 day safe Harbor provision should have been complied with.

43.Attorney Thomas Neusom was not the eviction attorney and was not at the hearing when the stay  was imposed.  The state court judge determined it should be imposed and no one in the  State  Court action apparently contested this and this is where the real problem lies.

44.If the Landlord's Attorney did not agree with the stay, they should have filed a Motion For Rehearing or withdrew what Colletti filed to cancel stop the mediation and possibly get the stay, if he obtained it.

45.Due to the landlord Attorney's failure to take proper action in the state court proceeding the stay may have been put in improperly and it stayed when it shouldn't have but this was actually a decision for the state court judge to make and it depended on a number of issues such as the Lease.

46.Landlord incorrectly utilizes In Re Mcbride because the Court Registry Order did not mention or  prohibit seeking bankruptcy protection.  Mcbride also dealt with a foreclosure case and not an

1  eviction case. *In re McBride Estates, Ltd.*, 154 B.R. at 343.

2

3  47.Perez and Neusom are unaware of anything in the Rent Registry Order that said that

4  Tenant could not seek bankruptcy protection.  The proper Judge to interpret a violation

5  Of the Order is and was Judge Alexander Boker. Landlord is concurrently seeking a

6  determination in Federal Bankruptcy Court that needs to be heard by the state eviction

7

8  court if heard at all.

9

10  48.APLUS Lamination Manager Kathy Ware told me that the APlus eviction Attorney Alex

11  Borell said that the Rent Registry Order would not be violated by the filing of a Bankruptcy.

12

13

14  49.The Rent Registry Order does not say a Bankruptc is a violation and Judge Boker
    granted a Bankruptcy Stay without sanctioning or punishing APlus in any way.

15

16  50.The circumstances under which the Stay was entered is a separate issue.  But the fact
    that Judge Boker was accepting of a Bankruptcy as not a violation of the Rent Registry

17  Order is clear.  So under these facts it would be clear error for the Bankruptcy Judge to
    declare a violation of another Judges order where the issuing  Judge found no error and this

18  is clearly distinguishable from Piccadilly which does not apply in this case and is not a basis
    for granting sanctions against Perez or Neusom under the circumstances.

19

20

21

22

23

24

25

26  51.Holland and Coletti's entire basis for seeking sanctions seems to be based on a phone

27

28

conversation where Neusom allegedly told him something. This phone call was

inadmissible under Federal Rule of Evidence 408 as Compromise Negotiations and

inadmissible hearsay under Rule 802. Even if the statement or call is admissible under an

exception like state of mind it would not be admissible for its truth, the way the Court is

admitting it.

# <u>Rule 408 – Compromise Offers and Negotiations</u>

(a) **Prohibited Uses**. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) **Exceptions**. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

**Rule 802. The Rule Against Hearsay** Hearsay is not admissible unless any of the following provides otherwise: • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. (As amended Apr. 26, 2011, eff. Dec. 1, 2011.)

It is clear that granting sanctions is error.

52. Perez and Neusom made a very fair settlement offer to Holland based on what is owed. I

12

1  do not want to and cannot tell Holland and his Attorneys how to practice law but the

2  Bookkeeper for Holland testified about the Twenty Thousand Dollar ($20,000.00)security

3  deposit, the claimed balance owed so the facts are pretty clear.  Holland's remedy is in the

4  eviction court, not the Bankruptcy court with a bogus sham Motion for Sanctions which

5  clearly should not have been granted and which Neusom and Perez respectfully request

6

7  that the Court Vacate. Ordering Neusom to pay Thirty Thousand Dollars ($30,000.00) to

8  Colletti and Holland for Colletti's mistake is clear error abnd is arguably a form of judicially

9  sanctioned theft. It is and will be appealed and I sincerely believe the Order will not stand.

10

11  52. And while  not accepted as fair, the Court's $30,000.00 sanction seems to be based on

12  two months of delay.  This is also error because any competent eviction Attorney should

13  have or could have discovered there error in a few days and could have had the stay lifted if

14  they wanted to.  To charge Neusom for two month's of Colletti's mistake is unconscionable,

15  illegal and wrong.  Please Vacate this Order. I don't have thirty thousand to give them even

16

17  if I wanted to to just get this over with so I could move on.

18

19

20

21

22

23

24

25

26

27

28

13

**D.   RULE 9001 SAYS THAT SANCTIONS NEED TO BE APPROPRIATE AND LIMITED TO WHAT IS SUFFICIENT**

53. Neusom is still unaware of any legitimate bases for granting sanctions against him for Colletti's admitted error. Nor is there a basis for granting sanctions under Rule 9011,

# Rule 9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers

(a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

14

(A) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations*. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the **movant of some or all of the reasonable attorneys' fees and other expenses** incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

54. If the Court feels compelled to sanction it needs to be appropriate and limited. And the caselaw cited in Hollands own motion gives guidance on what an appropriate sanction is.

15

# In Re Douglas, 141 B.R. 252 (Bankr. N.D. Ga. 1992)

## United States Bankruptcy Court, N.D. Georgia

**Filed:** March 20th, 1992
**Precedential Status:** Precedential
**Citations:** 141 B.R. 252
**Docket Number:** Bankruptcy No. A91-64357-SWC
**Judges:** Stacey W. Cotton

When granting sanctions in the Douglas case the court concluded by stating:

"In its motion, California Federal seeks attorney's fees and expenses incurred in preparing and presenting the emergency motion to dismiss debtor's Chapter 13 case and its motion for sanctions. Bankruptcy Rule 9011 authorizes the court to impose ". . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee." Fed.R.Bankr.P. 9011. Sanctions may include the reasonable expenses of pursuing the Rule 11 claim. *Mike Ousley Prod. Inc.,* 952 F.2d at 383-84. Counsel for California Federal has filed an affidavit setting forth an itemization of the services rendered and expenses incurred in preparing the motions to dismiss and for sanctions. This affidavit states that California Federal incurred $1,630.25 in fees and expenses. Having examined the itemization of services and expenses, the court finds and concludes that the hourly rates charged are within the range of hourly rates charged by attorneys and paraprofessionals of comparable skill, experience and reputation. The services rendered were reasonable and necessary in the filing and prosecution of these motions in response to this abusive and improper serial bankruptcy filing. Accordingly, California Federal's motion for sanctions is granted. The court imposes sanctions upon debtor's counsel, Milton D. Jones, for California Federal'sattorney's fees and expenses in the sum of $1,630.25." **141 B.R. 252** (1992)

In re Harold DOUGLAS, Debtor. CALIFORNIA FEDERAL BANK, FSB, Movant, v. Harold DOUGLAS, Respondent. Bankruptcy No. A91-64357-SWC. **United States Bankruptcy Court, N.D. Georgia, Atlanta Division.** March 20, 1992.

16

# In Re Morgan, 85 B.R. 622 (Bankr. M.D. Fla. 1987)

## United States Bankruptcy Court, M.D. Florida

**Filed:** October 26th, 1987
**Precedential Status:** Precedential
**Citations:** 85 B.R. 622
**Docket Number:** Bankruptcy No. 87-4663
**Judges:** Alexander L. Paskay

When granting sanctions in the Morgan case, the Court concluded by stating:

"Clearly, it was not the intent of Congress to allow Debtors to file Chapter 7 Petitions for the singular purpose of delaying the inevitable conclusion of foreclosure. As it is admitted by the Debtor's counsel that the sole purpose for filing the Debtor's petition was to prevent and delay the foreclosure sale by C & S, this Court is satisfied that sanctions in the amount of $1,000.00 should be imposed jointly and severally against the Debtor and her attorney, Michael Steinberg, to compensate for attorney fees incurred in connection with the aborted foreclosure sale.

It should be noted, however, that the imposition of these sanctions should be conditioned upon the occurrence of a proposed sale of the property in dispute, as in the event the property is sold, C & S will receive compensation for attorney fees incurred by means of the sale proceeds.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Debtor and Debtor's Counsel be, and the same is hereby, granted, and Janet Morgan and Michael Steinberg are hereby directed to pay C & S $1,000.00 in the event the proposed sale of the Debtor's property does not occur. It is further

ORDERED, ADJUDGED AND DECREED that in the event the proposed sale does not occur, C & S may seek an Order by this Court directing Janet Morgan and Michael Steinberg to make payment in the amount of $1,000.00 as sanctions."**85 B.R. 622 (1987)** In re Janet K. MORGAN, Debtor. Bankruptcy No. 87-4663. **United States Bankruptcy Court, M.D. Florida, Tampa Division.** October 26, 1987.

17

# In Re McBride Estates, Ltd., 154 B.R. 339 (Bankr. N.D. Fla. 1993)

## United States Bankruptcy Court, N.D. Florida

**Filed:** March 26th, 1993
**Precedential Status:** Precedential
**Citations:** 154 B.R. 339
**Docket Number:** Bankruptcy No. 92-07497
**Judges:** Lewis M. Killian, Jr.

When granting sanctions in In Re Mcbride the Court concluded by stating:

"Based on the foregoing findings, we find that the filing of the Chapter 11 petition by McBride and its resistance to Barnett's motion for relief from the stay were done for an improper purpose, that is the unnecessary delay in the completion of the foreclosure sale by Barnett Bank, and that such petition and opposition were not well grounded in fact or warranted by existing law or good faith argument for the extension, modification, or reversal of existing law. B.R. 9011. The costs incurred by Barnett as a result of the actions of McBride Estates and its attorney in filing the petition for relief under Chapter 11 and resisting the motion for relief from stay are as follows:

1) $1,440.88 publication costs for foreclosure sale.

2) $190.00 paralegal expenses preparing for foreclosure sale.

3) $2,340.50 attorney's fees in connection with the motion for relief from stay.

*344 4) $60.00 filing fee for motion for relief from stay.

5) $500 attorney's fees in connection with the motion for sanctions.

Total $4,531.38.

**154 B.R. B339 (1993)** In re McBRIDE ESTATES, LTD. Debtor. Bankruptcy No. 92-07497. **United States Bankruptcy Court, N.D. Florida, Tallahassee Division.** March 26, 1993.

The In In Re Mcbride the sanction was $2,840.00.

18

55. A review of the three of Holland's own cited cases shows that an appropriate sanction ranges from One Thousand Dollars ($1,000.00) to Two Thousand Eight Hundred Dollars Forty Dollars. ($2,840.00).

56.The Thirty Thousand Dollar ($30,000.00) sanction the Court is attempting to impose on Neusom is clearly excessive, unwarranted , is not appropriate or limited and does not comply with 9001.

57.Neusom and Perez deny wrongdoing, do not admit to liability and believe granting sanctions is wrong.  Despite this, if the Court were to impose a sanction of $2,000.00 with no restrictions on practice or other conditions,  Neusom will agree to pay a sanction of Two Thousand Dollars ($2,000.00) on behalf of Neusom and Perez if this will conclude the matter and this dismissed Bankruptcy case for all purposes. The current appeal filed in connection hereto, 18-CV-24051-RNS will be dismissed.

58.The eviction case with its security deposit, dumpster fee claims and other issues is a separate matter.

## CONCLUSION

59.Holland's motion for sanctions is without merit and the Order granting sanctions should be vacated.  Neusom and Perez have presented a resolution to try to end this matter.

60.WHEREFORE, Neusom and Perez pray that the Court:

1.   Vacate the current Order dated October 4, 2018 by Judge Cristol granting sanctions,

2.   Enter an order denying sanctions or enter an appropriate order

19

1

2  Dated: October 16, 2018:

3

4                                                      By:/s/Thomas Neusom

5                                                      Attorney For Debtor
                                                       Bar No. 003717
6                                                      (954)200-3536
                                                       4737 N. Ocean Drive, #129
7                                                      Fort Lauderdale, FL 33308
                                                       Email: tgnoffice35@gmail.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                       20
28

1    CERTIFICATE OF SERVICE

2    I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO VACATE**
3    **THE ORDER GRANTING HOLLAND'S MOTION FOR SANCTIONS ENTERED**
     **OCTOBER 4, 2018** was furnished by email to the following on October 10, 2018, to the parties
4    on the efiling portal service list by email.

5

6

7                                                      By:/s/Thomas Neusom
                                                       Attorney For Debtor
8                                                      Bar No. 0037174
                                                       Phone; (954)200-3536
9                                                      4737 N. Ocean Drive, #129
                                                       Fort Lauderdale, FL 33308
10                                                     Email: tgnoffice35@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          21
28

1

2 **EXHIBIT 1**

3 **OCTOBER 4, 2018 ORDER RULE 60 VACATING IS SOUGHT AGAINST**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States Bankruptcy Court
Southern District of Florida

In re:                                                      Case No. 18-15825-AJC
Nubia Marcella Perez                                        Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Oct 05, 2018
                             Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2018.
db            +Nubia Marcella Perez,    5559 NW 36 Ave,   Miami, FL 33142-2709
              +Florida Bar,   651 E Jefferson St,   Tallahassee, FL 32399-2300
              +Honorable Alexander Bokor,   County Court Judge,   73 West Flagler St,   Miami, FL 33130-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                           TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2018                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2018 at the address(es) listed below:
              Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
              Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
              Johanna Armengol    on behalf of U.S. Trustee   Office of the US Trustee
               Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
              Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
              Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
              Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                           TOTAL: 10



**ORDERED in the Southern District of Florida on October 4, 2018.**

_A. Jay Cristol, Judge_
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                            Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                              Chapter 11

          Debtors.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND
ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER
<u>BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105</u>**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("**_Landlord_**") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

<u>**INTRODUCTION**</u>

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("**_Debtor_**") and her counsel, Thomas

1

Neusom ("**Neusom**")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc. At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

**FINDINGS OF FACT**

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc. Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("**Property**"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.

[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

2

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("*Eviction Action*").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.      Neusom filed an Individual Chapter 11 bankruptcy petition ("*Petition*") with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.      On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12. Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13. Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14. Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15. Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3] Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

16.     On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17.     During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4              MR. NEUSOM:  Yeah.  Well, I guess the --
 5     really what happened was there was an eviction, and they
 6     were in the process of almost having a writ of possession,
 7     and so they did have to file.  There was also a
 8     garnishment of some funds.
 9              So, there was, there was an emergency
10     situation that participated the filing and required the
11     filing, and at this point we may be able to resolve these
12     issues outside of bankruptcy.  So we're going to probably
13     resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6         Q.    Okay.  Ms. Perez, the question was, what was
 7     the reason that you -- I understand that your company is
 8     not doing well.  Why did you file for bankruptcy?
 9              MR. NEUSOM:  Mention the eviction.
10              MS. ARMENGOL:  What was that?
11              MR. NEUSOM:  Can I talk to her?
12              MS. ARMENGOL:  Okay.
13              MR. NEUSOM:  You probably may want to talk
14     about the eviction and the garnishment.  I think those
15     were, like, what happened.
```

Case 1:18-cv-24463-FAM Document 121 Entered on FLSD Docket 01/11/2019 Page 529 of
645
Case 1:18-28-ll Wgfft 13-c Filed 10/09/18 Page 7 of 22

Ex. 18 at 10:6-15.

18.    On June 28, 2018, this Court dismissed this case with prejudice, granting (1)

Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the

Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to

Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49].

D.E. 52.

19.    On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed

a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a

Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.    Although Landlord obtained a writ of possession on July 31, 2018, A Plus

Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.    Lindsay testified that Landlord had a tenant who wished to rent the Property on

August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the

new tenant could not take possession. Landlord was forced to postpone the lease with the new

tenant by one month, with the new lease commencing September 1, 2018. Ex. 24.  Consequently,

Landlord lost one month of rent under the new lease at $9,256.00.

22.    As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent

representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland

Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred

$40,768.33 in legal fees. Ex. 22.

23.    MRB's fees include, among other things, time for attending a 341 meeting of

creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and

Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action.  Ex. 14.  Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than  rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105.  Bankruptcy Rule 9011 states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**,

(1)  it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation**;

(emphasis added).  A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011.  Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay.  By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences.").  In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia

Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and

Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in

bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and

generated the entry of an Order implementing a non-existent automatic stay and withholding

issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing

of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the

Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which

unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez

understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that

contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew

or should have known that filing the Petition as a delay tactic was improper, the same cannot be

said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In*

*re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a

bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr.

S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and

ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount

of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month

A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord

claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the

requested fees are compensable.

9

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie. If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies. The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity." It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent. If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

11



**ORDERED in the Southern District of Florida on October 16, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                          Case No. 18-15825-AJC
                                                Chapter  11
 Nubia Marcella Perez                           Adversary Proceeding No.
                                                U.S. District Court Case No. 18-cv-24051-RNS
SSN-XXX-XX-9901

_____ Debtor _____/


                    Plaintiff,

vs.


_____ Defendant _____/


## ORDER DISMISSING BANKRUPTCY APPEAL

A Notice of Appeal was filed on ___9/30/2018___, by __Debtor,  Nubia Marcella Perez__

_____

appealing an order entitled OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR
Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction and Supplement
thereto; and (2)resetting Landlord's Motion for Sanctions and Order Denying Motion to Re-schedule Hr.

(rev. 12/01/15)

A review of the record indicates that:

[ ]    The appeal was filed after the time specified in Bankruptcy Rule 8002. [See also Local Rule 8002-1(A).]

[✓]    Appellant failed to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009.  [See also Local Rule 8009-1(A).]

[ ]    A "Notice of Deficiency Related to Filing an Appeal" was provided by the Clerk to the  appellant indicating that the filing fee required by Bankruptcy Rule 8003(a)(3)(c) has not been remitted and the appellant has not timely remedied this deficiency.  [See also Local Rule 8003-1.]


Accordingly, it is

**ORDERED** that this appeal is DISMISSED as authorized and directed by Local Rule 87.4(c) of the U.S. District Court.

### ###

The clerk shall serve a copy of this order on all parties to the appeal and the U.S. Trustee

(rev.  12/01/15)



**ORDERED in the Southern District of Florida on October 18, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

     Debtors.

_____/

### ORDER DENYING MOTION FOR RECUSAL

    **THIS MATTER** came before the Court upon the _Debtors [sic] and Counsel's Motion_

_for Recusal of Judge A. Jay Cristol_, filed October 15, 2018 (ECF 96).  In its Motion, movants

have attempted to assert that this Court is bias and prejudiced against them.  However, the

allegations in the Motion do not support the relief requested.

    A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from

presiding over the proceeding or contested matter in which the disqualifying circumstance arises

or, if appropriate, shall be disqualified from presiding over the case.  Pursuant to 28 U.S.C.

1

§455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." *See In re International Business Machines,* 618 F.2d 923 (2d Cir. 1980) (statute provides objective standard for recusal, creating the so-called "appearance of justice" rule). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.

The Motion in this case is wholly insufficient as it states no grounds on which this Court should consider disqualifying itself. To disqualify a judge, one must allege bias derived from an extra-judicial source. *U.S. v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). There is no basis alleged in the Motion to support the claim that this Court harbors extra-judicial personal prejudice or bias.

The Debtor has alleged no factual basis for doubting the Court's impartiality. Prior to the filing of this case, the Court did not know of this Debtor or her attorney, and the Court holds no prejudice towards Debtor or her attorney. This is not a matter of prejudgment, but rather Debtor and Attorney Neusom are not pleased with the findings, judgments and adjudications regarding Attorney Neusom's actions in this case, as more particularly described in this Court's *Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105* (ECF 91).

The Motion to recuse was not filed until the adverse findings, rulings and determinations were made against Attorney Neusom based upon his misconduct, which was proven at a duly noticed evidentiary hearing. Section 455 is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise. *Berger*

_v. US_, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481, 483 (1921).   Granting the relief requested would certainly relieve this Court of any further duties pertaining to this matter; but, this Court has an obligation to hear all matters assigned to it unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence. This Court having no personal bias or prejudice with respect to Attorney Neusom or the Debtor that would warrant recusal or disqualification, it is

ORDERED AND ADJUDGED that the _Debtors [sic] and Counsel's Motion for Recusal of Judge A. Jay Cristol_, filed October 15, 2018 (ECF 96) is DENIED.

### 

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.

3



**ORDERED in the Southern District of Florida on October 18, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

     Debtors.

_____/

### ORDER DENYING MOTION TO VACATE

**THIS MATTER** came before the Court upon the *Motion to Vacate the Order Granting*

*Holland's Motion for Sanctions Entered October 4, 2018* (ECF 97).  The Court has reviewed the

Motion and finds the relief requested therein is not supported by the facts of this case or the law.

The Motion raises no new issues of law or fact that this Court did not previously consider when

entering its *Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for*

*Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105* (ECF 91). Therefore, it is

1

ORDERED AND ADJUDGED that the *Motion to Vacate the Order Granting Holland's Motion for Sanctions Entered October 4, 2018* (ECF 97) is DENIED.

### 

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.

United States Bankruptcy Court
Southern District of Florida

In re:                                                              Case No. 18-15825-AJC
Nubia Marcella Perez                                                Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Oct 16, 2018
                             Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 18, 2018.
db            +Nubia Marcella Perez,   5559 NW 36 Ave,   Miami, FL 33142-2709
cr            +Andrea Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
               200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr            +Brian Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
               200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 18, 2018                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 16, 2018 at the address(es) listed below:
          Howard S Toland   on behalf of Creditor   Valley National Bank htoland@mitrani.com
          Howard S Toland   on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol   on behalf of U.S. Trustee   Office of the US Trustee
           Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez   on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee   USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq   on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq   on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom   on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe   on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe   on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                              TOTAL: 10



**ORDERED in the Southern District of Florida on October 16, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Case No. 18-15825-AJC
 Nubia Marcella Perez                   Chapter  11
                                                       Adversary Proceeding No.
 SSN-XXX-XX-9901                     U.S. District Court Case No. 18-cv-24051-RNS

_____ Debtor _____/


                    Plaintiff,
vs.


_____ Defendant _____/


### ORDER DISMISSING BANKRUPTCY APPEAL

A Notice of Appeal was filed on  9/30/2018 , by  Debtor,  Nubia Marcella Perez

appealing an order entitled OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR

Summary Denial of Landlord Holland's Motion For Sanctions Due to Lack of Jurisdiction and Supplement

thereto; and (2)resetting Landlord's Motion for Sanctions and Order Denying Motion to Re-schedule Hr.

(rev.  12/01/15)
                              Page 1 of  2

A review of the record indicates that:

[ ]   The appeal was filed after the time specified in Bankruptcy Rule 8002. [See also Local Rule 8002-1(A).]

[✓]   Appellant failed to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009.  [See also Local Rule 8009-1(A).]

[ ]   A "Notice of Deficiency Related to Filing an Appeal" was provided by the Clerk to the  appellant indicating that the filing fee required by Bankruptcy Rule 8003(a)(3)(c) has not been remitted and the appellant has not timely remedied this deficiency.  [See also Local Rule 8003-1.]

Accordingly, it is

**ORDERED** that this appeal is DISMISSED as authorized and directed by Local Rule 87.4(c) of the U.S. District Court.

**###**

The clerk shall serve a copy of this order on all parties to the appeal and the U.S. Trustee

(rev.  12/01/15)

Page 2 of  2

Official Form 417A (12/15)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _THOMAS NEUSOM, NUBIA PEREC_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal: _Debtor, Debtors Counsel_

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☒ Other (describe) _Attorney_

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Findings of Fact And Conclusions of Law Entered October 4, 2018 by Judge A. Jay Cristol_

2. State the date on which the judgment, order, or decree was entered: _October 4, 2018_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _Nubia Perez_   Attorney: _Thomas Neusom_
   _4737 N. Ocean Drive #129_
   _Fort Lauderdale Fl 33308_

2. Party: _____   Attorney: _____

2. → _Denial of Perez, Neusom Motion in Limine entered October 2, 2018 by Judge A. Jay Cristol_

3. _Omnibus Order (1) Denying Debtors Motion To Strike For Summary Denial of Landlord Hilands Motion For Sanctions Due To Lack of Jurisdiction And Supplement THERETO Entered 8/20/18 by Judge Jay A. Cristol (Includes Denial of Request For Abstention)_

4. _Order Denying Motion To Recuse Judge A. Jay Cristol of 10/18/18_

5. _Order Denying Rehearing/Reconsideration To Vacate Order entered by Judge A. Jay Cristol 10/18/18_

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

&#10065;  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

*Thomas Neusom*
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: *October 19, 2018*

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
*THOMAS NEUSOM*
*4737 N. Ocean Drive, #129*
*Fort Lauderdale, FL 33308*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 18-15825-AJC
Nubia Marcella Perez                                            Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Oct 05, 2018
                             Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2018.
db           +Nubia Marcella Perez,    5559 NW 36 Ave,    Miami, FL 33142-2709
             +Florida Bar,    651 E Jefferson St,    Tallahassee, FL 32399-2300
             +Honorable Alexander Bokor,    County Court Judge,    73 West Flagler St,    Miami, FL 33130-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
           Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com,
                                                                              TOTAL: 10



**ORDERED in the Southern District of Florida on October 4, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                               Chapter 11

       Debtors.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND
ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER
<u>BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105</u>**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("**_Landlord_**") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

<u>**INTRODUCTION**</u>

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("**_Debtor_**") and her counsel, Thomas

1

Neusom ("**Neusom**")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc. At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc. Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("**Property**"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.

[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("*Eviction Action*").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.     Neusom filed an Individual Chapter 11 bankruptcy petition ("*Petition*") with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.     On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

4

16. On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17. During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4          MR. NEUSOM:  Yeah.  Well, I guess the --
 5   really what happened was there was an eviction, and they
 6   were in the process of almost having a writ of possession,
 7   and so they did have to file.  There was also a
 8   garnishment of some funds.
 9          So, there was, there was an emergency
10   situation that participated the filing and required the
11   filing, and at this point we may be able to resolve these
12   issues outside of bankruptcy.  So we're going to probably
13   resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6          Q.    Okay.  Ms. Perez, the question was, what was
 7   the reason that you -- I understand that your company is
 8   not doing well.  Why did you file for bankruptcy?
 9          MR. NEUSOM:  Mention the eviction.
10          MS. ARMENGOL:  What was that?
11          MR. NEUSOM:  Can I talk to her?
12          MS. ARMENGOL:  Okay.
13          MR. NEUSOM:  You probably may want to talk
14   about the eviction and the garnishment.  I think those
15   were, like, what happened.
```

Ex. 18 at 10:6-15.

18.     On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19.     On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.     Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.     Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24. Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22.     As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23.     MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

6

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action. Ex. 14. Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Bankruptcy Rule 9011 states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**,

(1)    it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation**;

(emphasis added).  A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011.  Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay.  By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences.").  In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

8

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the requested fees are compensable.

9

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie. If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies. The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity." It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent. If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.



**ORDERED in the Southern District of Florida on August 20, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 18-15825-BKC-AJC

NUBIA MARCELLA PEREZ,                           Chapter 11

        Debtor.

_____/

**OMNIBUS ORDER (1) DENYING DEBTOR'S MOTION TO STRIKE FOR SUMMARY
DENIAL OF LANDLORD HOLLAND'S MOTION FOR SANCTIONS DUE TO LACK
OF JURISDICTION AND SUPPLEMENT THERETO; AND (2) RESETTING
LANDLORD'S MOTION FOR SANCTIONS**

**THIS MATTER** came before the Court for an evidentiary hearing on August 15, 2018 at

3:00 pm (the "***Hearing***") upon (1) Debtor's Motion to Strike for Summary Denial of Landlord

Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60]; Debtor's

Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions

Due to Lack of Jurisdiction and Other Grounds [ECF 64];  and Landlord's Motion for Sanctions

Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 filed by Creditor Brian Holland and Andrea

Holland's a/k/a Brian Holland 5561 Rent Account ("***Landlord***") [ECF 25]. The Court, having

1

reviewed the motions, having heard argument from counsel, and based on the reasons stated on the record at the Hearing, it is

**ORDERED AND ADJUDGED** as follows:

1.      Debtor's Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 60] and Debtor's Supplement to Motion to Strike for Summary Denial of Landlord Holland's Motion for Sanctions Due to Lack of Jurisdiction and Other Grounds [ECF 64] are **DENIED WITH PREJUDICE**.

2.      The Bankruptcy Court has jurisdiction to hear Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25].

3.      The evidentiary hearing on Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] is rescheduled to September 28, 2018 at 2:00 p.m. at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Courtroom 7, Miami, FL 33128.

4.      To the extent not already exchanged (see paragraph 5 below), the Parties shall exchange witness lists and copies of all exhibits by September 4, 2018.

5.      Debtor's counsel, Thomas Neusom, received copies of Landlord's Exhibits in Court on August 15, 2018 and acknowledged receipt.

###

**Submitted By:**
Utibe Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
200 South Biscayne Blvd., Ste 3200
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.



**ORDERED in the Southern District of Florida on October 18, 2018.**

_A. Jay Cristol, Judge_
_United States Bankruptcy Court_

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                     Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

     Debtors.

_____/

## <u>ORDER DENYING MOTION TO VACATE</u>

    **THIS MATTER** came before the Court upon the _Motion to Vacate the Order Granting_

_Holland's Motion for Sanctions Entered October 4, 2018_ (ECF 97).  The Court has reviewed the

Motion and finds the relief requested therein is not supported by the facts of this case or the law.

The Motion raises no new issues of law or fact that this Court did not previously consider when

entering its _Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for_

_Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105_ (ECF 91). Therefore, it is

ORDERED AND ADJUDGED that the *Motion to Vacate the Order Granting Holland's Motion for Sanctions Entered October 4, 2018* (ECF 97) is DENIED.

###

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.



**ORDERED in the Southern District of Florida on October 18, 2018.**

_A. Jay Cristol_

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:                                        Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

     Debtors.

_____/

### <u>ORDER DENYING MOTION FOR RECUSAL</u>

    **THIS MATTER** came before the Court upon the _Debtors [sic] and Counsel's Motion for Recusal of Judge A. Jay Cristol_, filed October 15, 2018 (ECF 96).  In its Motion, movants have attempted to assert that this Court is bias and prejudiced against them.  However, the allegations in the Motion do not support the relief requested.

    A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.  Pursuant to 28 U.S.C.

1

§455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." *See In re International Business Machines,* 618 F.2d 923 (2d Cir. 1980) (statute provides objective standard for recusal, creating the so-called "appearance of justice" rule). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.

The Motion in this case is wholly insufficient as it states no grounds on which this Court should consider disqualifying itself. To disqualify a judge, one must allege bias derived from an extra-judicial source. *U.S. v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). There is no basis alleged in the Motion to support the claim that this Court harbors extra-judicial personal prejudice or bias.

The Debtor has alleged no factual basis for doubting the Court's impartiality.Prior to the filing of this case, the Court did not know of this Debtor or her attorney, and the Court holds no prejudice towards Debtor or her attorney. This is not a matter of prejudgment, but rather Debtor and Attorney Neusom are not pleased with the findings, judgments and adjudications regarding Attorney Neusom's actions in this case, as more particularly described in this Court's *Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105* (ECF 91).

The Motion to recuse was not filed until the adverse findings, rulings and determinations were made against Attorney Neusom based upon his misconduct, which was proven at a duly noticed evidentiary hearing. Section 455 is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise. *Berger*

_v. US_, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481, 483 (1921). Granting the relief requested would certainly relieve this Court of any further duties pertaining to this matter; but, this Court has an obligation to hear all matters assigned to it unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence. This Court having no personal bias or prejudice with respect to Attorney Neusom or the Debtor that would warrant recusal or disqualification, it is

ORDERED AND ADJUDGED that the _Debtors [sic] and Counsel's Motion for Recusal of Judge A. Jay Cristol_, filed October 15, 2018 (ECF 96) is DENIED.

###

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.



**ORDERED in the Southern District of Florida on October 2, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                             Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                              Chapter 11

             Debtors.
_____/

**ORDER DENYING DEBTOR'S MOTION IN LIMINE TO THE TESTIMONY**
**OF JOSEPH COLLETTI AND FOR SUMMARY DENIAL OF**
**LANDLORD HOLLAND'S MOTION FOR SANCTIONS [ECF NO. 74]**

**THIS MATTER** came before the Court on September 28, 2018 at 2:00 p.m. on Debtor's Motion

in Limine to the testimony of Joseph Colletti and for Summary Denial of Landlord Holland's Motion for

Sanctions [ECF No. 74]. The Court, having been advised of the issues and hearing the arguments of

counsel, **ORDERS AND ADJUDGES** as follows:

Debtor's Motion [ECF No. 74] lacks merit and is Denied.

# # #

1

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax:      (305) 358-1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.

Official Form 417A (12/15)

FIRST
AMENDED

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *THOMAS NEUSOM*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☒ Other (describe) *Attorney For Debtor*
*in Case No. 18-15825*

### Part 2:  Identify the subject of this appeal
*US District Court Case No. 18-CV-24051-RNS*

1. Describe the judgment, order, or decree appealed from: *October 4, 2018*
*Judge A. Jay Cristol Findings of Fact And Conclusions of Law On Brian And Andrea Hillands*
2. State the date on which the judgment, order, or decree was entered: *October 4, 2018*
*Motion For Sanctions Under Bankruptcy Rule 9011 And 11 U.S.C. §105*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Nubia Perez*   Attorney: *Thomas Neusom*
*4737 N. Ocean Drive, #129*
*Fort Lauderdale, Fl 33308*

2. Party: _____   Attorney: _____

*Neusom was directed by Bankruptcy Court to Amend*
*on October 22, 2018 and October 23, 2018 by phone.*

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_Thomas N. Neason_                                    Date: _10/24/18_
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
_THOMAS NEUSIM_
_4737 N. Ocean Drive, #129_
_Fort Lauderdale, FL 33308_

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

United States Bankruptcy Court
Southern District of Florida

In re:                                                                    Case No. 18-15825-AJC
Nubia Marcella Perez                                                      Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Oct 05, 2018
                             Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2018.
db              +Nubia Marcella Perez,   5559 NW 36 Ave,   Miami, FL 33142-2709
                +Florida Bar,   651 E Jefferson St,   Tallahassee, FL 32399-2300
                +Honorable Alexander Bokor,   County Court Judge,   73 West Flagler St,   Miami, FL 33130-1731

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2018                          Signature:   /s/Joseph Speetjens

_____

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2018 at the address(es) listed below:
              Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
              Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
              Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
               Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
              Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
              Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
              Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                                    TOTAL: 10



**ORDERED in the Southern District of Florida on October 4, 2018.**

_A. Jay Cristol, Judge_
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                      Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                       Chapter 11

          Debtors.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND
ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER
<u>BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105</u>**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("**_Landlord_**") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

<u>**INTRODUCTION**</u>

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("**_Debtor_**") and her counsel, Thomas

Neusom ("**Neusom**")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for

the sole purpose of staying a state court eviction action brought by Landlord against A Plus

Lamination and Finishing, Inc.  At trial, the Landlord presented no evidence regarding actions

taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised

Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on

behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction

action. The Court, having considered the documentary evidence, witness testimony, and counsel's

arguments, enters its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus

Lamination and Finishing, Inc.  Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which

entered a one-year commercial lease ("**Lease**") with Landlord to rent property located at 5559 NW

36th Avenue Miami, Florida 33142 ("**Property**"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus

Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to

lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make

the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.
[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.     On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("***Eviction Action***").

6.     On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("***Deposit Order***"). Ex. 6.

7.     The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.     Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.     A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.     Neusom filed an Individual Chapter 11 bankruptcy petition ("***Petition***") with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.     On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation.  It is not a trade name or a "doing business as" name.  No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("**Lindsay**"), Landlord's employee, and Joseph Colletti ("**Colletti**"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc.  Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible.  Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

16.    On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17.    During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4              MR. NEUSOM:  Yeah.  Well, I guess the --
 5   really what happened was there was an eviction, and they
 6   were in the process of almost having a writ of possession,
 7   and so they did have to file.  There was also a
 8   garnishment of some funds.
 9              So, there was, there was an emergency
10   situation that participated the filing and required the
11   filing, and at this point we may be able to resolve these
12   issues outside of bankruptcy.  So we're going to probably
13   resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6       Q.    Okay.  Ms. Perez, the question was, what was
 7   the reason that you -- I understand that your company is
 8   not doing well.  Why did you file for bankruptcy?
 9              MR. NEUSOM:  Mention the eviction.
10              MS. ARMENGOL:  What was that?
11              MR. NEUSOM:  Can I talk to her?
12              MS. ARMENGOL:  Okay.
13              MR. NEUSOM:  You probably may want to talk
14   about the eviction and the garnishment.  I think those
15   were, like, what happened.
```

5

Ex. 18 at 10:6-15.

18.    On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19.    On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.    Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.    Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24.  Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22.    As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("*MRB*") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23.    MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending
multiple hearings related to the Motion for Sanctions, which was continued twice at the request of
Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom,
including settlement discussions and the preparation of an unexecuted settlement agreement.  MRB
also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on
Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional
hearings in the Eviction Action that would not have been necessary had Neusom not
misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of
this case and resumed the Eviction Action.  Ex. 14.  Landlord paid Colletti an additional $2,000 in
attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed
by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the
Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than  rely
on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified
that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and
Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11
U.S.C. § 105.  Bankruptcy Rule 9011 states:

> By presenting to the court (whether by signing, filing, submitting, or later
> advocating) a petition, pleading, written motion, or other paper, an attorney
> or unrepresented party is certifying that to the best of the person's
> knowledge, information, and belief, formed **after an inquiry reasonable
> under the circumstances**,
>
> (1)    it is not being presented for any **improper purpose**, such as to
> harass or to **cause unnecessary delay** or **needless increase in the cost of
> litigation**;

(emphasis added).  A sanction under this rule should deter repetition of misconduct. Sanctions may

include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of

Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be

misguided, disingenuous, and at odds with the unambiguous language of Rule 9011.  Under Rule

9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for

an improper purpose or to cause unnecessary delay.  By filing the Petition, Neusom certified that

he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose

or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on

the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic

stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D.

Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its

filing has immediate serious consequences.").  In this case, however, the Debtor and Neusom used

the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the

testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition

on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper

purpose of misleading the state court eviction counsel and the state court judge into staying the

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the requested fees are compensable.

9

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie. If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies. The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity." It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent. If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

10

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

11

Official Form 417A (12/15)

FIRST
AMENDED [Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *THOMAS NEUSOM*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☒ Other (describe) *Attorney For Debtor in Case No. 18-15825*

### Part 2: Identify the subject of this appeal
*US District Court Case No. 18-CV-24051-RNS*

1. Describe the judgment, order, or decree appealed from: *October 4, 2018 Judge A. Jay Cristol Findings of Fact And Conclusions of Law On Brian And Andrea Hollands*

2. State the date on which the judgment, order, or decree was entered: *October 4, 2018 Motion For Sanctions Under Bankruptcy Rule 9011 And 11 U.S.C §105*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Nubia Perez* Attorney: *Thomas Neusom 4737 N. Ocean Drive #129 Fort Lauderdale, Fl 33308*

2. Party: _____ Attorney: _____

*Neusom was directed by Bankruptcy Court to Amend On October 22, 2018 and October 23, 2018 by phone.*

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

        ❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_Thomas N. Neusom_
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: _10/24/18_

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
_THOMAS NEUSOM_
_4737 N. Ocean Drive, #129_
_Fort Lauderdale, FL 33308_

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



**ORDERED in the Southern District of Florida on October 4, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                             Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                               Chapter 11

        Debtors.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("***Landlord***") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

### INTRODUCTION

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("***Debtor***") and her counsel, Thomas

1

Neusom ("*Neusom*")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc. At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1.      Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc. Ex. 19.[2]

2.      A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("*Lease*") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("*Property*"). Ex. 21.

3.      The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.      A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]      Neusom's Florida Bar number is 37148.
[2]      All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("*Eviction Action*").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10.      Neusom filed an Individual Chapter 11 bankruptcy petition (*"Petition"*) with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order. D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.      On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc." This is false.

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

4

16.     On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17.     During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4              MR. NEUSOM:  Yeah.  Well, I guess the --
 5     really what happened was there was an eviction, and they
 6     were in the process of almost having a writ of possession,
 7     and so they did have to file.  There was also a
 8     garnishment of some funds.
 9              So, there was, there was an emergency
10     situation that participated the filing and required the
11     filing, and at this point we may be able to resolve these
12     issues outside of bankruptcy.  So we're going to probably
13     resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6              Q.    Okay.  Ms. Perez, the question was, what was
 7     the reason that you -- I understand that your company is
 8     not doing well.  Why did you file for bankruptcy?
 9              MR. NEUSOM:  Mention the eviction.
10              MS. ARMENGOL:  What was that?
11              MR. NEUSOM:  Can I talk to her?
12              MS. ARMENGOL:  Okay.
13              MR. NEUSOM:  You probably may want to talk
14     about the eviction and the garnishment.  I think those
15     were, like, what happened.
```

Ex. 18 at 10:6-15.

18.     On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19.     On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.     Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.     Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24. Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22.     As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23.     MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action. Ex. 14. Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Bankruptcy Rule 9011 states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances,**

(1)     it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation;**

(emphasis added). A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011. Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay. By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences."). In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

8

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the requested fees are compensable.

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie. If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies. The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity." It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent. If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3.  The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

CGFA1 (10/12/2018)

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 18−15825−AJC**

**Chapter: 11**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

# Clerk's Certificate of Mailing of Notice of Appeal

To:

Office of the U.S. Trustee, Room 1204 Claude Pepper Federal Bldg 51 SW 1st Ave Miami FL 33130

Thomas Neusom
4737 N Ocean Dr #129
Ft Lauderdale, FL 33309

Utibe I Ikpe
200 S Biscayne Blvd #3200
Miami, FL 33131

I hereby certify, that pursuant to Bankruptcy Rule 8003, a copy of the attached Notice of Appeal filed on 10/24/2018 was mailed on **10/29/18** to the above named parties.

**Dated:10/25/18**

**CLERK OF COURT**
By: Jeanne Snipes
Deputy Clerk (305) 714−1800

*Enclosures:   Clerk's Instructions for Appeals*
*Transcript Request Form*
*Copy of Appeal*

*Page 1 of 4*

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
## CLERK'S INSTRUCTIONS FOR APPEALS

1.  All notices of appeal filed in the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 8003 and 8004 shall be transmitted promptly to the Clerk of the District Court for docketing and the opening of a new civil case [See U.S. District Court Local Rule 87.4]. Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8009). **Failure to timely file this designation and statement of issues may result in dismissal of the appeal pursuant to this court's Local Rule 8009–1(A) and Local Rule 87.4(c), United States District Court, Southern District of Florida.** The designation shall include the title and docket number of each paper designated.

2.  Within 14 days after the service of the designation and the statement of issues the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and docket number of each additional item designated.

3.  If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. All transcript orders must be made on the local form "Transcript Request Form" enclosed for this purpose, and a copy filed with the clerk at the time of filing the designation (Bankruptcy Rule 8009). On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8010). [See also "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction."]

4.  When the record is complete for purposes of the appeal, the bankruptcy clerk will electronically transmit the record to the clerk of the district court. Once the record has been transmitted to the district court, any subsequently filed document relating to the appeal must be filed in the district court.

5.  Motions For Leave To Appeal (Bankruptcy Rule 8004). The clerk will electronically transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation and statement of the issues should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8009, until entry of an order by the district court granting leave to appeal (Local Rule 8004–1).

*Page 2 of 4*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

# <u>Transcript Request Form</u>

Submit this form to the transcription company by email, fax or postal mail: Attn: _____

Transcriber: _____

Email: _____ Telephone: _____ Fax: _____

Case Number: _____ Adversary Number: _____ Judge: _____

Date of Hearing or Trial: _____ Time of Hearing or Trial: _____

Debtor(s) Name: _____

☐ The transcript being requested is included as a designated item for a pending appeal [Docket Entry # _____]. **(If this box is checked, the requestor must also file this form with the clerk pursuant to Bankruptcy Rule 8009. The transcriber is responsible for notifying the clerk by electronic docket entry in the case the date the request was received and the date on which the transcriber expects to have the transcript completed (See Bankruptcy Rule 8010).**

Select Delivery Method:

| Check Box Below | | <u>Original</u><br>[cost per page] | <u>First Copy to Each Party</u><br>[cost per page] | <u>Each Additional Copy to the Same Party</u><br>[cost per page] |
|---|---|---|---|---|
| | <u>Ordinary Transcript</u><br>A transcript to be delivered within thirty (30) calendar days after receipt of an order. | $3.65 | $0.90 | $0.60 |
| | <u>14–Day Transcript</u><br>A transcript to be delivered within fourteen (14) calendar days after receipt of an order. | $4.25 | $0.90 | $0.60 |
| | <u>7–Day Transcript</u><br>A transcript to be delivered within seven (7) calendar days after receipt of an order. | $4.85 | $0.90 | $0.60 |
| | <u>3–Day Transcript</u><br>A transcript to be delivered within three (3) calendar days after receipt of an order. | $5.45 | $1.05 | $0.75 |
| | <u>Daily Transcript</u><br>A transcript to be delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day. | $6.05 | $1.20 | $0.90 |
| | <u>Hourly Transcript</u><br>A transcript of proceedings ordered under unusual circumstances to be delivered within two (2) hours. | $7.25 | $1.20 | $0.90 |

*Page 3 of 4*

By submitting this request, it is understood that:

- A separate order must be placed for each transcript being requested.
- All transcript requests must be submitted directly to the transcriber. Do not contact the clerk's office regarding the status of a request.
- It is the responsibility of the requestor to verify that the transcript has not already been filed with the court.
- It is the responsibility of parties to request redaction. See Local Bankruptcy Rule 5005−1(A)(2)(b), Local Form "Notice of Intent to Request Redaction of Transcript" (LF−61) and "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction" (CG−11).

Print Your Name: _____

Mailing Address: _____

Email Address: _____ Telephone No.: _____

*Page 4 of 4*

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov

**In re:** Nubia Marcella Perez

**Case Number:** 18−15825−AJC
Chapter: 11
County of Residence or Place of Business: Miami
U.S. District Court Case Number:

# TRANSMITTAL TO DISTRICT COURT

☑  Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on 10/19/18 Amended on 10/24/18

☐  Motion for Leave to Appeal (copy of appeal attached)

☐  Request to Expedite Appeal attached.

☐  Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):

  ☐ Contested   ☐ Uncontested

☐  Withdrawal of Reference granted by U.S. District Court

☐  Report and Recommendation (Motion to Withdraw Reference)

## The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** Thomas G. Neusom, Esq   **Attorney:**   **Attorney:**
4737 N Ocean Dr #129
Fort Lauderdale, FL 33308

**Appellee/Respondent:** Brian Holland and Andrea Holland   **Attorney:** Utibe I Ikpe, Esq   **Attorney:**
200 S Biscayne Blvd, #3200
Miami, FL 33131

**Title and Date of Order Appealed**, if applicable: FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLANDS MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105 − Dated 10/4/18

**Entered on Docket Date:** 10/5/18   **Docket Number:** 91

☐  Designation in Appeal (See Attached)

☐  Designation in Cross Appeal (See Attached)

☑  Copy of Docket

☐  Exhibits:

☐  Copies of Transcript(s) of Hearing(s) on:

☐  Respondent's Answer and/or Movant's Reply

☐  Other:

**Dated:** 10/25/18    **CLERK OF COURT**
By: Diana Cohen
Deputy Clerk   (305) 714−1800

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov

**In re:** Nubia Marcella Perez

**Case Number:** 18-15825-AJC

Chapter: 11

County of Residence or Place of Business: Miami

U.S. District Court Case Number:

# TRANSMITTAL TO DISTRICT COURT

- ☑ Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on <u>10/19/18 Amended on 10/24/18</u>
- ☐ Motion for Leave to Appeal (copy of appeal attached)
- ☐ Request to Expedite Appeal attached.
- ☐ Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):
  - ☐ Contested    ☐ Uncontested
- ☐ Withdrawal of Reference granted by U.S. District Court
- ☐ Report and Recommendation (Motion to Withdraw Reference)

## The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** <u>Thomas G. Neusom, Esq</u>

**Attorney:**
<u>4737 N Ocean Dr #129</u>
<u>Fort Lauderdale, FL 33308</u>

**Attorney:**

**Appellee/Respondent:** <u>Brian Holland and Andrea Holland</u>

**Attorney:** <u>Utibe I Ikpe, Esq</u>

<u>200 S Biscayne Blvd, #3200</u>
<u>Miami, FL 33131</u>

**Attorney:**

**Title and Date of Order Appealed**, if applicable: <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLANDS MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105 – Dated 10/4/18</u>

**Entered on Docket Date:** <u>10/5/18</u>    **Docket Number:** <u>91</u>

- ☐ Designation in Appeal (See Attached)
- ☐ Designation in Cross Appeal (See Attached)
- ☑ Copy of Docket
- ☐ Exhibits:
- ☐ Copies of Transcript(s) of Hearing(s) on:
- ☐ Respondent's Answer and/or Movant's Reply
- ☐ Other:

**Dated:** <u>10/25/18</u>

**CLERK OF COURT**
By: <u>Diana Cohen</u>
Deputy Clerk   (305) 714−1800

United States Bankruptcy Court
Southern District of Florida

In re:                                                              Case No. 18-15825-AJC
Nubia Marcella Perez                                                Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 1          Date Rcvd: Oct 25, 2018
                              Form ID: CGFA1         Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 27, 2018.
db          +Nubia Marcella Perez,    5559 NW 36 Ave,   Miami, FL 33142-2709
cr          +Andrea Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
             200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr          +Brian Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
             200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr          +Nationstar Mortgage LLC,   RAS Crane, LLC,   10700 Abbott's Bridge Road,   Suite 170,
             Duluth, GA 30097-8461
cr          +Newtek Small Business Finance Inc,   c/o Howard S Toland , Esq,   1200 Weston Road,   Penthouse,
             Weston, FL 33326-1987
cr          +Valley National Bank,   c/o Mitrani, Rynor, Adamsky & Toland PA,   1200 weston road,   PH,
             Weston, FL  33326,   UNITED STATES 33326-1987

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                      TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2018 at the address(es) listed below:
        Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
        Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
        Johanna  Armengol    on behalf of U.S. Trustee   Office of the US Trustee
         Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
        Nathalie C. Rodriguez    on behalf of Creditor    Nationstar Mortgage LLC nrodriguez@rasflaw.com
        Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
        Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
         ive.com;phornia@ecf.courtdrive.com
        Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
         ive.com;phornia@ecf.courtdrive.com
        Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
        Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
        Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

                                                                            TOTAL: 10

CGFA1 (10/12/2018)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 18−15825−AJC**

**Chapter: 11**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Nubia Marcella Perez
dba A Plus Lamination & Finishing Inc
5559 NW 36 Ave
Miami, FL 33142

SSN: xxx−xx−9901

## Clerk's Certificate of Mailing of Notice of Appeal

To:

Office of the U.S. Trustee, Room 1204 Claude Pepper Federal Bldg 51 SW 1st Ave Miami FL 33130

Thomas Neusom
4737 N Ocean Dr #129
Ft Lauderdale, FL 33309

Utibe I Ikpe
200 S Biscayne Blvd #3200
Miami, FL 33131

     I hereby certify, that pursuant to Bankruptcy Rule 8003, a copy of the attached Notice of Appeal filed on 10/24/2018 was mailed on **10/29/18** to the above named parties.

Dated: <u>10/25/18</u>

**CLERK OF COURT**
By: <u>Jeanne Snipes</u>
Deputy Clerk (305) 714−1800

*Enclosures:*  *Clerk's Instructions for Appeals*
*Transcript Request Form*
*Copy of Appeal*

*Page 1 of 4*

## United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov
## CLERK'S INSTRUCTIONS FOR APPEALS

1. All notices of appeal filed in the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 8003 and 8004 shall be transmitted promptly to the Clerk of the District Court for docketing and the opening of a new civil case [See U.S. District Court Local Rule 87.4]. Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8009). **Failure to timely file this designation and statement of issues may result in dismissal of the appeal pursuant to this court's Local Rule 8009–1(A) and Local Rule 87.4(c), United States District Court, Southern District of Florida.** The designation shall include the title and docket number of each paper designated.

2. Within 14 days after the service of the designation and the statement of issues the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and docket number of each additional item designated.

3. If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. All transcript orders must be made on the local form "Transcript Request Form" enclosed for this purpose, and a copy filed with the clerk at the time of filing the designation (Bankruptcy Rule 8009). On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8010). [See also "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction."]

4. When the record is complete for purposes of the appeal, the bankruptcy clerk will electronically transmit the record to the clerk of the district court. Once the record has been transmitted to the district court, any subsequently filed document relating to the appeal must be filed in the district court.

5. Motions For Leave To Appeal (Bankruptcy Rule 8004). The clerk will electronically transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation and statement of the issues should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8009, until entry of an order by the district court granting leave to appeal (Local Rule 8004–1).

*Page 2 of 4*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

# Transcript Request Form

Submit this form to the transcription company by email, fax or postal mail: Attn: _____

Transcriber: _____

Email: _____ Telephone: _____ Fax: _____

Case Number: _____ Adversary Number: _____ Judge: _____

Date of Hearing or Trial: _____ Time of Hearing or Trial: _____

Debtor(s) Name: _____

☐ The transcript being requested is included as a designated item for a pending appeal [Docket Entry # _____]. **(If this box is checked, the requestor must also file this form with the clerk pursuant to Bankruptcy Rule 8009. The transcriber is responsible for notifying the clerk by electronic docket entry in the case the date the request was received and the date on which the transcriber expects to have the transcript completed (See Bankruptcy Rule 8010).**

Select Delivery Method:

| Check Box Below | | Original [cost per page] | First Copy to Each Party [cost per page] | Each Additional Copy to the Same Party [cost per page] |
|---|---|---|---|---|
| | Ordinary Transcript A transcript to be delivered within thirty (30) calendar days after receipt of an order. | $3.65 | $0.90 | $0.60 |
| | 14–Day Transcript A transcript to be delivered within fourteen (14) calendar days after receipt of an order. | $4.25 | $0.90 | $0.60 |
| | 7–Day Transcript A transcript to be delivered within seven (7) calendar days after receipt of an order. | $4.85 | $0.90 | $0.60 |
| | 3–Day Transcript A transcript to be delivered within three (3) calendar days after receipt of an order. | $5.45 | $1.05 | $0.75 |
| | Daily Transcript A transcript to be delivered following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day. | $6.05 | $1.20 | $0.90 |
| | Hourly Transcript A transcript of proceedings ordered under unusual circumstances to be delivered within two (2) hours. | $7.25 | $1.20 | $0.90 |

*Page 3 of 4*

By submitting this request, it is understood that:

- A separate order must be placed for each transcript being requested.
- All transcript requests must be submitted directly to the transcriber. Do not contact the clerk's office regarding the status of a request.
- It is the responsibility of the requestor to verify that the transcript has not already been filed with the court.
- It is the responsibility of parties to request redaction. See Local Bankruptcy Rule 5005−1(A)(2)(b), Local Form "Notice of Intent to Request Redaction of Transcript" (LF−61) and "Guidelines on Electronic Availability of Transcripts and Procedures for Transcript Redaction" (CG−11).

Print Your Name: _____

Mailing Address: _____

Email Address: _____ Telephone No.: _____

*Page 4 of 4*

United States Bankruptcy Court
Southern District of Florida

In re:                                                      Case No. 18-15825-AJC
Nubia Marcella Perez                                        Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1         User: snipesj          Page 1 of 1          Date Rcvd: Oct 25, 2018
                            Form ID: pdf004         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 27, 2018.
db             +Nubia Marcella Perez,    5559 NW 36 Ave,   Miami, FL 33142-2709
cr             +Andrea Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr             +Brian Holland,   c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                      TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor    Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor    Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna  Armengol    on behalf of U.S. Trustee    Office of the US Trustee
           Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez    on behalf of Creditor    Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq    on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq    on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe    on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe    on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                             TOTAL: 10

Official Form 417A (12/15)

FIRST
AMENDED   [Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *THOMAS NEUSOM*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☒ Other (describe) *Attorney For Debtor in Case No. 18-15825*

### Part 2: Identify the subject of this appeal   *US District Court Case No. 18-CV-24051-RNS*

1. Describe the judgment, order, or decree appealed from: *October 4, 2018 Judge A. Jay Cristol Findings of Fact And Conclusions of Law On Brian And Andres Hollands*

2. State the date on which the judgment, order, or decree was entered: *October 4, 2018 Motion For Sanctions Under Bankruptcy Rule 9011 And 11 U.S.C §105*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Nubia Perez*   Attorney: *Thomas Neusom*
   *4737 N. Ocean Drive, #129*
   *Fort Lauderdale, Fl 33308*

2. Party: _____   Attorney: _____

*Neusom was directed by Bankruptcy Court to Amend On October 22, 2018 and October 23, 2018 by phone.*

Official Form 417A          Notice of Appeal and Statement of Election          page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_Thomas W. Neuson_                                    Date: _10/24/18_
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
_THOMAS NEUSTA_
_4737 N. Ocean Drive, #124_
_Fort Lauderdale, FL 33301_

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



**ORDERED in the Southern District of Florida on October 4, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                           Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                            Chapter 11

      Debtors.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018

upon Creditors, Brian Holland and Andrea Holland's ("***Landlord***") Motion for Sanctions under

Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

### INTRODUCTION

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and

11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("***Debtor***") and her counsel, Thomas

1

Neusom ("***Neusom***")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc.  At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## **FINDINGS OF FACT**

1.     Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc.  Ex. 19.[2]

2.     A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("***Lease***") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("***Property***"). Ex. 21.

3.     The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4.     A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1]     Neusom's Florida Bar number is 37148.

[2]     All referenced exhibits were admitted into evidence during the evidentiary hearing.

5.      On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination
and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-
CC-05 ("*Eviction Action*").

6.      On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and
Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7.      The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit
$9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits
as additional rent became due.  Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s
failure to make timely deposits would constitute "an absolute waiver of its defenses, other than
payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment
for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith
without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8.      Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend
mediation on May 15, 2018 at 1:30 pm. *Id.*

9.      A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the
$9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate
default final judgment and a writ of possession.

10.     Neusom filed an Individual Chapter 11 bankruptcy petition (**"Petition"**) with this
Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing,
Inc. failed to make the deposit required by the state court Deposit Order.  D.E. 1. Neusom executed
the Petition on page eleven as counsel for Nubia Perez. *Id.*

11.     On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business
debtor that does business under the name "A Plus Lamination and Finishing, Inc."  This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12.     Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("*Lindsay*"), Landlord's employee, and Joseph Colletti ("*Colletti*"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13.     Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14.     Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15.     Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3]     Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

16.     On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing

Case. *See* Ex. 7.

17.     During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor

admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith

under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4              MR. NEUSOM:  Yeah.  Well, I guess the --
 5     really what happened was there was an eviction, and they
 6     were in the process of almost having a writ of possession,
 7     and so they did have to file.  There was also a
 8     garnishment of some funds.
 9              So, there was, there was an emergency
10     situation that participated the filing and required the
11     filing, and at this point we may be able to resolve these
12     issues outside of bankruptcy.  So we're going to probably
13     resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6       Q.    Okay.  Ms. Perez, the question was, what was
 7     the reason that you -- I understand that your company is
 8     not doing well.  Why did you file for bankruptcy?
 9              MR. NEUSOM:  Mention the eviction.
10              MS. ARMENGOL:  What was that?
11              MR. NEUSOM:  Can I talk to her?
12              MS. ARMENGOL:  Okay.
13              MR. NEUSOM:  You probably may want to talk
14     about the eviction and the garnishment.  I think those
15     were, like, what happened.
```

Ex. 18 at 10:6-15.

18.     On June 28, 2018, this Court dismissed this case with prejudice, granting (1)

Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the

Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to

Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49].

D.E. 52.

19.     On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed

a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a

Writ of Possession on July 31, 2018. Exs. 11 and 17.

20.     Although Landlord obtained a writ of possession on July 31, 2018, A Plus

Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21.     Lindsay testified that Landlord had a tenant who wished to rent the Property on

August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the

new tenant could not take possession. Landlord was forced to postpone the lease with the new

tenant by one month, with the new lease commencing September 1, 2018. Ex. 24. Consequently,

Landlord lost one month of rent under the new lease at $9,256.00.

22.     As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent

representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland

Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred

$40,768.33 in legal fees. Ex. 22.

23.     MRB's fees include, among other things, time for attending a 341 meeting of

creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and

Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

6

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24.     Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action. Ex. 14. Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25.     Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26.     Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27.     Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Bankruptcy Rule 9011 states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances,**

(1)      it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation;**

(emphasis added). A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011. Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay. By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences."). In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

8

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the requested fees are compensable.

9

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion.  Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie.  If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies.  The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity."  It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent.  If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

United States Bankruptcy Court
Southern District of Florida

In re:                                                                          Case No. 18-15825-AJC
Nubia Marcella Perez                                                            Chapter 11
         Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1         User: cohend              Page 1 of 2          Date Rcvd: Oct 25, 2018
                            Form ID: pdf004            Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 27, 2018.
db             +Nubia Marcella Perez,    5559 NW 36 Ave,   Miami, FL 33142-2709
cr             +Andrea Holland,    c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr             +Brian Holland,    c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
                200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr             +Nationstar Mortgage LLC,    RAS Crane, LLC,   10700 Abbott's Bridge Road,   Suite 170,
                Duluth, GA 30097-8461
cr             +Newtek Small Business Finance Inc,   c/o Howard S Toland , Esq,   1200 Weston Road,   Penthouse,
                Weston, FL 33326-1987
cr             +Valley National Bank,    c/o Mitrani, Rynor, Adamsky & Toland PA,   1200 weston road,   PH,
                Weston, FL 33326,   UNITED STATES 33326-1987
94532777        Actega North America Inc,    26537 Network Place,   Chicago, IL 60673-1265
94532757       +Brian Holland,    13105 NW Le Jeune Rd,   Opa Locka, FL 33054-4435
94532760       +Cosmo Claim 2018,    Rosenfeld Stein Batta, PA,   21490 West Dixie Hwy,
                Aventura, FL 33180-1144
94548665       +Cosmo Films, Inc.,    Coface North America Insurance Company,   650 College Road East, Suite 2005,
                Princeton, NJ 08540-6779
94548664        Cosmos Films, Inc.,    Coface North America Insurance Company,
                65 College Road East, Suite 2005,   Princeton, NJ 08540
94532766       +D & K International Inc,    Ryan E Sprechman,   2775 Sunny Isle Blvd #100,
                Miami, FL 33160-4078
94532767       +Francisco Gabriel Perez Loan,    3845 Sw 149th Pl,   Miami, FL 33185-3931
94532745       +Matt D Goldman Trust,    Account,   7190 SW 100 St,   Miami, FL 33156-3069
94568012       +NATIONSTAR MORTGAGE LLC D/B/A,    MR. COOPER,   ATTN: BANKRUPTCY DEPT,   PO BOX 619096,
                DALLAS, TX 75261-9096
94532785        Noelus LLC,    POB 639027,   Cincinnati, OH 45263-9027
94532765       +Nubia Perez Loans,    5559 NW 36th Ave,   Miami, FL 33142-2709
94535811       +SANTANDER CONSUMER USA,    P.O. Box 560284,   Dallas, TX 75356-0284
94532778        Santander Consumer USA,    POB 660633,   Dallas, TX 75266-0633
94532780       +Transilwrap Company Inc,    9201 W Belmont Ave,   Franklin Park, IL 60131-2842
94532744       +Valley National Bank -2625,    Newtex Small Business,   Finance, LLC,   POB 2006,
                Hicksville, NY 11802-2006
94532746        Valley National Bank Loan,    2198 Small Street,   POB 952,   Wayne, NJ 07474-0952
94532784       +Vencol,    8209 NW 70th St,   Miami, FL 33166-2743

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
94532779        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 26 2018 01:21:20     Capital One Bank,
                POB 71083,   Charlotte, NC 28272-1083
94564786        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 26 2018 01:22:04
                Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
94557767        E-mail/Text: cio.bncmail@irs.gov Oct 26 2018 01:23:29     Internal Revenue Service,
                Centralized Insolvency Operation,   P.O. Box 7346,   Philadelphia, PA 19101-7346
                                                                                          TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
94532761*       Internal Revenue Service,    POB 80110,   Cincinnati, OH 45280-0110
94532762      ##+Distrigraph Inc,    Gabriel Fernandez,   5248 SW 93rd Ave,   Cooper City, FL 33328-4225
94532759      ##+Miami-Dade County Tax,    Collector,   140 West Flagler St,   14th Floor,   Miami, FL 33130-1561
94532758      ##+Universal Pressroom,    Productsa LLC,   POB 1697,   Woodstock, GA 30188-1366
                                                                                     TOTALS: 0, * 1, ## 3

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 113C-1        User: cohend            Page 2 of 2              Date Rcvd: Oct 25, 2018
                           Form ID: pdf004          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2018 at the address(es) listed below:
          Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
          Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
          Johanna Armengol   on behalf of U.S. Trustee   Office of the US Trustee
           Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
          Nathalie C. Rodriguez   on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
          Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
          Peter D. Russin, Esq   on behalf of Creditor Brian  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Peter D. Russin, Esq   on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
           ive.com;phornia@ecf.courtdrive.com
          Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
          Utibe I Ikpe   on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
          Utibe I Ikpe   on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
           ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                                         TOTAL: 10
```

CGFD71 (12/1/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

In re: Nubia Marcella Perez

**Case Number:** 18–15825–AJC

Chapter: 11

County of Residence or Place of Business: Miami

U.S. District Court Case Number:

# TRANSMITTAL TO DISTRICT COURT

- [x] Appeal pursuant to 28 U.S.C. § 158, Notice of Appeal and Statement of Election filed on 10/19/18 Amended on 10/24/18
- [ ] Motion for Leave to Appeal (copy of appeal attached)
- [ ] Request to Expedite Appeal attached.
- [ ] Motion to Withdraw Reference pursuant to Local Rule 5011−1(C):
    - [ ] Contested   [ ] Uncontested
- [x] Withdrawal of Reference granted by U.S. District Court
- [ ] Report and Recommendation (Motion to Withdraw Reference)

### The Party or Parties Included in the Record to District Court:

**Appellant/Movant:** Thomas G. Neusom, Esq     **Attorney:**                    **Attorney:**

4737 N Ocean Dr #129

Fort Lauderdale, FL 33308

**Appellee/Respondent:** Brian Holland and Andrea Holland     **Attorney:** Utibe I Ikpe, Esq     **Attorney:**

200 S Biscayne Blvd, #3200

Miami, FL 33131

**Title and Date of Order Appealed**, if applicable: FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLANDS MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105 – Dated 10/4/18

**Entered on Docket Date:** 10/5/18          **Docket Number:** 91

- [ ] Designation in Appeal (See Attached)
- [ ] Designation in Cross Appeal (See Attached)
- [x] Copy of Docket
- [ ] Exhibits:
- [ ] Copies of Transcript(s) of Hearing(s) on:
- [ ] Respondent's Answer and/or Movant's Reply
- [ ] Other:

**Dated:** 10/25/18

**CLERK OF COURT**
By: Diana Cohen
Deputy Clerk   (305) 714−1800

IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

DEBTOR

NUJBIA MAR ELLA PEREZ.

**CASE NO: 18-15825**

**COUNSEL'S MOTION FOR RECUSAL OF JUDGE A. JAY CRISTOL AND REQUEST FOR STAY**

**COMES NOW,** Attorney Thomas Neuom requesting that Judge Cristol recuse himself from this case and enter a stay in the case until a new Judge is brought in and during the pendency of the Appeal.

Counsel also demands that Judge Cristol recuse himself due to being disqualified due to being sued by attorney Thomas Neusom.  The case number of the suit against Judge A. Jay Cristol is 1:18CV24517.

Neusom is also plan ning on filing a charge of discrimination with the EEOC against Judge Cristol.  The charge may not fit the EEOC criteria but it is being investigated.

1

# Rule 5004. Disqualification

(a) **Disqualification of Judge**. A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

(b) **Disqualification of Judge from Allowing Compensation**. A bankruptcy judge shall be disqualified from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation.

## 8 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge

- US Code
- Notes

prev | next

**(a)**

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)**

Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)**

Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)**

Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)**

He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

**(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

**(i)**

Is a party to the proceeding, or an officer, director, or trustee of a party;

**(ii)**

Is acting as a lawyer in the proceeding;

**(iii)**

2

Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding:

**(iv)**
Is to the judge's knowledge likely to be a material witness in the proceeding.

Judge Cristol is also disqualified due to showing Bias and unfairness in the case against Thomas Neusom.

WHEREFORE, Neusom prays that the Court:

1. Recuse Judge Cristol from the case.

.Dated: October 30, 2018:

By:/s/Thomas Neusom
Attorney For Debtor
Bar No. 003717
(954)200-3536
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308
Email: tgnoffice35@gmail.com

3

1

2

3                                    CERTIFICATE OF SERVICE

4    I HEREBY CERTIFY that a true and correct copy of the foregoing **COUNSEL'S MOTION**
5    **FOR RECUSAL OF JUDGE A. JAY CRISTOL AND REQUEST FOR STAY**
      was furnished by email to the following on October 30, 2018, to the parties on the efiling portal
6    service list by email.

7

8

9                                            By:/s/Thomas Neusom
                                             Attorney For Debtor
10                                           Bar No. 0037174
                                             Phone; (954)200-3536
11                                           4737 N. Ocean Drive, #129
                                             Fort Lauderdale, FL 33308
12                                           Email: tgnoffice35@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                 4
28

# Federal Agency

It looks like you feel that a federal agency has discriminated or retaliated against you. If so, you must contact an EEO Counselor at the federal agency where the alleged discrimination occurred. Each agency is required to post information about how to contact the agency's EEO Office. The information will include the EEO Office location and what number to call to reach someone there. Generally, you must contact the EEO counselor within 45 days from the day the discrimination occurred.

After counseling, you can then file a formal EEO complaint with that federal agency.

Under most circumstances, the agency is expected to complete its investigation of your complaint within 180 days from the day you filed it. You may then ask the agency to issue a decision, or you may request a hearing with an EEOC Administrative Judge (AJ).

If you disagree with the outcome of the agency's dismissal of your complaint, or decision or action after receiving an AJ decision, you may appeal it to EEOC's Office of Federal Operations (OFO). If you filed an appeal, you may request that the EEOC reconsider the appellate decision, or petition the EEOC to clarify or enforce the appellate decision.

You may also appeal to OFO a decision by an arbitrator or the Federal Labor Relations Authority (FLRA) on a grievance that contains claims of discrimination, or petition OFO to review a decision by the Merit Systems Protection Board (MSPB) on a complaint that includes claims of discrimination.

You can use the EEOC Public Portal to learn how to file a formal EEO complaint with the federal agency, request a hearing before an EEOC Administrate Judge, and/or file an appeal with the Commission. To do this, you must answer a few preliminary questions first.

Want to learn more before you get started? Follow these links:

What laws does EEOC enforce?

What types of discrimination does EEOC cover?

Is what happened to me covered by EEOC laws?

How do I contact an EEO counselor?

How do I file a formal EEO complaint?

What are the regulatory rules for filing an EEO complaint?

I need to locate the correct agency EEO official

I have a concern about an agency's processing of my complaint

Frequently Asked Questions (FAQs) about the Hearing Process

1

2       IN THE BANKRUTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA

3

4 DEBTOR

5

6 NUJBIA MAR ELLA PEREZ.

7

**CASE NO: 18-15825**

**ATTORNEY THOMAS NEUSOM'S REQUEST FOR STAY DURING PENDENCY OF THE APPEAL**

8

9

10

11

12

13

14

15

16

17

18

19

20

21    **1. COMES NOW,** Attorney Thomas Neuom requesting that the Honorable Judge A. Cristol grant a stay of any further proceedings in his lower Bankruptcy Court after granting this request for Stay during Pendency of the Appeal and then recusing himself from this case. Upon recusal a new Judge should be brought in subject to the Stay.

22

23 2.The relevant part of Bankruptcy Rule of 8007 states:

24

25

26

27        1

28

3.

# Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings

(a) Initial Motion in the Bankruptcy Court.

(1) *In General*. Ordinarily, a party must move first in the bankruptcy court for the following relief:

(A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

(B) the approval of a supersedeas bond;

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

(D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

(2) *Time to File*. The motion may be made either before or after the notice of appeal is filed.

(b) Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.

(1) *Request for Relief*. A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.

(2) *Showing or Statement Required*. The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

(3) *Additional Content*. The motion must also include:

(A) the reasons for granting the relief requested and the facts relied upon;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

2

1    (4) *Serving Notice*. The movant must give reasonable notice of the motion to all
2    parties.

3    (e) Continuation of Proceedings in the Bankruptcy Court. Despite Rule 7062 and
4    subject to the authority of the district court, BAP, or court of appeals, the
     bankruptcy court may:

5    (1) suspend or order the continuation of other proceedings in the case; or

6    (2) issue any other appropriate orders during the pendency of an appeal to
     protect the rights of all parties in interest.

7    (Added Apr. 25, 2014, eff. Dec. 1, 2014.)

8                          *PRIOR RULE*

9    A prior Rule 8007, Apr. 25, 1983, eff. Aug. 1, 1983, as amended Mar. 30, 1987,
     eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991, related to completion and
10   transmission of the record and docketing of the appeal, prior to revision of Part
     VIII, Apr. 25, 2014, eff. Dec. 1, 2014.
11

12

13   4. Judge Cristol must recuse himself after entering the stay due to being disqualified due to being
     sued by attorney Thomas Neusom.  The case number of the Federal Court suit against Judge A.
14   Jay Cristol is 1:18CV24517.

15

16   WHEREFORE, Neusom prays that the Court:

17       1.   Stay further proceedings in Case No. 18-15825 during the Pendency of Thomas Neusom's
18            Bankruptcy Appeal with Case No. 18-cv-24463-FAM

19       2.   Recuse Judge Cristol from the case after entry of the Stay during the Appeal.

20

21
     .Dated: October 30, 2018:
22

23

24                                          By:/s/Thomas Neusom
                                            Attorney For Debtor
25                                          Bar No. 003717
                                            (954)200-3536
26                                          4737 N. Ocean Drive, #129
                                            Fort Lauderdale, FL 33308
27                                          3
28

Email: tgnoffice35@gmail.com

1

2

CERTIFICATE OF SERVICE

3

4
I HEREBY CERTIFY that a true and correct copy of the foregoing **COUNSEL'S MOTION FOR RECUSAL OF JUDGE A. JAY CRISTOL AND REQUEST FOR STAY**

5
was furnished by email to the following on October 30, 2018, to the parties on the efiling portal service list by email.

6

7

8

9
By:/s/Thomas Neusom
Attorney For Debtor

10
Bar No. 0037174
Phone; (954)200-3536

11
4737 N. Ocean Drive, #129
Fort Lauderdale, FL 33308

12
Email: tgnoffice35@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4



**ORDERED in the Southern District of Florida on October 31, 2018.**

_A. Jay Cristol_

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                        Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

     Debtors.

_____/

**ORDER DENYING SECOND MOTION FOR RECUSAL**

     **THIS MATTER** came before the Court upon _Counsel's Motion for Recusal of Judge A. Jay_

_Cristol and Request for Stay_, filed October 30, 2018 (ECF 111).  This is the second such motion

filed in this case.  On October 18, 2018, the Court previously denied the first motion to recuse.  It

appears from the record that a notice of appeal has been filed with regard to that Order.

Notwithstanding the prior denial of recusal and the pending appeal, this second motion to recuse was

filed.

     Upon review of this second motion, the Court finds no new issues of law or fact presented,

which the Court did not previously consider when entering its first Order denying recusal.  As the Court stated in its first Order denying recusal, a bankruptcy judge has a duty to disqualify himself when his impartiality might reasonably be questioned. However, the motion in this case is wholly insufficient as it states no grounds on which this Court should consider disqualifying itself.

Movant asserts this Court should recuse itself "due to being disqualified due to being sued by attorney Thomas Neusom.  The case number of the suit against Judge A. Jay Cristol is 1:18CV24517."  This Court has not been served in that case and knows nothing of the allegations therein.

To disqualify a judge, one must allege bias derived from an extra-judicial source. *U.S. v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4 Cir. 1987). The Debtor has alleged no factual basis for doubting the Court's impartiality, and there is no basis alleged to demonstrate the Court harbors any extra-judicial personal prejudice or bias.

The Court holds no prejudice towards Debtor or her attorney. This is not a matter of prejudgment, but rather Attorney Neusom is not pleased with the findings, judgment and adjudications regarding sanctions imposed against him in this case, as more particularly described in this Court's *Findings of Fact and Conclusions of Law on Brian and Andrea Holland's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105* (ECF 91).

This Court having no personal bias or prejudice with respect to Attorney Neusom or the Debtor that would warrant recusal or disqualification, it is

ORDERED AND ADJUDGED that *Counsel's Motion for Recusal of Judge A. Jay Cristol and Request for Stay*, filed October 30, 2018 (ECF 111) is DENIED.

###

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.



**ORDERED in the Southern District of Florida on October 31, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 18-15825-BKC-AJC

NUBIA PEREZ,

    Debtors.

_____/

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

**THIS MATTER** came before the Court upon *Attorney Thomas Neusom's Request for Stay During Pendency of the Appeal* (ECF 112). The motion does not set forth the requisite grounds entitling movant to a stay. The movant has not demonstrated a likelihood of success on appeal. The Court is not persuaded that movant will suffer irreparable damage if a stay is not issued, while the opposing party will suffer no harm if the stay is issued. Lastly, the Court believes there is no public interest implicated by the granting or denial of a stay in this case. Accordingly, it is

**ORDERED AND ADJUDGED** that *Attorney Thomas Neusom's Request for Stay During*

*Pendency of the Appeal* (ECF 112) is DENIED.

###

Copies furnished to:

Thomas Neusom, Esq.
Peter Russin, Esq.



**ORDERED in the Southern District of Florida on November 8, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

 Nubia Marcella Perez

 SSN-XXX-XX-9901

_____Debtor_____/

Case No. 18-15825-AJC
Chapter  11
Adversary Proceeding No.
U.S. District Court Case No. 18-cv-24463-FAM

              Plaintiff,

vs.

_____Defendant_____/

### ORDER DISMISSING BANKRUPTCY APPEAL

    A Notice of Appeal was filed on   10/24/2018   , by  Debtor, Nubia Marcella Perez

_____

appealing an order entitled  Findings of Fact and Conclusions of Law on Brian and Andrea Holland's

 Motion for Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105

_____

_____

(rev.  12/01/15)

A review of the record indicates that:

[ ]     The appeal was filed after the time specified in Bankruptcy Rule 8002. [See also Local Rule 8002-1(A).]

[✓]     Appellant failed to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009.  [See also Local Rule 8009-1(A).]

[ ]     A "Notice of Deficiency Related to Filing an Appeal" was provided by the Clerk to the  appellant indicating that the filing fee required by Bankruptcy Rule 8003(a)(3)(c) has not been remitted and the appellant has not timely remedied this deficiency.  [See also Local Rule 8003-1.]

Accordingly, it is

**ORDERED** that this appeal is DISMISSED as authorized and directed by Local Rule 87.4(c) of the U.S. District Court.

**###**

The clerk shall serve a copy of this order on all parties to the appeal and the U.S. Trustee

(rev.  12/01/15)

United States Bankruptcy Court
Southern District of Florida

In re:                                                                    Case No. 18-15825-AJC
Nubia Marcella Perez                                                      Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 2          Date Rcvd: Nov 08, 2018
                             Form ID: pdf004         Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 10, 2018.
db          +Nubia Marcella Perez,    5559 NW 36 Ave,   Miami, FL 33142-2709
cr          +Andrea Holland,    c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
             200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr          +Brian Holland,    c/o Peter D. Russin, Esq.,   Meland Russin & Budwick, P.A.,
             200 South Biscayne Blvd., Suite 3200,   Miami, FL 33131-5323
cr          +Nationstar Mortgage LLC,    RAS Crane, LLC,   10700 Abbott's Bridge Road,   Suite 170,
             Duluth, GA 30097-8461
cr          +Newtek Small Business Finance Inc,    c/o Howard S Toland , Esq,   1200 Weston Road,   Penthouse,
             Weston, FL 33326-1987
cr          +Valley National Bank,    c/o Mitrani, Rynor, Adamsky & Toland PA,   1200 weston road,   PH,
             Weston, FL  33326,   UNITED STATES 33326-1987
94532777     Actega North America Inc,    26537 Network Place,   Chicago, IL 60673-1265
94532757    +Brian Holland,    13105 NW Le Jeune Rd,   Opa Locka, FL 33054-4435
94532760    +Cosmo Claim 2018,    Rosenfeld Stein Batta, PA,   21490 West Dixie Hwy,
             Aventura, FL 33180-1144
94548665    +Cosmo Films, Inc.,    Coface North America Insurance Company,   650 College Road East, Suite 2005,
             Princeton, NJ 08540-6779
94548664     Cosmos Films, Inc.,    Coface North America Insurance Company,
             65 College Road East, Suite 2005,   Princeton, NJ 08540
94532766    +D & K International Inc,    Ryan E Sprechman,   2775 Sunny Isle Blvd #100,
             Miami, FL 33160-4078
94532767    +Francisco Gabriel Perez Loan,    3845 Sw 149th Pl,   Miami, FL 33185-3931
94532745    +Matt D Goldman Trust,    Account,   7190 SW 100 St,   Miami, FL 33156-3069
94568012    +NATIONSTAR MORTGAGE LLC D/B/A,    MR. COOPER,   ATTN: BANKRUPTCY DEPT,   PO BOX 619096,
             DALLAS, TX 75261-9096
94532785     Noelus LLC,    POB 639027,   Cincinnati, OH 45263-9027
94532765    +Nubia Perez Loans,    5559 NW 36th Ave,   Miami, FL 33142-2709
94535811    +SANTANDER CONSUMER USA,    P.O. Box 560284,   Dallas, TX 75356-0284
94532778     Santander Consumer USA,    POB 660633,   Dallas, TX 75266-0633
94532780    +Transilwrap Company Inc,    9201 W Belmont Ave,   Franklin Park, IL 60131-2842
94532744    +Valley National Bank -2625,    Newtex Small Business,   Finance, LLC,   POB 2006,
             Hicksville, NY 11802-2006
94532746     Valley National Bank Loan,    2198 Small Street,   POB 952,   Wayne, NJ 07474-0952
94532784    +Vencol,    8209 NW 70th St,   Miami, FL 33166-2743

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
94532779     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 09 2018 01:13:31     Capital One Bank,
             POB 71083,   Charlotte, NC 28272-1083
94564786     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 09 2018 01:13:58
             Capital One Bank (USA), N.A.,   Po Box 71083,   Charlotte, NC  28272-1083
94557767     E-mail/Text: cio.bncmail@irs.gov Nov 09 2018 01:09:48     Internal Revenue Service,
             Centralized Insolvency Operation,   P.O. Box 7346,   Philadelphia, PA 19101-7346
                                                                                     TOTAL: 3

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
94532761*    Internal Revenue Service,    POB 80110,   Cincinnati, OH 45280-0110
94532762   ##+Distrigraph Inc,    Gabriel Fernandez,   5248 SW 93rd Ave,   Cooper City, FL 33328-4225
94532759   ##+Miami-Dade County Tax,    Collector,   140 West Flagler St,   14th Floor,   Miami, FL 33130-1561
94532758   ##+Universal Pressroom,    Productsa LLC,   POB 1697,   Woodstock, GA 30188-1366
                                                                                    TOTALS: 0, * 1, ## 3

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 10, 2018                          Signature:  /s/Joseph Speetjens

```
District/off: 113C-1          User: snipesj          Page 2 of 2                Date Rcvd: Nov 08, 2018
                              Form ID: pdf004         Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 8, 2018 at the address(es) listed below:
         Howard S Toland    on behalf of Creditor   Valley National Bank htoland@mitrani.com
         Howard S Toland    on behalf of Creditor   Newtek Small Business Finance Inc htoland@mitrani.com
         Johanna Armengol    on behalf of U.S. Trustee   Office of the US Trustee
         Johanna.Armengol@usdoj.gov,  johanna.armengol@usdoj.gov
         Nathalie C. Rodriguez    on behalf of Creditor   Nationstar Mortgage LLC nrodriguez@rasflaw.com
         Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
         Peter D. Russin, Esq   on behalf of Creditor Brian  Holland prussin@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
         ive.com;phornia@ecf.courtdrive.com
         Peter D. Russin, Esq   on behalf of Creditor Andrea  Holland prussin@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
         ive.com;phornia@ecf.courtdrive.com
         Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
         Utibe I Ikpe   on behalf of Creditor Brian  Holland uikpe@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
         Utibe I Ikpe   on behalf of Creditor Andrea  Holland uikpe@melandrussin.com,
         ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                                         TOTAL: 10
```



**ORDERED in the Southern District of Florida on November 8, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                    Case No. 18-15825-AJC
 Nubia Marcella Perrez          Chapter  11
                                          Adversary Proceeding No.
 SSN-XXX-XX-9901               U.S. District Court Case No. 18-cv-24463-FAM

_____Debtor_____/

                Plaintiff,

vs.

_____Defendant_____/

### ORDER DISMISSING BANKRUPTCY APPEAL

   A Notice of Appeal was filed on  10/24/2018  , by  Debtor, Nubia Marcella Perez

_____

appealing an order entitled  Findings of Fact and Conclusions of Law on Brian and Andrea Holland's

 Motion for Sanctions Under Bankruptcy Rule 9011 and 11 U.S.C. § 105

_____

(rev.  12/01/15)

A review of the record indicates that:

[ ]    The appeal was filed after the time specified in Bankruptcy Rule 8002. [See also Local Rule 8002-1(A).]

[✓]    Appellant failed to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009.  [See also Local Rule 8009-1(A).]

[ ]    A "Notice of Deficiency Related to Filing an Appeal" was provided by the Clerk to the  appellant indicating that the filing fee required by Bankruptcy Rule 8003(a)(3)(c) has not been remitted and the appellant has not timely remedied this deficiency.  [See also Local Rule 8003-1.]

Accordingly, it is

**ORDERED** that this appeal is DISMISSED as authorized and directed by Local Rule 87.4(c) of the U.S. District Court.

**###**

The clerk shall serve a copy of this order on all parties to the appeal and the U.S. Trustee

(rev.  12/01/15)