**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

                    Debtors.
_____/

**LANDLORD'S COUNTER DESIGNATION OF THE RECORD ON APPEAL**

Appellee, Brian Holland and Andrea Holland ("*Landlord*"), pursuant to Federal Rule of

Bankruptcy Procedure 8009(a)(2) designates the following additional items to be include in the

record on appeal:

| Date | ECF No. | Description |
|------|---------|-------------|
| 05/17/2018 | 6 | Certification of Budget and Credit Counseling Course by Debtor Filed by Debtor Nubia Marcella Perez |
| 5/23/2018 | 8 | First Statement of Debtor(s) Social Security Number(s) |
| 5/23/2018 | 9 | Notice of Filing Creditor Matrix |
| 05/24/2018 | 10 | List of Twenty Largest Unsecured Creditors |
| 5/24/18 | 11 | Notice of Meeting of Creditors. Deadline to File a Complaint Objecting to Discharge of the Debtor: *First date set for hearing on confirmation of plan.* Meeting of Creditors to be Held on 6/20/2018 at 03:00 PM at 51 SW First Ave Room 1021, Miami. Deadline to File a Complaint to Determine Dischargeability of Certain Debts is 8/20/2018. Proofs of Claim due by 9/18/2018 |
| 05/29/2018 | 13 | Ch 11 Case Management Summary |
| 5/29/2018 | 14 | Initial Schedules Filed: [Schedule J,] |

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

| 5/29/2018 | 15 | Statement of Operations for Small Business |
|---|---|---|
| 5/29/2018 | 16 | Monthly Operating Report |
| 5/29/2018 | 17 | Initial Schedules Filed: [Schedule H,] |
| 5/29/2018 | 18 | Declaration regarding Payment Advices |
| 5/29/2018 | 20 | Declaration Regarding Debtor's schedules |
| 5/29/2018 | 22 | Chapter 11 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122B Filed by Debtor Nubia Marcella Perez |
| 6/1/2018 | 30 | Initial Schedules Filed: [Schedule A/B, Schedule D, Schedule G, Schedule H,] |
| 6/6/2018 | 34 | Declaration Concerning Schedules Conforming to Official Bankruptcy Form 106 or 202 |
| 6/11/2018 | 36 | Initial Schedules Filed: [Statement of Financial Affairs] |
| 6/22/18 | 46 | Motion to Dismiss Case, or in the alternative Motion to Convert Chapter 11 Case to Chapter 7 |
| 6/29/2018 | 52 | Omnibus order on Landlord's Motion to Dismiss Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and For Relief from the Automatic Stay |
| 9/28/2018 | 76 | Order Denying Debtor's Motion to Cancel and Reschedule the 2 P.M. September 28, 2018 |
| 9/28/2018 | 88 | Exhibit Register Filed by Creditors Andrea Holland, Brian Holland (Re: 25 Motion for Sanctions Pursuant to FRBP 9011 Attorney Misconduct Against Debtor and Debtor's Counsel and 11 U.S.C. § 105 filed by Creditor Brian Holland, Creditor Andrea Holland) |
| 9/28/2018 | Admitted Exhibits Noted in 88 | Landlord requests that the Court transmit a copy of exhibit numbers 1, 6, 7, 8, 11, 14, 17, 18, 19, 21, 22, 22A, 23, 24, and 25, which are shown as admitted in ECF No. 88 |
| 11/16/2018 | 119 | Transcript of 9/28/2018 Hearing |

| 11/21/18 | 123 | Order Granting Motion to Vacate Dismissal of Appeal and Denying Request to Stay (Re: # 118). The Appeal 18-CV-24463-FAM shall proceed in due course. |
| 12/13/18 | 127 | Motion to Vacate or Amend Re: 91 Findings of Fact and Conclusions of Law Filed by Debtor Nubia Marcella Perez |
| 12/13/18 | 128 | Motion for Re-Hearing on Denial of the Emergency (Re: 117 Motion to Stay Pending Appeal) Filed by Debtor Nubia Marcella Perez |

Dated: December 17, 2018.

s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@meladnrussin.com
Utibe I. Ikpe, Esq.
Florida Bar Number: 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Brian Holland and Andrea Holland*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 17, 2018, via the Court's Notice of Electronic Filing upon registered Users listed on the attached hereto as **<u>Exhibit 1</u>**.

 s/ Peter D. Russin
Peter D. Russin, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Utibe I Ikpe     uikpe@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Thomas G Neusom     tgnoffice35@gmail.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Nathalie C. Rodriguez     nrodriguez@rasflaw.com
- Peter D. Russin     prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Howard S Toland     htoland@mitrani.com

**EXHIBIT 1**

Case 18-15825-AJC   Doc 5   Filed 05/17/18   Page 1 of 1

Scanned by CamScanner

Certificate Number: 15725-FLS-CC-031033231

15725-FLS-CC-031033231

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>May 15, 2018</u>, at <u>9:33</u> o'clock <u>AM EDT</u>, <u>Nubia Perez</u> received from <u>001 Debtorcc, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Southern District of Florida</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>May 15, 2018</u>              By:    <u>/s/Angela Rosa</u>

                                       Name:  <u>Angela Rosa</u>

                                       Title:  <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Fill in this information to identify your case:

United States Bankruptcy Court for the:

Southern District of Florida

Case number *(If known)*: 18:15825

Official Form 121

# Statement About Your Social Security Numbers

12/15

Use this form to tell the court about any Social Security or federal Individual Taxpayer Identification numbers you have used. Do not file this form as part of the public case file. This form must be submitted separately and must not be included in the court's public electronic records. Please consult local court procedures for submission requirements.

To protect your privacy, the court will not make this form available to the public. You should not include a full Social Security Number or Individual Taxpayer Number on any other document filed with the court. The court will make only the last four digits of your numbers known to the public. However, the full numbers will be available to your creditors, the U.S. Trustee or bankruptcy administrator, and the trustee assigned to your case.

Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| Part 1: | Tell the Court About Yourself and Your spouse if Your Spouse is Filing With You |
| --- | --- |

|  | For Debtor 1: | For Debtor 2 (Only If Spouse Is Filing): |
| --- | --- | --- |
| 1. Your name | NUBIA<br>First name | First name |
|  | MARCELLA<br>Middle name | Middle name |
|  | PEREZ<br>Last name | Last name |

| Part 2: | Tell the Court About all of Your Social Security or Federal Individual Taxpayer Identification Numbers |
| --- | --- |

**2. All Social Security Numbers you have used**

5 9 2 - 2 0 - 9 9 0 1

☐ You do not have a Social Security number.   ☐ You do not have a Social Security number.

**3. All federal Individual Taxpayer Identification Numbers (ITIN) you have used**

9 2 0 - 8 1 2 2 0 7 8

9

☐ You do not have an ITIN.   ☐ You do not have an ITIN.

| Part 3: | Sign Below |
| --- | --- |

Under penalty of perjury, I declare that the information I have provided in this form is true and correct.

✗ _[signature]_
Signature of Debtor 1

Date 5/23/2018
MM / DD /YYYY

Under penalty of perjury, I declare that the information I have provided in this form is true and correct.

✗ _____
Signature of Debtor 2

Date _____
MM / DD /YYYY

Official Form 121                    Statement About Your Social Security Numbers

1

2   IN THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
    MIAMI-DADE COUNTY

3

4                                              **CASE NO. 18-15825-AJC**

5   DEBTOR

6   NUBIA PEREZ                                **DEBTOR'S CREDITOR MATRIX**

7   A PLUS LAMINATION

8                                              Hearing

9

10                                             Date:

11                                             Time:

12                                             Place:

13

14

15

16   **Valley National Bank -2625**
     **Newtek Small Business**
17   **Finance, LLC**
     **P.O BOX 2006**
18   **HICKSVILLE, NY 11802**

19

     **MATT D. GOLDMAN TRUST**
20   **ACCOUNT**
     **7190 SW 100 Street**
21   **Miami Florida 33156**

22

     **Valley National Bank Loan**
23   **2198 small Street**
     **P O Box 952**
24   **Wayne, NJ 07474-0952**

25   **Brian Holland**
     **13105 NW Le Jeune Road**
26   **Opa Locka,, FL 33054**

27
                                    1
28

1   UNIVERSAL PRESSROOM
     PRODUCTS LLC
     P.O. BOX 1697
2   Woodstock, GA 30188

3   MIAMI-DADE COUNTY TAX
     COLLECTOR
4   140 West Flagler Street
     14th Floor
5   Miami, FL 33130-1519

6   COSMO CLAIM 2018
     ROSENFELD STEIN BATTA,P.A
7   21490 WEST DIXIE HIGHWAY
     AVENTURA ,FLORIDA 33180

8

9   INTERNAL REVENUE SERVICE
     P.O. BOX 80110
10  CINCINNATI, OH 45280-0110

11  DISTRIGRAPH INC.
     Gabriel Fernandez
12  5248 SW 93rd Ave
     Cooper City , FL 33328

13  NUBIA PEREZ LOANS
     5559 NW 36th avenue
14  Miami Florida 33142

15

16  D & K INTERNATIONAL, INC.
     RYAN E. SPRECHMAN
     2775 SUNNY ISLE BLVD
17  SUITE 100
     MIAMI FL 33160-4007

18

19  Francisco Gabriel Perez
     LOAN
20  3845 SW 149th Place
     Miami Florida 33185

21

22  D & K CLAIM
     RYAN E. SPRECHMAN
     2775 SUNNY ISLE BLVD
23  SUITE 100
     MIAMI FL 33160-4007

24

25  Actega North America, Inc.
     26537 Network Place
     Chicago Il 60673-1265
26

27

28

2

```
1    Santander Consumer USA
     P.O. Box 660633
2    Dallas, TX 75266-0633

3    Capital One Bank
     P.O. Box 71083
4    Charlotte, NC 28272-1083

5    Transilwrap Company, Inc.
     9201 W Belmont Avenue
6    Franklin Park, IL 60131

7    Vencol
     8209 NW 70th Street
8    Miami, FL 33166

9    Nobelus LLC
     P O Box 639027
10   Cincinnati, OH 45263-9027

11

12

13

14   Dated: May 23, 2018:

15

16

17

18                              By:/s/Thomas Neusom
                                Attorney For Debtor
19                              Bar No. 0037178
                                4737 N. Ocean Drive, #129
20                              Fort Lauderdale, FL 33308
                                Email: tgnoffice35@gmail.com
21

22

23

24

25

26

27                              3
28
```

1

2

3                                   CERTIFICATE OF SERVICE

4    I HEREBY CERTIFY that a true and correct copy of the foregoing  **DEBTORS CREDITOR
     MATRIX** was furnished by email to the efiling portal service list on May 23, 2018.
5

6

7                                             By:/s/Thomas Neusom
                                              Attorney For Debtor
8                                             Bar No. 0037174
                                              4737 N. Ocean Drive, #129
9                                             Fort Lauderdale, FL 33308
                                              Email: tgnoffice35@gmail.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              4
28

Valley National Bank -2625
Newtek Small Business Finance, LLC
P.O BOX 2006
HICKSVILLE, NY 11802


MATT D. GOLDMAN TRUST ACCOUNT
7190 SW 100 Street
Miami Florida 33156


Valley National Bank Loan
2198 small Street
P O Box 952
Wayne, NJ 07474-0952


Brian Holland
13105 NW Le Jeune Road
Opa Locka,, FL 33054


UNIVERSAL PRESSROOM PRODUCTS LLC
P.O. BOX 1697
Woodstock, GA 30188


MIAMI-DADE COUNTY TAX COLLECTOR
140 West Flagler Street 14th Floor
Miami, FL 33130-1519


COSMO CLAIM 2018
ROSENFELD STEIN BATTA,P.A
21490 WEST DIXIE HIGHWAY
AVENTURA,FLORIDA 33180


INTERNAL REVENUE SERVICE
P.O. BOX 80110
CINCINNATI, OH 45280-0110


DISTRIGRAPH INC.
Gabriel Fernandez
5248 SW 93rd Ave
Cooper City , FL 33328

NUBIA PEREZ LOANS
5559 NW 36th avenue
Miami Florida 33142


D & K INTERNATIONAL, INC.
RYAN E. SPRECHMAN
2775 SUNNY ISLE BLVD, SUITE 100

MIAMI FL 33160-4007


Francisco Gabriel Perez Loan
3845 SW 149th Place
Miami Florida 33185


D & K CLAIM
RYAN E. SPRECHMAN
2775 SUNNY ISLE BLVD SUITE 100

MIAMI FL 33160-4007


Actega North America, Inc.
26537 Network Place
Chicago Il 60673-1265


Santander Consumer USA
P.O. Box 660633
Dallas, TX 75266-0633


Capital One Bank
P.O. Box 71083
Charlotte, NC 28272-1083


Transilwrap Company, Inc.
9201 W Belmont Avenue
Franklin Park, IL 60131

Vencol
8209 NW 70th Street
Miami, FL 33166


Nobelus LLC
P O Box 639027
Cincinnati, OH 45263-9027

1
2   IN THE BANKRUTCY C OURT OF THE SOUTHERN DISTRICT OF FLORIDA
3

4
DEBTOR

**CASE NO. 18-15825-AJC**

A PLUS LAMINATION.

**CHAPTER 11 LIST OF TOP 20 UNSECURED CREDITORS**

Hearing

Date:

Time:

Place:

- **Debtors List of Twenty Largest Unsecured Creditors**

| Vendors | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| **Valley National Bank -2625 Newtek Small Business Finance, LLC P.O BOX 2006 HICKSVILLE, NY 11802** | | | | | | |
| **Trade Debt, Unliquidated,** | | 0.00 | 0.00 | 0.00 | 798,618.32 | 798,618.3 |
| | | | | | | |
| **MATT D. GOLDMAN TRUST ACCOUNT 7190 SW 100 Street Miami Florida 33156 305-662-1422** | | | | | | |
| **Trade Debt, Unliquidated** | 0.00 | 0.00 | 0.00 | 0.00 | 230,750.00 | 230,750.0 |
| **Valley National Bank Loan -2198 small P O Box 952 Wayne, NJ 0474-0952** | 0.00 | 0.00 | 0.00 | 0.00 | 103,418.55 | 103,418.5 |

1

| # | Creditor | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | Brian Holland<br>13105 NW Le Jeune Road<br>Opa Locka,, FL 33054 | | | | | | |
| 3 | Trade Debt, Unliquidated,  $41,544.00 | | | | | | |
| 4 | | | | | | | |
| 5 | UNIVERSAL PRESSROOM PRODUCTS LLC<br>P.O. BOX 1697 | | | | | | |
| 6 | Woodstock, GA 30188 | 0.00 | 0.00 | 0.00 | | 23,695.65 | 23,695.( |
| 7 | Trade Debt, Unliquidated | | | | | | |
| 8 | MIAMI-DADE COUNTY TAX COLLECTOR<br>TANGIBLE PERSONAL PROPERTY<br>140 West Flagler Street 14th Floor | | | | | | |
| 9 | Miami, FL 33130-1519 | 0.00 | 16,478.09 | 0.00 | 0.00 | 2,669.73 | 19,147.( |
| 10 | Government Tax | | | | | | |
| 11 | | | | | | | |
| 12 | COSMO CLAIM 2018<br>ROSENFELD STEIN BATTA,P.A<br>21490 WEST DIXIE HIGHWAY<br>AVENTURA ,FLORIDA 33180 | | | | | | |
| 13 | 305-895-6680 | 0.00 | 18,692.54 | 0.00 | 0.00 | 0.00 | 18,692.( |
| 14 | Trade Debt, Unliquidated | | | | | | |
| 15 | | | | | | | |
| 16 | INTERNAL REVENUE SERVICE<br>P.O. BOX 80110<br>CINCINNATI, OH | | | | | | |
| 17 | 45280-0110 | 0.00 | 0.00 | 0.00 | 0.00 | 14,935.57 | 14,935.( |
| 17 | Government Tax | | | | | | |
| 18 | DISTRIGRAPH INC.<br>Gabriel Fernandez | | | | | | |
| 19 | 5248 SW 93rd Ave<br>Cooper City , FL 33328 | 0.00 | 0.00 | 0.00 | 0.00 | 7,956.17 | 7,956.( |
| 20 | Trade debt, Unliquidated | | | | | | |
| 21 | | | | | | | |
| 22 | NUBIA PEREZ LOANS<br>5559 NW 36th avenue<br>Miami Florida 33142 | | | | | | |
| 23 | Trade Debt, Unliquidated | | | | | | |
| | | 0.00 | 0.00 | 7,100.00 | 236.94 | 0.00 | 7,336.( |
| 24 | D & K INTERNATIONAL, INC.<br>RYAN E. SPRECHMAN | | | | | | |
| 25 | 2775 SUNNY ISLE BLVD SUITE 100<br>MIAMI FL 33160-4007 | | | | | | |
| 26 | 305-931-0100 | 0.00 | 0.00 | 0.00 | 0.00 | 4,500.00 | 4,500.00 |
| | Trade Debt, Unliquidated | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

2

1   Francisco Gabriel Perez Loan
    3845 SW 149th Place
    Miami Florida 33185

2   Trade Debt, Unliquidated, $3,750

3

4   D & K CLAIM
    RYAN E. SPRECHMAN
    2775 SUNNY ISLE BLVD SUITE 100
    MIAMI FL 33160-4007

5   305-931-0100

6   Trade Debt, Unliquidated

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 3,500.00 | 3,500. |

7

8   Actega North America, Inc.
    26537 Network Place
    Chicago Il 60673-1265

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 3,046.51 | 3,046. |

9   Trade debt, Unliquidated

10

11  Santander Consumer USA
    P.O. Box 660633
    Dallas, TX 75266-0633

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 2,541.83 | 0.00 | 0.00 | 2,541. |

12  Trade debt, Unliquidated

13

14  Capital One Bank
    P.O. Box 71083
    Charlotte, NC 28272-1083

| | | | | | |
|---|---|---|---|---|---|
| 87.11 | 0.00 | 0.00 | 214.85 | 1,961.98 | 2,263. |

15  Bank Loan, Unliquidated

16

17  Transilwrap Company, Inc.
    9201 W Belmont Avenue
    Franklin Park, IL 60131

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 1,944.83 | 1,944. |
| | | 0.00 | 0.00 | 0.00 | |

18

19  Trade Debt, Unliquidated

20

21  Vencol
    8209 NW 70th Street
    Miami, FL 33166

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 1,739.43 | 0.00 | 0.00 | 0.00 | 1,739. |

22  Trade debt, Unliquidated

23

24  Nobelus LLC
    P O Box 639027
    Cincinnati, OH 45263-9027

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 1,578.90 | 1,578. |

25      Trade Debt, Unliquidated

26

27                          3

28

1

2    Dated: May 23, 2018:

3

4

5

6                                                    By:/s/Thomas Neusom
                                                     Attorney For Debtor
7                                                    Bar No. 0037178
                                                     4737 N. Ocean Drive, #129
8                                                    Fort Lauderdale, FL 33308
                                                     Email: tgnoffice35@gmail.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          4

28

1

2

3

4

5

6                                   CERTIFICATE OF SERVICE

7    I HEREBY CERTIFY that a true and correct copy of the foregoing **LIST OF CREDITORS**
     **WITH LARGEST UNSECURED CLAIMS** was furnished by email to the following on  May
8    23, 2018, to the parties on the efiling portal service list and to Defendants by email.

9

10

11                                                      By:/s/Thomas Neusom
                                                        Attorney For Defendant
12                                                      Bar No. 0037174
13                                                      4737 N. Ocean Drive, #129
                                                        Fort Lauderdale, FL 33308
14                                                      Email: tgnoffice35@gmail.com

15

16

17

18

19

20

21

22

23

24

25

26

27
                                            5
28

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Nubia Marcella Perez** | Social Security number or ITIN   **xxx–xx–9901** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Southern District of Florida** | | Date case filed for chapter **11**   **5/15/18** |
| Case number:   **18–15825–AJC** | | |

# Notice of Chapter 11 Bankruptcy Case

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See boxes 7 and 9 below for more information.)

**You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice.**

**To help creditors correctly identify debtors, debtors must submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**WARNING TO DEBTOR: WITHOUT FURTHER NOTICE OR HEARING THE COURT MAY DISMISS YOUR CASE FOR FAILURE TO TIMELY PAY FILING FEE INSTALLMENTS, FAILURE TO APPEAR AT THE MEETING OF CREDITORS OR FAILURE TO TIMELY FILE REQUIRED SCHEDULES, STATEMENTS OR LISTS, AND FOR FAILURE TO FILE PRE–BANKRUPTCY CERTIFICATION OF CREDIT COUNSELING OR FILE WAGE DOCUMENTATION.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's Full Name** | Nubia Marcella Perez | |
| 2. | **All Other Names Used in the Last 8 Years** | dba A Plus Lamination & Finishing Inc | |
| 3. | **Address** | 5559 NW 36 Ave Miami, FL 33142 | |
| 4. | **Debtor's Attorney** (or Pro Se Debtor) Name and address | Thomas G Neusom 4737 N. Ocean Drive, #129 Fort Lauderdale, FL 33308 | Contact phone |
| 5. | **Bankruptcy Clerk's Divisional Office Where Assigned Judge is Chambered** | US Bankruptcy Court 301 North Miami Avenue, Room 150 Miami, FL 33128 | Hours open 8:30 a.m. – 4:00 p.m. Contact phone (305) 714–1800 |
| | | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at www.pacer.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll–free at (866) 222–8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g. drivers' license, state identification card, passport, or immigration card.) | **Note:** The clerk's office is closed on all legal holidays.<br><br>Clerk of Court: **Joseph Falzone** Dated: **5/24/18** |
| 6. | **\* MEETING OF CREDITORS \* June 20, 2018 at 03:00 PM** | | **\*\*LOCATION:** |
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Claude Pepper Federal Bldg, 51 SW First Ave Room 1021, Miami, FL 33130** |

**For more information, see page 2 >**

Debtor **Nubia Marcella Perez**                                                    Case number **18–15825–AJC**

| | | |
|---|---|---|
| **7.** **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. Writing a letter to the court or judge is not sufficient.<br><br>See box 9 for more information. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br><br>● if you assert that the debtor is not entitled to receive a discharge of any debts under 11 U.S.C. § 1141(d)(3)<br><br>or<br><br>● if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). | **Filing deadline for complaint under §1141(d)(3):** First date set for hearing on confirmation of plan. The court will send you a notice of that date later.<br><br>**Filing deadline for dischargeability complaints:  08/20/2018** |
| **When Filing Proofs of Claim:**<br><br>Claims may be delivered or mailed to the clerk's office. Creditors with internet access have the option to use the electronic claims filing program on the court website at www.flsb.uscourts.gov to electronically file a proof of claim. | **Deadline for filing proof of claim:   9/18/18**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>● your claim is designated as *disputed, contingent,* or *unliquidated*;<br>● you file a proof of claim in a different amount; or<br>● you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. The deadline for filing objections to claims will be established pursuant to Local Rule 3007–1(B)(1).<br><br>**Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | For a governmental unit:  **11/13/18** |
| | **Deadline to object to exemptions:**<br>The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions. | **Filing Deadline:**<br>30 days after the *conclusion* of the meeting of creditors, or within 30 days of any amendment to the list of supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) and Local Rule 4003–1(B) for converted cases. |
| **8.** **Filing a Chapter 11 Bankruptcy Case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate the debtor's business. | |
| **9.  Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline in box 7. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date. Prior to receiving a discharge, the debtor must file and serve the Local Form "Notice of Deadline to Object to Debtor's Statement Re: 11 U.S.C. §522(q)(1) Applicability, Payment of Domestic Support Obligations, and [For Chapter 11 Cases Only] Applicability of Financial Management Course and Statement Regarding Eligibility to Receive a Discharge", as required under Local Rule 4004–3(A)(4). | |
| **10.** **Option to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail** | 1) EBN program open to all parties. Register at the BNC website ebn.uscourts.gov.  OR 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036–1(B) and (C). | |
| **11.  Translating Services** | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. | |

Fill in this information to identify your case:

Debtor 1   **Nubia    Marcella    Perez**
   First Name         Middle Name         Last Name

Debtor 2
(Spouse, if filing)   First Name         Middle Name         Last Name

United States Bankruptcy Court for the: _____ District of _____

Case number   **CH-11-18-15825- AJC**
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

---

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☑ No.  Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No
   ☐ Yes. Fill out this information for each dependent..........................

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

---

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4.   $ _____ 0 _____

   If not included in line 4:

   4a.   Real estate taxes    4a.   $ _____ 0 _____

   4b.   Property, homeowner's, or renter's insurance    4b.   $ _____ 0 _____

   4c.   Home maintenance, repair, and upkeep expenses    4c.   $ _____ 0 _____

   4d.   Homeowner's association or condominium dues    4d.   $ _____ 0 _____

---

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1   Nubia Marcella Perez

Case number (if known) CH-11-B-15825 AJC

|  | Your expenses |
|---|---|
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ Ø |
| 6. Utilities: | |
| 6a. Electricity, heat, natural gas | 6a. $ Ø |
| 6b. Water, sewer, garbage collection | 6b. $ Ø |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ 140.00 Monthly |
| 6d. Other. Specify: _____ | 6d. $ Ø |
| 7. Food and housekeeping supplies | 7. $ 250.00 |
| 8. Childcare and children's education costs | 8. $ Ø |
| 9. Clothing, laundry, and dry cleaning | 9. $ 100.00 |
| 10. Personal care products and services | 10. $ 100,00 |
| 11. Medical and dental expenses | 11. $ Ø |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ 400.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazines, and books | 13. $ Ø |
| 14. Charitable contributions and religious donations | 14. $ Ø |
| 15. Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| 15a. Life insurance | 15a. $ Ø |
| 15b. Health insurance | 15b. $ Ø |
| 15c. Vehicle insurance | 15c. $ 140.00 (mo) |
| 15d. Other insurance. Specify:_____ | 15d. $ |
| 16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. $ |
| 17. Installment or lease payments: | |
| 17a. Car payments for Vehicle 1 | 17a. $ 437.00 |
| 17b. Car payments for Vehicle 2 | 17b. $ Ø |
| 17c. Other. Specify:_____ | 17c. $ Ø |
| 17d. Other. Specify:_____ | 17d. $ Ø |
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. $ Ø |
| 19. Other payments you make to support others who do not live with you. Specify: _____ | 19. $ Ø |
| 20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | |
| 20a. Mortgages on other property | 20a. $ Ø |
| 20b. Real estate taxes | 20b. $ Ø |
| 20c. Property, homeowner's, or renter's insurance | 20c. $ Ø |
| 20d. Maintenance, repair, and upkeep expenses | 20d. $ Ø |
| 20e. Homeowner's association or condominium dues | 20e. $ Ø |

Official Form 106J                    Schedule J: Your Expenses                    page 2

Scanned by CamScanner

Debtor 1 _____   Case number (if known)_____

First Name   Middle Name   Last Name

21.  **Other.** Specify: _____   21.   +$ _____

22.  **Calculate your monthly expenses.**

22a. Add lines 4 through 21.   22a.   $ 1567.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   22b.   $ 0

22c. Add line 22a and 22b. The result is your monthly expenses.   22c.   $ 1567.00

23.  **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*   23a.   $ 1000.00

23b. Copy your monthly expenses from line 22c above.   23b.   –$ 1000.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*   23c.   $ -567.00

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.   Explain here:

_____

_____

_____

Scanned by CamScanner

Fill in this information to identify the case:

Debtor name __A Plus Lamination & Finishing Inc__

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (If known): __Ch. 11 - 18 - 18805 - AJC__

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year

| | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From 1/1/2018<br>MM/DD/YYYY | to  Filing date | ☑ Operating a business<br>☐ Other _____ | $ 217,564 |
| For prior year: | From 1/1/2017<br>MM/DD/YYYY | to 12/31/2017<br>MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $ 482,098 |
| For the year before that: | From 1/1/2016<br>MM/DD/YYYY | to 12/3/2016<br>MM/DD/YYYY | ☑ Operating a business<br>☐ Other _____ | $ 895,863 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____<br>MM/DD/YYYY | to  Filing date | _____ | $_____ |
| For prior year: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $_____ |
| For the year before that: | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $_____ |

Scanned by CamScanner

Debtor A Plus Lamination & Finishing Inc    Case number (if known) Ch 11-18- 15825 AJC
Nubia Perez

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |
| 3.2 | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Relationship to debtor | | | |
| 4.2 | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Relationship to debtor | | | |

Scanned by CamScanner

Debtor _____     Case number _(if known)_ _____
     Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City  State  ZIP Code | | | |
| 5.2 | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City  State  ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $_____ |
| Street | | | |
| City  State  ZIP Code | Last 4 digits of account number: XXXX–_ _ _ _ | | |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1  2017 0019 1SE3 | Judgment | DEK International  3075 Sunny Isles  Ste 106  Miami, FL | ☑ Pending  ☐ On appeal  ☐ Concluded |
| Case number | | | |
| 7.2  2017–026722-CA-01 | Judgement | Cosmos Filmo  Rosenfeld Stein Batta  18150 W. Dixie Hwy  Aventura, FL 33160 | ☑ Pending  ☐ On appeal  ☐ Concluded |
| Case number | | | |

Official Form 207     Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     page 3

Scanned by CamScanner

Debtor _____   Case number (if known) _____

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Custodian's name | Case title | $ |
| Street | | Court name and address |
| City   State   ZIP Code | Case number | Name |
| | | Street |
| | Date of order or assignment | City   State   ZIP Code |

---

**Part 4:   Certain Gifts and Charitable Contributions**

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name | | | $ |
| Street | | | |
| City   State   ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| 9.2 Recipient's name | | | $ |
| Street | | | |
| City   State   ZIP Code | | | |
| Recipient's relationship to debtor | | | |

---

**Part 5:   Certain Losses**

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case.

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss ... List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| Ware house Roof leaking Damaged Supplies & finished Jobs | 0 | 5/18/18 | unknown |

Official Form 207   Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   page 4

Scanned by CamScanner

| Fill in this information to identify your case: | |
| --- | --- |

Debtor 1   Nubia Marcella Perez
_First Name_   _Middle Name_   _Last Name_

Debtor 2
(Spouse, if filing)   _First Name_   _Middle Name_   _Last Name_

United States Bankruptcy Court for the: _____   District of _____
_(State)_

Case number   18-15825-AJC
(if known)

☐ Check if this is an amended filing

## Official Form 122B

# Chapter 11 Statement of Your Current Monthly Income

12/15

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1:   Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 |
| --- | --- | --- |
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 5,550.00 | $ _____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 13.00 | $ _____ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
| --- | --- | --- | --- | --- | --- |
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | − $ _____ | − $ _____ | | | |
| Net monthly income from a business, profession, or farm | $ 71.00 | $ _____ | Copy here → | $ 4,371.00 | $ _____ |

*(handwritten: $ 13713)*

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
| --- | --- | --- | --- | --- | --- |
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | − $ _____ | − $ _____ | | | |
| Net monthly income from rental or other real property | $ 0.00 | $ _____ | Copy here → | $ 0.00 | $ _____ |

Scanned by CamScanner

| Debtor 1 | Nubia Marcella Perez | | Case number (if known) 18-15825-AJC |
|---|---|---|---|
| | First Name   Middle Name   Last Name | | |

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. | **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ..............................↓

For you ........................................................... $ 0.00

For your spouse ............................................... $ 0.00

| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ |
|---|---|---|---|

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism.

If necessary, list other sources on a separate page and put the total below.

| | | | |
|---|---|---|---|
| _____ | | $ 0.00 | $ 0.00 |
| _____ | | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | | + $ 0.00 | + $ 0.00 |

11. **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

| $ 9,934.00 | + | $ 0.00 | = | $ 9,934.00 |
|---|---|---|---|---|

Total current monthly income

$ 9,934

---

| **Part 2:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____  X _____
Signature of Debtor 1                            Signature of Debtor 2

Date 5/22/2018                                      Date _____
     MM / DD / YYYY                                      MM / DD / YYYY

Scanned by CamScanner

3:49 PM
05/22/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Find Report
### November 2017 through April 2018

| Type | Date | Num | Name | Memo | Account | Credit | Balance |
|---|---|---|---|---|---|---|---|
| **Nov '17 - Apr 18** | | | | | | | |
| Bill Pmt -Check | 4/13/2018 | 14134 | NUBIA M PEREZ | PAY ROLL DEL 4/6 AL 4/12/2018 | 1001 · Wells Fargo-7624 | 200.00 | -200.00 |
| Bill Pmt -Check | 4/6/2018 | 14124 | NUBIA M PEREZ | PAY ROLL DEL 3/30 AL 4/5/2018 | 1001 · Wells Fargo-7624 | 200.00 | -400.00 |
| Bill Pmt -Check | 4/2/2018 | 14117 | NUBIA M PEREZ | PAY ROLL DEL 3/23 AL 3/29/2018 | 1001 · Wells Fargo-7624 | 200.00 | -600.00 |
| Bill Pmt -Check | 3/23/2018 | 14102 | NUBIA M PEREZ | Payroll del 03/16 al 03/22/2018 | 1001 · Wells Fargo-7624 | 200.00 | -800.00 |
| Bill Pmt -Check | 3/19/2018 | 14087 | NUBIA M PEREZ | VOID: PAY ROLL DEL 3/9 AL 3/1... | 1001 · Wells Fargo-7624 | | -800.00 |
| Bill Pmt -Check | 3/19/2018 | 14088 | NUBIA M PEREZ | PAY ROLL DEL 3/9 AL 3/15/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,000.00 |
| Check | 3/11/2018 | 14079 | NUBIA M PEREZ | PAY ROLL DEL 3/2 AL 3/8/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,200.00 |
| Check | 3/2/2018 | 14061 | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -1,400.00 |
| Bill Pmt -Check | 2/23/2018 | 0 | NUBIA M PEREZ | PAY ROLL DEL 2/156 AL 2/22/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,600.00 |
| Bill Pmt -Check | 2/16/2018 | 14046 | NUBIA M PEREZ | PAY ROLL DEL 2/9 AL 2/15/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,800.00 |
| Bill Pmt -Check | 2/9/2018 | 14031 | NUBIA M PEREZ | PAY ROLL DEL 2/2 AL 2/8/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,000.00 |
| Bill Pmt -Check | 2/2/2018 | 14017 | NUBIA M PEREZ | PAY ROLL DEL 1/23 AL 2/1/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,200.00 |
| Bill Pmt -Check | 1/26/2018 | 14004 | NUBIA M PEREZ | PAY ROLL DEL 19 - 26 JAN/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,400.00 |
| Bill Pmt -Check | 1/19/2018 | 13993 | NUBIA M PEREZ | PAY ROLL DEL 1/12 AL 1/18/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,600.00 |
| Bill Pmt -Check | 1/12/2018 | 13983 | NUBIA M PEREZ | PAY ROLL DEL 1/5 AL 1/11/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,800.00 |
| Bill Pmt -Check | 1/5/2018 | 13970 | NUBIA M PEREZ | PAY ROLL DEL 12/28/2017 AL 1/... | 1001 · Wells Fargo-7624 | 200.00 | -3,000.00 |
| Bill Pmt -Check | 12/29/2017 | 13953 | NUBIA M PEREZ | PAY ROLL DEL 12/22 AL 12/28/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,200.00 |
| Bill Pmt -Check | 12/22/2017 | 13938 | NUBIA M PEREZ | PAY ROLL DEL 12/15 AL 12/21/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,400.00 |
| Bill Pmt -Check | 12/15/2017 | 13925 | NUBIA M PEREZ | PAY ROLL DEL 12/8 AL 12/14/2017 | 1001 · Wells Fargo-7624 | 200.00 | -3,600.00 |
| Bill Pmt -Check | 12/8/2017 | 13915 | NUBIA M PEREZ | PAY ROLL DEL 12/01 AL 12/07/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,800.00 |
| Bill Pmt -Check | 12/1/2017 | 13902 | NUBIA M PEREZ | PAY ROLL DEL 11/24 AL 11/30/2... | 1002 · WF Savings Recur... | 200.00 | -4,000.00 |
| Check | 12/1/2017 | | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 150.00 | -4,150.00 |
| Bill Pmt -Check | 11/24/2017 | 13891 | NUBIA M PEREZ | PAY ROLL DEL 11/17 AL 11/23/2... | 1001 · Wells Fargo-7624 | 200.00 | -4,350.00 |
| Check | 11/21/2017 | ACH | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -4,550.00 |
| Bill Pmt -Check | 11/17/2017 | 13877 | NUBIA M PEREZ | PAY ROLL DEL 11/10 AL 11/16/2... | 1001 · Wells Fargo-7624 | 200.00 | -4,750.00 |
| Check | 11/16/2017 | ACH | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -4,950.00 |
| Bill Pmt -Check | 11/10/2017 | 13859 | NUBIA M PEREZ | PAY ROLL DEL 11/03 AL 11/09/... | 1001 · Wells Fargo-7624 | 200.00 | -5,150.00 |
| Check | 11/7/2017 | | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 100.00 | -5,250.00 |
| Check | 11/6/2017 | | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 250.00 | -5,500.00 |
| Check | 11/1/2017 | ACH | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 50.00 | -5,550.00 |
| **Nov '17 - Apr 18** | | | | | | 5,550.00 | -5,550.00 |

Page 1

Scanned by CamScanner

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re __A Plus Lamination Finishing Inc__ ,
        Debtor

Case No. __18-15826*AJC__
             (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __5/22/2018__

Signature: _____
                Debtor

Date _____

Signature: _____
                (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Cathey Ware (Business Assist) Assisted
Printed or Typed Name and Title, if any,
of Bankruptcy Petition Preparer

466-11-601
Social Security No.
(Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

Assisted with gathering
information only

Address _____

X __Cathey Ware__
Signature of Bankruptcy Petition Preparer

05/22/2018
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the Nubia Marcella Perez [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the A Plus Lamination & Finishing [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date 05/22/2018

Signature: _____
        Nubia Marcella Perez
        [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

**Fill in this information to identify your case:**

Debtor 1 _____
First Name          Middle Name          Last Name

Debtor 2 _____
(Spouse, if filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for the: _____ District of _____

Case number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106H

# Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)
   ☐ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
   ☐ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
      ☐ No
      ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent

   _____
   Number        Street

   _____
   City                  State            ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1** _____<br>Name<br>_____<br>Number        Street<br>_____<br>City        State        ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br>_____<br>Number        Street<br>_____<br>City        State        ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.3** _____<br>Name<br>_____<br>Number        Street<br>_____<br>City        State        ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Debtor 1 _____
                First Name        Middle Name        Last Name

Case number (*if known*)_____

**Additional Page to List More Codebtors**

| Column 1: *Your codebtor* | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__

_____
Name

_____
Number        Street

_____
City                              State              ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                          Case No. 18-15825
                                                                 Chapter 11
A PLUS LAMINATION

_____ Debtor _____/

## <u>DECLARATION REGARDING PAYMENT ADVICES</u>

**Debtor**:

_____ Copies of all payment advices, pay stubs or other evidence of payment received by the debtor from any employer within 60 days prior to the filing of the bankruptcy petition are attached. (Note: If you worked some, but not all of the 60 days prior, attach copies of any and all received and provide explanation that you didn't work the full 60 days.

_____ )

_____ Copies of all payment advices **are not** attached because the debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition.

_____ Copies of all payment advices **are not** attached because the debtor:
   \_\_\_receives disability payments
   \_\_\_is unemployed and does not receive unemployment compensation
   \_\_\_receives Social Security payments
   \_\_\_receives a pension
   \_\_\_does not work outside the home
   \_\_\_is self employed and does not receive payment advices

_____ None of the statements above apply, however, the debtor is unable to timely provide some or all copies of payment advices or other evidence of payment received
   Explain:_____

**Joint Debtor (if applicable):**

_____ Copies of payment advices, pay stubs or other evidence of payment received by the joint debtor from any employer within 60 days prior to the filing of the bankruptcy petition are attached. (Note: If you worked some, but not all of the 60 days prior, attach copies of any and all received and provide explanation that you didn't work the full 60 days.

_____ )

_____ Copies of payment advices **are not** attached because the joint debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition.

_____ Copies of payment advices **are not** attached because the joint debtor:
    \_\_\_\_receives disability payments
    \_\_\_\_is unemployed and does not receive unemployment compensation
    \_\_\_\_receives Social Security payments
    \_\_\_\_receives a pension
    \_\_\_\_does not work outside the home
    \_\_\_\_is self employed and does not receive payment advices

_____ None of the statements above apply, however,  the joint debtor is unable to timely provide some or all copies of payment advices or other evidence of payment received
Explain: _____

*NOTE: When submitting copies of evidence of payment such as pay stubs or  payment advices, it is your responsibility to redact (blackout) any social security numbers, names of minor children, dates of birth or financial account numbers before attaching for filing with the court.  See Local Rule 5005-1(A)(2).*

_____      Date:_____
Signature of Attorney or Debtor

_____      Date:_____
Signature of Joint Debtor, if applicable

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re A Plus Lamination Finishing Inc ,
      Debtor

Case No. 18-15826*AJC
        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 5/22/2018

Signature: _____ Debtor

Date _____

Signature: _____
(Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Cathey Ware (Business Assist) Assisted
Printed or Typed Name and Title, if any,
of Bankruptcy Petition Preparer

466-11-601
Social Security No.
(Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.
Assisted with gathering
information only

Address _____

X  Cathey Ware
Signature of Bankruptcy Petition Preparer

05/22/2018
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Nubia Marcella Perez [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the A Plus Lamination & Finishing [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date 05/22/2018

Signature: _____
Nubia Marcella Perez
[Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Scanned by CamScanner

<table>
<tr><td colspan="4"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | Nubia Marcella Perez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | District of _____ | |
| | | (State) | |
| Case number (if known) | 18-15825-AJC | | |

☐ Check if this is an amended filing

**Official Form 122B**

# Chapter 11 Statement of Your Current Monthly Income          12/15

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1:    Calculate Your Current Monthly Income

1.  **What is your marital and filing status?** Check one only.

    ☑ **Not married.** Fill out Column A, lines 2-11.

    ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

    ☐ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

    **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|
| 2.  **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 5,550.00 | $ _____ |
| 3.  **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4.  **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 13.00 | $ _____ |

5.  **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from a business, profession, or farm | $ 71.00 | $ _____ | Copy here → | $ 4,371.00 | $ _____ |

*$ 13713* (handwritten)

6.  **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from rental or other real property | $ 0.00 | $ _____ | Copy here → | $ 0.00 | $ _____ |

Scanned by CamScanner

| Debtor 1 | Nubia Marcella Perez | | Case number (if known) 18-15825-AJC |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|

7. **Interest, dividends, and royalties**  $____0.00      $____0.00

8. **Unemployment compensation**  $____0.00      $____0.00

   Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ..............................↓

   For you ..........................................................  $____0.00

   For your spouse..............................................  $____0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.  $____0.00      $_____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism.

    If necessary, list other sources on a separate page and put the total below.

    _____  $____0.00      $____0.00

    _____  $____0.00      $____0.00

    Total amounts from separate pages, if any.  + $____0.00      + $____0.00

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

    $____9,934.00  +  $____0.00  =  $ 9,934.00

    **Total current monthly income**

    ⓑ 9,934

---

**Part 2:    Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X** _____      **X** _____
Signature of Debtor 1                              Signature of Debtor 2

Date  5/22/2018                              Date _____
     MM / DD / YYYY                              MM / DD / YYYY

---

Scanned by CamScanner

3:49 PM
05/22/18
Accrual Basis

# A Plus Lamination & Finishing Inc. - Combo
## Find Report
### November 2017 through April 2018

| Type | Date | Num | Name | Memo | Account | Credit | Balance |
|---|---|---|---|---|---|---|---|
| **Nov '17 - Apr 18** | | | | | | | |
| Bill Pmt -Check | 4/13/2018 | 14134 | NUBIA M PEREZ | PAY ROLL DEL 4/6 AL 4/12/2018 | 1001 · Wells Fargo-7624 | 200.00 | -200.00 |
| Bill Pmt -Check | 4/6/2018 | 14124 | NUBIA M PEREZ | PAY ROLL DEL 3/30 AL 4/5/2018 | 1001 · Wells Fargo-7624 | 200.00 | -400.00 |
| Bill Pmt -Check | 4/2/2018 | 14117 | NUBIA M PEREZ | PAY ROLL DEL 3/23 AL 3/29/2018 | 1001 · Wells Fargo-7624 | 200.00 | -600.00 |
| Bill Pmt -Check | 3/23/2018 | 14102 | NUBIA M PEREZ | Payroll del 03/16 al 03/22/2018 | 1001 · Wells Fargo-7624 | 200.00 | -800.00 |
| Bill Pmt -Check | 3/19/2018 | 14087 | NUBIA M PEREZ | VOID: PAY ROLL DEL 3/9 AL 3/1... | 1001 · Wells Fargo-7624 | | -800.00 |
| Bill Pmt -Check | 3/19/2018 | 14088 | NUBIA M PEREZ | PAY ROLL DEL 3/9 AL 3/15/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,000.00 |
| Bill Pmt -Check | 3/11/2018 | 14079 | NUBIA M PEREZ | PAY ROLL DEL 3/2 AL 3/8/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,200.00 |
| Check | 3/2/2018 | 14061 | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -1,400.00 |
| Check | 2/23/2018 | 0 | | | 1001 · Wells Fargo-7624 | 200.00 | -1,600.00 |
| Bill Pmt -Check | 2/16/2018 | 14046 | NUBIA M PEREZ | PAY ROLL DEL 2/9 AL 2/15/2018 | 1001 · Wells Fargo-7624 | 200.00 | -1,800.00 |
| Bill Pmt -Check | 2/9/2018 | 14031 | NUBIA M PEREZ | PAY ROLL DEL 2/2 AL 2/8/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,000.00 |
| Bill Pmt -Check | 2/2/2018 | 14017 | NUBIA M PEREZ | PAY ROLL DEL 1/23 AL 2/1/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,200.00 |
| Bill Pmt -Check | 1/26/2018 | 14004 | NUBIA M PEREZ | PAY ROLL DEL 19 - 26 JAN/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,400.00 |
| Bill Pmt -Check | 1/19/2018 | 13993 | NUBIA M PEREZ | PAY ROLL DEL 1/12 AL 1/18/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,600.00 |
| Bill Pmt -Check | 1/12/2018 | 13983 | NUBIA M PEREZ | PAY ROLL DEL 1/5 AL 1/11/2018 | 1001 · Wells Fargo-7624 | 200.00 | -2,800.00 |
| Bill Pmt -Check | 1/5/2018 | 13970 | NUBIA M PEREZ | PAY ROLL DEL 12/28/2017 AL 1/... | 1001 · Wells Fargo-7624 | 200.00 | -3,000.00 |
| Bill Pmt -Check | 12/29/2017 | 13953 | NUBIA M PEREZ | PAY ROLL DEL 12/22 AL 12/28/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,200.00 |
| Bill Pmt -Check | 12/22/2017 | 13938 | NUBIA M PEREZ | PAY ROLL DEL 12/15 AL 12/21/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,400.00 |
| Bill Pmt -Check | 12/15/2017 | 13925 | NUBIA M PEREZ | PAY ROLL DEL 12/8 AL 12/14/2017 | 1001 · Wells Fargo-7624 | 200.00 | -3,600.00 |
| Bill Pmt -Check | 12/8/2017 | 13915 | NUBIA M PEREZ | PAY ROLL DEL 12/1 AL 12/07/2... | 1001 · Wells Fargo-7624 | 200.00 | -3,800.00 |
| Bill Pmt -Check | 12/1/2017 | 13902 | NUBIA M PEREZ | PAY ROLL DEL 11/24 AL 11/30/2... | 1002 · WF Savings Recur... | 200.00 | -4,000.00 |
| Check | 12/1/2017 | | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 150.00 | -4,150.00 |
| Bill Pmt -Check | 11/24/2017 | 13891 | NUBIA M PEREZ | PAY ROLL DEL 11/17 AL 11/23/... | 1001 · Wells Fargo-7624 | 200.00 | -4,350.00 |
| Check | 11/21/2017 | ACH | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -4,550.00 |
| Bill Pmt -Check | 11/17/2017 | 13877 | NUBIA M PEREZ | PAY ROLL DEL 11/10 AL 11/16/... | 1001 · Wells Fargo-7624 | 200.00 | -4,750.00 |
| Check | 11/16/2017 | ACH | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 200.00 | -4,950.00 |
| Bill Pmt -Check | 11/10/2017 | 13859 | NUBIA M PEREZ | PAY ROLL DEL 11/03 AL 11/09/... | 1001 · Wells Fargo-7624 | 200.00 | -5,150.00 |
| Check | 11/7/2017 | | NUBIA M PEREZ | | 1001 · Wells Fargo-7624 | 100.00 | -5,250.00 |
| Check | 11/6/2017 | | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 250.00 | -5,500.00 |
| Check | 11/1/2017 | ACH | NUBIA M PEREZ | | 1002 · WF Savings Recur... | 50.00 | -5,550.00 |
| | | | | | | 5,550.00 | -5,550.00 |

Scanned by CamScanner

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re A Plus Lamination Finishing Inc ,
          Debtor

Case No. 18-15826*AJC
         (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 5/22/2018

Signature: _____
              Debtor

Date _____

Signature: _____
          (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Cathey Ware (Business Assist) Assisted
Printed or Typed Name and Title, if any,
of Bankruptcy Petition Preparer

466-11-601
Social Security No.
(Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

Assisted with gathering
information only
_____
Address

X Cathey Ware
Signature of Bankruptcy Petition Preparer

05/22/2018
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the Nubia Marcella Perez [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the A Plus Lamination & Finishing [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date 05/22/2018

Signature: _____
      Nubia Marcella Perez
      [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Scanned by CamScanner

**Fill in this information to identify the case:**

Debtor name _A Plus Lamination & Finishing_

United States Bankruptcy Court for the: _____   District of _____
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☐ Yes. Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

**Current value of debtor's interest**

2. **Cash on hand**                                                                 $ _0_

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | Wells Fargo Bank | | 5636 | $ 14,811.89 |
| 3.2. | Wells Fargo Bank | | 9624 | $ (2,974.15) |

4. **Other cash equivalents** *(Identify all)*

| 4.1. | Wells Fargo Bank - Savings | $ 454.06 |
| --- | --- | --- |
| 4.2. | | $ _____ |

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   $ 12,291.80

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| 7.1. | _____ | $ 20,000 |
| --- | --- | --- |
| 7.2. | _____ | $ _____ |

Debtor _____          Case number (if known)_____
        Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____    $_____
   8.2._____    $_____

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.                          $ 20,000

---

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.

    ☑ Yes. Fill in the information below.

                                                                    **Current value of debtor's interest**

11. **Accounts receivable**

    11a. 90 days old or less: _____ – _____ = ........→        $ 43,931.
                              face amount    doubtful or uncollectible accounts

    11b. Over 90 days old: _____ – _____ = ........→           $_____
                           face amount    doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $ 43,931.

---

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

                                            **Valuation method used for current value**   **Current value of debtor's interest**

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____    _____    $_____
    14.2._____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

    15.1._____    _____%    _____    $_____
    15.2._____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____    _____    $_____
    16.2._____    _____    $_____

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.                      $_____

---

Debtor _____   Case number (*if known*)_____
         Name

---

### Part 5:    Inventory, excluding agriculture assets

18.   **Does the debtor own any inventory (excluding agriculture assets)?**

☐   No. Go to Part 6.

☑   Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | MM / DD / YYYY | $ | | $ |
| 20. **Work in progress** | MM / DD / YYYY | $ | | $ |
| 21. **Finished goods, including goods held for resale** | MM / DD / YYYY | $ | | $ |
| 22. **Other inventory or supplies** | MM / DD / YYYY | $ | | $ |

23.   **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24.   **Is any of the property listed in Part 5 perishable?**

☑   No

☐   Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐   No

☑   Yes. Book value _____   Valuation method_____   Current value_____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑   No

☐   Yes

---

### Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27.   **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑   No. Go to Part 7.

☐   Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

*(handwritten in left margin: "Do not know value.")*

---

Debtor _____   Case number (if known)_____
          Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                    $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No
        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No
    ☐ Yes

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☐ No. Go to Part 8.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** Desk (6), Chairs, File Cabinets | $_____ | _____ | $_____ |
| 40. **Office fixtures** Shelving, Pallets, Microwaves | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** Computers, Monitors, QB software, Refrigerator. | $_____ | _____ | $_____ |
| 42. **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                    $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No
    ☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☑ No
    ☐ Yes

Debtor _____   Case number *(if known)*_____
        Name

| **Part 8:** | **Machinery, equipment, and vehicles** |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
    ☑ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| **General description** | **Net book value of** | **Valuation method used** | **Current value of** |
|---|---|---|---|
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **debtor's interest** (Where available) | **for current value** | **debtor's interest** |

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 Step Van | $_____ | _____ | $_____ |
| 47.2 Forklifts (2) | $_____ | _____ | $_____ |
| 47.3 Pallet jacks | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $_____ | | $_____ |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.
    $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

Debtor _____    Case number (if known)_____
       Name

---

**Part 9:**    **Real property**

54. **Does the debtor own or lease any real property?**
☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1_____ | _____ | $_____ | _____ | $_____ |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**
☑ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$_____

---

Debtor _____     Case number (if known)_____
          Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

   ❏ No

   ❏ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ❏ No

   ❏ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ❏ No

   ❏ Yes

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☑ No. Go to Part 12.

   ❏ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

_____   _____ – _____ = ➜   $_____

                                     Total face amount       doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   $_____

_____   Tax year _____   $_____

_____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties** (whether or not a lawsuit has been filed)

_____   $_____

   Nature of claim       _____

   Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

   Nature of claim       _____

   Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____   $_____

_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ❏ No

   ❏ Yes

**Fill in this information to identify the case:**

Debtor name _A Plus Lamination & Finishing Inc_

United States Bankruptcy Court for the: _____ District of _____
                                                                        (State)

Case number (If known): _____   Chapter _____

☐ Check if this is an
   amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**                 **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | | | |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | | | |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | | | |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | | | |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | | | |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

Debtor _____     Case number (if known) _____
            Name

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2.__  State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

Official Form 206G          Schedule G: Executory Contracts and Unexpired Leases          page ___ of ___

**Fill in this information to identify the case:**

Debtor name _A Plus Lamination & Finishing Inc_

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1** Creditor's name
_Valley Bank_

Describe debtor's property that is subject to a lien
_Real Estate - Home_                    $ _____    $ _____

Creditor's mailing address
_1750 Rte 3 North_
_Wayne, NY 07470_

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☐ No
☐ Yes

Date debt was incurred _____

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number  _ _ _ _

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

_____

**2.2** Creditor's name
_Newtek Sm Business Finance_

Describe debtor's property that is subject to a lien
_Real Estate - Home_                    $ _____    $ _____

Creditor's mailing address
_1986 Marcus Ave_
_Ste 130_
_Lake Success, NY_

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☐ No
☐ Yes

Date debt was incurred _____

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number  _ _ _ _

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

_____

   ☐ Yes. The relative priority of creditors is specified on lines _____

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ _____

Debtor _____

Name

Case number (if known) _____

| Part 1: | Additional Page |
|---|---|

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>*Value of collateral that supports this claim* |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.___** **Creditor's name**

_____

**Creditor's mailing address**

_____

_____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
- ❑ No
- ❑ Yes. Have you already specified the relative priority?
  - ❑ No. Specify each creditor, including this creditor, and its relative priority.

    _____
    _____
    _____

  - ❑ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____   $_____   $_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
- ❑ No
- ❑ Yes

**Is anyone else liable on this claim?**
- ❑ No
- ❑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

**2.___** **Creditor's name**

_____

**Creditor's mailing address**

_____

_____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
- ❑ No
- ❑ Yes. Have you already specified the relative priority?
  - ❑ No. Specify each creditor, including this creditor, and its relative priority.

    _____
    _____
    _____

  - ❑ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____   $_____   $_____

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
- ❑ No
- ❑ Yes

**Is anyone else liable on this claim?**
- ❑ No
- ❑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

Official Form 206D       Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**       page ___ of ___

Debtor _____   Case number (if known)_____
        Name

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

**Fill in this information to identify the case:**

Debtor name _APlas Lamination & Finishing Inc_

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1: Codebtor* | | *Column 2: Creditor* | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 _____ | Street _____<br>_____<br>City ___ State ___ ZIP Code ___ | _____ | ☐ D<br>☐ E/F<br>☐ G |

Debtor _____   Case number (if known) _____
          Name

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|

Name | Mailing address | Name | Check all schedules that apply:

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

2.___ _____

Street _____ | _____ | ❏ D
_____ | | ❏ E/F
City _____ State ____ ZIP Code ____ | | ❏ G

B6 Declaration (Official Form 6 - Declaration)

In re   A Plus Lamination Finishing Inc   ,          Case No. 18-15826 ASC
                    Debtor                                        (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   5/22/2018                                        Signature: _____
                                                                         Debtor

Date _____                            Signature: _____
                                                                   (Joint Debtor, if any)

                                                        [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Cathey Ware (Business Assist) Assisted          466-11-601
Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer                   (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.
Assisted with gathering
information only

Address _____

X  Cathey Ware                                    05/22/2018
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110;
18 U.S.C. § 156.

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the   Nubia Marcella Perez          [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the   A Plus Lamination & Finishing   [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date  05/22/2018                                        Signature: _____
                                                             Nubia Marcella Perez
                                                        [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

**Fill in this information to identify the case:**

Debtor name  A Plus Lamination & Finishing, Inc

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (If known): CH - 11 - 18 - 15 825  AJC

☐ Check if this is an
amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

**1. Gross revenue from business**

☐ None

| | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and<br>exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 4/1/2018 to Filing date<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 217,564 |
| **For prior year:** | From 4/1/2017 to 12/31/17<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 482,098 |
| **For the year before that:** | From 4/1/2016 to 12/31/2016<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 595,563 |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each<br>source<br>(before deductions and<br>exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |

Scanned by CamScanner

Debtor _____   Case number (if known)_____
              Name

---

**Part 2:**  **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

   |  | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
   |---|---|---|---|---|
   | | | | | *Check all that apply* |
   | 3.1. | _____ | _____ | $_____ | ☐ Secured debt |
   | | Creditor's name | | | ☐ Unsecured loan repayments |
   | | _____ | _____ | | ☐ Suppliers or vendors |
   | | Street | | | ☐ Services |
   | | _____ | | | ☐ Other _____ |
   | | City          State     ZIP Code | _____ | | |
   | 3.2. | _____ | _____ | $_____ | ☐ Secured debt |
   | | Creditor's name | | | ☐ Unsecured loan repayments |
   | | _____ | _____ | | ☐ Suppliers or vendors |
   | | Street | | | ☐ Services |
   | | _____ | | | ☐ Other _____ |
   | | City          State     ZIP Code | _____ | | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None

   |  | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
   |---|---|---|---|---|
   | 4.1. | _____ | _____ | $_____ | _____ |
   | | Insider's name | | | _____ |
   | | _____ | _____ | | _____ |
   | | Street | | | |
   | | _____ | | | |
   | | City          State     ZIP Code | | | |
   | | Relationship to debtor | | | |
   | | _____ | | | |
   | 4.2. | _____ | _____ | $_____ | _____ |
   | | Insider's name | | | _____ |
   | | _____ | _____ | | _____ |
   | | Street | | | |
   | | _____ | | | |
   | | City          State     ZIP Code | | | |
   | | Relationship to debtor | | | |
   | | _____ | | | |

---

Scanned by CamScanner

Debtor _____     Case number (if known) _____
          Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name _____ | _____ | _____ | |
| | Street _____ | _____ | | |
| | _____ | _____ | | |
| | City          State      ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name _____ | _____ | _____ | |
| | Street _____ | _____ | | |
| | _____ | _____ | | |
| | City          State      ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| | Creditor's name _____ | _____ | _____ | $_____ |
| | Street _____ | _____ | | |
| | _____ | Last 4 digits of account number: XXXX– __ __ __ __ | | |
| | City          State      ZIP Code | | | |

---

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | 2017 004987 SP23 | Judgement | DEK International | ☑ Pending |
| | | | Name 2875 Sunny Isles | ☐ On appeal |
| | Case number | | Street Ste 106 | ☐ Concluded |
| | _____ | | City Miami  State FL  ZIP Code | |
| 7.2. | 2017 – 026 722 – CA-01 | Judgement | Cosmos Filmo | ☑ Pending |
| | | | Name Rosenfeld, Stein, Batta | ☐ On appeal |
| | Case number | | Street 21490 W. Dixie Hwy | ☐ Concluded |
| | _____ | | City Aventura,  State FL  ZIP Code 33180 | |

---

Scanned by CamScanner

Debtor _____   Case number (if known) _____
         Name

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| | Case number | Street |
| City        State    ZIP Code | | City        State        ZIP Code |
| | Date of order or assignment | |

---

**Part 4:   Certain Gifts and Charitable Contributions**

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State    ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| 9.2. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State    ZIP Code | | | |
| Recipient's relationship to debtor | | | |

---

**Part 5:   Certain Losses**

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| Ware house Roof leaking Damaged supplies & finished Jobs | 0 | 5/18/18 | unknown $_____ |

Official Form 207   Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   page 4

Scanned by CamScanner

Debtor _____     Case number (if known) _____
              Name

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | Who made the payment, if not debtor? | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | Who made the payment, if not debtor? | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| **Name of trust or device** | | | $_____ |
| _____ | _____ | _____ | |
| **Trustee** | | | |
| _____ | _____ | | |

Scanned by CamScanner

ebtor _____   Case number (if known) _____
      Name

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $ _____ |
| | | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City   State   ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $ _____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City   State   ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:   Previous Locations**

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | Dates of occupancy |
|---|---|---|---|
| 14.1. | 3845 SW 149th Place | | Time purchase |
| | Street | | From _____ To 2015 |
| | Miami    FL    33185 | | |
| | City    State    ZIP Code | | |
| 14.2. | _____ | | From _____ To _____ |
| | Street | | |
| | _____ | | |
| | City    State    ZIP Code | | |

Scanned by CamScanner

Debtor _____
Name

Case number (if known) _____

## Part 8:   Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1.** _____<br>Facility name | _____ | _____ |
| _____<br>Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider.<br>_____ | How are records kept?<br><br>*Check all that apply:* |
| _____<br>City    State    ZIP Code | _____ | ☐ Electronically<br>☐ Paper |
| **Facility name and address** | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| **15.2.** _____<br>Facility name | _____ | _____ |
| _____<br>Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider.<br>_____ | How are records kept?<br><br>*Check all that apply:* |
| _____<br>City    State    ZIP Code | _____ | ☐ Electronically<br>☐ Paper |

## Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. Name, address, Credit information

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

Name of plan

_____

Employer identification number of the plan

EIN: __ __ - __ __ __ __ __ __ __

Has the plan been terminated?

☐ No

☐ Yes

Official Form 207      Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      page 7

Scanned by CamScanner

Debtor _____   Case number (if known)_____
          Name

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Wells Fargo Bank<br>Name<br><br>Street<br><br>Miami FL<br>City    State    ZIP Code | xxxx– 7624 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 4/26/18 | $ 1,570.25 |
| 18.2. | Name<br><br>Street<br><br>City    State    ZIP Code | XXXX–__ __ __ __ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City    State    ZIP Code | <br><br><br>Address | <br><br> | ☐ No<br>☐ Yes |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City    State    ZIP Code | <br><br><br>Address | <br><br> | ☐ No<br>☐ Yes |

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          page 8

Scanned by CamScanner

Debtor _____   Case number (if known)_____
       Name

---

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

---

**Part 12:**   **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | | | |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Scanned by CamScanner

Debtor _____     Case number (if known) _____
       Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. Name | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| Street | _____ | Dates business existed |
| City        State        ZIP Code | | From _____    To _____ |
| 25.2. Business name and address Name | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| Street | _____ | Dates business existed |
| City        State        ZIP Code | | From _____    To _____ |
| 25.3. Business name and address Name | _____ | EIN: __ __ – __ __ __ __ __ __ __ |
| Street | _____ | Dates business existed |
| City        State        ZIP Code | | From _____    To _____ |

Official Form 207              Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

Scanned by CamScanner

Debtor _____   Case number (if known)_____
        Name

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

**Name and address**   Kings of Kings Accts

26a.1.   Frank  Galan                          Dates of service
         Name                                  From 2007  To 2016
         P.O. Box  832246
         Street
         Miami          FL        33283
         City           State     ZIP Code

**Name and address**                           Dates of service

26a.2.   Nuit  enterprises.                     From 2017  To 2018
         Name

         Street
         Miami, FL        33142
         City        State    ZIP Code

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

**Name and address**                           Dates of service

26b.1.   Nexport Business Solutions Grp        From 8/2016  To Present
         Name
         5817 Corson Place
         Street
         Lake Worth, FL        33463
         City        State    ZIP Code

**Name and address**                           Dates of service

26b.2.   .                                      From _____  To _____
         Name

         Street

         City            State       ZIP Code

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

**Name and address**                           If any books of account and records are
                                               unavailable, explain why

26c.1.   Nexport Business Solutions Grp Inc    onsite access
         Name                                  only
         5817 Corson Place
         Street
         Lake Worth, FL   33463
         City        State    ZIP Code

Scanned by CamScanner

Debtor _____   Case number (if known)_____
       Name

| | If any books of account and records are unavailable, explain why |
|---|---|
| **Name and address** | |
| 26c.2. | |
| Name _____ | _____ |
| Street _____ | _____ |
| City _____ State ___ ZIP Code | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

**Name and address**

26d.1.
Name _____
Street _____
City _____ State ___ ZIP Code

**Name and address**

26d.2.
Name _____
Street _____
City _____ State ___ ZIP Code

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Fransico Perez | ___ | $_____ |

Name and address of the person who has possession of inventory records

27.1.
Name   A Plus Lamination & Finishings
Street  5559 NW 56th Ave
City  Miami FL  33142  State  ZIP Code

Scanned by CamScanner

Debtor _____     Case number (if known) _____
      Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | _____ | $ _____ |
| Name and address of the person who has possession of inventory records | | |

27.2.

Name _____

Street _____

City _____   State _____   ZIP Code _____

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Nubia Maralh Perez | | President | 100% |
| | | | |
| | | | |
| | | | |
| | | | |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| Name _____ | _____ | _____ | _____ |
| Street _____ | | | |
| City _____ State ___ ZIP Code ___ | | | |
| Relationship to debtor | | | |

Scanned by CamScanner

Debtor _____   Case number (if known) _____
        Name

| | Name and address of recipient | | |
|---|---|---|---|
| 30.2 | Name | | |
| | Street | | |
| | City            State        ZIP Code | | |
| | Relationship to debtor | | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No

☐ Yes. Identify below.

Name of the parent corporation

_____

Employer Identification number of the parent corporation

EIN: __ __ - __ __ __ __ __ __ __

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No

☐ Yes. Identify below.

Name of the pension fund

_____

Employer Identification number of the pension fund

EIN: __ __ - __ __ __ __ __ __ __

## Part 14:   Signature and Declaration

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06 11 2018
              MM / DD / YYYY

X _____    Printed name  Nubia Marcella Perez
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  President

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No

☐ Yes

Official Form 207            Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy            page 14

Scanned by CamScanner

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              CHAPTER 11
NUBIA MARCELLA PEREZ               :        CASE NO. 18-15825-AJC
_____ Debtor _____/

UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

Daniel M. McDermott, United States Trustee for Region 21, pursuant to 11 U.S.C. §

1112 (b), respectfully moves this Court to enter an order dismissing or converting this case, and

in support states as follows:

1.      Nubia Marcella Perez (the "Debtor"), filed a voluntary petition under chapter 11

of the Bankruptcy Code on May 15, 2018. The allegations raised in this motion are based on

information contained in the Debtor's bankruptcy documents, communications between the

office of the United States Trustee and counsel of record, and on the testimony elicited at the

Section 341 Meeting of Creditors (the "Meeting of Creditors").

2.      It appears that the Debtor and counsel of record, Thomas G. Neusom ("Attorney

Neusom"), were not in agreement as to the filing of this case. As stated below in more detail, it

appears that the Debtor never intended to file a personal bankruptcy for herself. It appears that

the Debtor intended to file a bankruptcy for her wholly owned corporation, A Plus Lamination &

Finishing, Inc. ("A Plus"), a Florida corporation. This became evident to the United States

Trustee early on in the case and confirmed at the Meeting of Creditors.

3.      At the time of filing, A Plus occupied rental premises pursuant to a lease between

A Plus and the landlord, Brian and Andrea Holland (the "Landlord"). The Debtor is not a party

to the lease. Prior to the filing, A Plus had defaulted on the lease by failing to pay the March

2018 rent and Landlord initiated an eviction action against A Plus in the County Court in and for

Miami-Dade County, Case No. 2018-008187-CC-05 (the "Eviction Action").  The Debtor was not a named defendant in the Eviction Action.

4.      In the Eviction Action, A Plus was ordered to make certain deposits into the court registry on specific dates. A Plus failed to make a deposit due on May 14, 2018, and the Debtor, through counsel, filed the instant case on May 15, 2018, all along intending to file for A Plus to obtain the stay relief.

5.      On May 25, 2018, the office of the United States Trustee contacted Attorney Neusom by E-mail to notify him that the Initial Debtor Interview ("IDI") would be held on June 13, 2018. The U.S Trustee also supplied a list of the operating, reporting, and financial reporting requirements, including forms and required certifications ("Guidelines"), that the Debtor needed to provide at the IDI.

6.      Neither the Debtor nor Attorney Neusom appeared at the IDI or called the United States Trustee to inform that they would not be appearing. Upon a subsequent E-mail from the United States Trustee on June 13, 2018, Attorney Neusom stated he was unaware of the IDI and rescheduled same for June 19, 2018.

7.      Prior to the rescheduled IDI, Attorney Neusom called the office of the United States Trustee with questions regarding the Guidelines. The Debtor's employee/assistant, Cathey Ware ("Ms. Ware"), was also on the call. Ms. Ware indicated that she had the responsive documents, however, they were all for A Plus. While discussing the Guidelines, Ms. Ware clearly stated that the Debtor never intended to file a personal bankruptcy. At this time, it became clear to the United States Trustee that the Debtor intended Attorney Neusom to file a case for A Plus to stay the Eviction Proceedings. The Debtor did not produce any of the Guideline documents responsive as to her own bankruptcy.

2

8.      The Meeting of Creditors was held on June 20, 2018. The Debtor requested a Spanish interpreter since English is her second language. The United States Trustee was unable to conduct a proper inquiry of the Debtor and her finances at the Meeting of Creditors because all the information contained in the Debtor's bankruptcy schedules, Statement of Financial Affairs and other filed documents contain information with regard to A Plus, and do not contain the requisite information pertaining to the Debtor. A Plus is not a debtor in bankruptcy.

9.      At the Meeting of Creditors, the Debtor and Ms. Ware testified under oath about the facts leading up to the filing of the Debtor's case. The allegations raised in this motion are based on information contained in the Debtor's bankruptcy documents and on the testimony elicited at the Meeting of Creditors. The testimony was clear, that the Debtor never intended to file bankruptcy for herself, instead, that she always intended to file bankruptcy for A Plus.

10.     The Debtor testified that she had never met Attorney Neusom, until the day of the Meeting of Creditors. Both the Debtor and Ms. Ware testified that they found Attorney Neusom by doing an on-line search and that all communications with him were over the telephone and E-mail. Mr. Neusom told Ms. Ware which bankruptcy forms to download and complete and Ms. Ware completed the forms in her own handwriting, and forwarded same to Attorney Neusom for filing. Upon information and belief, Ms. Ware is not an attorney and is not employed by Attorney Neusom.

11.     The forms completed by Ms. Ware were handwritten with the name "A Plus Lamination and Finishing, Inc." (See ECF 15, 30, 34, 36), further substantiating that the Debtor intended to file a bankruptcy case for A Plus. Consequently, the bankruptcy documents, including the schedules and Statement of Financial Affairs, have information pertaining to A Plus, not the Debtor. Attorney Neusom did not correct the forms or clarify the discrepancy with

3

the Debtor or Ms. Ware prior to filing the forms with the Court. It appears to the United States Trustee that Attorney Neusom did not properly advise the Debtor of her options and did not properly conduct his due diligence prior to filing the forms with the Court.

12.     There are several procedural problems with this case attributed to Attorney Neusom: (a) he has filed multiple pleadings incorrectly listing the name of the Debtor as "A Plus Lamination" or "Nubia Perez, d/b/a A Plus Lamination" (See ECF 9, 10, 13, 19, 38, 39, 40); (b) he has not filed a retention application to be employed as Debtor's counsel; (c) he has failed to comply with 11 U.S.C. §329(a) and Bankruptcy Rule 2016 by failing to disclose that the Debtor agreed to pay him a flat fee of $10,000 for the bankruptcy representation.

13.     Furthermore, after filing the wrong case for the Debtor and not A Plus, Attorney Neusom seems to have caused the Debtor to file a suggestion of bankruptcy in the Eviction Action causing a stay of the Eviction Action. As stated above, the Debtor is not a named defendant in the Eviction Action.

<u>Dismissal or Conversion Is Appropriate Under the Circumstances</u>

14.     Conversion or dismissal of Chapter 11 cases is governed by § 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

15.     The term "cause" is not defined by the Bankruptcy Code, but § 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal including, but not limited to,[1] the following:

>     (A)     Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

---

[1] The examples set forth in this subsection are meant to be nonexclusive.  *See, In re Arm Ventures, LLC,* 564 B.R. 77, 82 (Bankr. S.D. Fla. 2017).

4

(B)  Gross mismanagement of the estate;

(C)  Failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D)  Unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E)  Failure to comply with an order of the court;

(F)  Unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or by any rule applicable to the case under Chapter 11;

(G)  Failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H)  Failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I)  Failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J)  Failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K)  Failure to pay any fees or charges required under chapter 123 of title 28;

(L)  Revocation of an order of confirmation under section 1144;

(M)  Inability to effectuate substantial consummation of a confirmed plan;

(N)  Material default by the debtor with respect to a confirmed plan;

(O)  Termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P)  Failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

16.    In this case, the record supports a finding of cause, at a minimum, under §§ 1112(b)(4)(C), and (H).

17.    The Debtor failed to provide any of the Guideline documents to the United States Trustee. Pursuant to 11 U.S.C. § 1112(b)(4)(H), the failure to provide information requested by the United States Trustee is cause for conversion or dismissal.

18.    Since the Debtor failed to disclose personal information in the bankruptcy documents (all information seems to be related to A Plus), the United States Trustee cannot ascertain, what insurance coverage, if any, the Debtor must maintain to protect the estate.

Pursuant to 11 U.S.C. § 1112(b)(4)(C), failure to maintain appropriate insurance is cause for conversion or dismissal.

19.     The foregoing factors are indicative of the Debtor's inability to manage her affairs and effectively maneuver through the reorganization process. There appears an absence of a reasonable likelihood of rehabilitation and an unlikely ability to effectuate a plan, and therefore, it is in the best interest of creditors and the estate that this case be dismissed or converted.

WHEREFORE, the United States Trustee respectfully requests the entry of an order (a) dismissing or converting this case; (b) retaining jurisdiction to hear any matters with respect to Attorney Thomas Neusom's conduct and representation of the Debtor in this case, including without limitation, examination of any fees paid and future appearances before this Court; and (c) for such other and further relief as may seem just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: June 22, 2018                      Daniel M. McDermott
                                          United States Trustee Region 21


                                          By: /s/  Johanna P. Armengol
                                          Johanna P. Armengol, Trial Attorney
                                          Office of the United States Trustee
                                          51 S.W. First Avenue Suite 1204
                                          Miami, FL 33130
                                          Tel:  (305) 536-7285
                                          Fax:  (305) 536-7360
                                          johanna.armengol@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2018, a true and correct copy of the foregoing was served to the following, electronically through CM/ECF, on parties having appeared electronically in the instant matter:

- Thomas G Neusom     tgnoffice34@gmail.com
- Peter D. Russin     prussin@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Howard S Toland     htoland@mitrani.com

and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically:

(no manual recipients)

/s/ *Johanna P. Armengol*
    Johanna P. Armengol

7



**ORDERED in the Southern District of Florida on June 28, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    CASE NO. 18-15825-AJC

NUBIA MARCELLA PEREZ,                                     Chapter 11

      Debtor.

_____/

**OMNIBUS ORDER ON (1) LANDLORD'S MOTION TO DISMISS CHAPTER 11
BANKRUPTCY PETITION FOR BAD FAITH AND FRAUD ON THE COURT AND FOR
RELIEF FROM THE AUTOMATIC STAY, (2) UNITED STATES TRUSTEE'S MOTION
TO DISMISS OR CONVERT CASE, (3) DEBTOR'S MOTION TO DISMISS BANKRUPTCY
CASE, AND (4) LANDLORD'S MOTION FOR SANCTIONS PURSUANT TO
BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

**THIS MATTER** came before the Court on June 27, 2018 at 11:00 a.m. upon (1) Brian Holland

and Andrea Holland also known as Brian Holland 5561 Rent Account ("***Landlord***") Motion to Dismiss

the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the

Automatic Stay [ECF 24]; (2) United States Trustee's ("***US Trustee***") Motion to Dismiss or Convert the

Case [ECF 46]; (3) Debtor's Motion to Dismiss Bankruptcy [ECF 49]; and (4) Landlord's Motion for

Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25]. The Court having heard

argument from counsel, reviewed the motions, and having been duly advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1. The motions to dismiss [ECF 24 ,46, and 49] filed by Landlord, Trustee, and Debtor are **GRANTED**, and the Bankruptcy Petition is **DISMISSED WITH PREJUDICE** as to the filing of any bankruptcy petition in any federal bankruptcy court in the United States of America by the above-named Debtor for 180 days from entry of this Order.

2. The motion for relief from stay [ECF 26] is **DENIED AS MOOT**.

3. The Debtor's *Emergency Motion for Order to Release Garnished Funds to Debtor* [ECF 42] is accordingly **DENIED AS MOOT,** and the hearing scheduled thereon is cancelled.

4. The Debtor shall file any pending Monthly Operating Reports within fourteen (14) days of the entry of this Order and simultaneously pay the United States Trustee any unpaid sum due pursuant to 28 U.S.C. Section 1930(a)(6).

5. The Debtor shall pay the Bankruptcy Clerk of the Court any outstanding fees, costs and charges in connection with this case within fourteen (14) days of the entry of this Order.

6. All rights regarding sanctions and bad faith conduct are reserved. The Court will conduct an evidentiary hearing on Landlord's Motion for Sanctions pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF 25] on **July 27, 2018 at 2:00 p.m.** in Courtroom 7, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Miami, Florida.

7. Debtor and Landlord shall disclose all witnesses and exchange copies of all exhibits by July 16, 2018.

8. The U.S. Trustee may appear as an interested party and make arguments at the evidentiary hearing using any exhibit or witness that is disclosed by Debtor or Landlord. The U.S. Trustee is not required to prepare or distribute an independent witness or exhibit list.

9. This Court shall retain jurisdiction to enforce the provisions of this Order.

# # #

**Submitted By (and amended by the Court):**

Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Brian Holland and Andrea Holland*
200 South Biscayne Boulevard, Ste 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire, is directed to serve copies of this Order on all parties in interest and to file a
Certificate of Service.



**ORDERED in the Southern District of Florida on September 28, 2018.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 18-15825-ACJ

NUBIA MARCELLA PEREZ,                                     Chapter 11

       Debtors.
_____/

**ORDER DENYING DEBTOR'S MOTION TO CANCEL AND**
**RESCHEDULE THE 2 P.M. SEPTEMBER 28, 2018 HEARING**

    **THIS MATTER** came before the Court on September 24, 2018 at 11:00 a.m. on *Debtor's*

*Motion to Cancel and Reschedule the 2 p.m. September 28, 2018 Hearing* (**"*Motion*"**) [ECF No.

71]. The Court, having been advised of the issues and hearing the arguments of counsel, **ORDERS**

**AND ADJUDGES** as follows:

    1.    Debtor's Motion [D.E. 71] is Denied.

1

2.      The evidentiary hearing on Creditors Brian and Andrea Holland's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. §105 [ECF No. 25] shall take place as previously scheduled on **September 28, 2018 at 2:00 p.m.**

# # #

**Submitted By:**
Utibe I. Ikpe, Esquire
Florida Bar No. 90301
uikpe@melandrussin.com
Meland Russin and Budwick
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
T: 305.358.6363
F: 305.358.1221

**Copies furnished to:**
Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

**SEP 2 8 2018**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                           Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,                                            Chapter 11

          Debtors.
_____/

## EXHIBIT REGISTER

Exhibits Submitted on Behalf of:

[ ] Plaintiff     [ ] Defendant [ ] Debtor     **[X]** Other:

Date of Hearing/Trial:     September 28, 2018 at 2:00 p.m.

Type of Hearing/Trial:     Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011
                           and 11 U.S.C. § 105

Submitted by:              Brian Holland and Andrea Holland
                           c/o Peter D. Russin, Esq. *and*
                           Utibe I. Ikpe, Esq.
                           Meland Russin & Budwick, P.A.
                           200 South Biscayne Boulevard, Suite 3200
                           Miami, Florida 33131
                           Tel:   (305) 358-6363
                           Fax:   (305) 358-1221
                           Email: prussin@melandrussin.com
                                  uikpe@melandrussin.com

| Exhibit Number | Description | Admitted | Refused | Not Introduced |
|---|---|---|---|---|
| 1. | Complaint for Tenant Eviction dated 4-13-18 | ✓ | | |
| 2. | Motion for Order Directing Deposit of Rent Into Registry of Court, Pursuant to Section 83.232, Florida Statutes dated 4-13-18 | | | |
| 3. | Answer and Affirmative Defenses dated 4-24-18 | | | |

1

| Exhibit Number | Description | Admitted | Refused | Not Introduced |
|---|---|---|---|---|
| 4. | Affidavit of Non-Payment of Rent Dated 4-25-18 | | | |
| 5. | Order Setting Mediation entered on 5-7-18 | | | |
| 6. | Order Directing Deposit of Rent Into Registry of Court entered on 5-10-18 | ✓ | | |
| 7. | Order of Bankruptcy Stay and Closing Case entered on 5-15-17 | ✓ | | |
| 8. | Notice of Cancellation of Mediation scheduled on 5-15-18 dated 5-15-18 | ✓ | | |
| 9. | Memo of Disposition entered on 5-17-18 | | | |
| 10. | Omnibus Order on (1) Landlord's Motion to Dismiss Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay, (2) United States Trustee's Motion to Dismiss or Convert Case, (3) Debtor's Motion to Dismiss Bankruptcy Case, and (4) Landlord's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 entered on 6-29-18 | | | |
| 11. | Motion for Entry of Default Final Judgment dated 7-2-18 | ✓ | | |
| 12. | Motion for Order to Disburse Monies from Court Registry dated 7-2-18 | | | |
| 13. | Order to Disburse Monies from Court Registry entered on 7-30-18 | | | |
| 14. | Order Granting Motion to Lift Bankruptcy Stay entered on 7-30-18 | ✓ | | |
| 15. | Default Final Judgment for Removal of Tenant entered on 7-30-18 | | | |
| 16. | Memo of Disposition entered on 7-30-18 | | | |
| 17. | Writ of Possession dated 7-31-18 | ✓ | | |
| 18. | Condensed Transcript of 341 Meeting of Creditors held on 6-20-18 | ✓ | | |
| 19. | Sunbiz search results for A Plus Lamination & Finishing, Inc. | ✓ | | |
| 20. | Lease Ledger dated 6-11-18 | | | |

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

| Exhibit Number | Description | Admitted | Refused | Not Introduced |
|---|---|---|---|---|
| 21. | Business Lease between Brian Holland and Andrea Holland a.k.a. Brian Holland 5561 Rent Account and A Plus Lamination & Finishing, Inc. dated 8-1-17 | ✓ | | |
| 22. | MRB's Invoices | ✓ | | |
| 23. | Business Lease between Brian Holland and Andrea Holland and American Spice Trading Co., Inc. dated 7-1-18 | ✓ | | |
| 24. | Business Lease between Brian Holland and Andrea Holland and American Spice Trading Co., Inc. dated 9-1-18 | ✓ | | |
| 25. | Joseph R. Colletti, Esq.'s Notes dated 5-15-18 | ✓ | | |
| 26. | APlus Lamination and Finishing, Inc.'s E-mail Advertisement | | ✓ | |
| 27. | APlus Lamination and Finishing, Inc.'s Contact Us Page | | | |
| 28. | APlus Lamination and Finishing, Inc.'s About Us Page | | | |
| 22 A | Supplemental | ✓ | | |

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363



**ORDERED in the Southern District of Florida on November 21, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

                                     CASE NO. 18-15825-BKC-AJC

NUBIA M. PEREZ,

      Debtor.

_____/

### ORDER GRANTING MOTION TO VACATE DISMISSAL OF APPEAL AND DENYING REQUEST FOR STAY

    **THIS CAUSE** came before the Court upon the "Appellant Thomas Neusom's Motion to Vacate the Dismissal of his Appeal 18-CV-24463-FAM and Request for Stay" filed November 13, 2018 (ECF 118). The Court has reviewed the motion and the *Landlord's Response in Opposition to Neusom's Motion to Vacate Dismissal of the Appeal and Grant Stay* (ECF 121). The Court agrees with the Landlord, that movant has failed to timely and properly pursue its appellate remedies, and has stated no entitlement to the benefit of the mailbox rule or any such other procedural rules. Notwithstanding, to afford the movant every opportunity to proceed with the appeal on the merits, the Court will, in its discretion, grant the motion to vacate the dismissal

of the appeal and allow the appeal to proceed in due course.  However, the Court finds no basis

to grant a stay, as previously stated in its prior Order (ECF 114) denying movant's other request

for a stay.  It is

      **ORDERED** that "Appellant Thomas Neusom's Motion to Vacate the Dismissal of his

Appeal 18-CV-24463-FAM and Request for Stay" filed November 13, 2018 (ECF 118) is

GRANTED IN PART and the *Order Dismissing Bankruptcy Appeal* entered November 8, 2018

is VACATED and the appeal shall proceed in due course.  All further relief requested, including

the request for a stay pending appeal, is DENIED.

###

Copies furnished to:

Debtor
Thomas Neusom, Esq.
Peter Russin, Esq.
AUST

1

2  IN THE BANKRUTCY APPELLATE COURT OF THE SOUTHERN DISTRICT OF

3  FLORIDA

4

5  DEBTOR

6  NUJBIA MAR ELLA PEREZ.

7

8

9

10

11

12

13

**CASE NO: 18-15825**

**APPELLATE CASE NO.**

**18-CV-24463-FAM**

**MOTION TO VACATE OR AMEND THE OCTOBER 4, 2018 FINDINGS OF FACT AND CONCLUSIONS OF LAW; OR FOR A STAY AND RECUSAL OF JUDGE A. JAY CRISTOL**

14

15  **COMES NOW,** Attorney Thomas Neuom requesting that Judge Cristol amend or vacate the
16  Findings Of Fact And Conclusions of Law Pursuant to Rule 60 or if Jurisdiction under 60 is
17  laking Rule 8008, or recuse himself from this case and enter a stay in the case until a new Judge
   is brought in during the pendency of the Appeal.

18

19  # **Rule 8008. Indicative Rulings**

20  (a) Relief Pending Appeal. If a party files a timely motion in the bankruptcy court
21  for relief that the court lacks authority to grant because of an appeal that has been
   docketed and is pending, the bankruptcy court may:

22      (1) defer considering the motion;

23      (2) deny the motion; or

24      (3) state that the court would grant the motion if the court where the appeal is
   pending remands for that purpose, or state that the motion raises a substantial
25  issue.

26

27                                          1

28

1   (b) Notice to the Court Where the Appeal Is Pending. The movant must promptly
notify the clerk of the court where the appeal is pending if the bankruptcy court
2   states that it would grant the motion or that the motion raises a substantial issue.

3

4   (c) Remand After an Indicative Ruling. If the bankruptcy court states that it would
grant the motion or that the motion raises a substantial issue, the district court or
5   BAP may remand for further proceedings, but it retains jurisdiction unless it
expressly dismisses the appeal. If the district court or BAP remands but retains
6   jurisdiction, the parties must promptly notify the clerk of that court when the
bankruptcy court has decided the motion on remand.

7

8

9   **A. REQUEST FOR RECUSAL**

10

11   At this point, Judge Cristol must recuse himself due to being disqualified due to being
sued and served by Plaintiff/Appellant Thomas Neusom. The case number of the suit against
12   Judge A. Jay Cristol and other Defendants is 1:18CV24517. Neusom waives disqualification for
the limited purpose of Judge Cristol considering the relief requested in this motion.

13

14   Neusom has received an email from the United States Attorney's Office which has raised issues
regarding service.  The email states:

15
On Wed, Dec 12, 2018 at 1:48 PM Erickson-Pogorzelski, Anthony (USAFLS)
16   <Anthony.Pogorzelski@usdoj.gov> wrote:

17   Mr. Neusom,

18   I have been assigned to the above captioned case.  I have no record of service upon my office
19   yet.  If you have perfected service pursuant to Rule 4(i) of the Federal Rules of Civil Procedure,
please forward proof of service to me.  If service has not been perfected pursuant to Rule 4(i),
20   please ensure that service is proper under the Federal Rules of Civil Procedure.

21   Please note that pursuant to Rule 12(a)(2) the United States takes the position that a response is
22   only due 60 days after service upon the US Attorney's Office.

23   Anthony Erickson-Pogorzelski
Assistant United States Attorney
24   99 N.E. 4th Street
Miami, FL 33132-2111
25   (305) 961-9296

26

27

28

2

1

2  The Court will have to make the decision on how it wants to rule under the circumstances. Due to service and other issues the Court can likely rule on this motion.

3

4  # Rule 5004. Disqualification

5  **(a) Disqualification of Judge.** A bankruptcy judge shall be governed by 28 U.S.C. §455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or,

6  if appropriate, shall be disqualified from presiding over the case.

**(b) Disqualification of Judge from Allowing Compensation.** A bankruptcy judge shall be disqualified

7  from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation.

8  ## 8 U.S. Code § 455 - Disqualification of justice,

9  ## judge, or magistrate judge

- US Code
10  - Notes

prev | next
11  **(a)**

12  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

13  **(b)** He shall also disqualify himself in the following circumstances:
**(1)**

14  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

15  **(2)**

16  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a

17  lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

18  **(3)**

Where he has served in governmental employment and in such capacity
19  participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

20  **(4)**

21  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in

22  controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

23  **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

24  **(i)**

25  Is a party to the proceeding, or an officer, director, or trustee of a party;
**(ii)**

26  Is acting as a lawyer in the proceeding;
**(iii)**

27

3

28

1   Is known by the judge to have an interest that could be substantially affected by
2   the outcome of the proceeding;
    **(iv)**
3   Is to the judge's knowledge likely to be a material witness in the proceeding.

4   Judge Cristol is also disqualified due to showing Bias and unfairness in the case against
5   Thomas Neusom. But despite this, Neusom hopes that this case can be resolved in a fair manner.

6   New information has been discovered after a careful review of the hearing CD and the
    applicability of previously unused legal doctrines necessitates that the November 4, 2018
7   Findings Of Fact And Conclusions Of Law be Amended or Vacated.

8

9   **B.   THE FINDINGS SHOULD BE AMENDED OR VACATED AS REQUESTED UNDER THE OPEN
         AND OBVIOUS RULES AND DOCTRINES**
10

11  The Court imposed liability against Neusom for what he allegedly told Colletti, but if one
    analyzes this case in light of the Open and Obvious doctrine, it is clear that Colletti should
12  receive no Judgment or sympathy from the Court. The lease was likely dispositive in
13  regards to whether the Stay should have been imposed or not and Colletti had the lease and
    Neusom did not when he spoke to Colletti,  so for Colletti to put in the stay under these
14  circumstances it was clearly his error that he should not have made and trying to blame
    someone else for it should not be remedied the way it was by the Court, and the Findings
15  should be Amended or vacated.

16

17  The Open and Obvious doctrine is a defense used mostly in Premise liability cases but it is applicable
    in this case in this motion as well..
18

19  The general rule is that a premises possessor owes a duty to an invitee to exercise reasonable care to
    protect the invitee from any unreasonable risk of harm caused by a dangerous condition on the land.
20  The open and obvious doctrine is a major exception to this general rule. According to the doctrine an
    invitor is protected from liability if the danger is an open and obvious one. The foundation for this
21  rule is that the open and obvious nature of the dangerous situation serves as a warning to the invitee
    and the person is expected to recognize the potential danger and to protect himself against it.
22  However the present position is that if the special aspects of a condition make even an open and
    obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable
23  precautions to protect invitees from that risk.

24  The test to determine if a danger is open and obvious is whether "an average user with ordinary
    intelligence would have been able to discover the danger and the risk presented upon casual
25  inspection." Because the test is objective, this Court "looks not to whether plaintiff should have
    known that the condition was hazardous, but to whether a reasonable person in his position would
26  foresee the danger. [ BAILLIE v. DIETZ ORG., 2003 Mich. App. LEXIS 3021, 4-5 (Mich. Ct. App.
27  2003)]

28                                                    4

1  In Michigan, the open and obvious doctrine was initially based on Restatement of torts. According to
   Restat 2d of Torts, § 343A, a premises possessor is not liable to the invitees for harm caused by
2  known or obvious dangers unless the possessor anticipates that harm despite the knowledge and
   obviousness. A possessor when he anticipates the harm should warn or protect an invitee against
3  open and obvious dangerous conditions.

4  However Michigan Supreme Court in Lugo v. Ameritech Corp., 464 Mich. 512, 516 (Mich. 2001)
   replaced the Restatement approach with special aspects analysis which stated that : The general rule
5  is that a premises possessor is not required to protect an invitee from open and obvious dangers.
   However if the special aspects of a condition make even an open and obvious risk unreasonably
6  dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees
   from that risk. A special aspect exists when the danger although open and obvious is unavoidable or
7  imposes a "uniquely high likelihood of harm or severity of harm" [ Lugo v. Ameritech Corp., 464
8  Mich. 512, 518 (Mich. 2001)]

9  This principle was reiterated by the Supreme Court in Mann v. Shusteric Enters., 470 Mich. 320,
   328-329 (Mich. 2004) wherein the court added that in order determine whether a condition is "open
10 and obvious," or whether there are "special aspects" that render even an "open and obvious"
   condition "unreasonably dangerous," the fact-finder must utilize an objective standard, i.e., a
11 reasonably prudent person standard.

12 This is mainly applied in negligent cases as a defense in slip-trip-and-fall case.

13

14 The importance of the open and obvious doctrine cannot be understated in this case.

15 The eviction Judge, Judge Boker, never granted sanctions for the entry of the stay.  The
16 Bankruptcy Court granted the sanction and the only basis for this is Coletti's claim that
   Neusom lied to him according to the Findings Of Fact And Conclusions Of Law.  But if one
17 analyzes this situation it is clear that the Open And Obvious doctrine and the Florida Rules
   of Professional Responsibility show  the current Findings and the Conclusion reached is
18 incorrect and should be Amended or Vacated.

19 **4-1.  CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must
20 provide competent representation to a client.  Competent representation requires the legal
   knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
21 Comment Legal knowledge and skill In determining whether a lawyer employs the requisite
   knowledge and skill in a particular matter, relevant factors include the relative complexity and
22 specialized nature of the matter, the lawyer's general experience, the lawyer's training and
   experience in the field in question, the preparation and study the lawyer is able to give the
23 matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of
   established competence in the field in question.  In many instances the required proficiency is
24 that of a general practitioner.  Expertise in a particular field of law may be required in some
25 circumstances. A lawyer need not necessarily have special training or prior experience to handle
   legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as
26 competent as a practitioner with long experience.  Some important legal skills, such as the
27 analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal

28

5

1   problems. Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized
2   knowledge. A lawyer can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of a
3   lawyer of established competence in the field in question. Competent representation may also involve the association or retention of a non-lawyer advisor of established technological
4   competence in the field in question. Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic
5   transmissions and communications. In an emergency a lawyer may give advice or assistance in a
6   matter in which the lawyer does not have the skill ordinarily required where referral to or consultation or association with another lawyer would be impractical. Even in an emergency,
7   however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest. A lawyer may
8   accept representation where the requisite level of competence can be achieved by reasonable
9   preparation. This applies as well to a lawyer who is appointed as counsel for an unrepresented person. See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular
10  matter includes inquiry into and analysis of the factual and legal elements of the problem, and
11  use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at
12  stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence. The lawyer should consult with the client about
13  the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances. Maintaining competence To maintain the requisite knowledge
14  and skill, a lawyer should keep abreast of changes in the law and its practice, engage in
15  continuing study and education, including an understanding of the benefits and risks associated with the use of technology, and comply with all continuing legal education requirements to
16  which the lawyer is subject.
    Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September
17  29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.
    RRTFB September 17, 2018
18

19  There was no lie to Coletti. He just did not understand the distinction and ramifications between a personal bankruptcy and a business bankruptcy and the effect of the lease.
20  Coletti admitted he did not understand Bankruptcy Law so he was incompetent to testify in
21  regards to the hearsay settlement telephone call and what it meant. Either way he violated the Rules of Professional Responsibility when he acted and the Court should acknowledge
22  that Coletti at least shares in the blame for the stay.

23  And I was told that the eviction attorney thought the Stay did not violate the rent registry
24  Order and the eviction Court Judge Boker granted no sanction or anything for imposing the Stay. So isn't this an indication that Judge Cristol should not impose a sanction for the Stay.
25  I believe it is and request the Court to so hold.

26

27
                                              6
28

1

2   **C. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE LOGICALLY AND LEGALLY**
    **INCONSISTENT AND OMITS MATERIAL INFORMATION AND IS A MISREPRESENTATION**
3   **AGAINST PLAINTIFF/APPELLANT NEUSOM**

4

5   I believe this motion is important and I want to do all I can to quickly resolve this
    unfortunate situation.  I do not want to spend years litigating this sanction motion and the
6   Findings Of Fact And Conclusions Of Law, but under the current circumstances I must
    litigate for the truth and justice to be done.

7

8   This motion may give us a final chance to resolve this case equitably and fairly and I hope it
    is utilized to its full potential.

9

10  One of my concerns is that the Findings claim that Neusom lied to Colletti.  This is a
    Conclusion with no factual basis beyond the testimony of Colletti who admitted who has
    little vor no knowledge of Bankruptcy and violated the Florida Rules Of Professional
11  Responsibility when he acted and this was proven when he admitted he did additional
    research, hired outside Counsel and then changed his mind about what he had done.
12

13  Neusom forced him to do nothing.  To claim that a phone call by Neusom forced him to do
    anything defies reason, is a lie and an obvious misrepresentation.  It will not stand on
14  Appeal so this is good reason to vacate or amend the Findings now.  There is no good
    reason to force Plaintiff/appellant Neusom to have to litigate this and file Complaints with
15  the EEOC and Justice Department.  Let's be sensible and resolve this now by vacating or
    appropriately amending the Findings.
16

17  If Amendment is chosen any claim that Neusom lied to Colletti must be removed.

18
    This is one area where the Open And Obvious doctrine is so important. Colletti had the
19  eviction information and he should have understood the way in which the lease would
    impact the applicability of the stay.  If he did not know the Rules say he should have sought
20  advice.  The rules do not say act incompetently without seeking advice and then try to
    blame others after changing your mind as Colletti has done.
21

22  At most, Colletti misunderstood what he was told or was mistaken.  He was never lied to
    and a finding that Neusom lied could have consequences that seriously hurt him.  This is a
23  very important issue to me because my livelihood is at stake due to the Court's erroneous
    findings and conclusions and Colletti's unsubstantiated self serving hearsay testimony.
24

25  The One year Enjoining from Bankruptcy Practice is unfair and unwarranted when one
    looks at this case. It has also been financially detrimental.
26

27
                                              7
28

1

Rather than enjoin one year an acceptable Amendment would be to require that Neusom

2 complete the MCLE Order within one year, and if it is not completed within one year he is enjoined from Bankruptcy practice until it is completed.  While Vacating of the Order is

3 preferred Neusom is willing to compromise in order to get the Courts granting of this meritorious and important motion.

4

5 The calculation of damages in the Findings Of Fact And Conclusions Of Law is legally unsupportable.  In the findings it states Neusom is liable to Landlord in the total amount of

6 $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent.

7

8 In the Findings it also says A Plus had a one year lease term which ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly

9 rent plus sales tax and fees to lease the Property. A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent

10 payments.

11

12 Making Neusom liable for lost rent has no legal basis when APlus was a tenant in the building and their tenancy was said to be the reason the new tenant could not move in.  In

13 addition, the Landlord's Office Manager testified that they had obtained a Writ Of Possession and chose to give A Plus additional time to move.  The lost rent of $9,256.00 had

14 nothing to do with Neusom and he cannot be legally charged for it.

15 There is no legal basis to charge Neusom $2,000 for legal fees to Colletti. Colletti was landlords eviction Counsel and he rendered no legal services to Neusom.  I cannot and will

16 not advise Landlord and his attorney's on how to proceed, but this charge to Neusom for Colletti's legal fees is clearly erroneous and they have other options to obtain their fees.

17

18 Charging Neusom $20,000 to MRB for legal fees is clearly erfroneous and should be vacated.  The only thing MRB did is prepare a Motion For Sanctions and attend three one to

19 three hour hearings.  A $20,000 bill for that is clearly padded and inflated.

20

21 In addition, there is no legal basis to hold Neusom liable for a $20,000 legal bill that Colletti created, not Neusom.

22 It is clear, and is admitted by Colletti that he sought legal assistance after he had put in

23 the stay.  Therefore, it is clear that Colletti could have sought legal assistance before he put in the stay.   This shows that all of this is Colletti's fault for not following the Rule 4.1 of

24 Professional Responsibility.

25 In addition, the handling of the litigation after legal assistance was sought by MRB is

26 abysmal.  Rather than promptly go to the eviction court and withdraw the stay, Landlord chose to go to the Bankruptcy Court and it took three months for the stay to be lifted and

27 this is not the fault of Neusom.  The Bankruptcy Court could have lifted the stay sooner,

28

8

1  Colletti could have filed for Rehearing under 105 to have the stay voided in a few days.
2  There were numerous options available that could have avoided the time delay which led to a claimed $30,000 bill.  Neusom feels set up, flim flamed and defrauded in regards to the motion for Sanctions and its adjudication.
3

4

5  The case law cited in Holland's own Sanctions motion gives guidance on what an appropriate

6  sanction is.

7
   In Re Douglas, 141 B.R. 252 (Bankr. N.D. Ga. 1992)
8
   United States Bankruptcy Court, N.D. Georgia
9
   **Filed:** March 20th, 1992
10 **Precedential Status:** Precedential
   **Citations:** 141 B.R. 252
11 **Docket Number:** Bankruptcy No. A91-64357-SWC
12 **Judges:** Stacey W. Cotton

13 When granting sanctions in the Douglas case the court concluded by stating:

14 "In its motion, California Federal seeks attorney's fees and expenses incurred in preparing and
15   presenting the emergency motion to dismiss debtor's Chapter 13 case and its motion for
     sanctions. Bankruptcy Rule 9011 authorizes the court to impose ". . . an appropriate sanction,
16   which may include an order to pay to the other party or parties the amount of the reasonable
     expenses incurred because of the filing of the document, including a reasonable attorney's fee."
17   Fed.R.Bankr.P. 9011. Sanctions may include the reasonable expenses of pursuing the Rule 11
18   claim. *Mike Ousley Prod. Inc.,* 952 F.2d at 383-84. Counsel for California Federal has filed an
     affidavit setting forth an itemization of the services rendered and expenses incurred in preparing
19   the motions to dismiss and for sanctions. This affidavit states that California Federal incurred
     $1,630.25 in fees and expenses. Having examined the itemization of services and expenses, the
20   court finds and concludes that the hourly rates charged are within the range of hourly rates
     charged by attorneys and paraprofessionals of comparable skill, experience and reputation. The
21 services rendered were reasonable and necessary in the filing and prosecution of these motions in
22 response to this abusive and improper serial bankruptcy filing. Accordingly, California Federal's
     motion for sanctions is granted. The court imposes sanctions upon debtor's counsel, Milton D.
23 Jones, for California Federal's attorney's fees and expenses in the sum of $1,630.25." **141 B.R.**
24                                          **252 (1992)**

25

26

27
                                              9
28

1    <u>In re Harold DOUGLAS, Debtor. CALIFORNIA FEDERAL BANK, FSB, Movant,</u>
     <u>v. Harold DOUGLAS, Respondent. Bankruptcy No. A91-64357-SWC. **United States**</u>
2    **Bankruptcy Court, N.D. Georgia, Atlanta Division.** March 20, 1992.

3

4
     In Re Morgan, 85 B.R. 622 (Bankr. M.D. Fla. 1987)
5

6    United States Bankruptcy Court, M.D. Florida

     **Filed:** October 26th, 1987
7    **Precedential Status:** Precedential
     **Citations:** 85 B.R. 622
8    **Docket Number:** Bankruptcy No. 87-4663
     **Judges:** Alexander L. Paskay
9

10   107. When granting sanctions in the Morgan case, the Court concluded by stating:

11

12   "Clearly, it was not the intent of Congress to allow Debtors to file Chapter 7 Petitions for the
     singular purpose of delaying the inevitable conclusion of foreclosure. As it is admitted by the
13   Debtor's counsel that the sole purpose for filing the Debtor's petition was to prevent and delay
     the foreclosure sale by C & S, this Court is satisfied that sanctions in the amount of $1,000.00
14   should be imposed jointly and severally against the Debtor and her attorney, Michael Steinberg,
15   to compensate for attorney fees incurred in connection with the aborted foreclosure sale.

16   It should be noted, however, that the imposition of these sanctions should be conditioned upon
     the occurrence of a proposed sale of the property in dispute, as in the event the property is sold,
17   C & S will receive compensation for attorney fees incurred by means of the sale proceeds.

18   Accordingly, it is

19   ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Debtor and
     Debtor's Counsel be, and the same is hereby, granted, and Janet Morgan and Michael Steinberg
20   are hereby directed to pay C & S $1,000.00 in the event the proposed sale of the Debtor's
     property does not occur. It is further

21   ORDERED, ADJUDGED AND DECREED that in the event the proposed sale does not occur, C
22   & S may seek an Order by this Court directing Janet Morgan and Michael Steinberg to make
     payment in the amount of $1,000.00 as sanctions."**85 B.R. 622 (1987)** In re Janet K. MORGAN,
23   Debtor. Bankruptcy No. 87-4663. **United States Bankruptcy Court, M.D. Florida, Tampa
     Division.** October 26, 1987.
24

25

26

27
                                         10
28

1   In Re McBride Estates, Ltd., 154 B.R. 339 (Bankr. N.D. Fla. 1993)

2   United States Bankruptcy Court, N.D. Florida

3   **Filed:** March 26th, 1993
    **Precedential Status:** Precedential

4   **Citations:** 154 B.R. 339

5   **Docket Number:** Bankruptcy No. 92-07497
    **Judges:** Lewis M. Killian, Jr.

6

7

8   108. When granting sanctions in In Re Mcbride the Court concluded by stating:

9   "Based on the foregoing findings, we find that the filing of the Chapter 11 petition by McBride

10  and its resistance to Barnett's motion for relief from the stay were done for an improper purpose,
    that is the unnecessary delay in the completion of the foreclosure sale by Barnett Bank, and that

11  such petition and opposition were not well grounded in fact or warranted by existing law or good
    faith argument for the extension, modification, or reversal of existing law. B.R. 9011. The costs

12  incurred by Barnett as a result of the actions of McBride Estates and its attorney in filing the

13  petition for relief under Chapter 11 and resisting the motion for relief from stay are as follows:

    1) $1,440.88 publication costs for foreclosure sale.
14

15  2) $190.00 paralegal expenses preparing for foreclosure sale.

16  3) $2,340.50 attorney's fees in connection with the motion for relief from stay.

17  *344 4) $60.00 filing fee for motion for relief from stay.

18  5) $500 attorney's fees in connection with the motion for sanctions.

19
    Total $4,531.38.
20

21  **154 B.R. B339 (1993)** In re McBRIDE ESTATES, LTD. Debtor. Bankruptcy No. 92-07497.
    **United States Bankruptcy Court, N.D. Florida, Tallahassee Division.** March 26, 1993.

22

23  The In In Re Mcbride the sanction was $2,840.00.

24
    109 A review of the three of Holland's own cited cases shows that an appropriate sanction ranges
25  from One Thousand Dollars ($1,000.00) to Two Thousand Eight Hundred Dollars Forty Dollars.

26  ($2,840.00).  Neusom was sanctioned for over Thirty Thousand Dollars ($30,000.00), and the

27  bulk of it was for things that took place in an eviction case that Cristol really doesn't even have

28                                                    11

1 of 114

1  authority over due to the Colorado River and other Abstention Doctrines and the fact that State

2  and Federal Court's are separate and distinct.  Neusom never filed a Notice of Appearance or

   filed anything in the eviction case he is being sanctioned for by Judge Cristol.   This is clearly

3  Unconstitutional and illegal.

4

5  **D.  NEUSOM MADE NUMEROUS EVIDENTIARY OBJECTIONS THAT WERE WRONFULLY DENIED**

6

7  Neusom made numerous evidentiary objections during the hearings.  The Objections were
   denied and at one point Judge Cristol stated it's a matter of credibility.  I believe him and

8  not you referring to Colletti.  Why was Colletti more credible than Neusom?  I have my
   opinion, but I believe the better course is for us to be reasonable and vacate or amend the

9  Order and bring the Perez matter and all its litigation to an end.

10

                                   **CONCLUSION**

11

12  Mr. Russin told me that he believed I have been responding and dealing with this situation

13  in the wrong way.  He said if I would be apologetic and stop fighting the claims against me it
    would have turned out better for me.

14

    In that regard I want to apologize to the court if it feels I have mishandled the Bankruptcy.
15  Any mishandling was unintentional and the case law and rules show that Coletti should be
    held responsible for the things that he did. The Case law also shows that the sanctions
16  against me are excessive and not in line with case law and the applicable rules.

17

    Your ruling in regards to the claims against Nubia Perez and Vacating the Dismissal of the
18  stay were correct and that has been noted by my Office.  So please take the appropriate

19  next step and Vacate or Amend the Findings Of Fact And Conclusions Of Law.

20  I would be willing to accept a Two Thousand Dollar  ($2,000) Sanction and an order to
    complete the MCLE Order within One year if my right to currently practice Bankruptcy Law
21  is reinstated. This is needed because I have two pending cases that were affected by the

22  enjoining of my Bankruptcy practice.

23

    I worked extremely hard to be able to Practice and I have never intentionally acted in a
24  malicious or unethical way.  At most the issues that arose were mistakes and

25  misunderstandings and I believe the Court knows this is true.  Please Vacate or Amend the
    Findings Of Fact And Conclusions Of Law as requested by Neusom and the lawsuit, Appeal
26  and everything else can be dismissed and the parties can move forward in a positive and
    constructive way.

27
                                        12
28

1

2

3    WHEREFORE, Neusom prays that the Court:

4    1. Vacate the Findings Of Fact And Conclusions Of Law entered October 4, 2018, or
     2. Amend The Findings Of Fact And Conclusions of Law, or
5    3. Stay The Findings And Conclusions Order and Recuse Judge Cristol from the Perez
        Bankruptcy case.
6

7

8    Dated:  December 13, 2018:

9

10

11   By:/s/Thomas Neusom
     Attorney For Debtor
12   Bar No. 003717
     (954)200-3536
13   4737 N. Ocean Drive, #129
     Fort Lauderdale, FL 33308
14   Email: tgnoffice35@gmail.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                            CERTIFICATE OF SERVICE

4    I HEREBY CERTIFY that a true and correct copy of the foregoing
5    **MOTION TO VACATE OR AMEND THE FINDIINGS OF FACT AND CONCLUSIONS
     OF LAW; OR FOR A STAY AND RECUSAL OF JUDGE A. JAY CRISTOL**
6
7     was furnished by email to the following on December 13, 2018, to the parties on the efiling
     portal service list by email by Court Clerk.

8

9

10                                        By:/s/Thomas Neusom
11                                        Bar No. 0037174
                                          Phone; (954)200-3536
12                                        4737 N. Ocean Drive, #129
13                                        Fort Lauderdale, FL 33308
                                          Email: tgnoffice35@gmail.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                          14
28

1

2    IN THE BANKRUTCY APPELLATE COURT OF THE SOUTHERN DISTRICT OF

3                                         FLORIDA

4

5    DEBTOR

6    NUJBIA MAR ELLA PEREZ.                          **APPELLATE CASE NO.**

7                                                    **18-CV-24463-FAM**

8                                                    **Bankruptcy Court**

9                                                    **CASE NO: 18-15825**

10

11                                                   **APPELLANT THOMAS NEUSOM'S**
                                                     **MOTION FOR REHEARNG OF THE**
12                                                   **DENIAL OF THE EMERGENCY**
                                                     **MOTION FOR STAY DURING**
13                                                   **PENDENCY OF THE APPEAL**
                                                     **TO THE BAN KRUPTCY APPELLATE**
14                                                   **PANEL**

15

16                                                   HEARING:
                                                     DATE
17                                                   TIME
                                                     PLACE
18

19   **MOTION FOR STAY DURING PENDENCY OF THE APPEAL TO THE**

20   **BANKRUPTCY APPELLATE PANEL**

21

22       **1.   COMES NOW,** Appellant Thomas Neusom requesting that the Bankruptcy Appellate

23   Panel grant a rehearing of the Judge Moreno denial of his motion to grant a stay of the Findings

24   Of Fact And Conclusions Of Law in the Bankruptcy Court in Case No. 18-15825 during the

25   pendency of the Appeal with Case No. 18-CV-24463-FAM pursuant to Rule 40 of the Federal

26   Rules Of Appellate Procedure.

27

28                                               1

1

2

3

4
2.The relevant part of Bankruptcy Rule of 8007 states:

5
3.

6
# **Rule 8007. Stay Pending Appeal; Bonds;**

7
# **Suspension of Proceedings**

8
(a) Initial Motion in the Bankruptcy Court.

9
(1) *In General*. Ordinarily, a party must move first in the bankruptcy court for the following relief:

10

11
(A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

12
(B) the approval of a supersedeas bond;

13
(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

14
(D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

15

16

17
(2) *Time to File*. The motion may be made either before or after the notice of appeal is filed.

18

19
(b) Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.

20
(1) *Request for Relief*. A motion for the relief specified in subdivision (a)(1)—or

21
to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.

22
(2) *Showing or Statement Required*. The motion must:

23
(A) show that moving first in the bankruptcy court would be impracticable; or

24
(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out

25
any reasons given for the ruling.

26

27
(3) *Additional Content*. The motion must also include:

28

2

1    (A) the reasons for granting the relief requested and the facts relied upon;

2    (B) affidavits or other sworn statements supporting facts subject to dispute; and

3    (C) relevant parts of the record.

4

5    (4) *Serving Notice*. The movant must give reasonable notice of the motion to all parties.

6

7    (e) Continuation of Proceedings in the Bankruptcy Court. Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:

8

9    (1) suspend or order the continuation of other proceedings in the case; or

10    (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

11    (Added Apr. 25, 2014, eff. Dec. 1, 2014.)

12    *PRIOR RULE*

13    A prior Rule 8007, Apr. 25, 1983, eff. Aug. 1, 1983, as amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991, related to completion and transmission of the record and docketing of the appeal, prior to revision of Part VIII, Apr. 25, 2014, eff. Dec. 1, 2014.

14

15

16    4. Appellant Thomas Neusom is or was a Bankruptcy Attorney able to file in the Southern

17    District of Florida, and he has an application pending to file Bankruptcies in the Middle District

18    of Florida.

19

20    5. The subject of this Appeal is in regards to the personal Bankruptcy of Nubia Marcella Perez.

21

22    Some issues came up during the Bankruptcy where an eviction attorney named Joseph Colletti

23    misunderstood the situation and may have mistakenly put in a stay in an eviction of a business

24    owned by Perez called A Plus Lamination.  It was all Colletti's mistake because he had a copy of

25    the lease between the Landlord Holland and A Plus Lamination.

26

27

28

3

1   Colletti acted without the requisite knowledge and experience and did not consult with his own

2   Bankruptcy Counsel before he ac ted in violation of the Rules of Professional Responsibility.

3

4   **4-1. CLIENT-LAWYER RELATIONSHIP RULE 4-1.1 COMPETENCE** A lawyer must

5   provide competent representation to a client.  Competent representation requires the legal
knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

6   Comment Legal knowledge and skill In determining whether a lawyer employs the requisite
knowledge and skill in a particular matter, relevant factors include the relative complexity and

7   specialized nature of the matter, the lawyer's general experience, the lawyer's training and
experience in the field in question, the preparation and study the lawyer is able to give the

8   matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of

9   established competence in the field in question.  In many instances the required proficiency is
that of a general practitioner.  Expertise in a particular field of law may be required in some

10  circumstances.  A lawyer need not necessarily have special training or prior experience to handle
legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as

11  competent as a practitioner with long experience.  Some important legal skills, such as the

12  analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal
problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal

13  problems a situation may involve, a skill that necessarily transcends any particular specialized
knowledge.  A lawyer can provide adequate representation in a wholly novel field through

14  necessary study.  Competent representation can also be provided through the association of a

15  lawyer of established competence in the field in question. Competent representation may also
involve the association or retention of a non-lawyer advisor of established technological

16  competence in the field in question.  Competent representation also involves safeguarding
confidential information relating to the representation, including, but not limited to, electronic

17  transmissions and communications. In an emergency a lawyer may give advice or assistance in a

18  matter in which the lawyer does not have the skill ordinarily required where referral to or
consultation or association with another lawyer would be impractical.  Even in an emergency,

19  however, assistance should be limited to that reasonably necessary in the circumstances, for ill-
considered action under emergency conditions can jeopardize the client's interest. A lawyer may

20  accept representation where the requisite level of competence can be achieved by reasonable

21  preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented
person.  See also rule 4-6.2. Thoroughness and preparation Competent handling of a particular

22  matter includes inquiry into and analysis of the factual and legal elements of the problem, and
use of methods and procedures meeting the standards of competent practitioners.  It also includes

23  adequate preparation.  The required attention and preparation are determined in part by what is at
stake; major litigation and complex transactions ordinarily require more extensive treatment than

24  matters of lesser complexity and consequence.  The lawyer should consult with the client about

25  the degree of thoroughness and the level of preparation required as well as the estimated costs
involved under the circumstances. Maintaining competence To maintain the requisite knowledge

26  and skill, a lawyer should keep abreast of changes in the law and its practice, engage in

27  continuing study and education, including an understanding of the benefits and risks associated

28

4

1  with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.

2  Amended March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 29, 2016, effective January 1, 2017 (SC16-574), 200 So.3d 1225.

3  RRTFB September 17, 2018

4

5

6. Neusom filed the Perez Bankruptcy and was obtaining more information about the case when

6

7  he may have spoken to Colletti about it in order to obtain case documentation such as the Lease

8  which Perez and her company were unable to give him. The eviction Attorney for A Plus was

9  Alex Borell .

10

11  7. Based on the facts of the case Neusom believes he will be successful in reversing the Findings

12  of Fact and Conclusions of Law entered by Judge A. Jay Cristol on November 4, 2018 which is

13  currently being appealed.

14

15  8. The findings have had the effect of closing down The Law Office of Thomas G. Neusom's

16  Bankruptcy Practice while he has a current Chapter 11 Bankruptcy case pending in West Palm

17  Beach Florida for the BBlack Corporation. The Chapter 11 Bankruptcy Petition was filed on

18  October 1, 2018 with Case No. 18-23654.

19

20

21  9. The Law Office of Thomas G. Neusom is also in the process of filing a Chapter 7 Bankruptcy

22  case in the Middle District of Florida. Neusom has obtained membership in the Middle District

23  of Florida and has almost completed the bankruptcy training.

24

25

26

27

28

5

1

2 10. Neusom and his potential clients BBlack Corporation and Early Hope Transport Inc will

3 suffer irreparable harm and imminent injury if a stay and ultimate vacating of the Findings Of

4 Fact And Conclusions Of Law is not granted.

5

6 11. Schedules in the BBlack Bankruptcy Case are due on November 8, 2018 and due to the fact

7 that the filing entity is a corporation the Officers can not represent it. I have informed the

8 Officers of the Corporation about the Cristol order which went into effect of November 6, 2018

9 and I have advised them to obtain other Bankruptcy Counsel, but they were informed about
10
Neusom's issues with Cristol before the filing and they could not find a Bankrutpcy Attorney for
11
12 their Chapter 11 before or after the filing of their Petition.

13
12. It is critical that a stay of Judge Cristols Findings and Final Judgment be put in place or the
14
15 Offices BBlack Corporation and Early Hope Transport Inc clients in Saint Petersburg will be

16 hurt with the West Palm Beach clients likely facing conversion or dismissal of their case.

17

18

19

20

21

22

23

24

25

26 \

27

28

6

13. In Order to confirm what is stated by Appellant in this Motion for Stay, portions of one of the Orders in the BBlack Corporation Bankruptcy case follow:

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Adam, Lorraine entered on 11/1/2018 at 8:54 AM EDT and filed on 11/1/2018

**Case Name:**       B Black Corp

**Case Number:**     18-23654-MAM

**Document Number:** 2

**Docket Text:**
Notice of Incomplete Filings Due. [Deficiency Must be Cured by 11/8/2018]. List of Twenty Largest Unsecured Creditors Due: 11/8/2018.Corporate Ownership Statement due 11/8/2018.Chapter 11 Small Business Documents due by 11/8/2018. List of Equity Security Holders due 11/14/2018. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/14/2018. Schedule A/B due 11/14/2018. Schedule D due 11/14/2018. Schedule E/F due 11/14/2018. Schedule G due 11/14/2018. Schedule H due 11/14/2018.Statement of Financial Affairs Due 11/14/2018.Declaration Concerning Debtors Schedules Due: 11/14/2018. [Incomplete Filings due by 11/14/2018]. (Adam, Lorraine)

The following document(s) are associated with this transaction:

14. It is critical that a stay be entered and Thomas Neusom is entitled to a stay of the Findings Of fact And Conclusions Of Law Entered by Judge Cristol on October 4, 2018.

7

1

2    **A.  THE FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE LOGICALLY AND LEGALLY INCONSISTENT AND OMITS MATERIAL INFORMATION AND IS A MISREPRESENTATION**

3    **AGAINST PLAINTIFF/APPELLANT NEUSOM**

4

5    14. One of my concerns is that the Findings claim that Neusom lied to Colletti. This is a Conclusion with no factual basis beyond the testimony of Colletti who admitted who has

6    little or no knowledge of Bankruptcy and violated the Florida Rules Of Professional Responsibility when he acted and this was proven when he admitted he did additional

7    research, hired outside Counsel and then changed his mind about what he had done.

8

9    15. Neusom forced him to do nothing. To claim that a phone call by Neusom forced him to do anything defies reason, is a lie and an obvious misrepresentation. It will not stand on Appeal so this is good reason to vacate or amend the Findings now. There is no good

10   reason to force Plaintiff/appellant Neusom to have to litigate this and file Complaints with the EEOC and Justice Department.

11

12

13   16. This is one area where the Open And Obvious doctrine is so important. Colletti had the eviction information and he should have understood the way in which the lease would

14   impact the applicability of the stay. If he did not know the Rules say he should have sought advice. The rules do not say act incompetently without seeking advice and then try to

15   blame others after changing your mind as Colletti has done.

16   17. At most, Colletti misunderstood what he was told or was mistaken. He was never lied to and a finding that Neusom lied could have consequences that seriously hurt him. This is

17   a very important issue to me because my livelihood is at stake due to the Court's erroneous findings and conclusions and Colletti's unsubstantiated self serving hearsay testimony.

18

19   18. The One year Enjoining from Bankruptcy Practice is unfair and unwarranted when one looks at this case. It has also been financially detrimental.

20

21

22

23

24

25

26

27

28

1

2   19. The case law cited in Holland's own Sanctions motion gives guidance on what an appropriate

3   sanction is.

4

5   In Re Douglas, 141 B.R. 252 (Bankr. N.D. Ga. 1992)

6   United States Bankruptcy Court, N.D. Georgia
    **Filed:** March 20th, 1992
7   **Precedential Status:** Precedential
    **Citations:** 141 B.R. 252
8   **Docket Number:** Bankruptcy No. A91-64357-SWC
    **Judges:** Stacey W. Cotton
9

10  When granting sanctions in the Douglas case the court concluded by stating:

11  "In its motion, California Federal seeks attorney's fees and expenses incurred in preparing and
12     presenting the emergency motion to dismiss debtor's Chapter 13 case and its motion for
       sanctions. Bankruptcy Rule 9011 authorizes the court to impose ". . . an appropriate sanction,
13     which may include an order to pay to the other party or parties the amount of the reasonable
       expenses incurred because of the filing of the document, including a reasonable attorney's fee."
14     Fed.R.Bankr.P. 9011. Sanctions may include the reasonable expenses of pursuing the Rule 11
       claim. *Mike Ousley Prod. Inc.*, 952 F.2d at 383-84. Counsel for California Federal has filed an
15     affidavit setting forth an itemization of the services rendered and expenses incurred in preparing
16     the motions to dismiss and for sanctions. This affidavit states that California Federal incurred
       $1,630.25 in fees and expenses. Having examined the itemization of services and expenses, the
17     court finds and concludes that the hourly rates charged are within the range of hourly rates
       charged by attorneys and paraprofessionals of comparable skill, experience and reputation. The
18  services rendered were reasonable and necessary in the filing and prosecution of these motions in
19  response to this abusive and improper serial bankruptcy filing. Accordingly, California Federal's
       motion for sanctions is granted. The court imposes sanctions upon debtor's counsel, Milton D.
20  Jones, for California Federal'sattorney's fees and expenses in the sum of $1,630.25." **141 B.R.
                                          252 (1992)**
21

22  In re Harold DOUGLAS, Debtor. CALIFORNIA FEDERAL BANK, FSB, Movant,
    v. Harold DOUGLAS, Respondent. Bankruptcy No. A91-64357-SWC. **United States
23  Bankruptcy Court, N.D. Georgia, Atlanta Division.** March 20, 1992.

24

25

26

27

28                                    9

1  In Re Morgan, 85 B.R. 622 (Bankr. M.D. Fla. 1987)

2  United States Bankruptcy Court, M.D. Florida

3  **Filed:** October 26th, 1987
   **Precedential Status:** Precedential
4  **Citations:** 85 B.R. 622
   **Docket Number:** Bankruptcy No. 87-4663
5  **Judges:** Alexander L. Paskay

6

7  20. When granting sanctions in the Morgan case, the Court concluded by stating:

8
   "Clearly, it was not the intent of Congress to allow Debtors to file Chapter 7 Petitions for the
9  singular purpose of delaying the inevitable conclusion of foreclosure. As it is admitted by the
   Debtor's counsel that the sole purpose for filing the Debtor's petition was to prevent and delay
10 the foreclosure sale by C & S, this Court is satisfied that sanctions in the amount of $1,000.00
   should be imposed jointly and severally against the Debtor and her attorney, Michael Steinberg,
11 to compensate for attorney fees incurred in connection with the aborted foreclosure sale.

12 It should be noted, however, that the imposition of these sanctions should be conditioned upon
   the occurrence of a proposed sale of the property in dispute, as in the event the property is sold,
13 C & S will receive compensation for attorney fees incurred by means of the sale proceeds.

14 Accordingly, it is

15 ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Debtor and
   Debtor's Counsel be, and the same is hereby, granted, and Janet Morgan and Michael Steinberg
16 are hereby directed to pay C & S $1,000.00 in the event the proposed sale of the Debtor's
17 property does not occur. It is further

18 ORDERED, ADJUDGED AND DECREED that in the event the proposed sale does not occur, C
   & S may seek an Order by this Court directing Janet Morgan and Michael Steinberg to make
19 payment in the amount of $1,000.00 as sanctions."**85 B.R. 622 (1987)** In re Janet K. MORGAN,
   Debtor. Bankruptcy No. 87-4663. **United States Bankruptcy Court, M.D. Florida, Tampa**
20 **Division.**  October 26, 1987.

21 In Re McBride Estates, Ltd., 154 B.R. 339 (Bankr. N.D. Fla. 1993)

22 United States Bankruptcy Court, N.D. Florida

23 **Filed:** March 26th, 1993
   **Precedential Status:** Precedential
24 **Citations:** 154 B.R. 339
25 **Docket Number:** Bankruptcy No. 92-07497
   **Judges:** Lewis M. Killian, Jr.

26

27
                                        10
28

21. When granting sanctions in In Re Mcbride the Court concluded by stating:

"Based on the foregoing findings, we find that the filing of the Chapter 11 petition by McBride and its resistance to Barnett's motion for relief from the stay were done for an improper purpose, that is the unnecessary delay in the completion of the foreclosure sale by Barnett Bank, and that such petition and opposition were not well grounded in fact or warranted by existing law or good faith argument for the extension, modification, or reversal of existing law. B.R. 9011. The costs incurred by Barnett as a result of the actions of McBride Estates and its attorney in filing the petition for relief under Chapter 11 and resisting the motion for relief from stay are as follows:

1) $1,440.88 publication costs for foreclosure sale.

2) $190.00 paralegal expenses preparing for foreclosure sale.

3) $2,340.50 attorney's fees in connection with the motion for relief from stay.

*344 4) $60.00 filing fee for motion for relief from stay.

5) $500 attorney's fees in connection with the motion for sanctions.

Total $4,531.38.

**154 B.R. B339 (1993)** In re McBRIDE ESTATES, LTD. Debtor. Bankruptcy No. 92-07497. **United States Bankruptcy Court, N.D. Florida, Tallahassee Division.** March 26, 1993.

The In In Re Mcbride the sanction was $2,840.00.

109 A review of the three of Holland's own cited cases shows that an appropriate sanction ranges from One Thousand Dollars ($1,000.00) to Two Thousand Eight Hundred Dollars Forty Dollars. ($2,840.00).  Neusom was sanctioned for over Thirty Thousand Dollars ($30,000.00), and the bulk of it was for things that took place in an eviction case that Cristol really doesn't even have authority over due to the Colorado River and other Abstention Doctrines and the fact that State and Federal Court's are separate and distinct.  Neusom never filed a Notice of Appearance or filed anything in the eviction case he is being sanctioned for by Judge Cristol.   This is clearly an error.

11

1   22. Appellant has gone into the merits and arguments of his Appeal so that the Bankruptcy

2   Appellate Panel can see the merits of Appellants case and the wrongfulness of not granting a
    Stay so that Appellant can resume his Bankruptcy Practice.  This is absolutely critical  and
3   Appellant and his potential clients will be imminently injured if this Motion for stay is denied.

4

5   23. WHEREFORE, Neusom prays that the Bankruptcy Appellate Panel:

6        1.   Stay further proceedings of the Findings Of Fact And Conclusions Of Law in Case No. 18-
7             15825 during the Pendency of Thomas Neusom's Bankruptcy Appeal with Case No. 18-cv-
             24463-FAM
8

9

10

11  .Dated: December 13, 2018:

12

13  By:/s/Thomas Neusom
    Attorney For Debtor
14  Bar No. 003717
    (954)200-3536
15  4737 N. Ocean Drive, #129
    Fort Lauderdale, FL 33308
16  Email: tgnoffice35@gmail.com
17

18

19

20

21

22

23

24

25

26

27
                                        12
28

1

2                          CERTIFICATE OF SERVICE

3    I HEREBY CERTIFY that a true and correct copy of the foregoing

4    **APPELLANT THOMAS NEUSOM'S MOTION FOR REHEARNG OF THE DENIAL OF**

5    **THE EMERGENCY MOTION FOR STAY DURING PENDENCY OF THE APPEAL**
     **TO THE BAN KRUPTCY APPELLATE PANEL**
6

7
      was furnished by email to the parties on the eservice portal by Court Clerk on December 13,
8    2018.

9

10

11

12                                    By:/s/Thomas Neusom
                                      Appellant
13                                    Bar No. 0037174
                                      Phone; (954)200-3536
14                                    4737 N. Ocean Drive, #129
                                      Fort Lauderdale, FL 33308
15                                    Email: tgnoffice35@gmail.com

16

17

18

19

20

21

22

23

24

25

26

27
                                        13
28